THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY, et al.,

                                    Plaintiffs,

        v.

SCOTT TURNER in his official capacity
as the Secretary of the U.S. Department of
Housing and Urban Development, et al.,

                                    Defendants.

No. 2:25-cv-00814

DECLARATION OF JOHN BARBEE
IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER

I, JOHN BARBEE declare as follows:

        1.      I am a Pierce County Human Services Division Manager with primary
responsibility for the administration of all Continuum of Care grant funds.  I have been in this
position with Pierce County since September of 2019.

        2.      Pierce County Human Services (PCHS) provides assistance through vital services
and programs to support people in need such as veterans, older adults, children and families. In
addition to working with clients one-on-one, PCHS also contracts with community-based
agencies and local providers to deliver services.

        3.      Homelessness and housing instability is a significant issue in Pierce County.  The
latest homeless "Point in Time" count in Pierce County conducted in 2024 recorded 2,661 people
on the streets and in shelters, a 23% increase from the 2023 Point in Time count. Roughly 6,335

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 1

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

people were connected to the Pierce County homeless crisis response system during the same period of the Point in Time count.

4.      Pierce County, through the Human Service Department is the "collaborative applicant" for the County's Continuum of Care ("CoC") program and it is the designated entity responsible for coordinating the CoC's grant application process for receipt of federal funding for the Greater Pierce County Continuum of Care (CoC). This includes compiling and submitting the CoC's Consolidated Application for the United States Department of Housing and Urban Development ("HUD") fiscal year ("FY") 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program Grants (FR-6800-N-25). The collaborative applicant, Pierce County, is also the entity that will accept and sign any CoC award and entering into subrecipient agreements with successful applicants.

5.      Greater Pierce County Continuum of Care (CoC), formerly the Tacoma/Lakewood/Pierce County CoC, is an unincorporated association of partners committed to ending homelessness in Pierce County. The Greater Pierce County CoC functions as the local authority for the HUD CoC Program. The Greater Pierce County CoC is required to review and rank all projects for the CoC's Consolidated Application, and may reflect its local priorities in the application process. The Greater Pierce County CoC prioritized permanent housing projects with Permanent Supportive Housing as the highest priority, followed by Rapid Re-Housing projects. However, HUD makes all final funding decisions and has authority to fund projects based on need outside of the ranking recommendations.

6.      Permanent Supportive Housing ("PSH") offers long-term housing with supportive services like case management and healthcare for individuals with disabilities experiencing homelessness. The primary goal of PSH is to provide stable housing and help residents maintain

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 2

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

housing over time. Rapid Re-Housing ("RRH:) programs are designed to quickly move people from homelessness to permanent housing with temporary rental assistance and support services. The primary goal of RRH is to stabilize individuals experiencing homelessness in housing and prevent future homelessness.

7.     Pierce County received approximately $4.2 million in CoC grant funding in fiscal year 2024.  Based on information contained in Pierce County's current financial management system (Workday), Pierce County has signed and administered a COC award since 2014.  HUD CoC grant funding is critical to addressing homelessness in Pierce County.

8.     As the CoC collaborative applicant, Pierce County submitted grant applications in response to the fiscal year 2024 and 2025 HUD CoC notice of funding availability.

9.     Pierce County was included on the January 17, 2025 HUD conditional award list and was awarded $4.95 million dollars for fiscal year 2025 grants for 10 renewal projects. Renewal projects are projects to continue ongoing leasing, operating, supportive services, rental assistance, Homeless Management Information System (HMIS), and project administrative costs from an CoC award with an expiration date in calendar year 2025.

10.     Metropolitan Development Council was awarded $845,430 to renew a FY 23 CoC award for its Housing First project.  This project provides 48 housing units dedicated for individuals who are chronically homeless with a documented disability.  Supportive services are also provided to assist participants obtain community resources and maintain stable housing. The Metropolitan Development Council has received CoC funding for this project since 2008.

