The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-00814-BJR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

Defendants Scott Turner, in his official capacity as Secretary of Housing and Urban Development; the U.S. Department of Housing and Urban Development (HUD); Sean Duffy, in his official capacity as Secretary of Transportation; the U.S. Department of Transportation (DOT); Matthew Welbes, in his official capacity as Executive Director of the Federal Transit Administration; and the Federal Transit Administration (FTA) oppose the application for temporary restraining order (TRO) filed by Plaintiffs King County, Pierce County, Snohomish County, City and County of San Francisco, County of Santa Clara, City of Boston, City of Columbus, and City of New York.

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plaintiffs are eight cities and counties that have received grant awards from Defendants. They seek a TRO from this Court barring Defendants from withholding or conditioning grant funds to Plaintiffs on certain grounds. But the Court lacks jurisdiction to grant any such relief. While Plaintiffs plead their claims under various constitutional provisions and statutes, at base their lawsuit asks the Court to require the government to pay them grant money—and the Tucker Act vests exclusive jurisdiction over such disputes with the Court of Federal Claims. Indeed, the Court of Appeals for the District of Columbia Circuit just three days ago stayed an injunction issued by a district judge in a similar lawsuit over federal grants, holding that the district court likely lacked jurisdiction to issue the injunction. Because this Court lacks jurisdiction and because Plaintiffs cannot meet the extraordinarily high burden of a mandatory TRO, their motion should be denied.

## FACTS

### A. Homelessness Grants

Defendants HUD and the HUD Secretary administer the Continuum of Care program, 42 U.S.C. §§ 11381-89, part of the McKinney-Vento Homeless Assistance Act, by awarding grants to fund homelessness services. *Id.* §§ 11381-11382. Under the statutory scheme, HUD first issues a notice of funding availability, soliciting applications for grants. *Id.* § 11382(b). Five months after the application deadline, HUD must announce recipients through a "conditional award" that sets out requirements the grantee must meet. *Id.* § 11382(c)(2), (d)(1)(A). Grantees must meet those requirements within, at latest, nine months from the announcement of the conditional award. *Id.* § (d)(1)(A). Once the grantee has met the requirements, the parties must sign a grant agreement and HUD must obligate the funds within 45 days. *Id.* § 11382(d)(2); 24 C.F.R. § 578.23(a).

In January 2024, HUD issued a two-year notice of funding availability for Continuum of Care grants, soliciting applications for funding of Fiscal Years 2024 and 2025. Compl. ¶ 42. Plaintiffs were among those who timely submitted applications. *Id.* ¶ 45. On January 17, 2025,

DEFENDANTS' RESPONSE TO PLAINTIFFS'  
MOTION FOR A TEMPORARY RESTRAINING ORDER  
[Case No. 2:25-cv-00814-BJR] - 2

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

HUD announced conditional awards to each of the Plaintiffs, totaling more than $280 million. *Id.* ¶¶ 46, 53.

Plaintiffs challenge six conditions in these grant agreements: (1) the Executive Order (EO) condition; (2) the discrimination condition; (3) the immigration enforcement condition; (4) the immigration verification condition; (5) the gender ideology condition; and (6) the abortion condition. Dkt. 5 at 6-9. These conditions were included in grant agreements sent to Plaintiffs beginning on March 11, 2025: they were sent to Pierce County on March 11, 2025, Barbee Decl. ¶¶ 20-22; to New York and Boston on March 20, 2025, Warren Decl. ¶ 16, Dillon Decl. ¶ 11; to San Francisco on March 25, 2025, McSpadden Decl. ¶¶ 12-13; to King County and Santa Clara County on March 26, 2025, Marshall Decl. ¶ 12, Kaminski Decl. ¶¶ 17-18; and to Snohomish County sometime in April 2025, Brell-Vujovic Decl. ¶¶ 9-11. On May 2, 2025, New York returned signed copies of its grant agreements, along with a statement that it will not consent to the challenged conditions. Warren Decl. ¶ 17.

## B.     Transportation Grants

Defendants DOT, FTA, the Secretary of Transportation and the FTA Executive Director administer various programs that issue grants for public transit. Compl. ¶¶ 55-59. Plaintiff King County currently has more than $446 million in such grants. Compl. ¶ 61. None of the other Plaintiffs raise claims with respect to DOT or FTA.

King County challenges three conditions in the FTA master agreement governing its grants: (1) the EO condition, (2) the discrimination conditions, and (3) the immigration enforcement conditions. Dkt. 5 at 9-10. The EO condition predates this administration. *See* Morrison Decl., Exs. B-1 and B-2 at 7 (including "executive order" in the definition of "Federal Requirement") and 15 (including the responsibility to comply with "Federal Requirements"). The

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

discrimination conditions were added on March 26, 2025, *id.* Ex. B-1 at 59, and the immigration enforcement conditions were added on April 25, 2025, *id.* Ex. B-2 at 58.

