THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR. COUNTY; PIERCE COUNTY; SNOHOMISH COUNTY; CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF BOSTON; CITY OF COLUMBUS; and CITY OF NEW YORK,

        Plaintiffs,

v.

SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SEAN DUFFY in his official capacity as Secretary of the U.S. Department of Transportation; the U.S. DEPARTMENT OF TRANSPORTATION; MATTHEW WELBES in his official capacity as acting Director of the Federal Transit Administration; and the FEDERAL TRANSIT ADMINISTRATION,

        Defendant.

No. 2:25-cv-00814-BJR

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

Hearing Date: May 7, 2025
Time: 2:00 PM

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT ...........................................................................................................2

A. This Court Has Jurisdiction Over Plaintiffs' Claims ............................................ 2

B. Defendants' Unlawful Conditions Are Not Committed to Agency Discretion. ........................................................................................................ 6

C. Plaintiffs Request a Narrow TRO to Maintain the Status Quo .............................. 8

D. Defendants Fail to Rebut Plaintiffs' Evidence of Irreparable Harm...................... 9

E. The Equities Weigh in Plaintiffs' Favor ............................................................ 12

F. The Court Should Deny Bond.............................................................................. 13

III. CONCLUSION ......................................................................................................13

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

The United States Defendants' principal argument in opposition to Plaintiffs' Motion for a Temporary Restraining Order (TRO) is that under the Tucker Act, the Court of Federal Claims (CFC) has exclusive jurisdiction over Plaintiffs' claims. Many courts have recently rejected parallel arguments by President Trump's administration, and this Court should do the same. Plaintiffs allege constitutional and statutory claims, none of which are based on the failure to perform a contractual obligation, *Crowley Gov't Servs., Inc. v. GSA*, 38 F.4th 1099, 1107 (D.C. Cir. 2022), nor is this a case "to enforce a contractual obligation to pay money," *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025). Rather, Plaintiffs' claims arise from the Constitution and a statute (the Administrative Procedure Act (APA)), and Plaintiffs seek declaratory and injunctive relief to prevent the imposition of unlawful conditions, not an order mandating the government to pay them money damages. The Tucker Act does not apply to this case.

Defendants raise arguments based on a claimed failure to meet the TRO standard only in passing. Plaintiffs do not seek a mandatory injunction forcing Defendants to pay. Rather, Plaintiffs seek a prohibitory injunction to preserve the status quo and enjoin the unlawful grant conditions that Defendants only recently added without prior notice or process. Regardless, Plaintiffs' showing here meets the standard for a mandatory injunction. Moreover, the proposed TRO is narrowly tailored to address only the unlawful conditions as stated and interpreted by the Trump administration. Indeed, Plaintiffs fail to acknowledge numerous other cases in which district courts granted injunctions similar to the relief requested here. Finally, the irreparable harm to Plaintiffs is far from speculative. That Plaintiffs took less than two months to review the new grant agreement and then take steps to file this lawsuit demonstrates instead that quick action is needed

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 1
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

to avoid harm. And during that same period, the Trump administration continued moving to more extreme positions, necessitating near-constant reassessment.

Believe what the Trump administration says: Federal agencies "shall" take steps to impose the new grant conditions at issue to further the administration's policy goals, not Congress's. This dangerous directive exceeds the limitations of the Constitution and the APA. A TRO should issue.

## II.     ARGUMENT

### A.     This Court Has Jurisdiction Over Plaintiffs' Claims

Plaintiffs' claims do not enforce contractual rights and do not seek an order mandating payment by the government. Instead, they seek an ordinary remedy in challenges to agency action: an order holding the action unlawful and setting it aside. *See* 5 U.S.C. § 706(2). Their claims "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, are subject to the APA's waiver of sovereign immunity, 5 U.S.C. § 702, and thus are squarely within this Court's jurisdiction. Nothing in the Tucker Act deprives this Court of jurisdiction to grant the declaratory and injunctive relief Plaintiffs seek pursuant to the Constitution and APA.

