The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESMTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY; PIERCE COUNTY; SNOHOMISH COUNTY; CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF BOSTON; CITY OF COLUMBUS; and CITY OF NEW YORK,<br>Plaintiffs,<br><br>vs.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SEAN DUFFY in his official capacity as Secretary of the U.S. Department of Transportation; the U.S. DEPARTMENT OF TRANSPORTATION; MATTHEW WELBES in his official capacity as acting Director of the Federal Transit Administration; and the FEDERAL TRANSIT ADMINISTRATION, Defendants. | NO. 2:25-cv-814<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order. Having reviewed the briefs and exhibits filed in support of and in opposition to the Motion and having heard the argument of counsel, the Court's ruling is as follows.

ORDER GRANTING TRO

- 1

**1. This Court has subject-matter jurisdiction over Plaintiffs' claims.**

Contrary to Defendants' position, the Tucker Act does not divest this Court of jurisdiction over Plaintiffs' claims. To determine whether the Tucker Act applies, district courts in the Ninth Circuit look to: (1) "the source of the rights upon which the plaintiff bases its claims" and (2) "the type of relief sought." *Doe v. Tenet*, 329 F.3d 1135, 1141 (9th Cir. 2003). Applying this test, the Court finds:

First, the "source of the rights" that Plaintiffs invoke is not, as Defendants argue, the grant agreements. Instead, the sources of the rights that Plaintiffs assert in this case are the Administrative Procedure Act and the U.S. Constitution, including the Separation of Powers doctrine and the Fifth Amendment Due Process Clause.

Second, the "type of relief" that Plaintiffs seek is declaratory and injunctive, precisely the kind of relief that is generally not available in the Court of Federal Claims. Plaintiffs are not seeking payment of money, either injunctively or in damages.

Under this test, Plaintiffs have not asserted a contract claim, but one based on statutory and constitutional rights, and the relief they seek would not be available to them in the Court of Federal Claims. Plaintiffs have therefore demonstrated that this case belongs in this Court.

**2. Plaintiffs have demonstrated that they are entitled to a Temporary Restraining Order.**

Under the well-known standard articulated in *Winter v. National Resources Defense Council*, Plaintiffs must show that (1) they are likely to succeed on the merits of their claims, and (2) they will suffer irreparable harm in the absence of injunctive relief. Plaintiffs must also show that the balance of equities tips in their favor. 555 U.S. 7, 20 (2008). The Court finds that Plaintiffs have satisfied this standard.

First, Plaintiffs have demonstrated a likelihood of success on the merits of their claims. The conditions that Defendants added in March 2025 to Plaintiffs' Continuum of Care grants and King County's Federal Transit Authority grants likely exceed Defendants' authority, as circumscribed by the Constitution. More specifically, Plaintiffs have shown a likelihood that each of the conditions at issue violates the Separation of Powers doctrine by imposing on Plaintiffs certain conditions that were not approved by Congress and are not closely related to the purposes of the grants and the programs they fund, nor do the conditions serve the purpose of making the administration of the grants more efficient and effective. Many of these conditions are also likely void for vagueness and/or violate the APA's proscription on agency action that is arbitrary and capricious.

Second, Plaintiffs have sufficiently demonstrated that unless the Court issues a TRO, they will suffer irreparable harm. Even setting aside whether Plaintiffs are faced with an imminent deadline to agree to the Grant Conditions, Plaintiffs *do* face an imminent threat in the absence of a TRO. Defendants have put Plaintiffs in the position of having to choose between accepting conditions that they believe are unconstitutional, and risking the loss of hundreds of millions of dollars in federal grant funding, including funding that they have already budgeted and are committed to spending. Furthermore, the harms this choice presents are patently irreparable and acute, and include impacts on the vulnerable populations that Plaintiffs serve. The need for certainty and predictability in Plaintiffs' budget planning further supports eliminating the uncertainty that arises from Defendants' proposed conditions.

**3. Accordingly, Plaintiffs' Motion for TRO is granted, as follows:**

1. Defendants the Department of Housing and Urban Development and Secretary Scott

ORDER GRANTING TRO

- 3

Turner, and their officers, agents, and any other persons who are in active participation with them, are hereby enjoined from (1) imposing or enforcing the CoC Grant Conditions, as defined in Plaintiffs' Motion, with respect to any CoC funds awarded to Plaintiffs or members of Plaintiffs' Continuums; (2) rescinding or cancelling the CoC Grant Agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning CoC funds, based on such Grant Conditions; or (3) requiring Plaintiffs to make any "certification" or other representation related to compliance with the CoC Grant Conditions;

2. Defendants Department of Transportation, the Federal Transportation Authority, Sean Duffy and Matthew Welbes, and their officers, agents, and any other persons who are in active participation with them, are hereby enjoined from (1) imposing or enforcing the FTA Grant Conditions, as defined in Plaintiffs' Motion, with respect to any FTA funds awarded to Plaintiff King County; (2) rescinding or cancelling the FTA grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning FTA funds, based on such FTA Grant Conditions; (3) requiring King County to make any "certification" or other representation related to compliance with the FTA Grant Conditions; or (4).

**4. Plaintiffs are not required to post a bond under Federal Rule 65(c)**

Defendants have not demonstrated that they will suffer any material harm or monetary loss from the injunction the Court issues today. In contrast, requiring Plaintiffs to post a bond in this case would "contravene the interests of justice." The Court therefore declines to require Plaintiffs to post a bond.

ORDER GRANTING TRO

- 4

This TRO will remain in effect for 14 days following entry of this order. Plaintiffs have indicated they intend to request entry of a preliminary injunction. The Court will set a briefing schedule in a forthcoming order.

It is so ordered, this 7th day of May, 2025.

*Barbara J Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING TRO

- 5