THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY, et al.

              Plaintiffs,

v.

SCOTT TURNER in his official capacity
as Secretary of the U.S. Department of
Housing and Urban Development, et al.

              Defendants.

No. 2:25-cv-00814-BJR

PLAINTIFFS' REPLY IN SUPPORT
OF MOTION FOR PRELIMINARY
INJUNCTION

Hearing Date: May 21, 2025
Time: 2:00 PM

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................1

II.   ARGUMENT ..................................................................................................1

    A.    The PI Should Prevent Defendants from Thwarting Its Intended Relief ............... 2

    B.    The Tucker Act Does Not Deprive This Court of Jurisdiction ............................ 3

    C.    Plaintiffs Are Likely to Succeed on the Merits of Their Claims ........................... 5

        1.    The unlawful conditions violate separation of powers principles .............. 5

        2.    The unlawful conditions are unconstitutionally vague .............................. 8

        3.    The unlawful conditions are not committed to agency discretion ........... 11

    D.    Plaintiffs Will Suffer Immediate and Irreparable Harm Absent Relief ............... 12

    E.    The Balance of Equities Weigh in Favor of Plaintiffs ......................................... 14

    F.    The Court Should Deny Bond and Reject Defendants' Stay Request ................. 15

III.  CONCLUSION ..............................................................................................15

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – i
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.   INTRODUCTION

Defendants' opposition to a preliminary injunction (PI) to prohibit enforcement of unlawful new grant conditions falls flat. In a series of inconsistent, sometimes incoherent, unsupported, and previously rejected arguments, Defendants: (1) claim Plaintiffs have no forum to redress their constitutional and statutory claims; (2) pretend the new conditions are not an attempt to force grant recipients to either adopt the Trump administration's radical agenda or forego funding; (3) ignore and misrepresent facts surrounding HUD's and FTA's determinations that Plaintiffs qualify for and need the grants at issue; (4) ignore irreparable harm this Court already identified; and (5) fail to address numerous court decisions granting injunctions in similar circumstances. Further, Defendants have *already* defied the Court's TRO. Plaintiffs are entitled to a PI prohibiting enforcement of the new grant conditions or any new variations thereof, and preventing Defendants from rescinding, withholding, or cancelling agreements or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning funds based on those conditions.

## II.   ARGUMENT

Plaintiffs request a prohibitory PI to maintain status quo conditions Congress authorized. While Defendants argue the mandatory injunction standard applies because the new conditions are "already 'attached,'" Dkt. # 55 at 19–20, they cite no supporting authority and ignore Ninth Circuit precedent—discussed in Plaintiffs' TRO Reply, Dkt. # 44 at 10—holding the status quo is "the legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060 (9th Cir. 2014) (cleaned up). If that were not so, almost all injunctions would be considered mandatory. Regardless, a PI should issue under either standard.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 1
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

### A.    The PI Should Prevent Defendants from Thwarting Its Intended Relief

2

3      The Trump administration's implementation of new grant conditions has been rushed,

4   haphazard, and changing, creating a game of whack-a-mole as Plaintiffs face new conditions

5   without clarity on enforcement or the time to respond. For instance, FTA amended the Master

6   Agreement twice and issued a "guidance" letter in the space of just five weeks. Dkt. # 6 ¶¶ 19, 20,

7   24, Ex. A–E. After the TRO issued, King County learned FTA has unilaterally, retroactively, and

8   without notice applied the new Master Agreement to previously executed grants. Supp. Morrison

9   Decl. ¶¶ 3, 8–14. And FTA apparently plans to amend its Certifications and Assurances soon,

10   presumably adding similar new conditions. *Id.* ¶¶ 27–28. As to CoC, HUD initially issued grant

11   agreements with new conditions to New York, rescinded the agreements the next day, and then

12   issued revised agreements the following week with new conditions. Dkt. # 15 ¶¶ 15–17, Ex. A.

13      Defendants' conduct in this case has exacerbated this chaos and uncertainty. In their

14   Response, Defendants state they are withholding funding unless and until Plaintiffs accept the

15   challenged conditions. Dkt. # 56 ¶ 9. This action directly violates the Court's TRO prohibiting

16   them from "freezing" or "withholding" grants based on the restrained conditions. Dkt. # 52 at 4.

17   Again thwarting the TRO, Defendants' counsel claimed in an email to King County that "when

18   the TRO (or any subsequent injunctive order) expires, FTA may treat the Restrained Conditions

19   like any other part of an agreement, regardless of whether the agreement was signed while the

20   TRO was in effect." Supp. Morrison Decl. ¶ 22, Ex. C. But the TRO prohibits Defendants from

21   "*imposing* or enforcing" the restrained conditions. Dkt. # 52 at 4 (emphasis added). Allowing

22   retroactive imposition of these conditions on agreements signed in reliance on the TRO would

23   deprive Plaintiffs of the relief the Court granted. In yet another invitation for mischief, Defendants

24

25

26

27

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

ask that any PI "leave intact the Executive's discretion to engage in further consideration of the topic at hand and implement new policies consistent with law." Dkt. # 55 at 30.

