THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR. COUNTY, et al.,

                    Plaintiffs,

        v.

SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, et al.,

                    Defendants.

No. 2:25-cv-00814-BJR

DECLARATION OF SHEILA A. DILLON IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I, SHEILA A. DILLON declare as follows:

1.      I am a resident of the State of Massachusetts. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2.      I have been employed as the Chief and Director of the Mayor's Office of Housing ("MOH") of the City of Boston since 2013. Prior to my current role I was the Director of the Massachusetts Bureau of Rental Assistance. I have spent more than 30 years of my career in affordable housing and community development programs, including the oversight of programs to address homelessness.

3.      MOH is responsible for addressing homelessness, creating and preserving

DECLARATION OF SHEILA A. DILLON - 1
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 Union Street, Suite 1600
Seattle, WA 98101-2668
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

affordable housing, and ensuring that renters and homeowners can secure and maintain safe, stable housing. MOH also develops and implements the City of Boston's housing creation and homelessness prevention plans and collaborates with local and national partners to find new solutions and build more accessible housing, particularly for those with lower incomes.

4.      As the Chief and Director, I oversee all functions of MOH, including our homelessness prevention and family stabilization programs.

5.      In furtherance of this work, MOH routinely applies for and receives various grants from HUD, including Continuum of Care ("CoC") grant funding. MOH has been receiving CoC funding for more than twenty-five years.

6.      In 2023, the City of Boston applied as the Collaborative Applicant for the Boston CoC, which consists of housing and service providers and other stakeholders for individuals and families experiencing homelessness.

7.      In the 2023 CoC awards, which were announced in January 2024, HUD awarded a total of $47,708,83.00 to the Boston CoC. These awards were made in the form of 42 separate grants.

8.      Each grant had a designated start date and an end date one year later. The start dates were staggered from April 2024 through January 2025 and thus had corresponding end dates in March through December 2025. Therefore, these grants, which were awarded in 2023, have end dates that are staggered throughout 2025.

9.      As of May 15, 2025, two of the grants that were awarded in 2023 have expired (Grant. No. MA0043L1T002316 to Metropolitan Boston Housing Partnership, Inc. and Grant No. MA0037L1T002316 to Kit Clark Senior Services, Inc. - Walnut Community House). These grants alone total $10,016,066.00.

DECLARATION OF SHEILA A. DILLON - 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 Union Street, Suite 1600
Seattle, WA 98101-2668
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

10.     On May 13, 2025, the City of Boston submitted signed grant agreements for the renewals of the CoC grants to the Metropolitan Boston Housing Partnership, Inc. (Grant No. MA0043L1T002417) and Kit Clark Senior Services, Inc. - Walnut Community House (Grant No. MA0037L1T002417) to HUD via email to the appropriate officials designated by HUD: Laura.B.Schiffer@hud.gov; Cynthia.E.Lopez@hud.gov; Robert.D.Shumeyko@hud.gov; and Amy.E.Yuhasz@hud.gov. These agreements were revised to reflect the terms of the Temporary Restraining Order issued by this Court on May 7, 2025, excising the grant conditions at issue in this litigation. A true and correct copy of the City's transmittal is attached hereto as **Exhibit 1**. This email complies with HUD's directions on how to submit grant agreements, and is in accordance with consistent practice over the many years that the City has received CoC grants from HUD.

11.     Five additional grants totaling approximately $5,689,426.00 expire on May 31, 2025: HomeStart/Apartment Connection, Grant No. MA0003L1T002315 for $2,395,115.00; PSI/Long Term Stayers, Grant No. MA0428L1T002310, for $1,922,511.00; PSI/Chronically Homeless Hsg, Grant No. MA0362L1T002311, for $541,837.00; MBHP/SRO Program, Grant No.MA0305L1T002315, for $489,474.00; NECHV/Veterans Welcome Home, Grant No. MA0589L1T002307, for $340,489.00.

12.     Every other CoC grant awarded to the Boston CoC in 2023 has a scheduled end date in 2025 except for a grant designated for MA-500 CoC Planning Application FY 2023, which expires on January 31, 2026. This later grant is used to support planning and coordination efforts for the CoC's homelessness response system. All balances available to the City of Boston in CoC funding are from the CoC grants awarded in 2023 and not from any 2024 awards, and these balances will no longer be available as the grants expire throughout 2025.

DECLARATION OF SHEILA A. DILLON - 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 Union Street, Suite 1600
Seattle, WA 98101-2668
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

13.     In January 2025, HUD announced FY 2024 CoC awards, including a total of $47,933,147.00 to the Boston CoC. It is these grants that should renew the 2023-awarded grants that are expiring in 2025. Funding for specific projects has already expired and will continue to do so absent the FY 2024 grants.

14.     In January 2025, HUD announced the FY 2024 CoC awards, including a total $47,933,147.00 to the Boston CoC. It is these grants that should renew the 2023-awarded grants that are expiring in 2025. Funding for specific projects has already expired and will continue to do so absent the FY 2024 grants. Boston has no alternative funding to renew these grants.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 16th day of May, 2025.

Signed by:

ECCEF321B23F4C3...

Sheila A. Dillon
Chief and Director
Mayor's Office of Housing
City of Boston

DECLARATION OF SHEILA A. DILLON - 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101-2668
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, I served a true and correct copy of the foregoing document on the following parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Annalisa L. Cravens<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>annalisa.cravens@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for Defendants Scott Turner, U.S. Dept. of Housing and Urban Development, Sean Duffy, U.S. Dept. of Transportation, Matthew Welbes, and the Federal Transit Administration* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 16th day of May, 2025.

*/s/ Gabriela DeGregorio*
Gabriela DeGregorio
Litigation Assistant
Pacifica Law Group LLP

CERTIFICATE OF SERVICE - 1

EXHIBIT 1

5/16/25, 10:10 AM
City of Boston Mail - Re: Transmittal of FY2024 CoC Renewal Grant Agreements
Case 2:25-cv-00814-BJR Document 62 Filed 05/16/25 Page 7 of 34



Lili Ibara <liliana.ibara@boston.gov>

---

## Re: Transmittal of FY2024 CoC Renewal Grant Agreements
1 message

**Rick Wilson** <rick.wilson@boston.gov>                                           Tue, May 13, 2025 at 1:01 PM
To: "Schiffer, Laura B" <laura.b.schiffer@hud.gov>
Cc: "Lopez, Cynthia E" <Cynthia.E.Lopez@hud.gov>, "Shumeyko, Robert D" <robert.d.shumeyko@hud.gov>,
"sheila.dillon@boston.gov" <sheila.dillon@boston.gov>, Lili Ibara <liliana.ibara@boston.gov>, Katie Cahill-
holloway <katie.cahill-holloway@boston.gov>, Zarifa Jamal <zarifa.jamal@boston.gov>, Jennifer Jones <jennifer.jones@boston.gov>, "Yuhasz, Amy E"
<amy.e.yuhasz@hud.gov>

