UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, et al., <br><br> Defendants. | Case No. 2:25-cv-00814-BJR <br><br> **DECLARATION OF GIGI WHITLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, Gigi Whitley, declare as follows:

1. I am a resident of the State of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters set forth below.

2. I am the Chief of Finance and Administration of the City and County at San Francisco's Department of Homelessness and Supportive Housing ("HSH"). In that role, I oversee HSH's budget and financial operations.

3. HSH depends heavily on the Continuum of Care ("CoC") program administered by the U.S. Department of Housing and Urban Development ("HUD") to fund critical housing and services programs to support individuals and families experiencing chronic homelessness in permanent housing. The San Francisco Continuum of Care, of which HSH is the Collaborative Applicant, currently has thirty-five active CoC program grants from HUD, totaling more than $56 million dollars.

4. I have reviewed the declaration of Claudette Fernandez dated May 14, 2025, and accompanying exhibit. In paragraph 15 of the declaration, Ms. Fernandez references "millions of dollars of funding remaining from the FY 2023 grants." The accompanying exhibit purports to show a balance of $30,651,637 remaining on grants to the City and County of San Francisco totaling $56,174,998.

5. This representation of the San Francisco Continuum of Care's financial picture is misleading in several respects.

6. First, the amounts in the Awarded column are incorrect. Confusingly, these amounts reflect the FY2024 awarded amount for these projects, as evidenced by the last four digits of the grant numbers. It also lists projects for which the award was made directly to a nonprofit entity, not HSH. HSH was awarded $53,174,824 in FY2023 CoC awards.

7. Second, the Line of Credit Control System (eLOCCS) fund balances do not reflect actual unspent dollars available for drawdown, because there is a delay between incurring a cost and seeking federal reimbursement. These balances are just a snapshot in time. On average, HSH draws down $3 million every month, which is used to reimburse expenses that subrecipients have already incurred. For each project, HUD allows subrecipients to seek reimbursement up to 90 days after the expiration date of the performance period. HSH plans to draw down most of the available balance within the allowable 90-day close out period for projects funded by FY2023 CoC funds.

8. Third, per HUD's FY2023 grant agreements, project funds are available only for costs incurred during the performance period of that project. HUD awarded $53 million in FY2023 CoC funds to projects with defined performance periods that began in 2024. HUD does not allow recipients to seek reimbursement for expenses incurred after the performance period. HSH would therefore not be in compliance with its executed FY2023 grant agreements if it attempted to draw down funds and apply them to a different performance year.

9. Accordingly, FY2023 CoC funds cannot be allocated to the projects that were awarded FY2024 CoC funds and that are slated to begin this calendar year. These projects, which would maintain continuity of housing services at several locations within San Francisco, have grant agreements that are subject to new HUD conditions imposed in March 2025. In other words, even assuming FY2023 CoC funds are not fully drawn down, any remaining FY2023 funds cannot be used by HSH to fund the projects that are now subject to the new grant conditions.

//

//

10. HSH is already under tremendous budgetary pressure, and any reallocation of its own funds to make up the loss of this funding would require moving those funds away from other critical services. Without FY2024 CoC funds, HSH would need to unwind contracts with subrecipients as soon as July 1, 2025, because it has no other source of funding. The loss of these CoC program grants would severely impair HSH's ability to assist those facing homelessness and housing instability.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 15, 2025, at San Francisco, California.

*Gigi Whitley*
GIGI WHITLEY

# CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, I served a true and correct copy of the foregoing document on the following parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Annalisa L. Cravens<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>annalisa.cravens@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for Defendants Scott Turner, U.S. Dept. of Housing and Urban Development, Sean Duffy, U.S. Dept. of Transportation, Matthew Welbes, and the Federal Transit Administration* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 16th day of May, 2025.

*/s/ Gabriela DeGregorio*
Gabriela DeGregorio
Litigation Assistant
Pacifica Law Group LLP

CERTIFICATE OF SERVICE - 1

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750