THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY; PIERCE COUNTY;
SNOHOMISH COUNTY; CITY AND
COUNTY OF SAN FRANCISCO;
COUNTY OF SANTA CLARA; CITY
OF BOSTON; CITY OF COLUMBUS;
CITY OF NEW YORK; CITY &
COUNTY OF DENVER;
METROPOLITAN GOVERNMENT OF
NASHVILLE & DAVIDSON COUNTY;
PIMA COUNTY; COUNTY OF
SONOMA; CITY OF BEND; CITY OF
CAMBRIDGE; CITY OF CHICAGO;
CITY OF CULVER CITY; CITY OF
MINNEAPOLIS; CITY OF PASADENA;
CITY OF PITTSBURGH; CITY OF
PORTLAND; CITY OF SAN JOSÉ;
CITY OF SANTA MONICA; CITY OF
TUCSON; CITY OF WILSONVILLE;
CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY; INTERCITY
TRANSIT; SAN FRANCISCO COUNTY
TRANSPORTATION AUTHORITY;
TREASURE ISLAND MOBILITY
MANAGEMENT AGENCY; PORT OF
SEATTLE; KING COUNTY REGIONAL
HOMELESSNESS AUTHORITY; and
SANTA MONICA HOUSING
AUTHORITY,

                              Plaintiffs,

vs.

No. 2:25-cv-00814-BJR

PLAINTIFFS' SECOND MOTION
FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY
INJUNCTION

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  SCOTT TURNER in his official capacity
   as Secretary of the U.S. Department of
2  Housing and Urban Development; the
   U.S. DEPARTMENT OF HOUSING
3  AND URBAN DEVELOPMENT; SEAN
   DUFFY in his official capacity as
4  Secretary of the U.S. Department of
   Transportation; the U.S. DEPARTMENT
5  OF TRANSPORTATION; TARIQ
   BOKHARI in his official capacity as
6  acting Administrator of the Federal
   Transit Administration; the FEDERAL
7  TRANSIT ADMINISTRATION;
   GLORIA M. SHEPHERD in her official
8  capacity as acting Director of the Federal
   Highway Administration; the FEDERAL
9  HIGHWAY ADMINISTRATION;
   CHRIS ROCHELEAU in his official
10 capacity as acting Administrator of the
   Federal Aviation Administration; the
11 FEDERAL AVIATION
   ADMINISTRATION; DREW FEELEY in
12 his official capacity as acting
   Administrator of the Federal Railroad
13 Administration; and the FEDERAL
   RAILROAD ADMINISTRATION,
14
15              Defendants.
16
17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

## <u>TABLE OF CONTENTS</u>

2

I.      INTRODUCTION ..................................................................................................1

3

II.     STATEMENT OF FACTS ......................................................................................2

4

III.    ARGUMENT ..........................................................................................................4

5

       A.      Legal Standard .......................................................................................... 4

6

       B.      Plaintiffs Are Likely to Succeed on the Merits........................................ 5

7

              1.      Congress Has Not Authorized the DOT Grant Conditions........................ 5

8

              2.      The Grant Conditions Violate the Spending Clause ................................... 7

9

10

              3.      The DOT Immigration Enforcement Condition Violates the Tenth Amendment ................................................................................ 9

11

              4.      Imposing the Grant Conditions Violates the APA................................... 10

12

13

       C.      Plaintiffs Will Suffer Irreparable Harm If the Conditions Are Not Enjoined .................................................................................................. 12

14

       D.      The Equities Weigh in Plaintiffs' Favor ................................................. 15

IV.     CONCLUSION......................................................................................................15

15

16

17

18

19

20

21

22

23

24

25

26

27

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.    INTRODUCTION

The Trump administration's efforts to add unconstitutional and unlawful conditions to grant agreements are a moving target. Plaintiffs previously sought relief as to the U.S. Department of Housing and Urban Development's (HUD's) attempt to impose unlawful conditions on HUD Continuum of Care (CoC) grants and the U.S. Department of Transportation's (DOT's) attempt to impose similarly unlawful conditions on Federal Transit Administration (FTA) grants. This Court rightly concluded that emergency and preliminary injunctive relief was appropriate to prevent harm from these unlawful acts. But things have gone from bad to worse. In a letter to all DOT grant recipients, Secretary Duffy stated DOT intends to impose the unlawful Discrimination Condition, Immigration Enforcement Condition, and EO Condition on all DOT grants through its operating administrations[1] (DOT OAs). That has now happened. Substantively identical conditions have appeared in general terms and conditions, master grant agreements, and/or assurances for the Federal Highway Administration (FHWA), Federal Aviation Administration (FAA), and Federal Railroad Administration (FRA). Plaintiffs' DOT grants—totaling *billions of dollars* and a significant percentage of their budgets—are used to fund critical infrastructure and transportation services. Some Plaintiffs have been presented with agreements with deadlines that already passed, while others must be signed *as early as May 27*. Thus, a larger group of local government Plaintiffs are forced to return to this Court to seek relief again—on indistinguishable facts and against additional federal DOT Defendants—to avoid devastating consequences to their jurisdictions and residents while this litigation proceeds. Certain Plaintiffs seek a temporary restraining order (TRO) and all Plaintiffs with DOT grants seek a preliminary injunction (PI) prohibiting DOT from

---

[1] Congress and DOT refer to DOT administrations—including FTA, FHWA, FAA and FRA—as "operating administrations." 49 U.S.C. § 102; 49 C.F.R. § 1.2.

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

imposing or enforcing these unlawful grant conditions during the pendency of this case.

In addition, the new jurisdictions that have joined this litigation seek the same relief provided to the original Plaintiffs regarding HUD's unlawful CoC Grant Conditions. This Court has already ruled Plaintiffs are likely to succeed on the merits of their challenge to those conditions, and the harms suffered by the new Plaintiffs mirror the harms this Court has already found sufficient to warrant preliminary relief. Accordingly, the order enjoining the CoC Grant Conditions should be extended to these new jurisdictions as well.

