THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY, et al.,

                              Plaintiffs,

vs.

SCOTT TURNER in his official capacity
as Secretary of the U.S. Department of
Housing and Urban Development, et al.,

                              Defendants.

No. 2:25-cv-00814-BJR

ORDER GRANTING PLAINTIFFS'
SECOND MOTION FOR
PRELIMINARY INJUNCTION

[PROPOSED]

This matter came before the Court on the moving Plaintiffs' combined Second Motion for

Temporary Restraining Order and Preliminary Injunction ("Motion").[1] Having considered the

---

[1] The moving Plaintiffs as to the portion of the Motion seeking a preliminary injunction as to the CoC Conditions, as further defined below, are: City of Cambridge ("Cambridge"), King County Regional Homelessness Authority ("KCRHA"), Metropolitan Government of Nashville & Davidson County ("Nashville"), City of Pasadena ("Pasadena"), Pima County, City of San José ("San José"), Santa Monica Housing Authority ("Santa Monica HA"), and City of Tucson ("Tucson") (collectively, "HUD Plaintiffs"). The moving Plaintiffs as to the portion of the Motion seeking a preliminary injunction as to the DOT Grant Conditions, as further defined below, are: City of Bend ("Bend"), City of Boston ("Boston"), City of Chicago ("Chicago"), City of Columbus ("Columbus"), City of Culver City ("Culver City"), City of Denver ("Denver"), Intercity Transit, Martin Luther King, Jr. County ("King County"), City of Minneapolis ("Minneapolis"), Nashville, City of New York ("NYC"), Pierce County, Pima County, City of Pittsburgh ("Pittsburgh"), Port of Seattle ("Seattle"), City of Portland ("Portland"), City and County of San Francisco ("San Francisco"), San José, County of Santa Clara ("Santa Clara"), City of Santa Monica ("Santa Monica"), Snohomish County, County of Sonoma ("Sonoma County"), Central Puget Sound Regional Transit Authority ("Sound Transit"), San Francisco County Transportation Authority ("SFCTA"), Treasure Island Mobility Management Agency ("TIMMA"), Tucson, and City of

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

briefs and declarations submitted in support of and in opposition to the Motion, the briefs and declarations submitted in support of and in opposition to the original Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction, and the other pleadings and papers filed in this action, the Court makes the following Findings of Fact and Conclusions of Law with respect to the portion of the Motion seeking a preliminary injunction.

## I.    FINDINGS OF FACT

### A.    Continuum of Care Grant Conditions

1.    The HUD Plaintiffs rely on federal funding from the Continuum of Care (CoC) program established by Congress to provide critical services to individuals and families experiencing homelessness, including rapid rehousing, permanent supportive housing, and other services.

2.    In July 2024, Defendant U.S. Department of Housing and Urban Development (HUD) posted a biennial Notice of Funding Opportunity (NOFO), inviting applications from local coalitions, known as "Continuums," for CoC funding. None of the conditions challenged here were included in the NOFO. After reviewing applications, HUD conditionally awarded the HUD Plaintiffs and their Continuums hundreds of millions of dollars in CoC grants in Fiscal Year 2024. Relying on these awards, the HUD Plaintiffs have already committed, and in some cases expended, millions of dollars for homelessness assistance services.

3.    In March 2025, HUD began presenting the HUD Plaintiffs with CoC grant agreements ("CoC Agreements") containing grant conditions ("CoC Grant Conditions") that were not included in the NOFO or authorized by any statute or regulation, specifically:

---

Wilsonville ("Wilsonville") (collectively, "DOT Plaintiffs" and, together with HUD Plaintiffs, "Plaintiffs").

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

a.  The CoC Agreements state that "[t]his Agreement, the Recipient's use of funds provided under this Agreement . . . , and the Recipient's operation of projects assisted with Grant Funds" are "governed by" not only certain specified statutes, rules, and grant-related documents, but also by "all current Executive Orders . . . ."

b.  The CoC Agreements require the recipient to certify "it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964." The CoC Agreements also require the recipient to agree that "its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions" for purposes of the False Claims Act (FCA), 31 U.S.C. §§ 3729 et seq. President Donald J. Trump, HUD, and other agencies have confirmed their agenda is to prohibit policies or programs promoting inclusion for people of all races, ethnicities, national origins, sexes, gender identities, or sexual orientations through the guise of enforcing federal nondiscrimination law.