11.     Metropolitan Development Council was awarded $296,168 to renew a FY 23 CoC award for its Hilltop Lofts project.  The Hilltop Lofts project is a new 4-story building with 57 studio units for single adults or couples without children who exiting homelessness.  The project

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 3

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

supports individuals with multiple barriers to housing stability and very low or no income. The development is a partnership between Tacoma Housing Authority (THA) and Horizon Housing Alliance (HHA). The CoC award funds supportive services and case management provided by Metropolitan Development Council to address barriers to housing stability such as connecting tenants to behavior health services and chemical dependency counseling. The Metropolitan Development Council has received CoC funding for this project since 2021.

12.     Metropolitan Development Council was awarded $511,984 to renew a FY 23 CoC award for its Elite Housing project. This project provides 20 housing units dedicated for individuals who are chronically homeless with a documented disability. Supportive services include individualized housing plans and education support such as high school completion, GED preparation, or access into degree or training programs. The Metropolitan Development Council has received CoC funding for this project since 2023.

13.     Tacoma Community House was awarded $402,282 to renew a FY 23 CoC award for its Housing 4 Success project to support 15 units of housing specifically for at-risk youth. This project provides rapid rehousing for young adults ages 18-24 who are currently experiencing homelessness with a primary focus on youth of color, LGBTQ+ individuals and system-involved youth.   The project provides intensive, wrap-around case management to support housing and access to employment and/or education. Tacoma Community House has received CoC funding for this project since 2015.

14.     Share and Care House was awarded $298,617 to renew a FY 23 CoC award for its Rental Assistance program to support permanent affordable housing for 23 chronically homeless disabled households with supportive to promote independence and housing stability. Share and Care House has received CoC funding for this project since 2016.

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 4

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1   15.    Share and Care House was award $894,947 to renew a FY 23 CoC award for its

2   Discover Independence project.  This project is a permanent supportive housing program

3   utilizing scattered site leased units in Pierce County for chronically homeless disabled

4   participants with high barriers to housing and extremely low income.  Share and Care House

5   maintains master leases with landlords and subleases for 40 housing units.  Program participants

6   have very low or extremely low income and will contribute 30% of their income for rent.  The

7   program provides tailored case management such as maintaining permanent stable housing,

8   accessing public assistance and benefits, increasing their income, and developing job and life

9   skills.  Share and Care House has received CoC funding for this project since 2016.

10  16.    Share and Care House was awarded $1,245,988 to renew a FY 23 CoC award for

11  its Collaborative Housing Expansion project to support 10 units of housing that serve Pierce

12  County's most vulnerable chronically homeless households.  These households frequently have

13  multiple barriers to obtain housing, including criminal history, poor financial history, insufficient

14  funds, and inability to process paperwork. Share and Care House maintains master leases at

15  scattered sites in the community and subleases to participants.  Supportive services are provided

16  such as housing stability plans and budgets, and accessing public assistance and benefits.  Share

17  and Care House has received CoC funding for this project since 2012.

18  17.    Exodus Housing was awarded $11,141 to renew a FY 23 award for its Safe

19  Choices Expansion project to rapid rehousing, monthly rental assistance, and ongoing case

20  management supportive services to low-income households fleeing or attempting to flee from

21  domestic violence who lack the resources to secure housing or temporary shelter on their own.

22  Exodus House has received CoC funding for this project since 2005.

23  18.    The Pierce County Human Services Department also received two FY 23 renewal

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 5

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

awards.  An award of $66,713 was provided to support the County's Homeless Management Information System database fees.  A second award of $347,219 was provided a planning grant to Pierce County as the Collaborative Applicant for administrative support, point in time count, consultant fees, stipends, and other cost to support the Greater Pierce County Continuum of Care (CoC) and other HUD requirements.

19.    The CoC grant received from HUD will represent approximately fifty-three percent of Pierce County's permanent supportive housing and rapid rehousing program funding. The HUD CoC grant accounts for more than half of Pierce County's CoC budget and the PSH and HHR programs rely on the federal funding to support their projects. The CoC helps coordinate federal, state, and local resources, with the Pierce County Human Services Department playing a central role in managing the funding and programs.

20.    On March 11, 2025 the Pierce County Human Services Department received a draft CoC sole recipient grant agreement directly from HUD. A true and correct copy of the Draft CoC Grant Agreement is attached as Exhibit A.