**C.     This Lawsuit**

Plaintiffs filed this lawsuit on the afternoon of May 2, 2025. Lisagor Decl., ¶ 2. Plaintiffs are eight counties and cities, and sue three federal agencies—HUD, DOT, and FTA—and the heads of those agencies. *Id.* Plaintiffs seek continued payment of the grant funds they allege they "are entitled to," without having to agree to provisions in the grant agreements and master agreement that they object to. Compl. ¶¶ 71, 113-15.

On May 5, 2025, Plaintiffs moved for a temporary restraining order. Dkt. 5. They seek an order "barring" Defendants from "denying grants" to them based on the grant agreements and updated master agreement. Dkt. 5 at 27. They assert that a TRO is necessary because they must sign HUD's grant agreements within 45 days of receiving them, meaning that at least one Plaintiff has a deadline of May 8, 2025. *Id.* at 9-10.

## STANDARD OF REVIEW

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the TRO standard is "substantially identical" to preliminary injunction standard). A petitioner must establish: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, a petitioner who shows only that there are "serious questions going to the merits" may satisfy the *Winter* requirements by establishing that the "balance of hardships [] tips sharply towards [the petitioner]," and that the remaining two *Winter* factors are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1127, 1131–35 (9th Cir. 2011). These factors are mandatory. As the Supreme Court has made clear, "[a] stay is not a matter of right, even if irreparable injury might otherwise result" but is instead an exercise of judicial discretion that depends on the particular circumstances of the case. *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

Preliminary relief is meant to preserve the status quo pending final judgment, rather than obtain a preliminary adjudication on the merits. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When preliminary relief would change the status quo and "order a responsible party to take action," it is "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009). Indeed, "[i]n general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases." *Id.* (internal quotation omitted). The moving party "must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis original). Where a plaintiff seeks mandatory injunctive relief, "courts should be extremely cautious." *Stanley v. Univ. of S. Cal*, 13 F.3d 1313, 1319 (9th Cir. 1994) (internal quotation omitted).

## ARGUMENT

**A. This Court lacks jurisdiction to order the relief Plaintiffs seek**

The federal government is generally "immune from suit in federal court absent a clear and unequivocal waiver of sovereign immunity." *Crowley Gov't Servs., Inc. v. GSA*, 38 F.4th 1099, 1105 (D.C. Cir. 2022). Although the Administrative Procedure Act (APA) provides "a limited waiver of sovereign immunity for claims against the United States" seeking non-monetary relief, *id.*, that waiver does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought," *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v.*

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Patchak*, 567 U.S. 209, 215 (2012) (quotation omitted); *Dep't of Ed. v. California*, 145 S.Ct. 966, 968 (2025). That carve-out "prevents plaintiffs from exploiting the APA's waiver to evade limitations on suit contained in other statutes." *Match-E-Be-Nash-She-Wish Band*, 567 U.S. at 215.

Where a party seeks funding that it believes the government is obligated to pay under a contract or grant, the proper remedy is suit under the Tucker Act, not the APA. The Tucker Act provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded" on "any express or implied contract with the United States" for amounts over ten thousand dollars. 28 U.S.C. § 1491(a). Thus, the Tucker Act "'impliedly forbids' declaratory and injunctive relief" on such claims "and precludes a § 702 waiver of sovereign immunity." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 646 (9th Cir. 1998) (quoting *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985)).

This prohibition extends to claims founded on grants, like those at issue here, that are implemented through "contracts to set the terms of and receive commitments from recipients." *Boaz Housing Auth. v. United States*, 994 F.3d 1359, 1368 (Fed. Cir. 2021). Indeed, just three days ago, the Court of Appeals for the District of Columbia Circuit stayed enforcement of a district court injunction restoring plaintiffs' federal grants, on the ground that the lower court "likely lacked jurisdiction" to issue the injunction. *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *3 (D.C. Cir. May 3, 2025), *petition for rehearing en banc docketed* (May 5, 2025). In that case, the relevant plaintiffs had received grants disbursed by the United States Agency for Global Media. *Id.* at *1. After the President issued an executive order reducing the agency's operations to the minimum level required by statute, the agency terminated the plaintiffs' grants. *Id.* The plaintiffs sued, and a district court granted a preliminary injunction ordering restoration of the terminated grants and "disbursement to [plaintiffs] of the funds Congress appropriated." *Id.* But on appeal, the Court of Appeals stayed enforcement of the injunction, holding that "the

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

inherently contractual nature of the relief afforded" made the Court of Federal Claims the exclusive forum for the suit. *Id.* at *4.