The Tucker Act confers jurisdiction on the CFC and waives federal sovereign immunity for damages claims "founded . . . upon any express or implied contract with the United States" or upon certain constitutional or statutory provisions that mandate the payment of money. 28 U.S.C. § 1491(a). Defendants do not contend the separation of powers, the Fifth Amendment, or the APA establish the type of "money-mandating" constitutional or statutory obligation to which the Tucker Act applies. *See Maine Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (citation omitted). Instead, they assert Plaintiffs' claims are essentially contract claims seeking money damages. Resp. at 7. But Plaintiffs' claims bear no resemblance to contract claims, and Plaintiffs seek only equitable relief.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 2
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

This suit is not "'at its essence' a contract action." *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982). Defendants articulate the correct test—that courts evaluate both "the source of the rights" underlying the plaintiffs' claims and "the type of relief sought (or appropriate)"—but they misapply it. Resp. at 7 (citing *Megapulse, Inc.* 672 F.2d at 968). Claims involving "rights and remedies" that "are statutorily or constitutionally based" are not subject to the Tucker Act. *United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1026 (9th Cir. 2023) (cleaned up).

First, the source of Plaintiffs' rights is the Constitution and the APA, not the grant agreements that contain the unlawful conditions. Indeed, none of the Plaintiffs but New York City have even signed the CoC Agreements, and New York City did so only after indicating its rejection of the conditions at issue. Warren Decl. ¶ 17. Plaintiffs seek to vindicate their rights to participate in congressionally authorized grant programs pursuant to the eligibility criteria Congress authorized, free from unlawful conditions that violate the separation of powers, the Fifth Amendment, and the APA. *See Aids Vaccine Advocacy Coal. v. U.S. Dep't of State*, CV 25-00400 (AHA), 2025 WL 752378, at *9 (D.D.C. Mar. 10, 2025) (separation of powers and APA challenge to suspension of foreign aid asserted a "right 'to be free from government action beyond [its] congressional authority'" and was thus not subject to the Tucker Act) (quoting *Crowley Gov't Servs., Inc.*, 38 F.4th at 1108).

Second, Plaintiffs seek only equitable relief, not the payment of money damages. *See* Dkt. # 5-1 at 8–9. A request for equitable relief does not become subject to the Tucker Act merely because "success on the merits may obligate the United States to pay the complainant." *Kidwell v. Dep't of Army, Bd. for Correction of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995). Not only did Plaintiffs properly bring their claims in this Court, the CFC lacks jurisdiction over

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

constitutional claims, like Plaintiffs', seeking equitable relief that would not "mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Moreover, the Tucker Act "yields when . . . the [APA] provides an avenue for relief." *Maine Cmty. Health Options,* 590 U.S. at 323–24. In *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988), the Supreme Court made clear that district courts, not the CFC, have jurisdiction to set aside unlawful agency action even when that order may result in the disbursement of funds. 487 U.S. at 909–10 (quoting 5 U.S.C. § 706(2)). That is precisely the nature of the relief sought here. As numerous courts across the country have held in similar cases, constitutional and APA claims seeking declaratory and prospective injunctive relief from unlawful grant conditions are properly subject to the jurisdiction of the district courts. *See, e.g., San Francisco Unified Sch. Dist. v. AmeriCorps* ("*SFUSD*"), No. 25-cv-02425-EMC, 2025 WL 1180729, at *6–11 (N.D. Cal. Apr. 23, 2025) (Tucker Act did not deprive court of jurisdiction to enter a TRO enjoining defendants from imposing and enforcing new conditions on plaintiff's AmeriCorps grants); *Climate United Fund v. Citibank, N.A.*, No. 25-CV-698, 2025 WL 842360, at *6 (D.D.C. Mar. 18, 2025) (Tucker Act did not deprive court of jurisdiction over claims that EPA unlawfully terminated plaintiffs' grants); *Maine v. U.S. Dep't of Agric.*, 1:25-CV-00131-JAW, 2025 WL 1088946, at *18–20 (D. Me. Apr. 11, 2025) (court had jurisdiction to enter TRO enjoining agencies from freezing or terminating grants because claims were subject to APA's waiver of sovereign immunity).

Defendants rely heavily on the D.C. Circuit's order in *Widakuswara v. Lake*, 25-5144, 2025 WL 1288817 (D.C. Cir. May 3, 2025), staying a district court's injunction. Resp. at 6. But that case "arose when [a federal agency] terminated" certain grant agreements with the plaintiffs, and the D.C. Circuit understood the injuction to, "in substance," order "specific performance of the grant agreements—a quintessentially contractual remedy." 2025 WL 1288817, at *4. By contrast,

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Plaintiffs here do not seek to enforce performance under the grant agreements (which most of them have not signed), and do not request relief that would require payment by the government. Instead, they seek prospective injunctive relief barring Defendants from continuing to impose or enforce unlawful conditions. Moreover, petitions for rehearing en banc are currently pending as to this order at the D.C. Circuit, which requested responses to the petitions on Monday evening. *See Middle East Broadcasting Networks, Inc. v. United States*, No. 25-5150 (May 5, 2025).