Plaintiffs seek a PI tailored to specific grants awarded to specific parties. But the Court should cut off Defendants' efforts to evade its decisions. Plaintiffs thus request a PI that covers conditions "materially similar" to the challenged conditions, confirms Plaintiffs cannot be forced to agree to the enjoined conditions, and enjoins Defendants from retroactively applying the conditions to grant agreements executed while the PI is in place. Plaintiffs further request the Court impose appropriate measures to ensure Defendants' compliance. *See, e.g.*, *Colorado v. U.S. Dep't of Health & Human Servs.*, No. 1:25-CV-00121, 2025 WL 1017775, at *6 (D.R.I. Apr. 5, 2025) (requiring government to "immediately take every step necessary to carry out this [TRO], including clearing any administrative, operational, or technical hurdles to implementation," providing written notice, and submitting a status report to the court).

### B.    The Tucker Act Does Not Deprive This Court of Jurisdiction

Defendants reassert their contention that sovereign immunity and the Tucker Act prevent this Court from hearing Plaintiffs' claims. But as this Court correctly held, the Tucker Act does not apply because the source of Plaintiffs' rights is the Constitution and the APA, and Plaintiffs seek declaratory and injunctive relief, not money damages. Dkt. # 52 at 2 (citing *Doe v. Tenet*, 329 F.3d 1135, 1141 (9th Cir. 2003)). Defendants contend this Court did not consider whether the Tucker Act "impliedly forbids" Plaintiffs' claims. Dkt. # 55 at 11. But Defendants' theory for why the Tucker Act "impliedly" divests the Court of jurisdiction rests on the same contentions the Court just rejected. Defendants were incorrect then; they are incorrect now.

Indeed, the Ninth Circuit recently rejected the very same Tucker Act and APA arguments in a grant funding lawsuit. *Cmty. Legal Servs. in E. Palo Alto v. U.S. Dep't of Health & Human*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Servs.* ("*CLSEPA*"), No. 25-2808, 2025 WL 1393876, at *3 (9th Cir. May 14, 2025). In holding that the district court likely had jurisdiction over APA claims challenging withholding of grant funds as contrary to statutes and regulations, the Ninth Circuit rejected the contention that the absence of CFC jurisdiction is "irrelevant" to whether the Tucker Act divests district court jurisdiction. *See id.* at *2–4; Dkt. # 55 at 17. The Ninth Circuit explained that a result that leaves "no court" with "jurisdiction to hear plaintiffs' claims" is not only "contrary to common sense," but "conflicts with the 'strong presumption favoring judicial review of administrative action' that is embodied in the APA." 2025 WL 1393876, at *3; *see also Tootle v. Sec'y of Navy*, 446 F.3d 167, 176 (D.C. Cir. 2006) ("We categorically reject the suggestion that a federal district court can be deprived of jurisdiction by the Tucker Act when no jurisdiction lies in the [CFC]."). As in *CLSEPA*, Plaintiffs' APA claims are "beyond the scope of the Tucker Act's exclusive jurisdiction." *Id.* at *2.

Defendants also have not shown the Tucker Act expresses a "clear" intent "to preclude judicial review of" Plaintiffs' "constitutional claims," as required to "deny any judicial forum" for such claims. *Webster v. Doe*, 486 U.S. 592, 603 (1988). And Defendants' Tucker Act arguments do not apply to Plaintiffs' injunctive claims against federal officer defendants. *Dugan v. Rank*, 372 U.S. 609, 621–22 (1963) ("officer's action 'can be made the basis of a suit for specific relief against the officer'" if the officer acted "beyond their statutory powers" or in a "constitutionally void" manner); *E.V. v. Robinson*, 906 F.3d 1082, 1094 (9th Cir. 2018) (sovereign immunity does not apply because "such acts 'are considered individual and not sovereign actions'") (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949)) (cleaned up); *Murphy Co. v. Biden*, 65 F.4th 1122, 1129 (9th Cir. 2023) (same), *cert. denied*, 144 S. Ct. 1111 (2024).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Finally, none of the cases Defendants cite suggest this Court lacks jurisdiction. *Tucson Airport Authority v. General Dynamics Corp.* held the Tucker Act applied to certain claims to enforce a specific contract term. 136 F.3d 641, 644 (9th Cir. 1998). Here, none of Plaintiffs' claims "are premised on the notion that the United States has some contractual obligation to" them. *Id.* at 647. *Department of Education v. California*, 145 S. Ct. 966 (2025), is also inapposite. Unlike Plaintiffs' claims, that case involved a claim to enforce grant agreements based on "a contractual obligation to pay money." *Id.* at 968. Like in *CLSEPA*, Plaintiffs' claims "sound in statute" and the Constitution, "rather than contract." 2025 WL 1393876 at *3. And the stay order in *RFE/RL, Inc. v. Lake* simply held that the district court "likely lacked jurisdiction to order the payment of funds owed under a grant agreement." No. 25-5158, Dkt. 2114775, at *5 (D.C. Cir. May 7, 2024).[1]