Hi Laura,

Attached are signed and marked-up grant agreements for MA0037L1T002417and MA0043L1T002417.  Note that in *Martin Luther King, Jr. County, et al. v. Scott Turner, et al.*, Case No. 2:25-cv-00814-BJR (W.D. Wash.) ("*King County*"), the United States District Court, on May 7, 2025, enjoined the U.S. "Department of Housing and Urban Development and Secretary Scott Turner, and their officers, agents, and any other persons who are in active participation with them . . . from (1) imposing or enforcing the CoC Grant Conditions, as defined in Plaintiffs' Motion, with respect to any CoC funds awarded to Plaintiffs" including the City of Boston ("City") "or members of Plaintiffs' Continuums; (2) rescinding or cancelling the CoC Grant Agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning CoC funds, based on such Grant Conditions; or (3) requiring Plaintiffs to make any 'certification' or other representation related to compliance with the CoC Grant Conditions." A copy of the Temporary Restraining Order is attached.

In reliance on the Temporary Restraining Order in *King County*, the City accepts the following awards: (1) Metro Boston (MA0037L1T002417), (2) Kit Clark (MA0043L1T002417). The City's acceptance of these awards, subject to the Temporary Restraining Order in *King County*, does not constitute acceptance of or agreement to the CoC Grant Conditions as enjoined by the Temporary Restraining Order in *King County*. Nor does the City or members of the City's Continuum accessing or drawing on funds under these awards constitute acceptance of or agreement to the CoC Grant Conditions as enjoined by the Temporary Restraining Order in *King County*.

Please let me know if you have any questions and let us know when these have been processed so that we can access our funding in eLOCCS.

Sincerely,

Rick



**Rick Wilson**
Director of Administration and Finance
Mayor's Office of Housing | City of Boston
rick.wilson@boston.gov | 617-635-0251
https://www.boston.gov/departments/neighborhood-development

---

***Are you or someone you know worried about being evicted? The *Office of Housing Stability* wants you to know that *only a judge can evict you from your home*. To learn more about your rights and resources, visit *Boston.gov/eviction-questions*. ***

On Thu, Mar 20, 2025 at 4:33 PM Yuhasz, Amy E <Amy.E.Yuhasz@hud.gov> wrote:

> Hi Rick,
>
> Attached are the 2024 CoC renewal grant agreements for grants MA0001L1T002416, MA0037L1T002417and MA0043L1T002417.  The attached agreements replace, in full, any previously transmitted FY24 renewal grant agreements.

Congratulations on your award under the Department of Housing and Urban Development's 2024 Continuum of Care Program funding competition. Addressing homelessness is one of the Department's top priorities and these projects will make a significant contribution toward supporting a continuum of care system in your community.

Our goal is to process your renewal grants as expeditiously as possible. This transmittal includes important instructions for processing your grant agreements and additional information regarding the administration of CoC program funds.

Once executed, the grant agreement will be in effect for the grant period of performance. It contains relevant project information such as the project number, period of performance, grant award amount, and grant Budget Line Item (BLI) amounts.

Please execute the grant agreement in accordance with the instructions provided and once executed, email a PDF of the grant agreement to EMAIL. Please retain a copy for your records.

Important Instructions—

- The signatory to the agreement must match the authorized official in e-snaps. Our office cannot process any grants with discrepancies. This is found in each grantee's Applicant Profile in e-snaps.

- New for FY2024, the authorized official must complete the Indirect Cost Rate Addendum to each agreement. Please mark one (and only one) checkbox to reflect how indirect costs will be calculated and charged under the grant. Complete this section in full by applying the authorized official's name, title, date, and signature. The selection reflected in the Indirect Cost Rate Addendum should match what was stated in the project application as it relates to the indirect cost rate.

- Financial Information is only required if your organization has made staffing or banking changes. Please ensure that the appropriate staff have eLOCCs access. The Financial Instructions (eLOCCS and Secure System) are available here. Please complete these forms, only as needed, and submit them to our Office for processing.

- Funds may only be drawn down after full execution of the grant agreement, after the expiration of the prior grant's Period of Performance and the start of the renewal grant's Period of Performance.

- Your UNIQUE ENTITY IDENTIFIER (UEI) NUMBER (formerly DUNS) must be active in SAMS (https://www.sam.gov/SAM/). Currently, the system shows that your UEI is active. Please ensure that your UEI status remains active for the entire Period of Performance.

Additional important information and reminders for administering your CoC program funds are available below.

HUD congratulates your organization on your grant award, and we look forward to assisting you in administering your grants and accomplishing your program goals. If you have any questions or need further information or assistance, please contact your point of contact/assigned CPD Representative in our office.

**Administering CoC Program Funds:**

**Additional Information and Reminders**

| CoC Specific Requirements | |
| --- | --- |
| **FY2024 CoC NOFO** | 2024 CoC funds must be administered in accordance with the FY2024 CoC NOFO, available here, and the issues and conditions contained in the grant agreement. |
| **CoC Program Regulations** | The CoC Interim Rule is available in 24 CFR §578 here. |
| **Definition of "Homelessness" and Recordkeeping Requirements** | A helpful summary of the CoC Criteria for Defining Homelessness and the corresponding Recordkeeping Requirements is available here:  At a Glance_Criteria and Recordkeeping Requirements for Definition of Homeless (hudexchange.info). |
| **CoC Virtual Binders** | CoC Virtual Binders (available here) cover foundational topics from the CoC program, with the goal to transfer basic knowledge to grantees in order to more successfully administer their projects. Each binder reflects a range of learning styles and offers a variety of ways to interact with the topics. |
| **Match** | Recipients of new and renewal CoC Program grants must adhere to 24 CFR 578.73 and 2 CFR 200.306 and must match the total grant, except leasing, with no less than 25 percent cash or in-kind contributions from other sources and match must be used for the eligible CoC Program costs outlined in Subpart D of the CoC Program interim rule.  24 CFR 578.97(c) provides that rents and occupancy charges collected by the recipient or subrecipient from program participants are program income. H.R.4366 - 118th Congress (2023-2024): Consolidated Appropriations Act, 2024 | Congress.gov | Library of Congress (Sec. 226) permits costs paid by the program income of grant recipients to count toward the recipient's matching requirements for FY2015-FY2024 Continuum of Care funds. |
| **Quarterly Draw Requirement** | The CoC program regulation "timeliness standards" at 24 CFR §578.85 require recipients to draw down funds at least once per quarter of the program year, after eligible activities commence. |
| **Annual Performance Reporting (APR)** | Recipients of CoC funding required to submit an Annual Performance Report (APR) electronically to HUD every operating year in the in the Sage HMIS Reporting Repository.  Final eLOCCS voucher requests and the final APR submission through Sage is due no later than 90 days after the period of performance end date.  To assist you with this reporting, please take note of the following resources:<br><br>• Sage CoC APR Guidebook for CoC Grant-Funded Programs<br><br>• Sage HMIS Reporting Repository User Manual<br><br>• Additional guides, tools, and training is available here. |
| **Federal Cross-Cutting Requirements** | |