## II.    STATEMENT OF FACTS

As detailed in Plaintiffs' prior TRO and PI motion, HUD and FTA placed a series of anti-DEI and anti-immigration conditions on CoC and FTA grants. Dkt. # 5 at 5–13. DOT has now followed suit—and doubled down—by imposing similar conditions on *all* of its grant programs.

Last month, Secretary Duffy issued a letter (Duffy Letter) to "All Recipients" of DOT grants announcing DOT's policy to impose anti-DEI and immigration enforcement conditions on all DOT grants. Dkt. # 6, Ex. D. The Duffy Letter asserts recipients' "legal obligations require cooperation generally with Federal authorities in the enforcement of Federal law, including cooperating with and not impeding U.S. Immigration and Customs Enforcement (ICE) and other Federal offices and components of the Department of Homeland Security in the enforcement of Federal immigration law." *Id*. at 2. It makes clear DOT re-interprets federal nondiscrimination law to prohibit "any policy, program, or activity that is premised on a prohibited classification, including discriminatory policies or practices designed to achieve so-called [DEI] goals." *Id*.

As foreshadowed by this Letter, DOT and its OAs recently have attached substantially similar conditions to DOT grants. First, they imposed a discrimination condition (DOT Discrimination Condition) that requires the recipient, "[p]ursuant to Section (3)(b)(iv), Executive

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Order 14173" to agree that "its compliance in all respects with all applicable Federal antidiscrimination laws is material to the government's payment decisions for purposes of [the False Claims Act (FCA)]," and "it does not operate any programs promoting [DEI] initiatives that violate any applicable Federal anti-discrimination laws." *E.g.,* Dkt. # 6, Ex. B-1 (FTA); T. Davis Decl., Ex. B (FHWA); Parrot Decl., Ex. B (FAA); Sexton Decl., Exs. B (FRA), D (DOT SMART). Just this week, Deputy U.S. Attorney General Blanche announced a new initiative to utilize the FCA against entities that engage in purportedly "unlawful discrimination," such as allowing individuals to use the bathroom that aligns with their gender identity. Dkt. # 65, Ex. A. Plaintiffs disagree this violates federal nondiscrimination law, but Blanche's memo calls for each U.S. Attorney's Office to assign an attorney to bring claims against entities that have such (and similar) policies, and "strongly encourages" private parties to do the same. *Id.*

Second, they imposed an immigration enforcement condition (DOT Immigration Enforcement Condition) that requires the recipient to "cooperate with Federal officials in the enforcement of Federal law, including cooperating with and not impeding U.S. Immigration and Customs Enforcement (ICE) and other Federal offices and components of the Department of Homeland Security in the enforcement of Federal immigration law." *E.g.,* Dkt. # 6, Ex. B-1 (FTA); T. Davis Decl., Ex. B (FHWA); Parrot Decl., Ex. B (FAA); Sexton Decl., Exs. B (FRA), D (DOT).[2]

Third, they imposed a condition in grant agreements and in the FAA Grant Assurances

---

[2] A district court preliminarily enjoined the government from "directly or indirectly taking any action to withhold, freeze, or condition federal funds from" sixteen cities and counties—including Plaintiffs King County, Santa Clara, San Francisco, Minneapolis, San José, and Portland—on the basis of Section 2(a)(ii) of the President's Immigration Order. *City & Cnty. of San Francisco v. Trump*, No. 3:25-cv-01350-WHO, 2025 WL 1186310, at *3 & n.2 (N.D. Cal. Apr. 24, 2025). Those Plaintiffs do not seek to duplicate the relief sought there. That case raises facial challenges to the Immigration Order, prohibiting funding of "sanctuary jurisdictions"; Plaintiffs here challenge HUD's and DOT's actions attaching new unlawful conditions to the grants at issue.

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

(DOT EO Condition) that requires the recipient to "comply with all applicable Federal laws, regulations, executive orders, policies, guidelines, and requirements as they relate to the application, acceptance, and use of Federal funds for this [grant]."[3] *E.g.*, Dkt. # 6, Ex. B-1 (FTA); T. Davis Decl., Ex. B (FHWA); Parrot Decl., Ex. B (FAA); Sexton Decl., Exs. C (FRA), D (DOT).

Pursuant to the statements in the Duffy Letter, these conditions (collectively, the "DOT Grant Conditions") apparently will appear in all DOT grants going forward and be imposed on Plaintiffs as direct and indirect recipients of DOT funding. *See* 2 C.F.R. § 200.101(b)(1).

Plaintiffs face imminent harm from imposition of these new conditions on HUD CoC and DOT grants. They have an urgent need to access CoC funds because loss of those funds puts thousands of residents at risk of homelessness and strains community resources. *E.g.*, Verlinich Decl. (Santa Monica Housing Authority) ¶ 20; Semonoff Decl. (Cambridge) ¶ 30–31. Plaintiffs need to access their DOT grants to provide critical public services, including operating transit, improving the safety of roads and bridges, and maintaining the integrity of airport infrastructure. *E.g.*, Lewis Decl. (Wilsonville) ¶ 5; Freitas Decl. (Santa Clara) ¶¶ 12–13; Neal Decl. (Pierce County) ¶ 4. Without federal funds, Plaintiffs will be forced to delay or cancel critical projects, divert resources from other projects (if they can), and upend their budgets. *See* Section III.C, *infra*.

### III.    ARGUMENT

#### A.    Legal Standard

A TRO or PI is warranted where the moving party establishes (1) it is likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) an injunction is in the public interest. *Winter v. Nat.*

---

[3] In the FTA's case, the recipient must "agree[] to comply with all applicable federal requirements and follow applicable federal guidance," which includes "an applicable federal law, regulation, or *executive order*." Dkt. # 6 at 130, 134 (emphasis added).

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All of these factors favor Plaintiffs.

### B.       Plaintiffs Are Likely to Succeed on the Merits

This Court already found Plaintiffs are likely to succeed on their claims that the CoC and FTA Grant Conditions violate constitutional separation of powers principles and the Fifth Amendment's vagueness doctrine, as well as the APA. Dkt. # 52. The Court need not revisit the likelihood of success as to those conditions. Plaintiffs also are likely to succeed on the merits of their claims that the DOT Grant Conditions, previously imposed by FTA and now imposed by DOT and its other OAs, are unlawful for similar—and even more—reasons.