c.  The CoC Agreements provide that "[n]o state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation."

d.  The CoC Agreements further require the recipient to comply with "applicable requirements that HUD, the Attorney General, or the U.S. Center for

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Immigration Services may establish from time to time to comply with PRWORA, Executive Order 14218, other Executive Orders or immigration laws."

e.  The CoC Agreements also provide:

> Subject to the exceptions provided by [the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (PRWORA)], the recipient must use [the Systematic Alien Verification for Entitlements (SAVE) system], or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States.

f.  The CoC Agreements require the recipient to agree it "shall not use grant funds to promote 'gender ideology,' as defined in [Executive Order] 14168."

g.  The CoC Agreements prohibit the recipient from using grant funds "to fund or promote elective abortions, as required by [Executive Order] 14182, Enforcing the Hyde Amendment."

4.  On May 7, 2025, this Court entered a temporary restraining order (TRO) enjoining Defendants HUD and Scott Turner from, among other things, imposing or enforcing the CoC Grant Conditions, rescinding or canceling the CoC Agreements or withholding funds based on such conditions, or requiring any "certification" or representation related to the those conditions with respect to the Plaintiffs who joined the initial TRO motion.[2] On May 21, 2025, this Court extended the TRO. The TRO served, in part, to prevent imminent and irreparable harms that those Plaintiffs faced from having to choose between accepting conditions that are likely unlawful or losing hundreds of millions of dollars in federal grant funding, including funding they had already

---

[2] Plaintiffs King County, Pierce County, Snohomish County, San Francisco, Santa Clara, Boston, and NYC joined the first Motion for TRO as to the CoC Grant Conditions. *See* Dkt. # 5.

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

budgeted and were committed to spending and that was necessary to serve vulnerable residents.

5.     On May 21, 2025, Plaintiffs filed an Amended Complaint that, among other things, named additional Plaintiffs including the HUD Plaintiffs. The HUD Plaintiffs assert the same claims and allege materially similar harms with respect to the CoC Grant Conditions.

6.     For similar reasons to those stated in this Court's May 7 TRO (Dkt. # 52), the HUD Plaintiffs face immediate and irreparable harms during the pendency of this litigation absent a preliminary injunction. The HUD Plaintiffs have an immediate need to receive CoC funds to sustain ongoing programs and services and are faced with the choice of losing these funds or accepting conditions that are likely unlawful. The HUD Plaintiffs have begun budgeting, planning, and contracting with service providers, some of whom are already incurring costs and expect reimbursement; households reliant on private rentals are at risk of eviction if there is even a short-term interruption of rent payments covered by CoC funds; and the interruption of funds could threaten the operation of supportive housing. Ultimately, any delay or loss of funding would result in disruption of services and cause irreparable damage to individuals' lives. For example:

   a.   Without CoC funding, over 200 individuals in Cambridge would potentially lose their housing and access to critical supportive services, and the loss of supportive housing capacity would further strain Cambridge's emergency shelter system.

   b.   KCRHA supports 1,381 households with CoC-funded transitional housing rapid rehousing, and other related programs. The loss of these funds would lead inevitably to the loss of housing for many of these vulnerable households and, in some instances, their returning to homelessness.

   c.   Similarly, a loss of CoC funding would place 850 Tucson residents enrolled in

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 5
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

supportive housing programs at immediate risk of displacement—a contingency Tucson has already had to account for by, among other things, operating permanent supportive housing programs below full capacity.

**B.    The DOT Grant Conditions**

7.    The DOT Plaintiffs have billions of dollars in appropriated funds through grant programs administered by the U.S. Department of Transportation (DOT), including DOT acting through its operating administrations the Federal Highway Administration (FHWA), Federal Aviation Administration (FAA), Federal Railroad Administration (FRA), and Federal Transit Administration (FTA) (collectively, the "DOT OAs," and together with Defendants DOT, Sean Duffy, Tariq Bokhari, Gloria M. Shepherd, Chris Rocheleau, and Drew Feeley, the "DOT Defendants").