21.    The draft grant agreement included several requirements for grant recipients that were not present in prior years' agreements, including provisions, 1) prohibiting recipients from using CoC grant funds to "promote "gender ideology," as defined in E.O. 14168"; 2) requiring that recipients certify that they don't operate any programs promoting diversity, equity, and inclusion that violate any applicable Federal anti-discrimination laws; 3) requiring that recipients "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182; and 4) stating that, "no state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets so-called "sanctuary" policies that seek to shield illegal

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 6

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

aliens from deportation", among other requirements.

22.     The grant agreement also requires the County to "use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States." Pierce County was never previously asked to verify the immigration status of grant funding recipients, nor does Pierce County have access to SAVE.

23.     These requirements do not appear to be related to the purpose of the underlying HUD CoC grant funds.

24.     The requirements also contradict objectives and scoring criteria in application under the 2024 and 2025 HUD CoC notice of funding availability.  For example, improving assistance to Lesbian, Gay, Bisexual, Transgender, and Queer+ (LGBTQ+) individuals is one of HUD's Homeless Policy Priorities and projects demonstrating efforts to address the needs of LGBTQ+ individuals and their families experiencing homelessness was a scoring criteria. Similarly, assessing racial disparities in the provision or outcome of homeless assistance and taken the necessary steps to address such disparities is a scoring criteria.

25.     It is my understanding that if the County does not sign the agreement and agree to these new terms, it risks losing $4.95 million in federal funding to support CoC programs.

26.     The loss of the grant funding and services would have long-term detrimental effects on the health and well-being of Pierce County's homeless population and the community. Any delay or loss in funding would result in disruption of services and cause damage to individuals' lives that could not be undone. The supply of 193 units of Permanent Supportive Housing and Rapid Rehousing programs that serve youth, adults, and victims of domestic violence who are actually homeless or at great risk of homelessness.  Tenants who are at risk of

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 7

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

losing their housing subsidies or other services may face eviction or be unable to maintain

housing, resulting in a return to homelessness. Similarly, individuals in permanent supportive

housing may face disruption in their support services, which are vital to maintaining long-term

stability.

27.     The nonprofit organizations and service providers identified in the award depend

on CoC funding for their program and operational costs.  These awards are for renewal projects,

meaning the projects have received and have relied on CoC funding for as few as two years to as

many as 19 years.  The loss of these funds would create severe financial challenges, forcing

many organizations to scale back their operations or even close entirely. This could lead to the

elimination of jobs, the inability to provide critical services to those in need, and the potential

closure of essential programs in the community. The loss in funding would also damage

relationships and destroy trust with partners and providers who have counted on local

government for funding support over the past decades.

28.     Permanent Supportive Housing and Rapid Rehousing programs are designed to

provide stable housing and supportive services for individuals experiencing homelessness, often

those with complex health, mental health, or substance use needs. Interruptions in these services

could destabilize participants, leading to potential reentry into homelessness, worsening of their

health conditions, or a decline in their overall well-being. Permanent Supportive Housing and

Rapid Rehousing programs also aim to prevent long-term homelessness by providing immediate

housing and necessary services. Interruptions would increase the likelihood of individuals

cycling back into homelessness, ultimately undermining long-term efforts to reduce

homelessness in the community.

29.     The CoC grant funding is vital to Pierce County programs that address

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 8

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

homelessness and any loss or delay of CoC funding will hurt Pierce County's most vulnerable residents.

30.    I declare under penalty of perjury that the foregoing is true and correct.


EXECUTED this 2nd day of May, 2025.


*John Barbee*

JOHN BARBEE

DECLARATION OF JOHN BARBEE IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAING ORDER - 9

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON  98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on May 5, 2025, I served a true and correct copy of the foregoing

4

document on the following parties by the method(s) indicated below:

5

| | |
|---|---|
| Scott Turner<br>Secretary of Housing and Urban Development<br>U.S. Department of Housing and Urban Development<br>Office of the General Counsel<br>Robert C. Weaver Federal Building<br>451 7th Street SW<br>Washington, DC 20410 | ☐ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |
| U.S. Department of Housing and Urban Development<br>Office of the General Counsel<br>Robert C. Weaver Federal Building<br>451 7th Street SW<br>Washington, DC 20410 | ☐ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |
| Sean Duffy<br>Secretary of Transportation<br>U.S. Department of Transportation<br>Office of the General Counsel<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590 | ☐ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |
| U.S. Department of Transportation<br>Office of the General Counsel<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590 | ☐ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |
| Matthew Welbes<br>Acting Administrator, Federal Transit Administration<br>Federal Transit Administration<br>Office of the General Counsel<br>U.S. Department of Transportation, East Building<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590 | ☐ CM/ECF E-service<br>☐ Email<br>☒ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE - 1

| | |
|---|---|
| Federal Transit Administration<br>Office of the General Counsel<br>U.S. Department of Transportation, East Building<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590 | ☐ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |
| Alex Haas, Co-Director<br>Diane Kelleher, Co-Director<br>John Griffiths, Co-Director<br>Eric J. Hamilton, Deputy Assistant Attorney<br>Federal Programs Branch<br>Civil Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530<br><br>alex.haas@usdoj.gov<br>diane.kelleher@usdoj.gov<br>john.griffiths@usdoj.gov<br>eric.hamilton@usdoj.gov | ☐ CM/ECF E-service<br>☒ Email<br>☐ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |
| Teal L. Miller, Acting United States Attorney<br>Rebecca S. Cohen, Civil Division Chief<br>United States Attorney's Office for the Western District of Washington<br>United States Attorney's Office<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br><br>teal.miller@usdoj.gov<br>rebecca.cohen@usdoj.gov | ☐ CM/ECF E-service<br>☒ Email<br>☐ U.S. Mail<br>☒ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 5th day of May 2025.

/s/ Gabriela DeGregorio
Gabriela DeGregorio
Litigation Assistant
Pacifica Law Group LLP

CERTIFICATE OF SERVICE - 2

# EXHIBIT A

**Grant Number/FAIN:**
**Recipient Name:**
**Tax ID No.:**
**Unique Entity Identifier (UEI) Number:**

## CONTINUUM OF CARE PROGRAM (Assistance Listing# 14.267) GRANT AGREEMENT

This Grant Agreement ("this Agreement") is made by and between the United States Department of Housing and Urban Development ("HUD") and (the "Recipient").

This Agreement, the Recipient's use of funds provided under this Agreement (the "Grant" or "Grant Funds"), and the Recipient's operation of projects assisted with Grant Funds are governed by

1. The Consolidated Appropriations Act, 2024 (Public Law 118-42, approved March 9, 2024);

2. title IV of the McKinney-Vento Homeless Assistance Act 42 U.S.C. 11301 et seq. (the "Act");

3. the Continuum of Care Program rule at 24 CFR part 578 (the "Rule"), as amended from time to time;

4. the Notice of Funding Opportunity for FY 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program (NOFO) except for references in the NOFO to Executive Orders that have since been repealed;

5. all current Executive Orders; and

6. the Recipient's application submissions on the basis of which these Grant Funds were approved by HUD, including the certifications, assurances, technical submission documents, and any information or documentation required to meet any grant award condition (collectively, the "Application").

The Application is incorporated herein as part of this Agreement, except that only the project (those projects) listed below are funded by this Agreement. In the event of any conflict between any application provision and any provision contained in this Agreement, this Agreement shall control. Capitalized terms that are not defined in this agreement shall have the meanings given in the Rule.

1

HUD's total funding obligation authorized by this grant agreement is $, allocated between the project(s) listed below (each identified by a separate grant number) and, within those projects, between budget line items, as shown below. The Grant Funds an individual project will receive are as shown in the Application on the final HUD-approved Summary Budget for the project. Recipient shall use the Grant Funds provided for the projects listed below, during the budget period(s) period stated below.