Similarly, last month, the Supreme Court granted a stay of another district court order to make payments based on grant agreements, concluding that the government was "likely to succeed in showing that the District Court lacked jurisdiction" to bar termination of various education-related grants. *Dep't of Ed. v. California*, 145 S.Ct. 966, 968 (2025). The Court held that the injunction was effectively an order "to enforce a contractual obligation to pay money," and thus was not covered by section 702's limited waiver of sovereign immunity; instead, the Tucker Act grants the Court of Federal Claims exclusive jurisdiction over such suits. *Id.*

The fact that Plaintiffs frame some of their arguments here as constitutional claims does not change the analysis. The Tucker Act "prevents constitutional claims that are dependent on rights under a government contract from being brought in the district court." *Tucson Airport Auth.*, 136 F.3d at 648 (interpreting *N. Star Alaska v. United States III*, 14 F.3d 36, 37 (9th Cir. 1994)). What matters is substance, not labels: thus, to determine whether a particular action is "at its essence a contract action" subject to the Tucker Act, a court must examine "the source of the rights upon which the plaintiff bases its claims" and "the type of relief sought (or appropriate)." *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982) (quotation omitted); *see United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1025 (9th Cir. 2023) (*Megapulse* test applies in the Ninth Circuit). And here, Plaintiffs' claims fail both prongs of that test: (1) Plaintiffs seek to enforce rights under their contracts with the government; and (2) as relief, Plaintiffs seek specific performance of those contracts.

    ***i. Plaintiffs seek to enforce contract rights***

First, the Court must examine what rights the plaintiff seeks to enforce. "If rights and remedies are *statutorily* or *constitutionally* based, then district courts have jurisdiction; if rights

DEFENDANTS' RESPONSE TO PLAINTIFFS'  
MOTION FOR A TEMPORARY RESTRAINING ORDER  
[Case No. 2:25-cv-00814-BJR] - 7

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

1  and remedies are *contractually* based then only the Court of Federal Claims does, even if the
2  plaintiff formally seeks injunctive relief." *United Aeronautical Corp.*, 80 F.4th at 1026 (emphasis
3  in original).

4  Here, the source of Plaintiffs' rights is their grant agreements. As to the HUD grants, the Continuum of Care statute authorizes HUD to award grants, on a competitive basis and using certain selection criteria, to project sponsors or unified funding agencies to carry out eligible project activities. 42 U.S.C. § 11382(a). To be eligible to receive a grant, a potential recipient must submit an application containing information HUD deems necessary to determine compliance with the program requirements and selection criteria and to establish priorities for funding projects in the geographic area. *Id.* § 11382(c)(1). Once selected, a potential recipient must meet all the program requirements to receive funds. *Id.* § 11382(d)(2). Likewise, as to King County's FTA grants, section 5307, for example, authorizes the agency to make grants for certain projects. 49 U.S.C. § 5307(a)(1), (e)(2). Section 5339 similarly authorizes FTA to make grants to eligible recipients that satisfy the grant requirements. *Id.* § 5339(a)(2)-(4).

Thus, the statutes themselves do not provide any rights to funds without the execution of a grant agreement, nor do they contemplate that a grantee can receive funds without satisfying the terms and conditions of the grants. The rights Plaintiffs seek to enforce are in their grant agreements, not in the funding statutes.

### ii. **Plaintiffs seek contract remedies**

Second, the Court must examine what the plaintiff wants. Where, as here, a plaintiff seeks to enforce a contractual agreement with the federal government and obtain the payment of money, the inquiry is straightforward. A district court "cannot order the Government to pay money due on a contract." *U.S. Conference of Catholic Bishops v. Dep't of State*, No. 25-cv-00465, 2025 WL 763738, at *5 (D.D.C. March 11, 2025). A request for an order that the government "must perform"

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

on its contract is one that "must be resolved by the Claims Court." *Id.* (quoting *Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 80 (D.C. Cir. 1985)). Here, Plaintiffs seek an injunction barring Defendants from terminating their grants under certain circumstances and continuing to pay out on them—just like the injunction granted in *California*. 145 S.Ct. at 968. And, just as the Supreme Court observed in that case, here the government is likely to succeed in showing that this Court cannot grant any such relief—rather, Plaintiffs must look to the Court of Federal Claims. *See id.*

### B. Because the Court lacks jurisdiction, it need not address the *Winter* factors

This Court allowed Defendants 24 hours to respond to Plaintiffs' TRO motion. Given that short briefing schedule and the clear jurisdictional defects in Plaintiffs' claims for relief, Defendants will address only briefly the *Winter* factors here (but will be prepared to fully brief the *Winter* factors at the preliminary injunction stage, if necessary). The Court does not need to reach these issues because it lacks jurisdiction.