Defendants also rely on *Department of Education v. California*. But there, the Supreme Court stayed an order enjoining the defendants "from terminating any individual . . . grant for recipients in Plaintiff States, except to the extent the final agency action is consistent with . . . the grant terms and conditions," *California v. U.S. Dep't of Educ.*, No. CV 25-10548-MJJ, 2025 WL 760825, at *5 (D. Mass. Mar. 10, 2025). Thus, the Supreme Court construed the injunction as effectively an order "to enforce a contractual obligation to pay money." 145 S. Ct. at 968. Regardless of whether it was, *see id.* at 969 (Kagan, J., dissenting) (noting decision was made on "barebones briefing, [with] no argument, and scarce time for reflection"), it is certainly not here, where Plaintiffs seek an injunction barring Defendants from newly attaching unlawful conditions to grant agreements, not enforcing the terms of existing grant agreements.

Defendants' reliance on *U.S. Conference of Catholic Bishops v. U.S. Department of State*, 1:25-CV-00465 (TNM), 2025 WL 763738, at *1 (D.D.C. Mar. 11, 2025), now on appeal, is equally off point. *See* Resp. at 8. Unlike the situation here, the district court declined to issue an injunction that would have required the government to make payments pursuant to existing contracts—a remedy the court held was akin to the "classic contractual remedy of specific performance." *U.S. Conf. of Catholic Bishops*, 2025 WL 763738, at *5. That decision also stands alone among recent court rulings rejecting similar arguments in challenges to changes in federal funding programs.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 5
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*See, e.g.*, *SFUSD*, 2025 WL 1180729, at *7–11 (citing cases); *Aids Vaccine Advoc. Coal.*, 2025 WL 752378, at *8–10 (deciding Tucker Act did not apply to a suit filed under the APA challenging withholding of foreign aid); *Climate United Fund*, 2025 WL 842360, at *6 (deciding Tucker Act did not apply to claims that agency unlawfully terminated plaintiffs' grants).

Thus, this Court has jurisdiction over Plaintiffs' claims under the Constitution and APA.

**B.    Defendants' Unlawful Conditions Are Not Committed to Agency Discretion.**

On the merits of Plaintiffs' APA claims, Defendants argue 5 U.S.C. § 701(a)(2) precludes judicial review. Resp. at 10. That is wrong. Under that section, a court may not conduct APA review if the "agency action is committed to agency discretion by law." This "quite narrow[]" exception to the "basic presumption of judicial review" under the APA does not apply here. *Dep't of Commerce v. New York*, 588 U.S. 752, 771, 772 (2019) (cleaned up); *see also SFUSD*, 2025 WL 1180729, at *3 (rejecting similar argument).

First, an agency action "is committed to agency discretion by law" only "where a statute is drawn in such broad terms that in a given case there is no law to apply, and the court would have no meaningful standard against which to judge the agency's exercise of discretion." *Webster v. Doe*, 486 U.S. 592, 592 (1988). Only in those "rare instances" in which there is "truly no law to apply" is it appropriate to follow section 701(a)(2). *Jajati v. U.S. Customs & Border Prot.*, 102 F.4th 1011, 1017 (9th Cir. 2024). Even when Congress intended to create a wide zone within which decisions are committed to an agency's discretion, the agency still must meet "permissible statutory objectives." *Lincoln v. Vigil*, 508 U.S. 182, 193 (1993).