This Court should follow the Ninth Circuit and many other courts in rejecting Defendants' broad assertion that the Tucker Act impliedly forecloses judicial review of all challenges to unlawful grant conditions, regardless of whether an alternative forum is available.[2]

**C.    Plaintiffs Are Likely to Succeed on the Merits of Their Claims**

**1.    The unlawful conditions violate separation of powers principles**

Defendants claim the challenged conditions comply with the separation of powers because they are "(1) imposed pursuant to Defendants' statutory authority; (2) germane to the grants at issue; and (3) dependent on and subject to existing law." Dkt. # 55 at 26. These arguments fail.

---

[1] The D.C. Circuit's stays in *RFE/RL, Inc.* and *Widakuswara v. Lake*, on which Defendants also rely, have been administratively stayed pending a petition for *en banc* review. Dkt. # 55 at 13 n.4.
[2] *See, e.g.*, *Colorado v. U.S. Dep't of Health & Human Servs.*, No. 1:25-cv-00121, Dkt. # 84 at 15–23 (D.R.I. May 16, 2025); *S.F. Unified Sch. Dist v. AmeriCorps* ("*SFUSD*"), No. 25-cv-02425, 2025 WL 1180729, at *6–11 (N.D. Cal. Apr. 23, 2025); *Cmty. Legal Servs v. HHS*, No. 25-cv-2847, 2025 WL 1168898, at *3 (N.D. Cal. Apr. 21, 2025); *Chi. Women in Trades v. Trump*, No. 25-cv-2005, 2025 WL 1114466, at *8–10 (N.D. Ill. Apr. 14, 2025); *New York v. Trump*, No. 25-cv-39, 2025 WL 1098966, at *1–3 (D.R.I. Apr. 14, 2025); *Maine v. U.S. Dep't of Agric.*, No. 25-cv-131, 2025 WL 1088946, at *19–20 (D. Me. Apr. 11, 2025).

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

First, Defendants identify no statute authorizing them to impose the challenged conditions on CoC and FTA grants. Their attempt to glean statutory authority from agency regulations and broad language in the enabling statutes fails. Defendants' purported regulatory authority to terminate grants that no longer effectuate "agency priorities," 2 C.F.R. § 200.340, is subject to limitation ("to the extent authorized by law"), and irrelevant to whether *Congress* has authorized these conditions.[3] HUD's regulation that a "grant agreement may set forth . . . other circumstances under which funds may be deobligated and other sanctions may be imposed," 24 C.F.R. § 578.107(d)(6), does not establish Defendants acted with Congressional authority to impose unlawful conditions. *Id.* The only statutes Defendants cite, 49 U.S.C. § 5334(a)(1), authorizing the DOT Secretary to "prescribe terms" for transportation projects that receive federal funds, and 42 U.S.C. § 11386(b)(8), authorizing the HUD Secretary to establish "other terms and conditions" to carry out the CoC program "in an effective and efficient manner," do not authorize wide-ranging grant conditions on policy issues unrelated to homelessness assistance or mass transit.

Indeed, Congress identified the spending priorities for the programs at issue, including promoting community-wide commitment to ending homelessness, reducing trauma and dislocation, and promoting self-sufficiency (CoC grants, *see* 42 U.S.C. § 11381), and fostering the development and revitalization of public transportation systems (FTA grants, *see* 49 U.S.C. § 5301). The statutory conditions applicable to recipients of those grants are closely related to and further those purposes. *See* Dkt. # 5 at 16 (describing statutory CoC conditions); *see also* RCW 49 U.S.C. §§ 5307(c), 5309(c), 5337(f)(7), 5339(a)(3), (b)(6), (c)(3) (statutory FTA grant requirements). Whatever generic authority DOT and HUD officials have to establish terms and

---

[3] By relying on supposed agency authority to *cancel* grants altogether, Defendants effectively concede Plaintiffs' irreparable harm.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 6
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

conditions, that authority does not permit agencies to effectively mandate grant recipients advance Executive policy priorities unrelated to the grant programs authorized and funded by Congress.