| **Build America, Buy America (BABA)** | The Build America, Buy America (BABA) Act requires any public infrastructure project funded by any Federal Financial Assistance (FFA) apply a domestic content procurement preference, meaning that all iron, steel, manufactured products, and construction materials used in the infrastructure project have been produced in the United States, unless the awarding agency has issued a waiver of this requirement. This is called the "Buy America Preference" (BAP). For more information, including whether the BAP applies to your project and important clarity on how the BAP applies to housing projects, please consult Notice CPD-2025-01. |
| --- | --- |
| **Preventing Waste, Fraud, and Abuse and Whistleblower Protections** | Preventing waste, fraud, and abuse of Federal funds is a shared responsibility and any person who becomes aware of the existence or apparent existence of fraud, waste or abuse of any HUD award must report such incidents to both the HUD official responsible for the award and to HUD's Office of Inspector General (OIG). HUD OIG is available to receive allegations of fraud, waste, and abuse related to HUD programs via its hotline number (1-800-347-3735) and its online hotline form. <br><br> - <br><br> Please be reminded of the Whistleblower Protection requirements contained in 41 U.S.C. § 4712, which, as amended, protect employees of a government contractor, subcontractor, grantee, and subgrantee from retaliation or reprisal as a result of protected disclosures of gross mismanagement, gross waste, abuse of authority, and other violations in connection with Federal contracts or grants. Grantee must inform employees in writing of their rights and remedies. |
| **Federal Funding Accountability and Transparency Act** <br><br> **(FFATA)** | The FFATA Subaward Reporting System (FSRS) is a reporting tool that Federal prime awardees (i.e., prime grant recipients and prime contractors) use to capture and report subaward and executive compensation data to meet the FFATA reporting requirements. For FSRS reporting, prime awardees will report on all subawards they make. In accordance with 2 CFR part 170, prime awardees awarded a Federal grant are **required** to file a FFATA subaward report by the end of the month following the month in which the prime awardee awards any subaward equal to or greater than $30,000 in Federal funds. Additional information can be found on the FSRS website, at https://www.fsrs.gov/. |
| **Environmental Review** | Activities under the CoC program are subject to environmental review by a responsible entity under HUD regulations at 24 CFR part 58. Environmental reviews for an activity may be completed after the award but must be completed prior to the execution of the grant agreement if an environmental review for that particular activity has not been completed within 5 years. HUD recommends a new environmental review is conducted every five years or sooner if/when environmental conditions change or there is a change to the project. HUD has published a series of FAQs relating to environmental review requirements here. We also encourage you to visit the CoC Program Environmental Review Resources page here and the Office of Environment and Energy (OEE) webpage here. |

Thank you,

**Amy Yuhasz**

Program Manager

Office of Community Planning and Development

Boston Regional Office

U.S. Department of Housing & Urban Development

617.994.8504 office

202.679.3871 cell

---

**3 attachments**

 **King County TRO granted.pdf**
195K

 **MA0037L1T002417_COB signed_5.13.25.pdf**
1153K

 **MA0043LT002417_COB signed_5.13.25.pdf**
7778K

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESMTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR. COUNTY;
PIERCE COUNTY; SNOHOMISH COUNTY;
CITY AND COUNTY OF SAN FRANCISCO;
COUNTY OF SANTA CLARA; CITY OF
BOSTON; CITY OF COLUMBUS; and CITY
OF NEW YORK,
Plaintiffs,

vs.

SCOTT TURNER in his official capacity as
Secretary of the U.S. Department of Housing
and Urban Development; the U.S.
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; SEAN DUFFY in his
official capacity as Secretary of the U.S.
Department of Transportation; the U.S.
DEPARTMENT OF TRANSPORTATION;
MATTHEW WELBES in his official capacity
as acting Director of the Federal Transit
Administration; and the FEDERAL TRANSIT
ADMINISTRATION, Defendants.

NO. 2:25-cv-814

**ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER**

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining

Order. Having reviewed the briefs and exhibits filed in support of and in opposition to the Motion

and having heard the argument of counsel, the Court's ruling is as follows.

ORDER GRANTING TRO

- 1

### 1. This Court has subject-matter jurisdiction over Plaintiffs' claims.

Contrary to Defendants' position, the Tucker Act does not divest this Court of jurisdiction over Plaintiffs' claims. To determine whether the Tucker Act applies, district courts in the Ninth Circuit look to: (1) "the source of the rights upon which the plaintiff bases its claims" and (2) "the type of relief sought." *Doe v. Tenet*, 329 F.3d 1135, 1141 (9th Cir. 2003). Applying this test, the Court finds:

First, the "source of the rights" that Plaintiffs invoke is not, as Defendants argue, the grant agreements. Instead, the sources of the rights that Plaintiffs assert in this case are the Administrative Procedure Act and the U.S. Constitution, including the Separation of Powers doctrine and the Fifth Amendment Due Process Clause.

Second, the "type of relief" that Plaintiffs seek is declaratory and injunctive, precisely the kind of relief that is generally not available in the Court of Federal Claims. Plaintiffs are not seeking payment of money, either injunctively or in damages.

Under this test, Plaintiffs have not asserted a contract claim, but one based on statutory and constitutional rights, and the relief they seek would not be available to them in the Court of Federal Claims. Plaintiffs have therefore demonstrated that this case belongs in this Court.

### 2. Plaintiffs have demonstrated that they are entitled to a Temporary Restraining Order.

Under the well-known standard articulated in *Winter v. National Resources Defense Council*, Plaintiffs must show that (1) they are likely to succeed on the merits of their claims, and (2) they will suffer irreparable harm in the absence of injunctive relief. Plaintiffs must also show that the balance of equities tips in their favor. 555 U.S. 7, 20 (2008). The Court finds that Plaintiffs have satisfied this standard.

ORDER GRANTING TRO

- 2

First, Plaintiffs have demonstrated a likelihood of success on the merits of their claims. The conditions that Defendants added in March 2025 to Plaintiffs' Continuum of Care grants and King County's Federal Transit Authority grants likely exceed Defendants' authority, as circumscribed by the Constitution. More specifically, Plaintiffs have shown a likelihood that each of the conditions at issue violates the Separation of Powers doctrine by imposing on Plaintiffs certain conditions that were not approved by Congress and are not closely related to the purposes of the grants and the programs they fund, nor do the conditions serve the purpose of making the administration of the grants more efficient and effective. Many of these conditions are also likely void for vagueness and/or violate the APA's proscription on agency action that is arbitrary and capricious.