### 1.       Congress Has Not Authorized the DOT Grant Conditions

As this Court recognized in granting the first PI, "unless and until Congress confers power upon" them, agencies have "literally . . . no power to act . . . ." *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986). Just as no statute gave HUD or FTA the power to impose the conditions the Court already enjoined, the statutes underlying grants from DOT and the other DOT OAs do not either. As reflected by the Duffy Letter, DOT is attempting to condition appropriated funds on compliance with the President's policy agenda even though the President lacks "his own constitutional powers" to add new conditions to federal funding. *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1234 (9th Cir. 2018) (cleaned up). Absent an express delegation by Congress, the President's power to impose conditions on grants "is at its lowest ebb." *Id*. at 1233 (cleaned up). Congress has not authorized the DOT Grant Conditions, much less done so "unambiguously," as would be required to sustain the Conditions. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006).

In annual appropriations legislation and through authorization of non-discretionary formula grants, Congress has set forth priorities with respect to transportation grants, but has not

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

authorized conditions related to prohibiting DEI, local participation in federal immigration enforcement, or future presidential executive orders. *See, e.g.*, Consolidated Appropriations Act, 2024, Pub. L. 118-42, 138 Stat. 334, 342. And the conditions in the DOT grants' authorizing statutes commonsensically relate to *transportation* projects. In contrast, the DOT Discrimination Condition states it is imposed "[p]ursuant to . . . Executive Order 14173," not any statute. Sexton Decl., Ex. B § 20.2. Meanwhile, the FAA Grant Assurances purport to condition funding on compliance with a list of executive orders, without any statutory support. Parrot Decl., Ex. B § C.1. And the word "immigration" does not appear in the "federal transit laws," 49 U.S.C. chapter 53, on which the FTA Master Agreement purports to rely. Dkt. # 6 at 128.

Indeed, to the extent Congress has spoken on conditions in authorizing DOT grant funding, it has done so contrary to these new conditions. The Infrastructure Investment and Jobs Act (IIJA), which supports many DOT grants, includes programs intended to promote inclusion in a manner contrary to the Duffy Letter's stated understanding of the DOT Discrimination Condition. *See* 135 Stat. 429, 449 (finding, as a basis to extend the Disadvantaged Business Enterprises program to IIJA projects, "testimony and documentation of race and gender discrimination from numerous sources . . . show that race- and gender-neutral efforts alone are insufficient to address the problem"); *id.* at 591 (requiring evaluation of Reconnecting Communities Pilot Program projects based on "opportunities for inclusive economic development"); *id.* at 842 (prioritizing SMART projects that "promote a skilled workforce that is inclusive of minority or disadvantaged groups"); *see also* 49 U.S.C. § 47107(e)(1) (requiring airport sponsors to take "necessary action to ensure, to the maximum extent practicable," they meet a ten percent target for small business concerns owned by a "socially and economically disadvantaged individual," defined to include racial minorities). Thus, all DOT Grant Conditions violate the same separation of powers principles as

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 6
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

the parallel conditions the Court already enjoined.

### 2. The Grant Conditions Violate the Spending Clause

Even if DOT had the power to impose substantive conditions on grant funds, the DOT Grant Conditions exercise the spending power in ways that even Congress could not.

First, "if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously." *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981). All of the DOT Grant Conditions fail this test. The DOT EO Condition is ambiguous because executive orders can only direct the activities of federal agencies, not external actors, leaving Plaintiffs to guess at what compliance with executive orders means for them. The DOT Immigration Enforcement Condition purports to require recipients to broadly "cooperate" in enforcement of federal immigration law without providing any definitions or criteria that might suggest what conduct that encompasses: Honoring administrative detainer requests? Providing information in response to notification requests? Having local law enforcement participate in immigration sweeps? And though the DOT Discrimination Provision is seemingly clear on its face insofar as it purports to require nothing more than compliance with federal nondiscrimination law, Defendants have injected ambiguity by reinterpreting nondiscrimination law in ways counter to the actual law as interpreted by the courts. *Compare* Dkt. # 6, Ex. D at 2 (defining scope of allegedly unlawful conduct broadly enough to potentially encompass affinity groups), *with, e.g.*, *Diemert v. City of Seattle*, No. 2:22-cv-1640, 2025 WL 446753, at *17–18 (W.D. Wash. Feb. 10, 2025) (affinity groups "open to any City employee" did not violate equal protection). If Plaintiffs cannot rely on court decisions to guide their compliance with the law, they cannot "ascertain what is expected of [them]," as required to pass muster under the Spending Clause. *Pennhurst*, 451 U.S. at 17.

Second, the Spending Clause only permits Congress to impose conditions germane "to the

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

federal interest in [the] particular" program. *South Dakota v. Dole*, 483 U.S. 203, 207 (1987). Here, the DOT Immigration Enforcement Condition is unlawful because it imposes a condition entirely unrelated to transportation funding. *See City & Cnty. of San Francisco*, 2025 WL 1358492, at *5 (identifying "categories of funds that have little or nothing to do with sanctuary policies (such as healthcare, transportation, emergency relief and so forth), that would have an unlawfully coercive effect on the Cities and Counties if those categories of funds were identified for suspension or termination"). The new DOT Discrimination Condition, which extends beyond the historical condition requiring compliance with federal nondiscrimination law, is similarly unrelated to transportation grants. Indeed, none of the authorizing statutes, which fund a range of transportation-related infrastructure and capital projects, have any nexus or relation to immigration enforcement or eliminating DEI. To the contrary, the Discrimination Condition *conflicts* with established federal nondiscrimination law and authorizing statutes. *See* Section III.B.1, *supra*.