8.    On April 24, 2025, DOT Secretary Sean Duffy issued a letter to "all recipients" of DOT grant funding announcing, among other things, a DOT "policy" to impose certain conditions on all DOT funding, including grants administered by DOT and the DOT OAs. In particular, Secretary Duffy's letter states that grant recipients' "legal obligations require cooperation generally with Federal authorities in the enforcement of Federal law, including cooperating with and not impeding U.S. Immigration and Customs Enforcement (ICE) and other Federal offices and components of the Department of Homeland Security in the enforcement of Federal immigration law." It also states that DOT interprets federal anti-discrimination law to presumptively prohibit "any policy, program, or activity that is premised on a prohibited classification, including discriminatory policies or practices designed to achieve so-called 'diversity, equity, and inclusion' . . . goals." Finally, the letter states that "DOT recipients are prohibited from engaging in discriminatory actions in their own policies, programs, and activities."

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 6
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

9.      Pursuant to the policy set forth in Secretary Duffy's letter, the DOT Defendants began attaching new conditions related to immigration enforcement, executive orders, and diversity, equity, and inclusion (DEI) to DOT-funded grants.

10.     For instance, several DOT Plaintiffs were previously awarded FTA funds pursuant to programs codified in title 49, chapter 53 of the U.S. Code. These funds were awarded without any of the conditions challenged here.

11.     On April 25, 2025, FTA issued a revised Master Agreement, which applies to FTA grants awarded to the DOT Plaintiffs. The new Master Agreement contains the following new conditions ("FTA Grant Conditions"):

    a.   The FTA Master Agreement requires the recipient to "agree[] to comply with all applicable federal requirements and follow applicable federal guidance." The Master Agreement defines "Federal Requirement" to include "[a]n applicable federal law, regulation, or executive order."

    b.   The FTA Master Agreement provides:

       (1) Pursuant to section (3)(b)(iv)(A) [of Executive Order 14173], the Recipient agrees that its compliance in all respects with all applicable Federal antidiscrimination laws is material to the government's payment decisions for purposes of [the FCA].

       (2) Pursuant to section (3)(b)(iv)(B) [of Executive Order 14173], by entering into this Agreement, the Recipient certifies that it does not operate any programs promoting [DEI] initiatives that violate any applicable Federal anti-discrimination laws.

While FTA grants have long required compliance with nondiscrimination laws, DOT has confirmed its intent to enforce a sweeping interpretation of these conditions inconsistent with statutory text and current court interpretations of the Federal antidiscrimination laws.

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 7
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

c.   The FTA Master Agreement also provides:

> The Recipient . . . will cooperate with Federal officials in the enforcement of Federal law, including cooperating with and not impeding U.S. Immigration and Customs Enforcement (ICE) and other Federal offices and components of the Department of Homeland Security in the enforcement of Federal immigration law.

12.     This Court's initial TRO enjoined Defendants DOT, FTA, Sean Duffy, and Mathew Welbes from, among other things, imposing or enforcing the FTA Grant Conditions, rescinding or canceling FTA funds or withholding funds based on such conditions, or requiring any "certification" or representation related to the those conditions as to Plaintiff King County—the sole Plaintiff to initially seek preliminary relief from the FTA Grant Conditions. This aspect of the TRO served, in part, to prevent immediate and irreparable harms that King County faced from having to choose between accepting likely unlawful conditions or losing hundreds of millions in FTA funding.

13.     In recent weeks, DOT and the remaining DOT OAs have attached substantially similar conditions to numerous other DOT grants. These include programs administered by FHWA, such as the Safe Streets and Roads for All (SS4A) program, the Federal Highway-Aid Program, the Bridge Investment Program, the Culvert Aquatic Organism Passage Program, and the Advanced Transportation Technology and Innovation (ATTAIN) program; programs administered by FAA, such as the Airport Infrastructure Grants (AIG) program; programs administered by the FRA, such as the Railroad Crossing Elimination (RCE) Grant Program; and programs administered directly by DOT, such as the Strengthening Mobility and Revolutionizing Transportation (SMART) discretionary grant program. Moreover, Defendants Duffy, DOT, and the DOT OAs have made clear that these conditions will now appear in all DOT grants going forward.