| Grant No. (FAIN) | Grant Term | Performance Period | Budget Period | Total Amount |
|---|---|---|---|---|
| | 12 | (start date)- (end date) | (start date)- (end date) | $ |
| allocated between budget line items as follows: | | | | |
| a.  Continuum of Care Planning Activities | | | | $0 |
| b.  Acquisition | | | | $0 |
| c.  Rehabilitation | | | | $0 |
| d.  New construction | | | | $0 |
| e.  Leasing | | | | $0 |
| f.  Rental assistance | | | | $0 |
| g.  Supportive services | | | | $0 |
| h.  Operating costs | | | | $0 |
| i.  Homeless Management Information System | | | | $0 |
| j.  Administrative costs | | | | $0 |
| k.  Relocation costs | | | | $0 |
| l.  VAWA Costs | | | | $0 |
| m. Rural Costs | | | | $0 |
| n.  HPC homelessness prevention activities: | | | | |
| Housing relocation and stabilization services | | | | $0 |
| Short-term and medium-term rental assistance | | | | $0 |

**Pre-award Costs for Continuum of Care Planning**

The Recipient may, at its own risk, incur pre-award costs for continuum of care planning awards, after the date of the HUD selection notice and prior to the effective date of this Agreement, if such costs: a) are consistent with 2 CFR 200.458; and b) would be allowable as a post-award cost; and c) do not exceed 10 percent of the total funds obligated to this award. The incurrence of pre-award costs in anticipation of an award imposes no obligation on HUD either to make the award, or to increase the amount of the approved budget, if the award is made for less than the amount anticipated and is inadequate to cover the pre-award costs incurred.

**These provisions apply to all Recipients:**

2

The Recipient:

(1) shall not use grant funds to promote "gender ideology," as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;

(2) agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;

(3) certifies that it does not operate any programs promoting diversity, equity, and inclusion that violate any applicable Federal anti-discrimination laws;

(4) shall not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment; and

(5) Notwithstanding anything in the NOFO or Application, this Grant shall not be governed by Executive Orders revoked by E.O. 14154, including E.O. 14008, or NOFO requirements implementing Executive Orders that have been revoked.

The recipient must administer its grant in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (8 U.S.C. 1601-1646) (PRWORA) and any applicable requirements that HUD, the Attorney General, or the U.S. Center for Immigration Services may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws.

No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets so-called "sanctuary" policies that seek to shield illegal aliens from deportation.

Subject to the exceptions provided by PRWORA, the recipient must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States.

HUD will not enforce provisions of the Grant Agreement to the extent that they require the project to use a housing first program model.

As stated in Section III.A.2 of the NOFO, Faith-based organizations may be recipients or subrecipients for funds under this agreement on the same basis as any other organization. Recipients may not, in the selection of subrecipients, discriminate against an organization based

on the organization's religious character, affiliation, or exercise.

If any new projects funded under this Agreement are for project-based rental assistance for a term of fifteen (15) years, the funding provided under this Agreement is for the performance period stated herein only. Additional funding is subject to the availability of annual appropriations.

The budget period and performance period of renewal projects funded by this Agreement will begin immediately at the end of the budget period and performance period of the grant being renewed. Eligible costs incurred between the end of Recipient's budget period and performance period under the grant being renewed and the date this Agreement is executed by both parties may be reimbursed with Grants Funds from this Agreement. No Grant Funds for renewal projects may be drawn down by Recipient before the end date of the project's budget period and performance period under the grant that has been renewed.

For any transition project funded under this Agreement the budget period and performance period of the transition project(s) will begin immediately at the end of the Recipient's final operating year under the grant being transitioned. Eligible costs, as defined by the Act and the Rule, incurred between the end of Recipient's final operating year under the grant being transitioned and the execution of this Agreement may be paid with funds from the first operating year of this Agreement.

HUD designations of Continuums of Care as High-performing Communities (HPCS) are published on HUD.gov in the appropriate Fiscal Years' CoC Program Competition Funding Availability page. Notwithstanding anything to the contrary in the Application or this Agreement, Recipient may only use grant funds for HPC Homelessness Prevention Activities if the Continuum that designated the Recipient to apply for the grant was designated an HPC for the applicable fiscal year.

The Recipient must use the Grant Funds only for costs (including indirect costs) that meet the applicable requirements in 2 CFR part 200 (including appendices), as may be amended from time to time. The Recipient's indirect cost rate information is as provided in Addendum #1 to this Agreement. The Recipient must immediately notify HUD upon any change in the Recipient's indirect cost rate, so that HUD can amend the Agreement to reflect the change if necessary.