First, Plaintiffs cannot show that the law and facts clearly favor their position. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The relief Plaintiffs seek—a declaration that the agreement provisions they seek to avoid are "unconstitutional" and "unlawful" (Compl. at 50)—is unworkably broad. Such an injunction, for example, would bar the Defendant agencies altogether from ensuring federal grantees do not unlawfully discriminate on the basis of protected characteristics such as race and sex. Moreover, such an injunction does not appear to reflect what Plaintiffs actually believe or want: Plaintiffs admit they have long certified that their programs do not violate federal antidiscrimination law without issue. *E.g.*, Dkt. 5 at 6. And indeed, the EO condition in the FTA master agreement predates this administration. *See* Morrison Decl., Exs. B-1 and B-2 at 7 (including "executive order" in the definition of "Federal Requirement") and 15. What Plaintiffs object to now and seek to enjoin are the Defendant agencies' *potential*

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 *interpretations* of federal antidiscrimination law. *E.g.*, Dkt. 5 at 9. But it is difficult to imagine how any court could craft such an order.

Plaintiffs also do not state valid APA claims. APA review is not available when a determination is committed to agency discretion by law. 5 U.S.C. § 701(a)(2). And whether to continue or terminate a grant is committed to agency discretion. The U.S. District Court for the District of Columbia recently rejected a similar request from plaintiffs who sought to revive terminated government contracts. *See AIDS Vaccine Advoc. Coal., et al. v. Dept. of State, et al.*, No. 25-cv-00400, 2025 WL 752378, at *23 (D.D.C. Mar. 10, 2025). There, a group of plaintiffs challenged the Executive's withholding of appropriated foreign aid funding and subsequent termination of their contracts. *See id.* at *6-7, *23. Like Plaintiffs here, the plaintiffs there asked for a preliminary injunction that would, in effect, order the government "to continue to contract with them." *Id.* at *23. But the court recognized that, while the Executive has an obligation to spend appropriated funds, "laws have traditionally afforded the Executive discretion on *how* to spend" that money. *Id.* (emphasis added). As a result, the court could not order the government to revive specific contracts. *Id.* The same is true here: this Court should not order the government to continue the specific contracts at issue regardless of Plaintiffs' satisfying the grant conditions.

Second, the "irreparable harm" Plaintiffs point to here is entirely speculative. Plaintiffs do not allege Defendants have terminated any of Plaintiffs' grants or stated they plan to do so. And to the extent Plaintiffs argue they will be irreparably harmed upon signing the grant agreements, that argument is undercut by the fact that Plaintiff New York already signed its grant agreements and simply excised the language it disagrees with. Dkt. 5 at 24. With respect to FTA, moreover, Plaintiff King County does not even purport to identify any deadline requiring a TRO on expedited briefing. And the lack of any real urgency is further demonstrated by the fact that King County challenges conditions that FTA added 11 days ago, 41 days ago, and well before the current

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

administration. With respect to HUD, all but one of the Plaintiffs have been in possession of the challenged agreements since March, yet waited until the afternoon of May 2 to file this lawsuit. *See Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (holding that a delay in seeking a injunctive relief is a factor to be considered in weighing the propriety of relief); *Studio 010, Inc. v. Digital Cashflow LLC*, No. 2:20-CV-01018-RAJ, 2020 WL 3605654, at *2 (W.D. Wash. July 2, 2020) (same).

Finally, the balance of equities is in Defendants' favor. It is problematic for a grantee of federal tax dollars to spend those dollars in a manner that is inconsistent with how the granting agency is instructing it to perform under the grant. That spending cannot be undone.

**C. If the Court grants emergency relief, it should require Plaintiffs post a bond**

Under Federal Rule of Civil Procedure 65(c), courts "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." If the Court grants a TRO here, it should require Plaintiffs to post a bond for the value of the grants if Plaintiffs are not planning to perform the projects as specified by the federal government.

## **CONCLUSION**

Because the jurisdictional defects are clear, Defendants request this Court cancel tomorrow's hearing, deny Plaintiffs' TRO motion, and transfer this case to the Court of Federal Claims or allow for full briefing on subject-matter jurisdiction before proceeding further.

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated May 6, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Annalisa L. Cravens*
ANNALISA L. CRAVENS, TX 24092298

*s/ Sarah L. Bishop*
SARAH L. BISHOP, NY 5256359
Assistant United States Attorneys
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-7970
Fax:    206-553-4067
Email: annalisa.cravens@usdoj.gov
           sarah.bishop@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00814-BJR] - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970