Here, there is no indication that Congress, in authorizing the CoC and FTA grant programs at issue, intended to commit HUD's and FTA's imposition of grant conditions to agency discretion, thereby exempting such actions entirely from judicial review. The CoC and FTA grant programs

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 6
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

are authorized and governed by statutes setting forth the purpose, selection criteria, recipient requirements, and grant conditions, among other things. *See, e.g.*, 42 U.S.C. §§ 11382, 11386a (CoC); 49 U.S.C. §§ 5307(c), 5309(c), 5337(b) & (f), 5339(a)(3) & (7), (b)(6), (c)(3) (FTA). Plaintiffs claim that Defendants' new conditions exceed their statutory authority under those provisions. Because the authorizing statutes provide a basis for this Court to provide judicial review, Defendants' actions are not "committed to agency discretion by law" and thus section 701(a)(2) does not preclude Plaintiffs' APA claim. *See SFUSD*, 2025 WL 1180729, at *3–5 (concluding similarly regarding APA challenge to AmeriCorps grant conditions); *see also Bowen*, 487 U.S. at 898 (noting APA legislative history indicates Congress understood APA would "authorize judicial review of the 'administration of Federal grant-in-aid programs'"). The only case Defendants cite, *AIDS Vaccine Advocacy Coalition*, does not support their position. That case involved a challenge to the Executive's unilateral decision not to spend funds Congress appropriated. The court ruled the plaintiffs were likely to succeed on the merits of their APA claim. 2025 WL 752378, at *7–9. The court did not address section 701(a)(2). And the court's comment about "Executive discretion," cited by Defendants, was in the context of addressing the proper scope of relief for separation of powers violations, not the APA. *Id.* at *23. Defendants omit the portion of the court's holding that undermines their claim here: "[B]oth the Constitution and Congress's laws have traditionally afforded the Executive discretion on how to spend *within the constraints set by Congress*." *Id*. (emphasis added). Defendants exceeded those constraints here.

Even if Defendants' actions were "discretionary," section 701(a)(2) does not preclude judicial review of Plaintiffs' constitutional claims. Absent clear congressional intent, section 701(a)(2) does not bar review of colorable constitutional claims arising from agency actions. *See Webster*, 486 U.S. at 603 ("heightened showing" is required "in part to avoid the serious

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 7
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim" (cleaned up)); *see also Nguyen v. Kissinger*, 528 F.2d 1194, 1199 (9th Cir. 1975) ("nothing in the [APA] purports to sanction the violation of constitutional rights committed under the guise of the exercise of discretion"); *Wong v. Warden, FCI Raybrook*, 171 F.3d 148, 149 (2d Cir. 1999) ("It is well-established that judicial review exists over allegations of constitutional violations even when the agency decisions underlying the allegations are discretionary"); *SFUSD*, 2025 WL 1180729, at *6 (section 701(a)(2) did not bar review of constitutional challenge to AmeriCorps directive imposing new grant conditions).

C.   **Plaintiffs Request a Narrow TRO to Maintain the Status Quo**

Plaintiffs seek a prohibitory TRO, not a mandatory one. "A mandatory injunction orders a responsible party to take action, while [a] prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060 (9th Cir. 2014) (cleaned up). The status quo is "the legally relevant relationship between the parties *before* the controversy arose." *Id*. (cleaned up) (emphasis added). Here, Plaintiffs challenge Defendants' new conditions and, thus, a TRO prohibiting Defendants from attaching or enforcing these conditions preserves the status quo. *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist.*, 82 F.4th 664, 684 (9th Cir. 2023) (district court erred in applying mandatory burden of proof to plaintiffs' motion for a preliminary injunction barring Arizona officials from implementing new policy preventing DACA recipients from obtaining driver's licenses). Defendants apply the mandatory injunction standard but do not even attempt to explain how the requested TRO changes the status quo that existed before the dispute arose. Resp. at 4–5. And even if the mandatory injunction standard applies, Plaintiffs still have met it.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 8
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

The TRO Plaintiffs seek is not, as Defendants argue, "unworkably broad." Resp. at 9. Plaintiffs ask this Court to temporarily enjoin Defendants from attaching or enforcing specific grant conditions for specific programs awarded to specific parties. Dkt. 5-1. And the requested TRO would not bar Defendants from ensuring federal grantees do not unlawfully discriminate, as Defendants contend. Plaintiffs do not dispute they must comply with applicable federal nondiscrimination law, including under Title VI. Mot. at 4. But President Trump, HUD, DOT, and other agencies have created substantial and unconstitutional ambiguity by confirming they intend to unilaterally reinterpret nondiscrimination law to prohibit policies or programs promoting inclusion for people of different races, ethnicities, national origins, sexes, gender identities, and sexual orientations. Mot. at 18–19 (compiling statements). The requested TRO prevents Defendants from seeking to force Plaintiffs to agree to this legally unsupported interpretation. And while the current administration was not the first to impose the FTA EO Condition, injunctive relief is appropriate given the President's unprecedented attempts to use executive orders to force his policies on federal grant recipients. Compl. ¶¶ 62–70, 84–87. Not only is the condition nonsensical—Executive Orders apply to federal agencies, not grant recipients, Mot. at 18—but Plaintiffs have reasonable concerns Defendants may point to the condition as another basis to compel Plaintiffs to carry out President Trump's rapidly evolving political agenda, as expressed in his 145 Executive Orders (and counting). In sum, the requested relief is appropriate in scope and would maintain, not change, the status quo.