Defendants' germaneness arguments similarly fail. As to the CoC and FTA Discrimination Conditions, the FTA Master Agreement's new reference to the DEI Order (Executive Order 14173), and DOT's and HUD's agency guidance, make clear that the conditions go well beyond the historical requirement to certify compliance with federal nondiscrimination law and instead simply target DEI. Indeed, the new conditions *conflict* with established nondiscrimination law and regulatory guidance applicable to these programs. *See* Dkt. # 5 at 5 (CoC NOFO requirement to "advance racial equity"); Dkt. # 1 ¶ 105 (FTA minority-owned business contracting requirements). Further, Defendants never explain how new prohibitions on DEI initiatives occurring *anywhere* in Plaintiffs' organizations are "germane" to the grant programs at issue.

Defendants do not address the remaining grant conditions other than to summarily claim the "differences between the DOT and HUD conditions demonstrates they are drafted to apply to the programs at issue." Dkt. # 55 at 27. But that circular conclusion does not answer the threshold question whether the conditions are germane. As Plaintiffs have explained, there is no nexus between the challenged conditions (as Defendants intend to enforce them) and the federal interest in the CoC and FTA funds here. *See* Dkt. # 5 at 19. Again, the agencies' own regulations require recipients to act in ways the new conditions purport to prohibit. *See, e.g.*, 24 C.F.R. § 5.106(b)–(c) (mandating "[e]qual access" to CoC programs in accordance with participants' "gender identity").

Finally, Defendants claim that "conditioning grant funds to the extent consistent with applicable law cannot be interpreted as exceeding the law." Dkt. # 55 at 28. But the Ninth Circuit has already rejected this type of reliance on a rote savings clause. *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1240 (9th Cir. 2018) ("The Executive Order's savings clause does not

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 7
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

and cannot override its meaning."). Defendants also ignore the context in which the challenged conditions have been imposed. The Discrimination and Immigration Enforcement Conditions purport to require compliance with applicable law. But the DEI Order, the Immigration Order, and subsequent agency letters broadly reinterpreting the law to prohibit all DEI and to require affirmative cooperation with federal immigration enforcement indicate these new conditions are not reflective of existing law and instead were intended to further the Trump administration's policy goals—not Congress's.[4] This violates the separation of powers. *City & Cnty. of San Francisco v. Trump*, No. 25-cv-01350, 2025 WL 1282637, at *28 (N.D. Cal. May 3, 2025).

### 2. The unlawful conditions are unconstitutionally vague

Defendants assert several defenses to Plaintiffs' vagueness challenge, but all of them fail. Defendants contend Plaintiffs lack a protected property interest. Dkt. # 55 at 22–23. But they concede Plaintiffs have been conditionally awarded over $280 million in CoC funding subject to the new unlawful grant conditions. *Id.* at 5. Once a conditional award is announced, the HUD Secretary *must* obligate funds within 45 days of the recipient meeting specified conditions. 42 U.S.C. § 11382(d)(1)(A), (d)(2). Indeed, the very fact that HUD sent the agreements to Plaintiffs confirms Plaintiffs met those conditions. Similarly, Defendants concede King County has been awarded over $446 million in FTA grants subject to the new conditions, the majority of which are formula grants and thus nondiscretionary, and which include already-obligated funds. Dkt. # 55 at 8; Dkt. #57 ¶ 13; Dkt. # 6 ¶ 10. Plaintiffs have a legitimate entitlement under the grant programs' governing statutes. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577–78 (1972) ("a claim of entitlement" can be "grounded in the statute defining eligibility"); *Cnty. of Santa Clara v. Trump*

---

[4] Defendants also ignore that several new conditions—including the CoC Gender Ideology and Abortion Conditions and the FTA Immigration Enforcement Condition—lack savings clauses.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 8
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

("*Santa Clara*"), 250 F. Supp. 3d 497, 535 (N.D. Cal. 2017) ("Counties ha[d] a legitimate property

interest in" appropriated "federal funds that . . . the Counties ha[d] accepted"). Defendants' reliance

on *Eloyan v. United States*, which held plaintiffs had no protected interest in "contracts they had

not been awarded," is inapt. No. 19-cv-09565, 2020 WL 7382316, at *5 (C.D. Cal. Oct. 21, 2020).

Citing no authority, Defendants contend Plaintiffs' vagueness challenge is improper

because grant conditions are between specific parties and, thus, may never be subject to vagueness

review. Dkt. # 55 at 20. Even if this proposition is correct (which it is not), the new conditions are

not bespoke terms attached to one-off contracts. HUD and FTA are imposing them on all recipients

as a matter of agency policy. *See* Dkt. # 6 at 345–348 (DOT Secretary Duffy letter stating agency

"policy" to limit funding to "those recipients who comply with" DOT's reinterpretation of the

law); Dkt. # 7 at 27 (HUD Secretary Turner letter). Courts have long applied vagueness review to

agency policies. *See F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 254 (2012).