Second, Plaintiffs have sufficiently demonstrated that unless the Court issues a TRO, they will suffer irreparable harm. Even setting aside whether Plaintiffs are faced with an imminent deadline to agree to the Grant Conditions, Plaintiffs *do* face an imminent threat in the absence of a TRO. Defendants have put Plaintiffs in the position of having to choose between accepting conditions that they believe are unconstitutional, and risking the loss of hundreds of millions of dollars in federal grant funding, including funding that they have already budgeted and are committed to spending. Furthermore, the harms this choice presents are patently irreparable and acute, and include impacts on the vulnerable populations that Plaintiffs serve. The need for certainty and predictability in Plaintiffs' budget planning further supports eliminating the uncertainty that arises from Defendants' proposed conditions.

**3. Accordingly, Plaintiffs' Motion for TRO is granted, as follows:**

1. Defendants the Department of Housing and Urban Development and Secretary Scott

ORDER GRANTING TRO

- 3

Turner, and their officers, agents, and any other persons who are in active participation with them, are hereby enjoined from (1) imposing or enforcing the CoC Grant Conditions, as defined in Plaintiffs' Motion, with respect to any CoC funds awarded to Plaintiffs or members of Plaintiffs' Continuums; (2) rescinding or cancelling the CoC Grant Agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning CoC funds, based on such Grant Conditions; or (3) requiring Plaintiffs to make any "certification" or other representation related to compliance with the CoC Grant Conditions;

2. Defendants Department of Transportation, the Federal Transportation Authority, Sean Duffy and Matthew Welbes, and their officers, agents, and any other persons who are in active participation with them, are hereby enjoined from (1) imposing or enforcing the FTA Grant Conditions, as defined in Plaintiffs' Motion, with respect to any FTA funds awarded to Plaintiff King County; (2) rescinding or cancelling the FTA grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning FTA funds, based on such FTA Grant Conditions; (3) requiring King County to make any "certification" or other representation related to compliance with the FTA Grant Conditions; or (4).

**4. Plaintiffs are not required to post a bond under Federal Rule 65(c)**

Defendants have not demonstrated that they will suffer any material harm or monetary loss from the injunction the Court issues today. In contrast, requiring Plaintiffs to post a bond in this case would "contravene the interests of justice." The Court therefore declines to require Plaintiffs to post a bond.

ORDER GRANTING TRO

- 4

This TRO will remain in effect for 14 days following entry of this order. Plaintiffs have indicated they intend to request entry of a preliminary injunction. The Court will set a briefing schedule in a forthcoming order.

It is so ordered, this 7th day of May, 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING TRO

- 5

**Grant Number/FAIN: MA0037L1T002417**
**Recipient Name: City of Boston**
**Tax ID No.: 04-6001380**
**Unique Entity Identifier (UEI) Number: HGJRHMPB3318**


## CONTINUUM OF CARE PROGRAM (Assistance Listing# 14.267)
## GRANT AGREEMENT


This Grant Agreement ("this Agreement") is made by and between the United States Department of Housing and Urban Development ("HUD") and City of Boston (the "Recipient").

This Agreement, the Recipient's use of funds provided under this Agreement (the "Grant" or "Grant Funds"), and the Recipient's operation of projects assisted with Grant Funds are governed by

1. The Consolidated Appropriations Act, 2024 (Public Law 118-42, approved March 9, 2024);

2. title IV of the McKinney-Vento Homeless Assistance Act 42 U.S.C. 11301 et seq. (the "Act");

3. the Continuum of Care Program rule at 24 CFR part 578 (the "Rule"), as amended from time to time;

4. the Notice of Funding Opportunity for FY 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program (NOFO), except for references in the NOFO to Executive Orders that have since been repealed;

5. ~~all current Executive Orders~~; and

> **Enjoined by Temporary Restraining Order, 2:25-cv-00814-BJR (W.D. Wash.) (Issued May 7, 2025) [Edits to this Agreement added 5.12.25]**

6. the Recipient's application submissions on the basis of which these Grant Funds were approved by HUD, including the certifications, assurances, technical submission documents, and any information or documentation required to meet any grant award condition (collectively, the "Application").

The Application is incorporated herein as part of this Agreement, except that only the project (those projects) listed below are funded by this Agreement. In the event of any conflict between any application provision and any provision contained in this Agreement, this Agreement shall control. Capitalized terms that are not defined in this agreement shall have the meanings given in the Rule.

HUD's total funding obligation authorized by this grant agreement is $85193, allocated between the project(s) listed below (each identified by a separate grant number) and, within those projects, between budget line items, as shown below. The Grant Funds an individual project will receive are as shown in the Application on the final HUD-approved Summary Budget for the project. Recipient shall use the Grant Funds provided for the projects listed below, during the budget period(s) period stated below.

| Grant No. (FAIN) | Grant Term | Performance Period | Budget Period | Total Amount |
|---|---|---|---|---|
| MA0037L1T002417 | 12 | 4/1/2025 – 3/31/2026 | 4/1/2025 – 3/31/2026 | $85,193 |
| allocated between budget line items as follows: | | | | |
| a. Continuum of Care Planning Activities | | | | $0 |
| b. Acquisition | | | | $0 |
| c. Rehabilitation | | | | $0 |
| d. New construction | | | | $0 |
| e. Leasing | | | | $0 |
| f. Rental assistance | | | | $0 |
| g. Supportive services | | | | $79,869 |
| h. Operating costs | | | | $0 |
| i. Homeless Management Information System | | | | $0 |
| j. Administrative costs | | | | $5,324 |
| k. Relocation costs | | | | $0 |
| l. VAWA Costs | | | | $0 |
| m. Rural Costs | | | | $0 |
| n. HPC homelessness prevention activities: | | | | |
|     Housing relocation and stabilization services | | | | $0 |
|     Short-term and medium-term rental assistance | | | | $0 |

**Pre-award Costs for Continuum of Care Planning**

The Recipient may, at its own risk, incur pre-award costs for continuum of care planning awards, after the date of the HUD selection notice and prior to the effective date of this Agreement, if such costs: a) are consistent with 2 CFR 200.458; and b) would be allowable as a post-award cost; and c) do not exceed 10 percent of the total funds obligated to this award. The incurrence of pre-award costs in anticipation of an award imposes no obligation on HUD either to make the award, or to increase the amount of the approved budget, if the award is made for less than the amount anticipated and is inadequate to cover the pre-award costs incurred.