Third, Congress's power cannot be twisted to compel local jurisdictions to adopt policies by offering a "financial inducement . . . so coercive as to pass the point at which pressure turns to compulsion." *Dole*, 483 U.S. at 211 (cleaned up). At a time when many Plaintiffs are struggling financially to recover from the Covid-19 pandemic, *e.g.*, Studwell Decl. (San Francisco) ¶ 5, Defendants' threat to restrict *all* DOT funding to Plaintiffs unless they comply with the administration's policy agenda "is much more than 'relatively mild encouragement'—it is a gun to the head." *Nat'l Fed. of Indep. Bus. v. Sebelius* ("*NFIB*"), 567 U.S. 519, 581 (2012) (opinion of Roberts, C.J.). And Defendants' coercion does not end there: This Condition purports to force Plaintiffs to concede compliance with nondiscrimination law, as reinterpreted by the administration, is "material" for purposes of the FCA—an essential element of an FCA claim. The risk of treble damages from an FCA case could be ruinous. San Francisco, for example, expects to

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 8
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

receive over $2 billion in DOT grant funding, a significant portion of its budget. Wagner Decl. (San Francisco) ¶ 9. The risk of paying three times that amount in FCA damages is a bazooka to San Francisco's head.[4] And the Deputy Attorney General's recently-announced initiative to utilize the FCA against entities that engage in purportedly "unlawful discrimination," *see* Section II, *supra*, only heightens the risk. These threats constitute "economic dragooning that leaves [Plaintiffs] with no real option but to acquiesce" to federal dictates. *NFIB*, 567 U.S. at 582.

### 3. The DOT Immigration Enforcement Condition Violates the Tenth Amendment

The DOT Immigration Enforcement Condition also violates the Tenth Amendment because it imposes a coercive condition intended to commandeer local officials into enforcing federal immigration practices and law. The Tenth Amendment prohibits the federal government from "commandeering" state and local officials to help enforce federal law. *See Printz v. United States*, 521 U.S. 898 (1997). The Ninth Circuit has held that forcing state and local governments to assist with federal immigration enforcement would violate the Tenth Amendment. *United States v. California*, 921 F.3d 865, 888–91 (9th Cir. 2019). And the federal government cannot do indirectly through coercive grant conditions what it could not do directly. *NFIB*, 567 U.S. at 578. Yet that is exactly what Defendants are doing—holding a gun to recipients' heads to force them to use local resources to cooperate with federal officials in enforcing immigration law. *See id.* at 581. Accordingly, just as the DOT Immigration Enforcement Condition is impermissibly coercive under the Spending Clause (*see* Section III.B.2, *supra*), it also violates the Tenth Amendment's anti-commandeering principles. *Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113, 1151

---

[4] Small cities as well as large ones depend on the federal government avoiding improper coercion. For example, DOT funds make up approximately 10-15% of Culver City's annual Operating and Capital budget. Nachbar Decl. ¶ 20.

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 9
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

(D.N.D. 2021) ("The Spending Clause's coercion backstop is closely linked to the Tenth Amendment concept that the federal government may not commandeer the states to enact or administer a federal regulatory program" (cleaned up)).

### 4.    Imposing the Grant Conditions Violates the APA

The APA requires courts to "hold unlawful and set aside agency action" that is "arbitrary" and "capricious," "not in accordance with law," "contrary to constitutional right," "in excess of statutory jurisdiction," or "without observance of procedure required by law." 5 U.S.C. § 706(2). The DOT Grant Conditions violate each of these requirements.

As a threshold matter, imposition of the DOT Grant Conditions is a "final agency action" under 5 U.S.C. § 704, as it both "mark[s] the consummation of the agency's decision-making process" and is one "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (cleaned up).

Turning to the merits of the APA claims, first, as discussed above, the DOT Conditions are "in excess of statutory jurisdiction," "not in accordance with law," and "contrary to constitutional right," because they do not derive from a congressional delegation of authority and violate constitutional protections. 5 U.S.C. § 706(2).

Second, this Court's conclusion that imposing the FTA Grant Conditions is arbitrary and capricious is equally applicable to the imposition of substantively identical conditions on other DOT grants. Imposing the DOT Grant Conditions fails the basic requirement that an agency action be "reasonable and reasonably explained." *Ohio v. EPA*, 603 U.S. 279, 292 (2024) (cleaned up). An agency must offer "a satisfactory explanation for its action," and cannot rely on "factors which Congress has not intended it to consider" or ignore "an important aspect of the problem . . . ." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 10
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Agencies may change their policies, but they must "display awareness" they are doing so, provide "good reasons for the new policy," and demonstrate they have taken account of "reliance interests" engendered by the prior policy. *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009).

Here, DOT has offered no reasoned explanation for the new DOT Grant Conditions. The Duffy Letter does not suffice,[5] as it merely parrots the executive orders and fails to cite facts or statutory authority supporting the Conditions. Dkt. # 6 at 345–48. It asserts that failing to cooperate in federal immigration law enforcement violates recipients' legal obligations and undermines the safety of transportation systems, and that DEI policies "presumptively violate[] Federal law." *Id.* at 346–47. It also pretends this is DOT's "existing interpretation of Federal law." *Id.* But it fails to acknowledge its departure from court decisions holding local governments are not required to assist with carrying out federal immigration law (*e.g.*, *California*, 921 F.3d at 889), and affinity groups and other DEI programs premised on racial, gender, or other classifications and open to all comply with federal nondiscrimination law (*e.g.*, *Diemert*, 2025 WL 446753, at *17–18). The Duffy Letter purports to justify the DOT Discrimination Condition on the basis that DOT "must ensure that discrimination based on [protected characteristics] does not exist in the programs or activities it funds . . . ." Dkt. # 6 at 346. But this is inconsistent with the Condition, which apparently requires the recipient to certify it does not operate *any* DEI program DOT deems prohibited—whether federally funded or not. Nor does the Duffy Letter explain how Plaintiffs could comply with the Conditions while also complying with statutory and regulatory requirements in tension with them. For example, DOT does not attempt to reconcile its apparent

---

[5] Notably, the Duffy Letter was issued *after* some of the challenged conditions were imposed and agreed to by recipients with a different understanding of the terms and the law. Studwell Decl. ¶ 22. This post hoc rationalization is insufficient under the APA. *See Lotus Vaping Techs., LLC v. U.S. Food & Drug Admin.*, 73 F.4th 657, 668 (9th Cir. 2023) ("[A]n agency must defend its actions based on the reasons it gave when it acted, not with post hoc rationalizations" (cleaned up)).