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

14.     DOT and the remaining DOT OAs have provided grant agreements governing grant programs that contain substantially the same three conditions as in the FTA Master Agreement (collectively and together with the FTA Grant Conditions, the "DOT Grant Conditions"):

a.  First, the DOT Defendants have imposed a discrimination condition ("DOT Discrimination Condition") that requires grant recipients, "[p]ursuant to Section (3)(b)(iv), Executive Order 14173" to agree that "its compliance in all respects with all applicable Federal antidiscrimination laws is material to the government's payment decisions for purposes of [the False Claims Act]," and that "it does not operate any programs promoting [DEI] initiatives that violate any applicable Federal anti-discrimination laws."

b.  Second, the DOT Defendants have imposed an immigration enforcement condition ("DOT Immigration Enforcement Condition") that requires recipients to "cooperate with Federal officials in the enforcement of Federal law, including cooperating with and not impeding U.S. Immigration and Customs Enforcement (ICE) and other Federal offices and components of the Department of Homeland Security in the enforcement of Federal immigration law."

c.  Third, the DOT Defendants have imposed a condition ("DOT EO Condition") that requires recipients to "comply with all applicable Federal laws, regulations, executive orders, policies, guidelines, and requirements as they relate to the application, acceptance, and use of Federal funds for this [grant]" and lists, among other things, Executive Orders 14168 ("Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Government") and 14173 ("Ending Illegal Discrimination and Restoring Merit-Based Opportunity"), as well as two criminal immigration statutes (8 U.S.C. § 1324 and 8 U.S.C. § 1327) as "provisions" that are "applicable" to grant agreements.

15.    For similar reasons to those stated in this Court's May 7 TRO (Dkt. # 52), the DOT Plaintiffs face immediate and irreparable harms during the pendency of this litigation absent a preliminary injunction. Any delay or loss of DOT funding would force the DOT Plaintiffs to substantially curtail existing and planned transportation safety and other improvement operations, including enhancing pedestrian safety, conducting airport safety and resiliency improvements, maintaining and replacing a range of transit vehicles, and implementing advanced transportation technology. In some cases, the DOT Plaintiffs need to draw down grant awards immediately or else divert resources from other projects or services and face significant project delays. The loss of DOT funding would require the DOT Plaintiffs to fundamentally rework their longstanding financial plans and procedures, capital project delivery processes, and service delivery models in ways that could have significant impacts on their missions, employees, and constituents. Given the significance of the impacts, the uncertainty surrounding continued DOT funding is already causing the DOT Plaintiffs harm. To give just a few examples:

a.    A loss of FHWA funding would require Nashville to immediately delay, and ultimately postpone indefinitely, pedestrian and driver safety improvements to Nolensville Pike, a major thoroughfare that has experienced scores of fatalities in recent years. Such a delay or postponement would result in increased safety risks to Nashville residents and likely additional traffic accidents and fatalities.

b.    San Francisco Municipal Transit Agency (SFMTA) is relying on $94.8 million

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

in formula grants from FTA to replace legacy light rail vehicles that are at the end of their useful lives. Even the possibility of being unable to execute this grant is undermining SFMTA's ability to plan for the completion of this project, which is already under contract, as replacing the remaining vehicles would require diverting resources from other necessary work.

c. A loss of FAA funding would force King County to indefinitely postpone grant-funded projects that are already underway at King County International Airport, including rehabilitation of its secondary runway and taxiway, which, according to the FAA, are currently out of compliance with FAA requirements. Postponing or canceling these projects would lead to continued deterioration of airport infrastructure.

d. San José and other stakeholders have already invested substantial time and resources into a project to install traffic signals in reliance on $1.2 million in FRA funds. A loss of FRA funding would force San José to divert funds from other critical work to keep the project afloat because canceling the project would entail losing all of San José's existing investment in the project, including $381,956 in reimbursements San José has paid to Union Pacific. San José has no alternative sources of funding available.

e. Finally, uncertainty as to the availability of already-awarded DOT funds is negatively impacting plans Minneapolis developed for a DOT SMART grant project to create digital tools to better manage curb space. Loss of DOT SMART funds would require eliminating the project, resulting in worsened safety risks, deterioration of air quality, and inefficiencies due to increasing

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 11
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

competition for limited curb space related to rideshares, food-delivery services, e-commerce, and parking demands. Without clarity as to the availability of funds, Minneapolis has had to delay hiring personnel and purchasing equipment needed to complete the project.

## II.    CONCLUSIONS OF LAW

1.    The Court has jurisdiction over Defendants and the subject matter of this action. Plaintiffs' claims are not subject to the Tucker Act because the sources of their asserted rights are the U.S. Constitution and statutes, including the Separation of Powers doctrine, the Spending Clause, the Tenth Amendment, and the Administrative Procedure Act (APA). Moreover, the type of relief Plaintiffs seek is declaratory and injunctive, precisely the kind of relief that is generally not available in the Court of Federal Claims. *See Doe v. Tenet*, 329 F.3d 1135, 1141 (9th Cir. 2003).