HUD notifications to the Recipient shall be to the address of the Recipient as stated in the Recipient's applicant profile in *e-snaps*. Recipient notifications to HUD shall be to the HUD Field Office executing the Agreement. No right, benefit, or advantage of the Recipient hereunder may be assigned without prior written approval of HUD.

The Recipient must comply with the applicable requirements in 2 CFR part 200, as may be amended from time to time.

*Build America, Buy America Act*. The Grantee must comply with the requirements of the Build America, Buy America (BABA) Act, 41 USC 8301 note, and all applicable rules and notices, as

4

may be amended, if applicable to the Grantee's infrastructure project. Pursuant to HUD's Notice, "Public Interest Phased Implementation Waiver for FY 2022 and 2023 of Build America, Buy America Provisions as Applied to Recipients of HUD Federal Financial Assistance" (88 FR 17001), any funds obligated by HUD on or after the applicable listed effective dates, are subject to BABA requirements, unless excepted by a waiver.

*Waste, Fraud, Abuse, and Whistleblower Protections*. Any person who becomes aware of the existence or apparent existence of fraud, waste or abuse of any HUD award must report such incidents to both the HUD official responsible for the award and to HUD's Office of Inspector General (OIG). HUD OIG is available to receive allegations of fraud, waste, and abuse related to HUD programs via its hotline number (1-800-347-3735) and its online hotline form. You must comply with 41 U.S.C. § 4712, which includes informing your employees in writing of their rights and remedies, in the predominant native language of the workforce. Under 41 U.S.C. § 4712, employees of a government contractor, subcontractor, grantee, and subgrantee—as well as a personal services contractor—who make a protected disclosure about a Federal grant or contract cannot be discharged, demoted, or otherwise discriminated against as long as they reasonably believe the information they disclose is evidence of:
1. Gross mismanagement of a Federal contract or grant;
2. Waste of Federal funds;
3. Abuse of authority relating to a Federal contract or grant;
4. Substantial and specific danger to public health and safety; or
5. Violations of law, rule, or regulation related to a Federal contract or grant.

HUD may terminate all or a portion of the Grant in accordance with the Act, the Rule and 2 CFR 200.340.  The Agreement constitutes the entire agreement between the parties and may be amended only in writing executed by HUD and the Recipient.

By signing below, Recipients that are states and units of local government certify that they are following a current HUD approved CHAS (Consolidated Plan).

This agreement is hereby executed on behalf of the parties as follows:

**UNITED STATES OF AMERICA,**
**Secretary of Housing and Urban Development**

BY: _____
      (Signature)

      _____
      (Typed Name and Title)

      _____
      (Date/Federal Award Date)

**RECIPIENT**

_____
(Name of Organization)

BY: _____
      (Signature of Authorized Official)

      _____
      (Typed Name and Title of Authorized Official)

      _____
        (Date)

6

OMB Number: 2501-0044
Expiration Date: 2/28/2027

Addendum #1 to

## Indirect Cost Information for Award Applicant/Recipient

1. Federal Program/Assistance Listing Program Title:
CONTINUUM OF CARE PROGRAM/Assistance Listing# 14.267

2. Legal Name of Applicant/Recipient:

3. Indirect Cost Rate Information for the Applicant/Recipient:
*Please check the box that applies to the Applicant/Recipient and complete the table only as provided by the instructions accompanying this form.*

☐    The Applicant/Recipient will not charge indirect costs using an indirect cost rate.

☐    The Applicant/Recipient will calculate and charge indirect costs under the award by applying a *de minimis* rate as provided by 2 CFR 200.414(f), as may be amended from time to time.

☐    The Applicant/Recipient will calculate and charge indirect costs under the award using the indirect cost rate(s) in the table below, and each rate in this table is included in an indirect cost rate proposal developed in accordance with the applicable appendix to 2 CFR part 200 and, *if required*, has been approved by the cognizant agency for indirect costs.

| Agency/department/major function | Indirect cost rate | Type of Direct Cost Base | Type of Rate |
|---|---|---|---|
| | % | | |
| | % | | |
| | % | | |

| 4. Submission Type (check only one):<br>☐ Initial submission  ☐ Update | 5. Effective date(s): |
|---|---|

6. Certification of Authorized Representative for the Applicant/Recipient:
\*\*Under penalty of perjury, I certify on behalf of the Applicant/Recipient that
(1) all information provided on this form is true, complete, and accurate, and
(2) the Applicant/Recipient will provide HUD with an update to this form immediately upon learning of any change in the information provided on this form, and
(3)  I am authorized to speak for the Applicant/Recipient regarding all information provided on this form.