### D.  Defendants Fail to Rebut Plaintiffs' Evidence of Irreparable Harm

Defendants' response to Plaintiffs' evidence of irreparable harm is most notable for what it does not say. Defendants contend this harm is "speculative" because they have not "terminated any of Plaintiffs' grants or stated they plan to do so." Resp. at 10. But the harm occurs upon the

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 9
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

imposition of the improper dilemma: accept unlawful conditions and the resulting consequences defendants have threatened to impose or forego the grants. *See Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1058–59 (9th Cir. 2009) (plaintiffs were irreparably injured where they faced choice of signing unconstitutional agreements or loss of customer goodwill and significant business); *see also Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (citation omitted)).

Further, Defendants make no promises about what they actually will do (or refrain from doing) at some future point if Plaintiffs refuse to capitulate to the unlawful conditions. This is a familiar tune. In response to credible reports the Trump administration was loading Venezuelan immigrants on flights for rendition to El Salvador's terrorist prison, a DOJ lawyer told a district judge: "[T]here are no flights tonight, and the people I spoke to were not aware of any plans for flights tomorrow." *J.G.G. v. Trump*, No. 25-00766, Tr. at 9 (April 18, 2025). In an extraordinary 1 a.m. emergency order, the Supreme Court rejected this obfuscation and prohibited these flights. Reporting later confirmed buses taking immigrants to the airport and then turning around after the Supreme Court's order. Vaughn Hillyard et al., NBC News, *As legal fight raged, ICE buses filled with Venezuelans heading toward airport turned around, video shows* (April 20, 2025). This Court should reject this most recent attempt by the administration to create a loophole to later exploit. *See* Further Order Re: Prelim. Inj., *City & Cnty. of San Francisco v. Trump* ("*SF*"), 25-cv-01350, 2025 WL 1282637, at *38 (rejecting government's argument that plaintiffs "have just identified speculative harm because no funds have been impacted yet" where plaintiffs "demonstrated through numerous declarations . . . [t]hey are unable to plan their budgets for the upcoming fiscal year in the shadow of the 2025 Executive Orders and Bondi Directive, which threaten all federal funding, they are being forced to subordinate their local policies and practices to the preferences

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 10
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

of the Federal Government, and their relationships with their communities suffer for it").

Defendants' assertion that the potential loss of nearly half a billion dollars in FTA funding cannot create imminent harm because King County has not "identif[ied] any deadline" similarly misses the point. Resp. at 10. Defendants ignore King County's declarations explaining the short- and long-term impacts of suspension or termination of this funding on its transit operations, planning, and budgeting. Morrison Decl., ¶¶ 16–18 , 27; Dively Decl., ¶¶ 10–20; Mot. at 10–11, 26; *see also SF*, 2025 WL 1282637, at *38 (finding irreparable harm where "present and future budgetary uncertainty" undermined plaintiffs' "budgetary planning process"). Similarly, the uncertainty surrounding continuity of CoC funding is already forcing difficult budgeting decisions and impacting Plaintiffs' ability to retain providers to maintain services and housing at current levels. McSpadden Decl. ¶ 16; Marshall Decl. ¶ 19; Kaminski Decl. ¶¶ 30–31. These harms are precisely the sort the Ninth Circuit and district courts have found warrant temporary relief. *See, e.g., City of Los Angeles v. Sessions*, CV 17-7215-R, 2018 WL 6071072, at *3 (C.D. Cal. Sept. 13, 2018) (ruling plaintiff cities and counties were irreparably harmed by "impossible choice" to "certify compliance with unconstitutional" directives or "lose congressionally authorized [grant] funding"), *aff'd sub nom. City of Los Angeles v. Barr*, 941 F.3d 931 (9th Cir. 2019); *Am. Trucking Ass'ns, Inc.*, 559 F.3d at 1058–59 (holding that forced choice between signing unconstitutional agreement and suffering loss of customer goodwill was irreparable harm); *City of Chicago v. Sessions*, 264 F. Supp. 3d 933, 950 (N.D. Ill. 2017) (similar).