Defendants' assertion that Plaintiffs have improperly brought their vagueness claim pre-

enforcement is also without merit. Plaintiffs are not required to submit to vague conditions and

wait until they suffer arbitrary enforcement before bringing a vagueness challenge. *See Santa Cruz

Lesbian & Gay Cmty. Ctr. v. Trump* ("*Santa Cruz*"), 508 F. Supp. 3d 521, 543–45 (N.D. Cal. 2020)

(plaintiffs showed likelihood of success on "facial" vagueness challenge to executive order

requiring certifications that grant recipients "will not use federal funds to 'promote' certain

concepts"); *Isaacson v. Mayes,* 84 F.4th 1089, 1098–99 (9th Cir. 2023) (rejecting "district court's

suggestion that . . . vagueness challenges, cannot be reviewed before enforcement"). Rather, courts

have permitted pre-enforcement challenges where, as here, vague requirements force plaintiffs to

operate under a specter of unbridled enforcement discretion and uncertainty as to how they must

comply. *Santa Clara*, 250 F. Supp. 3d at 535 (facial vagueness challenge to executive order

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 9
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

targeting "sanctuary jurisdictions" was likely to succeed); *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, No. 1:25-cv-00333-ABA, 2025 WL 573764, at *19–21 (D. Md. Feb. 21, 2025) (same as to executive order terminating "equity-related" grants, explaining "[t]he barrier to a facial challenge for vagueness" is not "absolute").[5] Defendants' assurance that HUD regulation's termination procedures would "give the grantee notice" of HUD's determination that the grantee violated the conditions, Dkt. # 55 at 21, does not alleviate the concern of arbitrary enforcement.

Defendants also fail to convincingly dispute that the challenged conditions are, in fact, vague. Instead, they rely on *National Endowment for the Arts v. Finley*, 524 U.S. 569 (1998), to suggest a lesser standard applies here. Dkt. # 55 at 24 (quoting 524 U.S. at 589). But *Finley* involved a challenge to funding priorities that guided the agency's discretion in awarding grants, not conditions imposed directly on recipients. 524 U.S. at 576. And *Finley* acknowledged that similar "opaque" terms "could raise substantial vagueness concerns" if "they appeared in a . . . regulatory scheme." *Id.* at 588. Indeed, the challenged conditions here reflect the same level of vagueness other courts have found unconstitutional. *See Santa Cruz*, 508 F. Supp. 3d at 543–45 (executive order directing "agency heads to identify programs for which grants may be conditioned on the recipient's certification that it will not use federal funds to 'promote' certain concepts" was void for vagueness); *Nat'l Ass'n of Diversity Officers in Higher Educ.*, 2025 WL 573764, at *19 (same as to executive order directing termination of "'equity-related' grants or contracts").

---

[5] The Fourth Circuit stayed the district court's PI pending appeal, without discussing the likely merits of plaintiffs' claims. No. 25-1189, Dkt. # 29 (4th Cir. March 14, 2025). Judge Pamela Harris, concurring, wrote she understood the challenged executive orders not to "purport to establish the illegality of all efforts to advance" DEI, but clarified, "[a]gency enforcement actions that go beyond the Orders' narrow scope may well raise serious First Amendment and Due Process concerns, for the reasons cogently explained by the district court." *Id.* at 7.

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Finally, Defendants never address that several of the conditions conflict with other applicable requirements, further exacerbating the vagueness by forcing recipients to guess at which requirement they must comply with. Dkt. # 5 at 5 (discussing NOFO requirements that applicants explain how their programs "advance racial equity" and address "the needs of LGBTQ+ individuals"); Dkt. # 1 ¶ 105 (discussing 2 C.F.R. § 300.321 requirement encouraging recipients to solicit "minority businesses, women's business enterprises, [and] veteran-owned businesses"); *Santa Clara*, 250 F. Supp. 3d at 535 ("conflicting guidance" contributed to vagueness concerns).

Plaintiffs are likely to succeed on their vagueness claim.

### 3.    The unlawful conditions are not committed to agency discretion

Defendants next assert Plaintiffs cannot pursue their APA claims because "decisions regarding the terms under which local entities may receive federal grants" are "committed to agency discretion by law." Dkt. # 55 at 29–30. Not so. 5 U.S.C. § 701(a)(2)'s exception to the APA's "strong presumption" favoring judicial review is "read . . . quite narrowly" and applies only in "those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. 9, 23 (2018) (cleaned up); *see also* Dkt. # 44 at 8. And "the mere fact that a statute contains discretionary language does not make agency action unreviewable." *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1068 (9th Cir. 2015) (cleaned up).