2

**These provisions apply to all Recipients:**

> *Enjoined by Temporary Restraining Order, 2:25-cv-00814-BJR (W.D. Wash.) (Issued May 7, 2025) [Edits to this Agreement added 5.12.25]*

The Recipient:

(1) ~~shall not use grant funds to promote "gender ideology," as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;~~

(2) ~~agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;~~

(3) ~~certifies that it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964;~~

(4) ~~shall not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment; and~~

(5) Notwithstanding anything in the NOFO or Application, this Grant shall not be governed by Executive Orders revoked by E.O. 14154, including E.O. 14008, or NOFO requirements implementing Executive Orders that have been revoked.

~~The recipient must administer its grant in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (8 U.S.C. 1601–1646) (PRWORA) and any applicable requirements that HUD, the Attorney General, or the U.S. Center for Immigration Services may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws.~~

~~No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation.~~

~~Subject to the exceptions provided by PRWORA, the recipient must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States.~~

HUD will not enforce provisions of the Grant Agreement to the extent that they require the project to use a housing first program model.

As stated in Section III.A.2 of the NOFO, Faith-based organizations may be recipients or subrecipients for funds under this agreement on the same basis as any other organization. Recipients may not, in the selection of subrecipients, discriminate against an organization based on the organization's religious character, affiliation, or exercise.

3

If any new projects funded under this Agreement are for project-based rental assistance for a term of fifteen (15) years, the funding provided under this Agreement is for the performance period stated herein only. Additional funding is subject to the availability of annual appropriations.

The budget period and performance period of renewal projects funded by this Agreement will begin immediately at the end of the budget period and performance period of the grant being renewed. Eligible costs incurred between the end of Recipient's budget period and performance period under the grant being renewed and the date this Agreement is executed by both parties may be reimbursed with Grants Funds from this Agreement. No Grant Funds for renewal projects may be drawn down by Recipient before the end date of the project's budget period and performance period under the grant that has been renewed.

For any transition project funded under this Agreement the budget period and performance period of the transition project(s) will begin immediately at the end of the Recipient's final operating year under the grant being transitioned. Eligible costs, as defined by the Act and the Rule incurred between the end of Recipient's final operating year under the grant being transitioned and the execution of this Agreement may be paid with funds from the first operating year of this Agreement.

HUD designations of Continuums of Care as High-performing Communities (HPCS) are published on HUD.gov in the appropriate Fiscal Years' CoC Program Competition Funding Availability page. Notwithstanding anything to the contrary in the Application or this Agreement, Recipient may only use grant funds for HPC Homelessness Prevention Activities if the Continuum that designated the Recipient to apply for the grant was designated an HPC for the applicable fiscal year.

The Recipient must use the Grant Funds only for costs (including indirect costs) that meet the applicable requirements in 2 CFR part 200 (including appendices), as may be amended from time to time. The Recipient's indirect cost rate information is as provided in Addendum #1 to this Agreement. The Recipient must immediately notify HUD upon any change in the Recipient's indirect cost rate, so that HUD can amend the Agreement to reflect the change if necessary.

HUD notifications to the Recipient shall be to the address of the Recipient as stated in the Recipient's applicant profile in *e-snaps*. Recipient notifications to HUD shall be to the HUD Field Office executing the Agreement. No right, benefit, or advantage of the Recipient hereunder may be assigned without prior written approval of HUD.

The Recipient must comply with the applicable requirements in 2 CFR part 200, as may be amended from time to time.

*Build America, Buy America Act*. The Grantee must comply with the requirements of the Build America, Buy America (BABA) Act, 41 USC 8301 note, and all applicable rules and notices, as may be amended, if applicable to the Grantee's infrastructure project. Pursuant to HUD's Notice, "Public Interest Phased Implementation Waiver for FY 2022 and 2023 of Build America, Buy

4

America Provisions as Applied to Recipients of HUD Federal Financial Assistance" (88 FR 17001), any funds obligated by HUD on or after the applicable listed effective dates, are subject to BABA requirements, unless excepted by a waiver.

*Waste, Fraud, Abuse, and Whistleblower Protections.* Any person who becomes aware of the existence or apparent existence of fraud, waste or abuse of any HUD award must report such incidents to both the HUD official responsible for the award and to HUD's Office of Inspector General (OIG). HUD OIG is available to receive allegations of fraud, waste, and abuse related to HUD programs via its hotline number (1-800-347-3735) and its online hotline form. You must comply with 41 U.S.C. § 4712, which includes informing your employees in writing of their rights and remedies, in the predominant native language of the workforce. Under 41 U.S.C. § 4712, employees of a government contractor, subcontractor, grantee, and subgrantee—as well as a personal services contractor—who make a protected disclosure about a Federal grant or contract cannot be discharged, demoted, or otherwise discriminated against as long as they reasonably believe the information they disclose is evidence of:

1. Gross mismanagement of a Federal contract or grant;
2. Waste of Federal funds;
3. Abuse of authority relating to a Federal contract or grant;
4. Substantial and specific danger to public health and safety; or
5. Violations of law, rule, or regulation related to a Federal contract or grant.

HUD may terminate all or a portion of the Grant in accordance with the Act, the Rule, and 2 CFR 200.340.    The Agreement constitutes the entire agreement between the parties and may be amended only in writing executed by HUD and the Recipient.

By signing below, Recipients that are states and units of local government certify that they are following a current HUD approved CHAS (Consolidated Plan).

This agreement is hereby executed on behalf of the parties as follows:

**UNITED STATES OF AMERICA,**
**Secretary of Housing and Urban Development**

ADAM PLOETZ    Digitally signed by: ADAM PLOETZ
                DN: CN = ADAM PLOETZ C = US O = U.
                S. Government OU = Department of
                Housing and Urban Development
                Date: 2025.03.20 16:14:32 -04'00'

BY: _____
        (Signature)

Adam C. Ploetz, Director_____

_____

        (Date/Federal Award Date)


**RECIPIENT**

City of Boston____
(Name of Organization)

BY: _____
        (Signature of Authorized Official)

_____
    Sheila Dillon, Director Mayor's Office of Housing

    5/12/2025
        (Date)

Addendum #1 to MA0037L1T002417

OMB Number. 2501-0044
Expiration Date: 2/28/2027

## Indirect Cost Information for Award Applicant/Recipient

1. Federal Program/Assistance Listing Program Title:
CONTINUUM OF CARE PROGRAM/Assistance Listing# 14.267

2. Legal Name of Applicant/Recipient:

3. Indirect Cost Rate Information for the Applicant/Recipient:
*Please check the box that applies to the Applicant/Recipient and complete the table only as provided by the instructions accompanying this form.*

☑ The Applicant/Recipient will not charge indirect costs using an indirect cost rate.