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 11
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

DEI ban with its Disadvantaged Business Enterprise program, which Congress re-authorized in 2021, finding "discrimination and related barriers continue to pose significant obstacles for minority and women-owned businesses" in certain transportation contracting. Pub. L. 117–58, div. A, title I, § 11101(e), Nov. 15, 2021, 135 Stat. 448; *see also* Am. Compl. ¶¶ 94–95, 153, 165–66, 180, 197–98, 210–11, 221–22.

Third, in imposing new conditions without explanation, the FTA, FAA, and FRA failed to observe procedure required by law. 5 U.S.C. § 706(2)(D). An agency "must abide by its own regulations." *Fort Stewart Schs. v. Fed. Labor Rels. Auth.*, 495 U.S. 641, 654 (1990). Those OAs have adopted regulations requiring notice-and-comment rulemaking when they promulgate substantive rules.[6] *See* 49 C.F.R. §§ 601.22(a), 601.24–601.28 (FTA); 14 C.F.R. Part 11 (FAA); 49 C.F.R. §§ 211.11–211.33 (FRA). The Conditions purport to impose binding obligations that substantively change existing law and policies, including federal nondiscrimination law. *E.g.*, *Yesler Terrace Cmty. Council v. Cisnero*s, 37 F.3d 442, 449 (9th Cir. 1994) ("Substantive rules . . . create rights, impose obligations, or effect a change in existing law pursuant to authority delegated by Congress"). In imposing the Conditions, FTA, FAA, and FRA failed to comply with notice-and-comment requirements in their own regulations (and for FTA, in 49 U.S.C. § 5334(k)(1)).

C.    **Plaintiffs Will Suffer Irreparable Harm If the Conditions Are Not Enjoined**

Plaintiffs must decide as early as May 27, or in some cases immediately, to accept unlawful conditions or risk losing federal funds. *E.g.*, Scocco Decl. (Columbus) ¶ 11 (May 27 deadline); Gould Decl. (Intercity Transit) ¶ 25 (deadline passed, immediate need to sign); Sexton Decl. (Minneapolis) ¶¶ 26, 31, 38 (same); Wong Decl. (Pasadena) ¶¶ 16-18 (immediate need to draw down); Semonoff Decl. (Cambridge) ¶ 24 (May 31 expiration of housing funds for subrecipients);

---

[6] Statutory notice-and-comment applies for certain FTA grant conditions. 49 U.S.C. § 5334(k).

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 12
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Credio Decl. (Tucson) ¶ 19 (May 31 deadline); Parrot Decl. (King County) ¶ 27 (same); Ghouse Decl. (Port of Seattle) ¶ 7 (June 3 deadline); Ochoa Decl. (NYC) ¶ 13 (June 13 deadline).

Plaintiffs are being compelled on impossible timelines, in one instance as short as one day, G. Davis Decl. (Chicago) ¶ 17, to swallow unlawful conditions at the risk of incurring financial penalties, or giving up funds they were already awarded and, in many cases, accounted for in budget and project planning. *See*, *e.g.*, *Hecox v. Little*, 104 F.4th 1061, 1088 (9th Cir. 2024); *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017). Loss of those funds at issue would result in immediate, irreparable, and reverberating harms to Plaintiffs—including upending their budgets, *e.g.*, T. Davis Decl. (King County) ¶ 19; Cornell Decl. (Pittsburgh) ¶ 16; Studwell Decl. (San Francisco) ¶¶ 14, 18; potentially forcing reductions in their workforce or loss of staff needed to maintain and improve infrastructure, *e.g.*, Verlinich Decl. (Santa Monica Housing Auth.) ¶ 23; Ochoa Decl. (NYC) ¶ 26; cutting off critical homelessness services and transportation infrastructure and safety services, thus putting the public at risk, *e.g.*, King Decl. (Bend) ¶ 27; Walker Decl. (Pima County) ¶ 12; and forcing Plaintiffs to divert resources from other public services, *e.g.*, Ochoa Decl. (NYC) ¶ 26.

For example, without CoC funds, over 200 individuals in Plaintiff City of Cambridge would potentially lose their housing and access to critical supportive services, and the loss of supportive housing capacity would further strain its emergency shelter system. Semonoff Decl. (Cambridge) ¶ 31. Tucson is developing contingency plans and running housing programs below capacity until it has assurance of continued funding. Chanecka Decl. (Tucson) ¶ 29.

Similarly, loss of DOT funding would force Plaintiffs to substantially curtail existing and planned transportation safety and other improvements and operations. Plaintiffs have planned to use already-awarded DOT funds to, for example, enhance pedestrian and cyclist safety, *e.g.*,

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Franklin-Hodge Decl. (Boston) ¶ 13; Jordan Decl. (Portland) ¶ 19; Ristow Decl. (San José) ¶ 3; Ochoa Decl. (NYC) ¶ 2; reconfigure major roadways to decrease crashes and improve transit, *e.g.*, G. Davis Decl. (Chicago) ¶ 8; Scocco Decl. (Columbus) ¶ 12; conduct important capital and safety improvements to airports, such as runway rehabilitations and earthquake resilience, *e.g.*, King Decl. (Bend) ¶ 26; Roche Decl. (Chicago) ¶ 10; Stout Decl. (Sonoma County) ¶ 7; Ghouse Decl. (Port of Seattle) ¶ 7; Nakornkhet Decl. (San Francisco) ¶ 11; maintain, repair, and replace a wide range of transit vehicles, *e.g.*, Gould Decl. (Intercity Transit) ¶ 12, Nakornkhet Decl. (San Francisco) ¶ 14; develop and apply advanced transportation technology, *e.g.*, Sexton Decl. (Minneapolis) ¶ 35; Ochoa Decl. (NYC) ¶ 16; and repair century-old bridges that pose a serious safety hazard, *e.g.*, Freitas Decl. (Santa Clara) ¶ 13. In some cases, Plaintiffs need to draw down funds immediately to pay for current projects, *e.g.*, Gould Decl. (Intercity Transit) ¶ 25; or face delays, *e.g.*, Hopkins Decl. (Nashville) ¶ 13; Stout Decl. (Sonoma County) ¶ 9. Plaintiffs may need to divert resources from other projects to compensate or plan around the uncertainty of whether they can accept federal funds, straining their resources and putting other projects in jeopardy. *E.g.*, Studwell Decl. (San Francisco) ¶ 14; Ochoa Decl. (NYC) ¶ 22; Biel Decl. (Denver) ¶ 15. Without these funds, planned projects may become too expensive to undertake, requiring they be modified or cancelled. *E.g.*, Hopkins Decl. (Nashville) ¶ 30; Wolterink Decl. (Sound Transit) ¶ 16.