2.    The Court deems no security bond is required under Rule 65(c).

3.    Plaintiffs have standing to bring this suit. "A loss of funds promised under federal law satisfies Article III's standing requirement." *City & Cnty. of S.F. v. Trump* ("*San Francisco*"), 897 F.3d 1225, 1235 (9th Cir. 2018); *see also Dep't of Commerce v. New York*, 588 U.S. 752, 767 (2019). Here, Plaintiffs have been awarded or conditionally awarded federal grant funds that they could lose unless they accept unlawful conditions that would dictate how they govern on matters of public concern. This imminent loss of funds or infringement of rights is traceable to the conditions at issue and redressable by an order barring their enforcement. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up).

4.    To obtain a preliminary injunction, the moving Plaintiffs must establish (1) they are likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 12
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(b)(1).

5.      There is a strong likelihood that the HUD Plaintiffs will succeed on the merits of their claims that the CoC Grant Conditions violate (1) the Constitution's separation of powers doctrine, *San Francisco*, 897 F.3d at 1234; (2) the Spending Clause, *S. Dakota v. Dole*, 483 U.S. 203, 207–08 (1987); (3) the Tenth Amendment, *Nat'l Fed'n of Indep. Bus. v. Sebelius* ("*NFIB*"), 567 U.S. 519, 577–78 (2012); and (4) the APA, 5 U.S.C. § 706(2).

6.      There is a strong likelihood that the DOT Plaintiffs will succeed on the merits of their claims that the DOT Grant Conditions violate (1) the Constitution's separation of powers doctrine, *San Francisco*, 897 F.3d at 1234; (2) the Spending Clause, *Dole*, 483 U.S. at 207–08; (3) the Tenth Amendment, *NFIB*, 567 U.S. at 577–78; and (4) the APA, 5 U.S.C. § 706(2).

7.      The HUD Plaintiffs and the DOT Plaintiffs have also shown that they are likely to suffer irreparable harm during the pendency of litigation in the absence of a preliminary injunction.

8.      The balance of equities tips toward the HUD Plaintiffs and the DOT Plaintiffs and the public interest strongly weighs in favor of entering a preliminary injunction.

### III.    ORDER

It is now, therefore, ORDERED as follows:

1.      Plaintiffs' Second Motion for Preliminary Injunction is GRANTED;

2.      HUD and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined HUD Parties"), are enjoined from (1) imposing or enforcing the CoC Grant Conditions, as defined in the Motion, or any materially similar terms or conditions with respect to any CoC funds awarded to the HUD Plaintiffs or members of their Continuums; (2) as to the HUD Plaintiffs, rescinding,

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 13
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

withholding, or cancelling any CoC Grant Agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning CoC funds, based on such terms or conditions; or (3) requiring the HUD Plaintiffs to make any "certification" or other representation related to compliance with such terms or conditions;

3.    The Enjoined HUD Parties shall immediately treat any actions taken to implement or enforce the CoC Grant Conditions or any materially similar terms or conditions as to the HUD Plaintiffs or their Continuums, including any delays or withholding of funds based on such conditions, as null, void, and rescinded, and may not retroactively apply such conditions to grant agreements executed during the effective period of this preliminary injunction. The Enjoined HUD Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation;

4.    DOT, the DOT OAs, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined DOT Parties"), are enjoined from (1) imposing or enforcing the DOT Grant Conditions, as defined in the Motion, or any materially similar terms or conditions to any DOT funds awarded, directly or indirectly, to the DOT Plaintiffs or their subrecipients; (2) as to the DOT Plaintiffs or their subrecipients, rescinding, withholding, or cancelling the DOT grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning DOT funds, based on such terms or conditions; or (3) requiring the DOT Plaintiffs or their subrecipients to make any "certification" or other representation related to compliance with such terms or conditions;

5.    The Enjoined DOT Parties shall immediately treat any actions taken to implement or enforce the DOT Grant Conditions or any materially similar terms or conditions as to DOT

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 14
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

funds awarded, directly or indirectly, to the DOT Plaintiffs or their subrecipients, including any delays or withholding of funds based on such conditions, as null, void, and rescinded, and may not retroactively apply such conditions to grant agreements executed during the effective period of this preliminary injunction. The Enjoined DOT Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation;

6.      Defendants' counsel shall provide written notice of this Order to all Defendants and agencies and their employees by the end of the second day after issuance of this Order;

7.      By the end of the second day after issuance of this Order, the Defendants SHALL FILE on the Court's electronic docket and serve upon Plaintiffs a Status Report documenting the actions that they have taken to comply with this Order, including a copy of the notice and an explanation as to whom the notice was sent;

8.      This order remains in effect pending further orders from this Court.

Dated this ___ day of _____, 2025.