Signature: _____
Date: _____
Name: _____
Title: _____

7

**Warning:** Anyone who knowingly submits a false claim or makes a false statement is subject to criminal and/or civil penalties, including confinement for up to 5 years, fines, and civil and administrative penalties (18 U.S.C §§ 287, 1001, 1010, 1012, 1014; 31 U.S.C. § 3729, 3802; 24 CFR § 28.10(b)(iii)).

**Public Reporting Burden Statement:** This collection of information is estimated to average 0.25 hours per response, including the time for reviewing instructions, searching existing data sources, gathering, and maintaining the data needed, and completing and reviewing the collection of the requested information. Comments regarding the accuracy of this burden estimate and any suggestions for reducing this burden can be sent to: U.S. Department of Housing and Urban Development, Office of the Chief Data Officer, R, 451 7th St SW, Room 8210, Washington, DC 20410-5000. Do not send completed forms to this address. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection displays a valid OMB control number. This agency is authorized to collect this information under Section 102 of the Department of Housing and Urban Development Reform Act of 1989. The information you provide will enable HUD to carry out its responsibilities under this Act and ensure greater accountability and integrity in the provision of certain types of assistance administered by HUD. This information is required to obtain the benefit sought in the grant program. Failure to provide any required information may delay the processing of your application and may result in sanctions and penalties including of the administrative and civil money penalties specified under 24 CFR §4.38. This information will not be held confidential and may be made available to the public in accordance with the Freedom of Information Act (5 U.S.C. §552). The information contained on the form is not retrieved by a personal identifier, therefore it does not meet the threshold for a Privacy Act Statement.

OMB Number. 2501-0044
Expiration Date: 2/28/2027

**Instructions for Completing the Indirect Cost Information for the Award Applicant/Recipient**

| Number | Item | Instructions |
|---|---|---|
| 1 | Federal Program/ Assistance Listing Program Title | Enter the title of the program as listed in the applicable funding announcement or notice of funding availability. |
| 2 | Legal Name of Applicant/ Recipient | Enter the legal name of the entity that will serve as the recipient of the award from HUD. |
| 3 | Indirect Cost Rate Information for the Applicant/ Recipient | Mark the one (and only one) checkbox that best reflects how the indirect costs of the Applicant/Recipient will be calculated and charged under the award. Do not include indirect cost rate information for subrecipients.<br><br>The table following the third checkbox must be completed only if that checkbox is checked. When listing a rate in the table, enter the percentage amount (for example, "15%"), the type of direct cost base to be used (for example, "MTDC"), and the type of rate ("predetermined," "final," "fixed," or "provisional").<br><br>If using the Simplified Allocation Method for indirect costs, enter the applicable indirect cost rate and type of direct cost base in the first row of the table.<br><br>If using the Multiple Allocation Base Method, enter each major function of the organization for which a rate was developed and will be used under the award, the indirect cost rate applicable to that major function, and the type of direct cost base to which the rate will be applied.<br><br>If the Applicant/Recipient is a government and more than one agency or department will carry out activities under the award, enter each agency or department that will carry out activities under the award, the indirect cost rate(s) for that agency or department, and the type of direct cost base to which each rate will be applied. |
| 4 | Submission Type | Check the appropriate box to identify whether this is the first submission of this form for the award or an update to a previous submission of this form for the award. |
| 5 | Effective date(s) | Enter the date(s) for which the information on this form applies. |
| 6 | Certification of Authorized Representative for the Applicant/ Recipient | An employee or officer of the Applicant/Recipient with the capacity and authority to make this certification for the Applicant/Recipient must make the certification by signing as provided. They must also provide the date of their signature, full name, and position title. |