Plaintiffs' diligence in seeking temporary relief from this Court confirms the immediacy and severity of harm. Assessing and responding to the new conditions has been "expensive and time consuming." Dively Decl., ¶ 20. For instance, King County "devote[d] significant resources to evaluat[e] new risk to this already awarded federal funding, continuously monitor

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 11
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

developments, and coordinate internal and external communications and responses." *Id.* This included, for example, consulting with providers about the impacts of the CoC Grant Conditions or turning down CoC funding. Supp. Marshall Decl., ¶ 2. The lawsuit's timing also must take into account Defendants' escalating threats in the last month, including the Turner Letter on April 4, the Duffy Letter on April 24, and the amended FTA Master Agreement on April 25. Mot. at 7, 9–10. On this record, Plaintiffs have demonstrated concrete, imminent, and irreparable harm.

### E. The Equities Weigh in Plaintiffs' Favor

The balance of equities weigh heavily in Plaintiffs' favor. By establishing the likelihood of a constitutional violation—which Defendants do not substantively address, *see* Resp. at 10 (addressing only APA claims)—"Plaintiffs have also established that both the public interest and the balance of the equities favor a preliminary injunction." *Ariz. Dream Act Coal.*, 757 F.3d at 1069. And Defendants fail to cite any authority for their contention that they are harmed by maintaining the status quo for funds that Congress appropriated and Defendants conditionally awarded. *See Woonasquatucket River Watershed Council v. U.S. Dep't of Agric.*, No. 1:25-cv-00097-MSM-PAS, 2025 WL 1116157, at *23–24 (D.R.I. Apr. 15, 2025), *appeal docketed*, No. 25-1428 (1st Cir.) ("Government [was] not harmed where an order require[d] them to disburse funds that Congress ha[d] appropriated and that Agencies ha[d] already awarded," but grant recipients faced "substantial uncertainty about whether the Government w[ould] comply with federal law"); *PFLAG, Inc. v. Trump*, No. 25-337-BAH, 2025 WL 685124, at *2 (D. Md. Mar. 4, 2025) ("balance of equities and the public interest weigh in favor of a preliminary injunction as Defendants are not harmed by a prohibition that maintains the status quo and enjoins the enforcement of restrictions likely to be found unconstitutional").

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER – 12
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### F. The Court Should Deny Bond

This Court has discretion to waive the bond requirement under Rule 65(c) if there is "no evidence the party will suffer damages from the injunction," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882, (9th Cir. 2003), or if there is a "high probability of success that equity compels waiving the bond, the balance of equities overwhelmingly favors the movant," "or the requirement of a bond would negatively impact the movant's constitutional rights," *Gilmore v. Wells Fargo Bank, N.A.*, No. C 14-2389-CW, 2014 WL 3749984, at *6 (N.D. Cal. July 29, 2014). Here, Defendants offer no authority to support their demand for bond in the amount of the grants. Resp. at 11. Instead, this appears to be another effort to deter legal challenges to the administration's unconstitutional overreach. *See Am. Ass'n of Colleges for Teacher Educ. v. McMahon*, 1:25-CV-00702-JRR, 2025 WL 833917, at *25 (D. Md. Mar. 17, 2025) (noting administration's change of position in seeking bond). In similar cases, courts have rejected the same kind of bond requested here. *See id.* (compiling cases); *SF*, 2025 WL 1282637, at *3. This Court should as well.

### III. CONCLUSION

Plaintiffs' claims for constitutional and APA relief are not subject to the Tucker Act. Plaintiffs have made the required showing to obtain a TRO. This Court should issue one.

I certify that this memorandum contains 13 pages, in compliance with the Court's Minute Order on May 5, 2025.

DATED this 7th day of May, 2025.