This case does not present one of the "rare instances" in which there is "truly no law to apply." *Jajati v. U.S. Customs & Border Prot.*, 102 F.4th 1011, 1017 (9th Cir. 2024). Plaintiffs seek review of grant conditions at odds with the statutory and regulatory schemes that authorize the HUD and FTA grants at issue. *See* Dkt. # 5 at 14–19. Those statutes and regulations provide ample grounds for review of Defendants' actions. *See ASSE Int'l, Inc.*, 803 F.3d at 1070–71

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 11
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

(agency regulations provided meaningful standards by which a court could review State Department's exercise of discretion); *SFUSD*, 2025 WL 1180729, at *3–5 (statutory scheme governing AmeriCorps grants provided guidance as to outer bounds of agency authority). Accordingly, section 701(a)(2) does not preclude Plaintiffs' APA claims.

Defendants cite *Lincoln v. Vigil*, 508 U.S. 182 (1993), for the proposition that conditioning grant funds is "classic discretionary agency action." Dkt. # 55 at 29. But *Lincoln* involved an agency's decision to cancel a program funded from a single "lump-sum appropriation" that covered all of the agency's activities. 508 U.S. at 185. Because the relevant statutes did "not so much as mention the Program" that was cancelled, the Court found "[t]he decision to terminate the Program was committed to the [agency's] discretion" by law. *Id.* at 193–94. In contrast, Plaintiffs here are challenging decisions about specific grant programs Congress crafted and funded. The Ninth Circuit rejected a nearly identical section 701(a)(2) argument in *CLSEPA*. 2025 WL 1393876 at *4. Defendants do not otherwise address the merits of Plaintiffs' APA claims.

As multiple courts reviewing this precise issue have recently concluded, APA review is not barred here. *See, e.g.*, *id.*; *SFUSD*, 2025 WL 1180729, at *3–6; *Massachusetts v. Kennedy*, No. 25-10814-WGY, 2025 WL 1371785, at *10–11 (D. Mass. May 12, 2025). For the reasons stated above and in Plaintiffs' Motion, Dkt. # 5 at 22–26, Plaintiffs are likely to succeed in showing the new conditions violate the APA.

**D.    Plaintiffs Will Suffer Immediate and Irreparable Harm Absent Relief**

This Court has already found Plaintiffs face irreparable harm from the forced decision "between accepting conditions that they believe are unconstitutional" and "risking the loss of hundreds of millions of dollars in federal grant funding," including funds they have already committed to spending. Dkt. # 52 at 3. Defendants' arguments in response are unavailing.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 12
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

First, Defendants argue Plaintiffs' monetary injuries are not irreparable, citing *L.A. Memorial Coliseum Commission v. NFL*, 634 F.2d 1197 (9th Cir. 1980). Dkt. # 55 at 30. But unlike in that case, where plaintiffs' lost revenues from failing to acquire an NFL team would have been compensable by money damages, 634 F.2d at 1202, Plaintiffs have shown that they stand to suffer losses that *cannot* be remedied by a damages award down the road. *See Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 222 (1st Cir. 2003) (irreparable harm exists whenever "a plaintiff stands to suffer a substantial injury that cannot adequately be compensated by an end-of-case award of money damages."). This includes immediate harms Plaintiffs will suffer from the delay in funding itself, including in the form of "budget uncertainty," as well as impacts on vulnerable individuals and families Plaintiffs serve. *Santa Clara*, 250 F. Supp.3d at 537; *Oakley v. Devos*, No. 20-cv-03215-YGR, 2020 WL 3268661, at *16 (N.D. Cal. 2020) ("In the absence of a preliminary injunction, the [colleges] face irreparable injury arising from the loss of future federal funding . . . as well as budget uncertainty and harm to their ability to carry out their institutional missions."); *City of Evanston v. Barr*, 412 F. Supp.3d 873, 886 (N.D. Ill. 2019); *see also* Dkt. # 6 ¶ 17; Dkt. # 7 ¶ 20; Dkt. # 9 ¶ 26; Dkt. # 12 ¶ 31; Dkt. # 13 ¶ 21; Dkt. # 15 ¶ 21.

Defendants also argue Plaintiffs' harms are "purely speculative" because Plaintiffs have not explained when or how their loss of funding will start. Dkt. #55 at 30–31. But Plaintiffs face imminent harm because they are forced to choose between accepting unlawful conditions or risking the loss of hundreds of millions in federal funds. Dkt. # 52 at 3. Indeed, Defendants apparently will not allow Plaintiffs to draw down grants until Plaintiffs return grant agreements agreeing to the disputed conditions, even with the Court's TRO in place. Dkt. # 56 ¶ 9.