☐ The Applicant/Recipient will calculate and charge indirect costs under the award by applying a *de minimis* rate as provided by 2 CFR 200.414(f), as may be amended from time to time.

☐ The Applicant/Recipient will calculate and charge indirect costs under the award using the indirect cost rate(s) in the table below, and each rate in this table is included in an indirect cost rate proposal developed in accordance with the applicable appendix to 2 CFR part 200 and, *if required*, has been approved by the cognizant agency for indirect costs.

| Agency/department/major function | Indirect cost rate | Type of Direct Cost Base | Type of Rate |
|---|---|---|---|
| | % | | |
| | % | | |
| | % | | |

4. Submission Type (check only one):
☐ Initial submission   ☐ Update

5. Effective date(s):

6. Certification of Authorized Representative for the Applicant/Recipient:
**Under penalty of perjury, I certify on behalf of the Applicant/Recipient that
(1) all information provided on this form is true, complete, and accurate, and
(2) the Applicant/Recipient will provide HUD with an update to this form immediately upon learning of any change in the information provided on this form, and
(3) I am authorized to speak for the Applicant/Recipient regarding all information provided on this form.

Signature: _Rd l r_
Date: _5/13/25_
Name: _Rick Wilson_
Title: _Chief Financial Officer_

**Warning:** Anyone who knowingly submits a false claim or makes a false statement is subject to criminal and/or civil penalties, including confinement for up to 5 years, fines, and civil and administrative penalties (18 U.S.C §§ 287, 1001, 1010, 1012, 1014; 31 U.S.C. § 3729, 3802; 24 CFR § 28.10(b)(iii)).

**Public Reporting Burden Statement:** This collection of information is estimated to average 0.25 hours per response, including the time for reviewing instructions, searching existing data sources, gathering, and maintaining the data needed, and completing and reviewing the collection of the requested information. Comments regarding the accuracy of this burden estimate and any suggestions for reducing this burden can be sent to: U.S. Department of Housing and Urban Development, Office of the Chief Data Officer, R, 451 7th St SW, Room 8210, Washington, DC 20410-5000. Do not send completed forms to this address. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection displays a valid OMB control number. This agency is authorized to collect this information under Section 102 of the Department of Housing and Urban Development Reform Act of 1989. The information you provide will enable HUD to carry out its responsibilities under this Act and ensure greater accountability and integrity in the provision of certain types of assistance administered by HUD. This information is required to obtain the benefit sought in the grant program. Failure to provide any required information may delay the processing of your application and may result in sanctions and penalties including of the administrative and civil money penalties specified under 24 CFR §4.38. This information will not be held confidential and may be made available to the public in accordance with the Freedom of Information Act (5 U.S.C. §552). The information contained on the form is not retrieved by a personal identifier, therefore it does not meet the threshold for a Privacy Act Statement.

OMB Number. 2501-0044
Expiration Date: 2/28/2027

### Instructions for Completing the Indirect Cost Information for the Award Applicant/Recipient

| Number | Item | Instructions |
|---|---|---|
| 1 | Federal Program/ Assistance Listing Program Title | Enter the title of the program as listed in the applicable funding announcement or notice of funding availability. |
| 2 | Legal Name of Applicant/ Recipient | Enter the legal name of the entity that will serve as the recipient of the award from HUD. |
| 3 | Indirect Cost Rate Information for the Applicant/ Recipient | Mark the one (and only one) checkbox that best reflects how the indirect costs of the Applicant/Recipient will be calculated and charged under the award. Do not include indirect cost rate information for subrecipients. The table following the third checkbox must be completed only if that checkbox is checked. When listing a rate in the table, enter the percentage amount (for example, "15%"), the type of direct cost base to be used (for example, "MTDC"), and the type of rate ("predetermined," "final," "fixed," or "provisional"). If using the Simplified Allocation Method for indirect costs, enter the applicable indirect cost rate and type of direct cost base in the first row of the table. If using the Multiple Allocation Base Method, enter each major function of the organization for which a rate was developed and will be used under the award, the indirect cost rate applicable to that major function, and the type of direct cost base to which the rate will be applied. If the Applicant/Recipient is a government and more than one agency or department will carry out activities under the award, enter each agency or department that will carry out activities under the award, the indirect cost rate(s) for that agency or department, and the type of direct cost base to which each rate will be applied. |
| 4 | Submission Type | Check the appropriate box to identify whether this is the first submission of this form for the award or an update to a previous submission of this form for the award. |
| 5 | Effective date(s) | Enter the date(s) for which the information on this form applies. |
| 6 | Certification of Authorized Representative for the Applicant/ Recipient | An employee or officer of the Applicant/Recipient with the capacity and authority to make this certification for the Applicant/Recipient must make the certification by signing as provided. They must also provide the date of their signature, full name, and position title. |

**Grant Number/FAIN: MA0043L1T002417**
**Recipient Name: City of Boston**
**Tax ID No.: 04-6001380**
**Unique Entity Identifier (UEI) Number: HGJRHMPB3318**

### CONTINUUM OF CARE PROGRAM (Assistance Listing# 14.267) GRANT AGREEMENT

This Grant Agreement ("this Agreement") is made by and between the United States Department of Housing and Urban Development ("HUD") and City of Boston (the "Recipient").

This Agreement, the Recipient's use of funds provided under this Agreement (the "Grant" or "Grant Funds"), and the Recipient's operation of projects assisted with Grant Funds are governed by

1. The Consolidated Appropriations Act, 2024 (Public Law 118-42, approved March 9, 2024);

2. title IV of the McKinney-Vento Homeless Assistance Act 42 U.S.C. 11301 et seq. (the "Act");

3. the Continuum of Care Program rule at 24 CFR part 578 (the "Rule"), as amended from time to time;

4. the Notice of Funding Opportunity for FY 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program (NOFO), except for references in the NOFO to Executive Orders that have since been repealed;

5. ~~all current Executive Orders;~~ and     *Enjoined by Temporary Restraining Order, 2:25-cv-00814-BJR (W.D. Wash.) (Issued May 7, 2025) [Edits to this Agreement added 5.12.25]*

6. the Recipient's application submissions on the basis of which these Grant Funds were approved by HUD, including the certifications, assurances, technical submission documents, and any information or documentation required to meet any grant award condition (collectively, the "Application").

The Application is incorporated herein as part of this Agreement, except that only the project (those projects) listed below are funded by this Agreement. In the event of any conflict between any application provision and any provision contained in this Agreement, this Agreement shall control. Capitalized terms that are not defined in this agreement shall have the meanings given in the Rule.