Transportation projects require years of planning. Nachbar Decl. (Culver City) ¶ 21. As a result of potential loss and uncertainty surrounding these grants, Plaintiffs will face dire consequences for their transportation infrastructure and resident safety. For example, without prompt access to FHWA funds to which these unlawful conditions have been attached, Minneapolis would need to cancel planned rehabilitation of the Nicollet Avenue Bridge, a major thruway that supports a bus route, and close the bridge by 2030. Sexton Decl. (Minneapolis) ¶¶

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 14
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

19, 24. The record is replete with examples of such impending, irreparable harm. *E.g.*, Franklin-Hodge Decl. (Boston) ¶ 28; Hopkins Decl. (Nashville) ¶¶ 14, 19; Neal Decl. (Pierce County) ¶ 12.

### D.    The Equities Weigh in Plaintiffs' Favor

The equities and public interest, which merge when the government is a party, tip sharply in Plaintiffs' favor. *Wolford v. Lopez*, 116 F.4th 959, 976 (9th Cir. 2024). The threat of harm to Plaintiffs far outweighs the federal government's interest in immediately imposing the conditions. And preserving Plaintiffs' constitutional rights is in the public interest. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Whatever interest the Executive may assert in introducing new grant conditions and in enforcing them during the pendency of this litigation pales in comparison to Plaintiffs' irreparable harm from enforcement of the new conditions. *See Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014).

## IV.    CONCLUSION

Accordingly, Plaintiffs request, with respect to the CoC Grant Conditions, that (1) a TRO issue as to Plaintiffs Cambridge and City of Pasadena, who have immediate needs to draw down funds; and (2) a PI issue as to those Plaintiffs and Plaintiffs King County RHA, Nashville, Pima County, San José, Santa Monica HA, and Tucson. As to the DOT Grant Conditions, Plaintiffs request (1) a TRO be issued as to Plaintiffs Columbus, Intercity Transit, King County, Minneapolis, NYC, Port of Seattle, and Tucson, who face imminent signing deadlines or other imminent irreparable harms; and (2) a PI issue as to those Plaintiffs as well as Plaintiffs Bend, Boston, Chicago, Culver City, Denver, Nashville, Pierce County, Pima County, Pittsburgh, Portland, San Francisco, San José, Santa Clara, Santa Monica, SFCTA, Snohomish County, Sonoma County, Sound Transit, TIMMA, and Wilsonville, including their subrecipients, who need relief from these unconstitutional conditions during the pendency of this case.

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  DATED this 21st day of May, 2025.

2

3                                                        PACIFICA LAW GROUP LLP

4                                                        /s/ Paul J. Lawrence
                                                         Paul J. Lawrence, WSBA #13557
5                                                        Jamie Lisagor, WSBA #39946
                                                         Sarah S. Washburn, WSBA #44418
6                                                        Meha Goyal, WSBA #56058
                                                         Luther Reed-Caulkins, WSBA #62513
7                                                        Special Deputy Prosecutors

8                                                        PACIFICA LAW GROUP LLP

9                                                        401 Union Street, Suite 1600

10                                                       Seattle, WA 98101
                                                         T: 206-245-1700
11                                                       F: 206-245-1750
                                                         Paul.Lawrence@PacificaLawGroup.com
12                                                       Jamie.Lisagor@PacificaLawGroup.com
                                                         Sarah.Washburn@PacificaLawGroup.com
13                                                       Meha.Goyal@PacificaLawGroup.com
                                                         Luther.Reed-Caulkins@PacificaLawGroup.com
14

15                                                       Attorneys for All Plaintiffs

16

17                                                       LEESA MANION
                                                         King County Prosecuting Attorney
18

19                                                       /s/ David J. Hackett
                                                         David J. Hackett, WSBA #21234
20                                                       General Counsel to Executive
                                                         Alison Holcomb, WSBA #23303
21                                                       Deputy General Counsel to Executive
                                                         Erin Overbey, WSBA #21907
22                                                       Senior Deputy Prosecuting Attorney
                                                         Cristy Craig, WSBA #27451
23                                                       Senior Deputy Prosecuting Attorney
                                                         Donna Bond, WSBA #36177
24                                                       Senior Deputy Prosecuting Attorney

25                                                       Chinook Building

26                                                       401 5th Avenue, Suite 800
                                                         Seattle, WA 98104
27                                                       (206) 477-9483

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 16
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    david.hackett@kingcounty.gov
     aholcomb@kingcounty.gov
2    eroverbey@kingcounty.gov
     cristy.craig@kingcounty.gov
3    donna.bond@kingcounty.gov

4
     *Attorneys for Plaintiff Martin Luther*
5    *King, Jr. County*

6

7    JASON J. CUMMINGS
     Snohomish County Prosecuting Attorney
8
     */s/ Bridget E. Casey*
9    Bridget E. Casey, WSBA #30459
     Rebecca J. Guadamud, WSBA #39718
10   Rebecca E. Wendling, WSBA #35887

11
     Snohomish County Prosecuting Attorney's Office
12   3000 Rockefeller Avenue, M/S 504
     Everett, WA 98201-4046
13   (425) 388-6392
     Bridget.Casey@co.snohomish.wa.us
14   Rebecca.Guadamud@co.snohomish.wa.us
     Rebecca.Wendling@co.snohomish.wa.us
15