_____
HONORABLE BARBARA J. ROTHSTEIN

Presented by:

PACIFICA LAW GROUP LLP

*/s/ Paul J. Lawrence*
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Luther Reed-Caulkins, WSBA #62513

*Attorneys for All Plaintiffs*

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 15
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

LEESA MANION
King County Prosecuting Attorney

*/s/ David J. Hackett*
David J. Hackett, WSBA #21234
Alison Holcomb, WSBA #23303
Erin Overbey, WSBA #21907
Cristy Craig, WSBA #27451
Donna Bond, WSBA #36177

*Attorneys for Plaintiff Martin Luther*
*King, Jr. County*


JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #39718
Rebecca E. Wendling, WSBA #35887

*Attorneys for Plaintiff Snohomish County*


DAVID CHIU
San Francisco City Attorney

*/s/ David Chiu*
David Chiu (CA Bar No. 189542)
Yvonne R. Meré (CA Bar No. 175394)
Mollie M. Lee (CA Bar No. 251404)
Sara J. Eisenberg (CA Bar No. 269303)
Ronald H. Lee (CA Bar No. 238720)
Alexander J. Holtzman (CA Bar No. 311813)

*Attorneys for Plaintiffs City and County of*
*San Francisco, San Francisco County*
*Transportation Authority, and Treasure*
*Island Mobility Management Agency*


OFFICE OF THE COUNTY COUNSEL,
COUNTY OF SANTA CLARA

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  */s/ Tony LoPresti*
2  Tony LoPresti (CA Bar No. 289269)
   Kavita Narayan (CA Bar No. 264191)
3  Meredith A. Johnson (CA Bar No. 291018)
   Stefanie L. Wilson (CA Bar No. 314899)
4  Cara H. Sandberg (CA Bar No. 291058)

5
   *Attorneys for Plaintiff County of Santa Clara*
6

7  ADAM CEDERBAUM
   Corporation Counsel, City of Boston
8
   */s/ Samantha H. Fuchs*
9  Samantha H. Fuchs (MA BBO No. 708216)
10 Samuel B. Dinning (MA BBO No. 704304)

11 *Attorneys for Plaintiff City of Boston*

12

13 CITY OF COLUMBUS, DEPARTMENT OF LAW
   ZACH KLEIN, CITY ATTORNEY
14
   */s/ Richard N. Coglianese*
15 Richard N. Coglianese (OH Bar No. 0066830)

16
   *Attorney for Plaintiff City of Columbus*
17

18 PUBLIC RIGHTS PROJECT

19 */s/ Sharanya Mohan*
20 Sharanya (Sai) Mohan (CA Bar No. 350675)
   Naomi Tsu (OR Bar No. 242511)
21 Toby Merrill (MA Bar No. 601071)*

22 *Counsel for Plaintiffs City of Columbus, City
   & County of Denver, Metro Government of*
23 *Nashville & Davidson County, Pima County,
   County of Sonoma, City of Bend, City of*
24 *Cambridge, City of Chicago, City of Culver
   City, City of Minneapolis, City of Pasadena,*
25 *City of Pittsburgh, City of Portland, City of
   San José, City of Santa Monica, City of*
26 *Tucson, City of Wilsonville, and Santa Monica
   Housing Authority*
27

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 17
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2   MURIEL GOODE-TRUFANT
3   Corporation Counsel of the City of New York

4   */s/ Doris Bernhardt*
    Doris Bernhardt (NY Bar No. 4449385)
5   Joshua P. Rubin (NY Bar No. 2734051)
    Aatif Iqbal (NY Bar No. 5068515)
6