        LEESA MANION
        King County Prosecuting Attorney

        */s/ David J. Hackett*
        David J. Hackett, WSBA #21234
        *General Counsel to Executive*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 13
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Alison Holcomb, WSBA #23303
*Deputy General Counsel to Executive*
Erin Overbey, WSBA #21907
*Senior Deputy Prosecuting Attorney*
Cristy Craig, WSBA #27451
*Senior Deputy Prosecuting Attorney*
Donna Bond, WSBA #36177
*Senior Deputy Prosecuting Attorney*

Chinook Building
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
david.hackett@kingcounty.gov
aholcomb@kingcounty.gov
eroverbey@kingcounty.gov
cristy.craig@kingcounty.gov
donna.bond@kingcounty.gov

*Attorneys for Plaintiffs Martin Luther King, Jr. County*

PACIFICA LAW GROUP LLP

*/s/ Paul J. Lawrence*
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Luther Reed-Caulkins, WSBA #62513
*Special Deputy Prosecutors*

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
T: 206-245-1700
F: 206-245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Luther.Reed-Caulkins@PacificaLawGroup.com

*Attorneys for Plaintiffs Martin Luther King, Jr. County, Pierce County, Snohomish County,*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 14
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*County and City of San Francisco, County of Santa Clara, City of Boston, and City of New York*

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #35588
Rebecca E. Wendling, WSBA #35887

Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4046
(425) 388-6392
Bridget.Casey@co.snohomish.wa.us
Rebecca.Guadamud@co.snohomish.wa.us
Rebecca.Wendling@co.snohomish.wa.us

*Attorneys for Plaintiff Snohomish County*

DAVID CHIU
San Francisco City Attorney

*/s/ David Chiu*
David Chiu (CA Bar No. 189542)*
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)*
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)*
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)*
*Chief of Complex and Affirmative Litigation*
Ronald H. Lee (CA Bar No. 238720)*
Alexander J. Holtzman (CA Bar No. 311813)*
*Deputy City Attorneys*
1390 Market Street, 7th Floor
San Francisco, CA 94102
(415) 554-4700
Cityattorney@sfcityatty.org
Yvonne.Mere@sfcityatty.org
Mollie.Lee@sfcityatty.org
Sara.Eisenberg@sfcityatty.org

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 15
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Ronald.Lee@sfcityatty.org
Alexander.Holtzman@sfcityatty.org

*Attorneys for Plaintiff*
*City and County of San Francisco*


OFFICE OF THE COUNTY COUNSEL,
COUNTY OF SANTA CLARA

*/s/ Tony LoPresti*
Tony LoPresti (CA Bar No. 289269)*
*County Counsel*
Kavita Narayan (CA Bar No. 264191)*
*Chief Assistant County Counsel*
Meredith A. Johnson (CA Bar No. 291018)*
*Lead Deputy County Counsel*
Stefanie L. Wilson (CA Bar No. 314899)*
Cara H. Sandberg (CA Bar No. 291058)*
*Deputy County Counsels*
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
(408) 299-9021
tony.lopresti@cco.sccgov.org
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
cara.sandberg@cco.sccgov.org

*Attorneys for Plaintiff County of Santa Clara*


ADAM CEDERBAUM
Corporation Counsel, City of Boston

*/s/ Samantha H. Fuchs*
Samantha H. Fuchs (MA BBO No. 708216)*
*Senior Assistant Corporation Counsel*
Samuel B. Dinning (MA BBO No. 704304)*
*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 16
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

<u>*/s/ Doris Bernhardt*</u>
Doris Bernhardt (NY Bar No. 4449385)*
Joshua P. Rubin (NY Bar No. 2734051)*
Aatif Iqbal (NY Bar No. 5068515)*
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

*\* Pro Hac Vice application pending*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER – 17
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I served a true and correct copy of the foregoing document on the following parties by the method(s) indicated below:

| | |
|---|---|
| Annalisa L. Cravens<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>Assistant United States Attorneys<br>U.S. Attorney's Office for the Western District of Washington<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>Annalisa.Cravens@usdoj.gov<br>Sarah.Bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for Defendants Scott Turner, U.S. Dept. of Housing and Urban Development, Sean Duffy, U.S. Dept. of Transportation, Matthew Welbes, and the Federal Transit Administration* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 7th day of May 2025.

                                              */s/ Gabriela DeGregorio*
                                              Gabriela DeGregorio
                                              Litigation Assistant
                                              Pacifica Law Group LLP

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER – 18
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750