Defendants' arguments about the CoC 45-day deadline are irrelevant and misleading. After reviewing applications, HUD announces conditional awards and notifies recipients of any

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 13
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

conditions on the award. 2d Supp. Marshall Decl. ¶ 9. Recipients must satisfy any such conditions before executing a grant agreement. 24 C.F.R. § 578.21(b). "No later than 45 days from the date when all conditions are satisfied, the recipient and HUD must execute the grant agreement." 24 C.F.R. § 578.23(a). It is unclear whether HUD will claim the funds are forfeited unless grant agreements are executed within 45 days. 2d Supp. Marshall Decl. ¶ 10.

In some instances, Defendants submitted information to the Court that is simply incorrect. *See, e.g.*, Whitley PI Decl. ¶ 6. More broadly, their arguments about irreparable harm are deceptive. Any remaining funds from FY 2023 CoC grant projects do not alleviate the harm to Plaintiffs based on their budgeting and spending in reliance on FY 2024 grants. Dillon PI Decl. ¶¶ 12–14; 2d Supp. Marshall Decl. ¶¶ 3–8; Whitley Decl. ¶¶ 7–9; Supp. Kaminski Decl. ¶ 8.[6] The FY 2023 grants have been committed and/or spent. *Id.* While King County executed FTA grant agreements and amendments after the TRO issued, Dkt. #55 at 31, Defendants fail to mention that King County emailed FTA explaining that it did not accept the conditions "imposed or enforced against King County as to any grant or other instrument, document, or record, that may be obligated, executed, or submitted by King County Metro during the period that the TRO was in effect." Supp. Morrison Decl. ¶ 22; *id.* Ex. C. The record confirms Plaintiffs will suffer irreparable harm absent a PI.

### E.    The Balance of Equities Weigh in Favor of Plaintiffs

The equities weigh heavily in Plaintiffs' favor. Defendants' argument that "Plaintiffs could be compensated for any lost money after a ruling on the merits," Dkt #55 at 32, ignores the irreparable harm that would arise from delay and uncertainty itself. *Supra*, subsection II.D. Contrary to Defendants' contention, the government is not harmed by maintaining the status quo

---

[6] Defendants compound the confusion by providing a table showing Plaintiffs' Fiscal Year 2024 CoC grant numbers and amounts, but the Fiscal Year 2023 grant deadlines. Dkt. # 56, Ex. A; Supp. Kaminski Decl. ¶ 7.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 14
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

and allowing Plaintiffs to carry out programs with appropriated and conditionally awarded funds that unquestionably serve the goals of the grants at issue. Dkt. # 44 at 14 (citing cases).

### F.    The Court Should Deny Bond and Reject Defendants' Stay Request

The Court should deny Defendants' request for a bond. Dkt. # 44 at 15 (compiling similar cases rejecting a bond). The Court should similarly deny Defendants' unsupported request that the Court stay any PI "pending a determination . . . whether to appeal and, if appeal is authorized, pending any appeal." Dkt. # 55 at 33. Such a request is "premature[]" until an injunction has actually been entered and a notice of appeal filed. *Climate United Fund v. Citibank, N.A*., No. 25-cv-698, 2025 WL 1118430, at *1 n.1 (D.D.C. Apr. 15, 2025); *see also Aids Vaccine Advocacy Coal. v. U.S. Dep't of State*, No. 25-00400, 2025 WL 752378, at *23 n.21 (D.D.C. Mar. 10, 2025); *Roake v. Brumley*, 756 F. Supp. 3d 93, 218 (M.D. La. 2024) (citing cases). Regardless, the request should be denied because Defendants cannot meet the standard for a stay. *Maryland v. Dep't of Agriculture*, No. JKB-25-0748, 2025 WL 800216, at *26 (D. Md. Mar. 13, 2025) ("It is generally logically inconsistent for a court to issue a TRO or preliminary injunction and then stay that order, as the findings on which those decisions are premised are almost perfect opposites.").

### III.    CONCLUSION

Defendants are attempting to leverage hundreds of millions of dollars in federal funds through unconstitutional and unlawful grant conditions unrelated to the goals of addressing homelessness or supporting public transit. Defendants have made clear no grant money will flow until Plaintiffs accede to those conditions and implement the Trump administration's policies. Defendants' actions have shown they will take any action to avoid compliance with this Court's orders. A PI should issue to prohibit enforcement of these conditions and prevent non-compliance.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 15
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    DATED this 16th day of May, 2025.