HUD's total funding obligation authorized by this grant agreement is $10255345, allocated between the project(s) listed below (each identified by a separate grant number) and, within those projects, between budget line items, as shown below. The Grant Funds an individual project will receive are as shown in the Application on the final HUD-approved Summary Budget for the project. Recipient shall use the Grant Funds provided for the projects listed below, during the budget period(s) period stated below.

| Grant No. (FAIN) | Grant Term | Performance Period | Budget Period | Total Amount |
|---|---|---|---|---|
| MA0043L1T002417 | 12 | 4/1/2025 – 3/31/2026 | 4/1/2025 – 3/31/2026 | $10,255,345 |
| allocated between budget line items as follows: | | | | |
| a.  Continuum of Care Planning Activities | | | | $0 |
| b.  Acquisition | | | | $0 |
| c.  Rehabilitation | | | | $0 |
| d.  New construction | | | | $0 |
| e.  Leasing | | | | $0 |
| f.  Rental assistance | | | | $9,816,276 |
| g.  Supportive services | | | | $59,322 |
| h.  Operating costs | | | | $0 |
| i.  Homeless Management Information System | | | | $0 |
| j.  Administrative costs | | | | $379,747 |
| k.  Relocation costs | | | | $0 |
| l.  VAWA Costs | | | | $0 |
| m.  Rural Costs | | | | $0 |
| n.  HPC homelessness prevention activities: | | | | |
|     Housing relocation and stabilization services | | | | $0 |
|     Short-term and medium-term rental assistance | | | | $0 |

**Pre-award Costs for Continuum of Care Planning**

The Recipient may, at its own risk, incur pre-award costs for continuum of care planning awards, after the date of the HUD selection notice and prior to the effective date of this Agreement, if such costs: a) are consistent with 2 CFR 200.458; and b) would be allowable as a post-award cost; and c) do not exceed 10 percent of the total funds obligated to this award. The incurrence of pre-award costs in anticipation of an award imposes no obligation on HUD either to make the award, or to increase the amount of the approved budget, if the award is made for less than the amount anticipated and is inadequate to cover the pre-award costs incurred.

> *Enjoined by Temporary Restraining Order, 2:25-cv-00814-BJR (W.D. Wash.) (Issued May 7, 2025) [Edits to this Agreement added 5.12.25]*

**These provisions apply to all Recipients:**

The Recipient:

(1) shall not use grant funds to promote "gender ideology," as defined in E    14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;

(2) agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the         overnment's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;

(3) certifies that it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964;

(4) shall not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment; and

(5) Notwithstanding anything in the NOFO or Application, this Grant shall not be governed by Executive Orders revoked by E.O. 14154, including E.O. 14008, or NOFO requirements implementing Executive Orders that have been revoked.

The recipient must adr  :   :              d      ith  ll  pplicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of th
as amended (8 U.S.C. 1601-1646) (PRWORA) and any applicable requirements that HUD, the Attorney-General, or the U.S. Center for Immigration Services may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws.

No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation.

Subject to the exceptions provided by PRWORA, the recipient must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States.

HUD will not enforce provisions of the Grant Agreement to the extent that they require the project to use a housing first program model.

As stated in Section III.A.2 of the NOFO, Faith-based organizations may be recipients or subrecipients for funds under this agreement on the same basis as any other organization. Recipients may not, in the selection of subrecipients, discriminate against an organization based on the organization's religious character, affiliation, or exercise.

3

If any new projects funded under this Agreement are for project-based rental assistance for a term of fifteen (15) years, the funding provided under this Agreement is for the performance period stated herein only. Additional funding is subject to the availability of annual appropriations.

The budget period and performance period of renewal projects funded by this Agreement will begin immediately at the end of the budget period and performance period of the grant being renewed. Eligible costs incurred between the end of Recipient's budget period and performance period under the grant being renewed and the date this Agreement is executed by both parties may be reimbursed with Grants Funds from this Agreement. No Grant Funds for renewal projects may be drawn down by Recipient before the end date of the project's budget period and performance period under the grant that has been renewed.

For any transition project funded under this Agreement the budget period and performance period of the transition project(s) will begin immediately at the end of the Recipient's final operating year under the grant being transitioned. Eligible costs, as defined by the Act and the Rule incurred between the end of Recipient's final operating year under the grant being transitioned and the execution of this Agreement may be paid with funds from the first operating year of this Agreement.

HUD designations of Continuums of Care as High-performing Communities (HPCS) are published on HUD.gov in the appropriate Fiscal Years' CoC Program Competition Funding Availability page. Notwithstanding anything to the contrary in the Application or this Agreement, Recipient may only use grant funds for HPC Homelessness Prevention Activities if the Continuum that designated the Recipient to apply for the grant was designated an HPC for the applicable fiscal year.

The Recipient must use the Grant Funds only for costs (including indirect costs) that meet the applicable requirements in 2 CFR part 200 (including appendices), as may be amended from time to time. The Recipient's indirect cost rate information is as provided in Addendum #1 to this Agreement. The Recipient must immediately notify HUD upon any change in the Recipient's indirect cost rate, so that HUD can amend the Agreement to reflect the change if necessary.

HUD notifications to the Recipient shall be to the address of the Recipient as stated in the Recipient's applicant profile in *e-snaps*. Recipient notifications to HUD shall be to the HUD Field Office executing the Agreement. No right, benefit, or advantage of the Recipient hereunder may be assigned without prior written approval of HUD.

The Recipient must comply with the applicable requirements in 2 CFR part 200, as may be amended from time to time.

*Build America, Buy America Act*. The Grantee must comply with the requirements of the Build America, Buy America (BABA) Act, 41 USC 8301 note, and all applicable rules and notices, as may be amended, if applicable to the Grantee's infrastructure project. Pursuant to HUD's Notice, "Public Interest Phased Implementation Waiver for FY 2022 and 2023 of Build America, Buy

America Provisions as Applied to Recipients of HUD Federal Financial Assistance" (88 FR 17001), any funds obligated by HUD on or after the applicable listed effective dates, are subject to BABA requirements, unless excepted by a waiver.

*Waste, Fraud, Abuse, and Whistleblower Protections.* Any person who becomes aware of the existence or apparent existence of fraud, waste or abuse of any HUD award must report such incidents to both the HUD official responsible for the award and to HUD's Office of Inspector General (OIG). HUD OIG is available to receive allegations of fraud, waste, and abuse related to HUD programs via its hotline number (1-800-347-3735) and its online hotline form. You must comply with 41 U.S.C. § 4712, which includes informing your employees in writing of their rights and remedies, in the predominant native language of the workforce. Under 41 U.S.C. § 4712, employees of a government contractor, subcontractor, grantee, and subgrantee—as well as a personal services contractor—who make a protected disclosure about a Federal grant or contract cannot be discharged, demoted, or otherwise discriminated against as long as they reasonably believe the information they disclose is evidence of:

1. Gross mismanagement of a Federal contract or grant;
2. Waste of Federal funds;
3. Abuse of authority relating to a Federal contract or grant;
4. Substantial and specific danger to public health and safety; or
5. Violations of law, rule, or regulation related to a Federal contract or grant.