16   *Attorneys for Plaintiff Snohomish County*

17

18   DAVID CHIU
     San Francisco City Attorney

19   */s/ David Chiu*
20   David Chiu (CA Bar No. 189542)
     *San Francisco City Attorney*
21   Yvonne R. Meré (CA Bar No. 175394)
     *Chief Deputy City Attorney*
22   Mollie M. Lee (CA Bar No. 251404)
     *Chief of Strategic Advocacy*
23   Sara J. Eisenberg (CA Bar No. 269303)
     *Chief of Complex & Affirmative Litigation*
24   Ronald H. Lee (CA Bar No. 238720)
25   *Assistant Chief, Complex & Affirmative Litigation*
     Alexander J. Holtzman (CA Bar No. 311813)
26   *Deputy City Attorney*
     1390 Market Street, 7th Floor
27

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 17
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

San Francisco, CA 94102
(415) 554-4700
Cityattorney@sfcityatty.org
Yvonne.Mere@sfcityatty.org
Mollie.Lee@sfcityatty.org
Sara.Eisenberg@sfcityatty.org
Ronald.Lee@sfcityatty.org
Alexander.Holtzman@sfcityatty.org

*Attorneys for Plaintiffs City and County of San Francisco, San Francisco County Transportation Authority, and Treasure Island Mobility Management Agency*

OFFICE OF THE COUNTY COUNSEL, COUNTY OF SANTA CLARA

/s/ Tony LoPresti
Tony LoPresti (CA Bar No. 289269)
*County Counsel*
Kavita Narayan (CA Bar No. 264191)
*Chief Assistant County Counsel*
Meredith A. Johnson (CA Bar No. 291018)
*Lead Deputy County Counsel*
Stefanie L. Wilson (CA Bar No. 314899)
Cara H. Sandberg (CA Bar No. 291058)
*Deputy County Counsels*
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
(408) 299-9021
tony.lopresti@cco.sccgov.org
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
cara.sandberg@cco.sccgov.org

*Attorneys for Plaintiff County of Santa Clara*

ADAM CEDERBAUM
Corporation Counsel, City of Boston

/s/ Samantha H. Fuchs
Samantha H. Fuchs (MA BBO No. 708216)

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

3

4

5

6

7
*Senior Assistant Corporation Counsel*
Samuel B. Dinning (MA BBO No. 704304)
*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*

8

9

10

11

12

13

14

15
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

*/s/ Richard N. Coglianese*
Richard N. Coglianese (OH Bar No. 0066830)
Assistant City Attorney
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
(614) 645-0818 Phone
(614) 645-6949 Fax
rncoglianese@columbus.gov

*Attorney for Plaintiff City of Columbus*

16

17

18

19

20

21

22

23

24

25

26

27
PUBLIC RIGHTS PROJECT

*/s/ Sharanya Mohan*
Sharanya (Sai) Mohan (CA Bar No. 350675)
Naomi Tsu (OR Bar No. 242511)
Toby Merrill (MA Bar No. 601071)*
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org

*Counsel for Plaintiffs City of Columbus, City
& County of Denver, Metro Government of
Nashville & Davidson County, Pima County,
County of Sonoma, City of Bend, City of
Cambridge, City of Chicago, City of Culver*

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 19
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*City, City of Minneapolis, City of Pasadena,*
*City of Pittsburgh, City of Portland, City of*
*San José, City of Santa Monica, City of*
*Tucson, City of Wilsonville, and Santa Monica*
*Housing Authority*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

*/s/ Doris Bernhardt*
Doris Bernhardt (NY Bar No. 4449385)
Joshua P. Rubin (NY Bar No. 2734051)
Aatif Iqbal (NY Bar No. 5068515)
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

ASHLEY M. KELLIHER
Assistant City Attorney

*/s/ Ashley M. Kelliher*
Ashley M. Kelliher (CO Bar No. 40220)*
*Assistant City Attorney*
Denver City Attorney's Office
201 West Colfax Avenue
Denver, Colorado 80202
720-913-3137 (phone)
720-913-3190 (fax)
ashley.kelliher@denvergov.org

DAVID P. STEINBERGER
Assistant City Attorney

*/s/ David P. Steinberger*
David P. Steinberger (CO Bar No. 48530)*
*Assistant City Attorney*
Denver City Attorney's Office
Denver International Airport

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 20
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

8500 Pena Boulevard
Airport Office Building, 9th Floor
Denver, Colorado 80249-6340
303-342-2562 (phone)
david.steinberger@flydenver.com

*Attorneys for Plaintiff City and County of Denver*


LAURA CONOVER
Pima County Attorney

*/s/ Samuel E. Brown*
Samuel E. Brown (AZ Bar No. 027474)*
Bobby Yu (AZ Bar No. 031237)*
Kyle Johnson (AZ Bar No. 032908)*
Pima County Attorney's Office, Civil Division
32 N. Stone, Suite 2100
Tucson, Arizona 85701
Tel: (520) 724-5700
sam.brown@pcao.pima.gov
bobby.yu@pcao.pima.gov
kyle.johnson@pcao.pima.gov

*Attorneys for Plaintiff Pima County*


ROBERT H. PITTMAN, County Counsel

*/s/ Joshua A. Myers*
Joshua A. Myers (CA Bar No. 250988)*
*Chief Deputy County Counsel*
Sonoma County Counsel's Office
575 Administration Drive, Rm. 105A
Santa Rosa, CA 95403
Office: (707) 565-2421
Fax: (707) 565-2624
Joshua.Myers@sonoma-county.org

*Attorneys for Plaintiff County of Sonoma*


OFFICE OF THE CITY ATTORNEY FOR THE
CITY OF BEND

*/s/ Ian M. Leitheiser*
Ian M. Leitheiser (OSB #993106)*
*City Attorney*

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 21
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