7   *Attorneys for Plaintiff City of New York*

8
    ASHLEY M. KELLIHER
9   DAVID P. STEINBERGER
    Assistant City Attorneys
10

11  */s/ Ashley M. Kelliher*
    Ashley M. Kelliher (CO Bar No. 40220)*
12  David P. Steinberger (CO Bar No. 48530)*

13  *Attorneys for Plaintiff City and County of Denver*

14

15  LAURA CONOVER
    Pima County Attorney
16

17  */s/ Samuel E. Brown*
    Samuel E. Brown (AZ Bar No. 027474)*
18  Bobby Yu (AZ Bar No. 031237)*
    Kyle Johnson (AZ Bar No. 032908)*
19

20  *Attorneys for Plaintiff Pima County*

21  ROBERT H. PITTMAN, County Counsel
22
    */s/ Joshua A. Myers*
23  Joshua A. Myers (CA Bar No. 250988)*

24  *Attorneys for Plaintiff County of Sonoma*

25
    OFFICE OF THE CITY ATTORNEY
26  FOR THE CITY OF BEND

27

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 18
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

/s/ Ian M. Leitheiser
Ian M. Leitheiser (OSB #993106)*
Elizabeth Oshel (OSB #104705)*
Michael J. Gaffney (OSB #251680)*

*Attorneys for Plaintiff City of Bend*

CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

/s/ Megan B. Bayer
Megan B. Bayer (MA BBO No. 669494)*
Elliott J. Veloso (MA BBO No. 677292)*
Diane Pires (MA BBO No. 681713)*

*Attorneys for Plaintiff City of Cambridge*

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

/s/ Rebecca Hirsch
Rebecca Hirsch (IL Bar No. 6279592)*
Chelsey Metcalf (IL Bar No. 6337233)*

*Attorneys for Plaintiff City of Chicago*

KRISTYN ANDERSON
City Attorney

/s/ Kristyn Anderson
Kristyn Anderson (MN Lic. 0267752)*
Sara J. Lathrop (MN Lic. 0310232)*
Munazza Humayun (MN Lic. 0390788)*

*Attorneys for Plaintiff City of Minneapolis*

KRYSIA KUBIAK, Esq.
City Solicitor

/s/ Julie E. Koren

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 19
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  Julie E. Koren (PA Bar No. 309642)*

2  *Counsel for Plaintiff City of Pittsburgh*

3

4  ROBERT TAYLOR
   Portland City Attorney

5

6  */s/ Caroline Turco*
   Caroline Turco (OR Bar No. 083813)*

7

   *Attorney for Plaintiff City of Portland*

8

9  NORA FRIMANN
   City Attorney

10

11 */s/ Nora Frimann*
   Nora Frimann (CA Bar No. 93249)*

12 Elisa Tolentino (CA Bar No. 245962)*

13 *Attorneys for Plaintiff City of San José*

14

15 CITY OF WILSONVILLE

16 */s/ Amanda R. Guile-Hinman*
   Amanda R. Guile-Hinman, WSBA #46282

17

   *Attorneys for the City of Wilsonville*

18

19 CENTRAL PUGET SOUND REGIONAL
   TRANSIT AUTHORITY

20

21 */s/ Andrés Muñoz*
   Andrés Muñoz, WSBA #50224

22 Desmond Brown, WSBA #16232

23 *Attorneys for the Central Puget Sound*
   *Regional Transit Authority*

24

25 LAW, LYMAN, DANIEL, KAMERRER
   & BOGDANOVICH, P.S.

26

27

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 20
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    /s/ Jeffrey S. Myers
     Jeffrey S. Myers, WSBA #16390
2    Erin L. Hillier, WSBA #42883
3    Jakub Kocztorz, WSBA #61393

4    *Attorneys for Plaintiff Intercity Transit*

5

     PORT OF SEATTLE
6    Anderson & Kreiger LLP

7    /s/ Melissa C. Allison
8    Melissa C. Allison (MA Bar No. 657470)*
     David S. Mackey (MA Bar No. 542277)*
9    Christina S. Marshall (MA Bar No. 688348)*

10   *Attorneys for Plaintiff Port of Seattle*

11

12   KING COUNTY REGIONAL
     HOMELESSNESS AUTHORITY
13

14   /s/ Edmund Witter
     Edmund Witter, WSBA #52339
15
     *Attorneys for Plaintiff King County Regional*
16   *Homelessness Authority*

17        * *Pro Hac Vice application forthcoming*

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 21
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750