2                                              LEESA MANION
                                             King County Prosecuting Attorney
3

4                                            */s/ David J. Hackett*
                                             David J. Hackett, WSBA #21234
5                                            *General Counsel to Executive*
                                             Alison Holcomb, WSBA #23303
6                                            *Deputy General Counsel to Executive*
                                             Erin Overbey, WSBA #21907
7                                            *Senior Deputy Prosecuting Attorney*
                                             Cristy Craig, WSBA #27451
8                                            *Senior Deputy Prosecuting Attorney*
                                             Donna Bond, WSBA #36177
9                                            *Senior Deputy Prosecuting Attorney*

10

11                                           Chinook Building
                                             401 5th Avenue, Suite 800
12                                           Seattle, WA 98104
                                             (206) 477-9483
13                                           david.hackett@kingcounty.gov
                                             aholcomb@kingcounty.gov
14                                           eroverbey@kingcounty.gov
                                             cristy.craig@kingcounty.gov
15                                           donna.bond@kingcounty.gov

16                                           *Attorneys for Plaintiffs Martin Luther*
17                                           *King, Jr. County*

18                                           PACIFICA LAW GROUP LLP

19                                           */s/ Paul J. Lawrence*
20                                           Paul J. Lawrence, WSBA #13557
                                             Jamie Lisagor, WSBA #39946
21                                           Sarah S. Washburn, WSBA #44418
                                             Meha Goyal, WSBA #56058
22                                           Luther Reed-Caulkins, WSBA #62513
                                             *Special Deputy Prosecutors*
23

24                                           PACIFICA LAW GROUP LLP
                                             401 Union Street, Suite 1600
25                                           Seattle, WA 98101
                                             T: 206-245-1700
26                                           F: 206-245-1750
                                             Paul.Lawrence@PacificaLawGroup.com
27

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 16
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Luther.Reed-Caulkins@PacificaLawGroup.com

*Attorneys for Plaintiffs Martin Luther King, Jr.
County, Pierce County, Snohomish County,
County and City of San Francisco, County of
Santa Clara, City of Boston, and City of New
York*

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #39718
Rebecca E. Wendling, WSBA #35887

Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4046
(425) 388-6392
Bridget.Casey@co.snohomish.wa.us
Rebecca.Guadamud@co.snohomish.wa.us
Rebecca.Wendling@co.snohomish.wa.us

*Attorneys for Plaintiff Snohomish County*

DAVID CHIU
San Francisco City Attorney

*/s/ David Chiu*
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
*Chief of Complex and Affirmative Litigation*
Ronald H. Lee (CA Bar No. 238720)
Alexander J. Holtzman (CA Bar No. 311813)
*Deputy City Attorneys*
1390 Market Street, 7th Floor

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 17
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

San Francisco, CA 94102
(415) 554-4700
Cityattorney@sfcityatty.org
Yvonne.Mere@sfcityatty.org
Mollie.Lee@sfcityatty.org
Sara.Eisenberg@sfcityatty.org
Ronald.Lee@sfcityatty.org
Alexander.Holtzman@sfcityatty.org

*Attorneys for Plaintiff*
*City and County of San Francisco*


OFFICE OF THE COUNTY COUNSEL,
COUNTY OF SANTA CLARA

*/s/ Tony LoPresti*
Tony LoPresti (CA Bar No. 289269)
*County Counsel*
Kavita Narayan (CA Bar No. 264191)
*Chief Assistant County Counsel*
Meredith A. Johnson (CA Bar No. 291018)
*Lead Deputy County Counsel*
Stefanie L. Wilson (CA Bar No. 314899)
Cara H. Sandberg (CA Bar No. 291058)
*Deputy County Counsels*
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
(408) 299-9021
tony.lopresti@cco.sccgov.org
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
cara.sandberg@cco.sccgov.org

*Attorneys for Plaintiff County of Santa Clara*


ADAM CEDERBAUM
Corporation Counsel, City of Boston

*/s/ Samantha H. Fuchs*
Samantha H. Fuchs (MA BBO No. 708216)
*Senior Assistant Corporation Counsel*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 18
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Samuel B. Dinning (MA BBO No. 704304)
*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*


MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

*/s/ Doris Bernhardt*
Doris Bernhardt (NY Bar No. 4449385)
Joshua P. Rubin (NY Bar No. 2734051)*
Aatif Iqbal (NY Bar No. 5068515)
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

    * *Pro Hac Vice application pending*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 19
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025, I served a true and correct copy of the foregoing

document on the following parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Annalisa L. Cravens<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>annalisa.cravens@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for Defendants Scott Turner, U.S.*<br>*Dept. of Housing and Urban Development,*<br>*Sean Duffy, U.S. Dept. of Transportation,*<br>*Matthew Welbes, and the Federal Transit*<br>*Administration* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of

Washington that the foregoing is true and correct.

DATED this 16th day of May, 2025.

*/s/ Gabriela DeGregorio*
Gabriela DeGregorio
Litigation Assistant
Pacifica Law Group LLP

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION – 20
No.  2:25-cv-00814-BJR