HUD may terminate all or a portion of the Grant in accordance with the Act, the Rule, and 2 CFR 200.340.      The Agreement constitutes the entire agreement between the parties and may be amended only in writing executed by HUD and the Recipient.

By signing below, Recipients that are states and units of local government certify that they are following a current HUD approved CHAS (Consolidated Plan).

This agreement is hereby executed on behalf of the parties as follows:

**UNITED STATES OF AMERICA,**
**Secretary of Housing and Urban Development**

BY:  *Adam C. Ploetz*

Digitally signed by: ADAM PLOETZ
DN: CN = ADAM PLOETZ C = US O = U.S.
Government OU = Department of Housing
and Urban Development
Date: 2025.03.20 15:44:23 -04'00'

    (Signature)

Adam C. Ploetz, Director

    (Date/Federal Award Date)

**RECIPIENT**

City of Boston
(Name of Organization)

BY:  *Sa Mu*

    (Signature of Authorized Official)

Sheila Dillon, Director Mayor's Office of Housing

5/12/2025
    (Date)

6

Addendum #1 to MA0043L1T002417

OMB Number. 2501-0044
Expiration Date: 2/28/2027

## Indirect Cost Information for Award Applicant/Recipient

1. Federal Program/Assistance Listing Program Title:
CONTINUUM OF CARE PROGRAM/Assistance Listing# 14.267

2. Legal Name of Applicant/Recipient:

3. Indirect Cost Rate Information for the Applicant/Recipient:
*Please check the box that applies to the Applicant/Recipient and complete the table only as provided by the instructions accompanying this form.*

☑  The Applicant/Recipient will not charge indirect costs using an indirect cost rate.

☐  The Applicant/Recipient will calculate and charge indirect costs under the award by applying a *de minimis* rate as provided by 2 CFR 200.414(f), as may be amended from time to time.

☐  The Applicant/Recipient will calculate and charge indirect costs under the award using the indirect cost rate(s) in the table below, and each rate in this table is included in an indirect cost rate proposal developed in accordance with the applicable appendix to 2 CFR part 200 and, *if required*, has been approved by the cognizant agency for indirect costs.

| Agency/department/major function | Indirect cost rate | Type of Direct Cost Base | Type of Rate |
|---|---|---|---|
| | % | | |
| | % | | |
| | % | | |

4. Submission Type (check only one):
☐ Initial submission   ☐ Update

5. Effective date(s):

6. Certification of Authorized Representative for the Applicant/Recipient:
**Under penalty of perjury, I certify on behalf of the Applicant/Recipient that
(1) all information provided on this form is true, complete, and accurate, and
(2) the Applicant/Recipient will provide HUD with an update to this form immediately upon learning of any change in the information provided on this form, and
(3) I am authorized to speak for the Applicant/Recipient regarding all information provided on this form.

Signature: _Rick Wilson_

Date: _5/13/25_

Name: _Rick Wilson_

Title: _Chief Financial Officer_

**Warning:** Anyone who knowingly submits a false claim or makes a false statement is subject to criminal and/or civil penalties, including confinement for up to 5 years, fines, and civil and administrative penalties (18 U.S.C §§ 287, 1001, 1010, 1012, 1014; 31 U.S.C. § 3729, 3802; 24 CFR § 28.10(b)(iii)).

**Public Reporting Burden Statement:** This collection of information is estimated to average 0.25 hours per response, including the time for reviewing instructions, searching existing data sources, gathering, and maintaining the data needed, and completing and reviewing the collection of the requested information. Comments regarding the accuracy of this burden estimate and any suggestions for reducing this burden can be sent to: U.S. Department of Housing and Urban Development, Office of the Chief Data Officer, R, 451 7th St SW, Room 8210, Washington, DC 20410-5000. Do not send completed forms to this address. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection displays a valid OMB control number. This agency is authorized to collect this information under Section 102 of the Department of Housing and Urban Development Reform Act of 1989. The information you provide will enable HUD to carry out its responsibilities under this Act and ensure greater accountability and integrity in the provision of certain types of assistance administered by HUD. This information is required to obtain the benefit sought in the grant program. Failure to provide any required information may delay the processing of your application and may result in sanctions and penalties including the administrative and civil money penalties specified under 24 CFR §4.38. This information will not be held confidential and may be made available to the public in accordance with the Freedom of Information Act (5 U.S.C. §552). The information contained on the form is not retrieved by a personal identifier, therefore it does not meet the threshold for a Privacy Act Statement.

OMB Number. 2501-0044
Expiration Date: 2/28/2027

**Instructions for Completing the Indirect Cost Information for the Award Applicant/Recipient**

| Number | Item | Instructions |
|---|---|---|
| 1 | Federal Program/ Assistance Listing Program Title | Enter the title of the program as listed in the applicable funding announcement or notice of funding availability. |
| 2 | Legal Name of Applicant/ Recipient | Enter the legal name of the entity that will serve as the recipient of the award from HUD. |
| 3 | Indirect Cost Rate Information for the Applicant/ Recipient | Mark the one (and only one) checkbox that best reflects how the indirect costs of the Applicant/Recipient will be calculated and charged under the award. Do not include indirect cost rate information for subrecipients.

The table following the third checkbox must be completed only if that checkbox is checked. When listing a rate in the table, enter the percentage amount (for example, "15%"), the type of direct cost base to be used (for example, "MTDC"), and the type of rate ("predetermined," "final," "fixed," or "provisional").

If using the Simplified Allocation Method for indirect costs, enter the applicable indirect cost rate and type of direct cost base in the first row of the table.

If using the Multiple Allocation Base Method, enter each major function of the organization for which a rate was developed and will be used under the award, the indirect cost rate applicable to that major function, and the type of direct cost base to which the rate will be applied.

If the Applicant/Recipient is a government and more than one agency or department will carry out activities under the award, enter each agency or department that will carry out activities under the award, the indirect cost rate(s) for that agency or department, and the type of direct cost base to which each rate will be applied. |
| 4 | Submission Type | Check the appropriate box to identify whether this is the first submission of this form for the award or an update to a previous submission of this form for the award. |
| 5 | Effective date(s) | Enter the date(s) for which the information on this form applies. |
| 6 | Certification of Authorized Representative for the Applicant/ Recipient | An employee or officer of the Applicant/Recipient with the capacity and authority to make this certification for the Applicant/Recipient must make the certification by signing as provided. They must also provide the date of their signature, full name, and position title. |

9