Elizabeth Oshel (OSB #104705)*
*Senior Assistant City Attorney*

2

Michael J. Gaffney (OSB #251680)*
*Senior Assistant City Attorney*

3

City of Bend

4

PO Box 431
Bend, OR 97709

5

(541) 693-2128
ileitheiser@bendoregon.gov

6

eoshel@bendoregon.gov
mgaffney@bendoregon.gov

7

8

*Attorneys for Plaintiff City of Bend*

9

10

CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

11

*/s/ Megan B. Bayer*

12

Megan B. Bayer (MA BBO No. 669494)*
*City Solicitor*

13

Elliott J. Veloso (MA BBO No. 677292)*
*Deputy City Solicitor*

14

Diane Pires (MA BBO No. 681713)*
*Assistant City Solicitor*

15

Cambridge City Hall, 3rd Floor

16

795 Massachusetts Avenue
Cambridge, MA 02139

17

(617) 349-4121

18

mbayer@cambridgema.gov
eveloso@cambridgema.gov

19

dpires@cambridgema.gov

20

*Attorneys for Plaintiff City of Cambridge*

21

22

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

23

*/s/ Rebecca Hirsch*

24

Rebecca Hirsch (IL Bar No. 6279592)*
Chelsey Metcalf (IL Bar No. 6337233)*

25

City of Chicago Department of Law

26

121 North LaSalle Street, Room 600
Chicago, Illinois 60602

27

Tel: (313) 744-9484

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 22
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*


KRISTYN ANDERSON
City Attorney

*/s/ Kristyn Anderson*
Kristyn Anderson (MN Lic. 0267752)*
*City Attorney*
Sara J. Lathrop (MN Lic. 0310232)*
Munazza Humayun (MN Lic. 0390788)*
*Assistant City Attorneys*
350 South Fifth Street
Minneapolis, MN 55415
Tel: 612-673-3000
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Plaintiff City of Minneapolis*


KRYSIA KUBIAK, Esq.
City Solicitor

*/s/ Julie E. Koren*
Julie E. Koren (PA Bar No. 309642)*
*Associate City Solicitor*
City of Pittsburgh, Dept. of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2025
Julie.Koren@pittsburghpa.gov
Krysia.Kubiak@Pittsburghpa.gov

*Counsel for Plaintiff City of Pittsburgh*


ROBERT TAYLOR
Portland City Attorney

*/s/ Caroline Turco*
Caroline Turco (OR Bar No. 083813)*

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 23
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    *Senior Deputy City Attorney*
     1221 SW Fourth Avenue, Room 430
2    Portland, OR 97204
     Tel: (503) 823-4047
3    Fax: (503) 823-3089
     Caroline.Turco@portlandoregon.gov
4

5    *Attorney for Plaintiff City of Portland*

6

7    NORA FRIMANN
     City Attorney
8
     */s/ Nora Frimann*
9    Nora Frimann (CA Bar No. 93249)*
     *City Attorney*
10   Elisa Tolentino (CA Bar No. 245962)*
     *Chief Deputy City Attorney*
11   200 E Santa Clara St
12   San José, CA 95113-1905
     Tel: 408-535-1900
13   Fax: 408-998-3131
     cao.main@sanjoseca.gov
14
15   *Attorneys for Plaintiff City of San José*

16
     CITY OF WILSONVILLE
17
     */s/ Amanda R. Guile-Hinman*
18   Amanda R. Guile-Hinman, WSBA #46282
     29799 SW Town Center Loop E
19   Wilsonville, OR 97070
     guile@wilsonvilleoregon.gov
20   (503) 570-1509
21
     *Attorneys for the City of Wilsonville*
22

23   CENTRAL PUGET SOUND REGIONAL
     TRANSIT AUTHORITY
24
     */s/ Andrés Muñoz*
25   Andrés Muñoz, WSBA #50224
     Desmond Brown, WSBA #16232
26   Central Puget Sound Regional Transit Authority
     401 S. Jackson St.
27

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Seattle, WA 98104
(206) 665-8989
andres.munoz@soundtransit.org
desmond.brown@soundtransit.org

*Attorneys for the Central Puget Sound Regional Transit Authority*

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.

*/s/ Jeffrey S. Myers*
Jeffrey S. Myers, WSBA #16390
Erin L. Hillier, WSBA #42883
Jakub Kocztorz, WSBA #61393
P.O. Box 11880
Olympia, WA 98508
T: (360) 754-3480
F: (360) 357-3511
jmyers@lldkb.com
ehillier@lldkb.com
jkocztorz@lldkb.com

*Attorneys for Plaintiff Intercity Transit*

PORT OF SEATTLE
Anderson & Kreiger LLP

*/s/ Melissa C. Allison*
Melissa C. Allison (MA Bar No. 657470)*
David S. Mackey (MA Bar No. 542277)*
Christina S. Marshall (MA Bar No. 688348)*
Anderson & Kreiger LLP
50 Milk Street, Floor 21
Boston, MA 02109
(617) 621-6500
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
cmarshall@andersonkreiger.com

*Attorneys for Plaintiff Port of Seattle*

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 25
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

KING COUNTY REGIONAL
HOMELESSNESS AUTHORITY

*/s/ Edmund Witter*
Edmund Witter, WSBA #52339
King County Regional Homelessness Authority
400 Yesler Way Suite 600
Seattle, WA 98104
(206) 639-7013
Edmund.witter@kcrha.org

*Attorneys for Plaintiff King County Regional
Homelessness Authority*

*\* Pro Hac Vice application forthcoming*

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 26
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on May 21st, 2025, I served a true and correct copy of the foregoing

document on the following parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Annalisa L. Cravens<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>annalisa.cravens@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for Defendants Scott Turner, U.S. Dept. of Housing and Urban Development, Sean Duffy, U.S. Dept. of Transportation, Tariq Bokhari, the Federal Transit Administration, Gloria M. Shepherd, the Federal Highway Administration, Chris Rocheleau, the Federal Aviation Administration, Drew Feeley, the Federal Railroad Administration* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of

Washington that the foregoing is true and correct.

DATED this 21st day of May, 2025.

/s/ Gabriela DeGregorio
Gabriela DeGregorio
Litigation Assistant
Pacifica Law Group LLP

PLAINTIFFS' SECOND MOTION FOR TRO AND
PRELIMINARY INJUNCTION – 27
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750