The Honorable Barbara Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY, et al.,

                          Plaintiffs,

    v.

SCOTT TURNER, in his official capacity
as Secretary of the U.S. Department of
Housing and Urban Development, et al.,

                    Defendants.

No. 2:25-cv-00814-BJR

DECLARATION OF COUNTY OF
SANTA CLARA DIRECTOR OF
ROADS AND AIRPORTS
DEPARTMENT HARRY FREITAS

I, HARRY FREITAS, declare as follows:

1.      I make this declaration in support of Plaintiffs' Second Motion for a Preliminary Injunction.  I am a resident of the State of California.  I have personal knowledge of all facts stated in this declaration, and if called to do so, I could and would testify to them competently under oath.

2.      I am the Director of the County of Santa Clara Roads and Airports Department, a position I have held from 2017 to present.  Prior to this position I was employed for 27 years with the City of San José, where I served as the Director of Planning, Building, and Code Enforcement, Assistant Director of Public Works, Deputy Director of Public Works, Division Manager, Associate Engineer, and Project Engineer in the Public Works Department, and a Senior Engineer in the Department of Transportation.  I graduated from San José State

University in 1990 with a degree in Civil Engineering.  I am a Registered Professional Engineer licensed to practice in the State of California.

3.      The mission of the Roads and Airports Department is to preserve, operate, and enhance the County's expressways, unincorporated roads, and two general aviation airports in a safe, timely, and cost-effective manner to meet the needs of the traveling public.  The Roads and Airports Department operates and maintains approximately 62 miles of expressway and 635 miles of rural and urban roadways in unincorporated areas, including approximately 170 bridges listed in the National Bridge Inventory (NBI), along with over 100 small bridges and culverts that are not registered in the NBI.

4.      As the Director of the Roads and Airports Department, I oversee the County's Infrastructure Development Division, which provides engineering, project delivery, transportation planning, development services, and technical support services to the Roads and Airports Department and the public.  The Infrastructure Development Division includes the Bridge Design Section, which performs bridge inspections and delivers bridge improvement projects including preventive maintenance, repairs, rehabilitations, and replacements.  To give a recent example, the County's Alamitos Creek Bridge replacement project involved replacing a structurally deficient and unsafe two-lane bridge that was originally constructed in 1935, subsequently widened in 1964, and in 1989 was not far from the epicenter of the 6.9 magnitude Loma Prieta earthquake.

5.      The Roads and Airports Department relies on federal funding from the United States Department of Transportation's Federal Highway Administration (FHWA).  For example, the County receives funding through the Highway Bridge Program (HBP), which provides federal funding to local public agencies to replace and rehabilitate structurally deficient public

DECLARATION OF HARRY FREITAS - 2

highway bridges or complete preventive maintenance on bridges.  The County currently has more than fifteen active projects that have received or are set to receive HBP funding.  My staff has informed me that those projects collectively represent more than $140 million in programmed federal funds and $55 million in obligated federal funds, of which approximately $11.2 million has not yet been billed for reimbursement.  The County also receives funding from the FHWA Surface Transportation Block Grant Program.  Currently, $450,000 of federal funds have been obligated to the County, of which more than $448,000 has not yet been received by the County.  In addition, the County anticipates receiving more than $16 million in funding programmed by FHWA through the Emergency Relief Program, which provides federal funding to repair federal-aid highways and federal lands roads damaged by natural disaster, in connection with repair work following damage from major storms.

6.    The County receives its FHWA funds pursuant to an Administering Agency-State Agreement for Federal-Aid Projects between the County of Santa Clara and the California Department of Transportation ("Caltrans") dated May 25, 2016 ("Caltrans Agreement").  This agreement generally governs the payment of federal funds by Caltrans to the County, together with Program Supplements that specify the type of work and amount of federal funds to be used for particular phases of the project.

7.    A true and correct copy of the Caltrans Agreement is attached hereto as **Exhibit A**.  Under Article I, Paragraph 9 of the Caltrans Agreement, the County (referred to in the Agreement as the "Administering Agency") must "conform to … all applicable federal laws, regulations, and policy and procedural or instructional memoranda, unless otherwise specifically waived as designated in the executed project-specific PROGRAM SUPPLEMENT."

8.    A true and correct copy of a Program Supplement for one of the County's projects

DECLARATION OF HARRY FREITAS - 3

is attached as **Exhibit B**.  Under Section 2(A) of that agreement, the County (once again referred to as the "Administering Agency") is required to "conform to … all applicable federal laws, regulations, and policy and procedural or instructional memoranda, unless otherwise specifically waived as designated in the executed project-specific PROGRAM SUPPLEMENT."  Other recent Program Supplements to the Caltrans Agreement have been in substantially the same form and included substantially the same language as quoted above.

9.     The County anticipates needing to sign new Program Supplements in the coming months.  For example, the County anticipates potentially needing to sign a new Program Supplement for the County's Alamitos Creek Bridge Replacement project at the end of August.

10.     Under Article I, Paragraph 5 of the Caltrans Agreement, the County must sign a Program Supplement within 90 days of receipt.  I anticipate that future Program Supplements will be in substantially the same form as the Program Supplement attached as Exhibit B and will include substantially the same language.

11.     I understand that on April 24, 2025, Secretary of Transportation Sean Duffy issued a letter addressed "To All Recipients of U.S. Department of Transportation Funding" which stated, among other things, that recipients of federal funding are required to comply with DOT's interpretation of laws related to immigration enforcement and diversity, equity, and inclusion (DEI) policies.  I am also aware that the letter stated that noncompliance could jeopardize continued receipt of federal funding from DOT.  I am additionally aware that DOT has issued new grant funding conditions that impose immigration enforcement and anti-DEI conditions as a requirement to receive funding.  If these new DOT grant funding conditions are inserted into the County's FHWA grant funding conditions, the County could be threatened with the loss of funding for projects supported by FHWA grants should it not accept the conditions.

DECLARATION OF HARRY FREITAS - 4

12.     The County would face significant harms if its FHWA funding were withheld or terminated.  The Roads Department's operations are primarily funded by local sales tax and state and federal gasoline taxes, a portion of which is returned to the County in amounts determined by statutory formulas.  In addition to gasoline tax revenues, the Roads Department relies on federal grant programs to support multi-million-dollar projects that are critical to maintaining the safety of County roadways and bridges.  The loss of these funds would be devastating to the Roads Department's budget for and ability to carry out this work.

13.     In addition, the loss of FHWA funding would result in serious harms to public safety.  Nearly all obligated and programmed federal funds are designated for bridges that are in poor condition and around 100 years old.  Loss of this funding would severely impact the County's ability to address these critical infrastructure needs.  Without necessary repairs or replacements, these aging bridges pose a serious public safety hazard and are at increased risk of collapse, particularly in the event of an earthquake.  The withdrawal of funding would likely lead to delays or cancellations of essential bridge replacement projects, resulting in heightened safety risks for both residents and visitors.  It could also force road closures, including routes vital for emergency response and access.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at ___San Jose___, California this __21__ day of May, 2025.

Harry Freitas

DECLARATION OF HARRY FREITAS - 5

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that on May 21, 2025, I served a true and correct copy of the foregoing

4

document on the following parties by the method(s) indicated below:

5

| Brian C. Kipnis<br>Annalisa L. Cravens<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>annalisa.cravens@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for Defendants Scott Turner, U.S.*<br>*Dept. of Housing and Urban Development,*<br>*Sean Duffy, U.S. Dept. of Transportation,*<br>*Tariq Bokhari, the Federal Transit*<br>*Administration, Gloria M. Shepherd, the*<br>*Federal Highway Administration, Chris*<br>*Rocheleau, the Federal Aviation*<br>*Administration, Drew Feeley, the Federal*<br>*Railroad Administration* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

19

I declare under penalty of perjury under the laws of the United States and the State of

20

Washington that the foregoing is true and correct.

21

22

DATED this 21st day of May, 2025.

23

*/s/ Gabriela DeGregorio*

24

Gabriela DeGregorio
Litigation Assistant
Pacifica Law Group LLP

25

26

27

CERTIFICATE OF SERVICE

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# EXHIBIT A

# MASTER AGREEMENT
## ADMINISTERING AGENCY-STATE AGREEMENT FOR
## FEDERAL-AID PROJECTS

| 04 | Santa Clara County |
|---|---|
| District | Administering Agency |

Agreement No. 04-5937F15

This AGREEMENT, is entered into effective this 25th day of May, 20 16, by and between Santa Clara County, hereinafter referred to as "ADMINISTERING AGENCY," and the State of California, acting by and through its Department of Transportation (Caltrans), hereinafter referred to as "STATE", and together referred to as "PARTIES" or individually as a "PARTY."

RECITALS:

1. WHEREAS, the Congress of the United States has enacted the Intermodal Surface Transportation Efficiency Act (ISTEA) of 1991 and subsequent Transportation Authorization Bills to fund transportation programs; and

2. WHEREAS, the Legislature of the State of California has enacted legislation by which certain federal-aid funds may be made available for use on local transportation related projects of public entities qualified to act as recipients of these federal-aid funds in accordance with the intent of federal law; and

3. WHEREAS, before federal funds will be made available for a specific program project, ADMINISTERING AGENCY and STATE are required to enter into an agreement to establish terms and conditions applicable to the ADMINISTERING AGENCY when receiving federal funds for a designated PROJECT facility and to the subsequent operation and maintenance of that completed facility.

NOW, THEREFORE, the PARTIES agree as follows:

## ARTICLE I - PROJECT ADMINISTRATION

1. This AGREEMENT shall have no force or effect with respect to any program project unless and until a project-specific "Authorization/Agreement Summary", herein referred to as "E-76" document, is approved by STATE and the Federal Highway Administration (FHWA).

2. The term "PROJECT", as used herein, means that authorized transportation related project and related activities financed in part with federal-aid funds as more fully-described in an "Authorization/ Agreement Summary" or "Amendment/Modification Summary", herein referred to as "E-76" or "E-76 (AMOD)" document authorized by STATE and the Federal Highway Administration (FHWA).

3. The E-76/E-76 (AMOD) shall designate the party responsible for implementing PROJECT, type of work and location of PROJECT.

4. The PROGRAM SUPPLEMENT sets out special covenants as a condition for the ADMINISTERING AGENCY to receive federal-aid funds from/through STATE for designated PROJECT. The PROGRAM SUPPLEMENT shall also show these federal funds that have been initially encumbered for PROJECT along with the matching funds to be provided by ADMINISTERING AGENCY and/or others. Execution of PROGRAM SUPPLEMENT by the PARTIES shall cause ADMINISTERING AGENCY to adopt all of the terms of this AGREEMENT as though fully set forth therein in the PROGRAM SUPPLEMENT. Unless otherwise expressly delegated in a resolution by the governing body of ADMINISTERING AGENCY, and with written concurrence by STATE, the PROGRAM SUPPLEMENT shall be approved and managed by the governing body of ADMINISTERING AGENCY.

5. ADMINISTERING AGENCY agrees to execute and return each project-specific PROGRAM SUPPLEMENT within ninety (90) days of receipt. The PARTIES agree that STATE may suspend future authorizations/obligations and invoice payments for any on-going or future federal-aid project performed by ADMINISTERING AGENCY if any project-specific PROGRAM SUPPLEMENT is not returned within that ninety (90) day period unless otherwise agreed by STATE in writing.

6. ADMINISTERING AGENCY further agrees, as a condition to the release and payment of federal funds encumbered for the PROJECT described in each PROGRAM SUPPLEMENT, to comply with the terms and conditions of this AGREEMENT and all of the agreed-upon Special Covenants or Remarks incorporated within the PROGRAM SUPPLEMENT, and Cooperative/Contribution Agreement where appropriate, defining and identifying the nature of the specific PROJECT.

7. Federal, state and matching funds will not participate in PROJECT work performed in advance of the approval of the E-76 or E-76 (AMOD), unless otherwise stated in the executed project-specific PROGRAM SUPPLEMENT. ADMINISTERING AGENCY agrees that it will only proceed with the work authorized for that specific phase(s) on the project-specific E-76 or E-76 (AMOD). ADMINISTERING AGENCY further agrees to not proceed with future phases of PROJECT prior to receiving an E-76 (AMOD) from STATE for that phase(s) unless no further federal funds are needed or for those future phase(s).

8. That PROJECT or portions thereof, must be included in a federally approved Federal Statewide Transportation Improvement Program (FSTIP) prior to ADMINISTERING AGENCY submitting the "Request for Authorization".

9. ADMINISTERING AGENCY shall conform to all state statutes, regulations and procedures (including those set forth in the Local Assistance Procedures Manual and the Local Assistance Program Guidelines, hereafter collectively referred to as "LOCAL ASSISTANCE PROCEDURES") relating to the federal-aid program, all Title 23 Code of Federal Regulation (CFR) and 2 CFR part 200 federal requirements, and all applicable federal laws, regulations, and policy and procedural or instructional memoranda, unless otherwise specifically waived as designated in the executed project-specific PROGRAM SUPPLEMENT.

10. If PROJECT is not on STATE-owned right of way, PROJECT shall be constructed in accordance with LOCAL ASSISTANCE PROCEDURES that describes minimum statewide design standards for local agency streets and roads. LOCAL ASSISTANCE PROCEDURES for projects off the National Highway System (NHS) allow STATE to accept either the STATE's minimum statewide design standards or the approved geometric design standards of ADMINISTERING AGENCY. Additionally, for projects off the NHS, STATE will accept ADMINISTERING AGENCY-approved standard specifications, standard plans, materials sampling and testing quality assurance programs that meet the conditions described in the then current LOCAL ASSISTANCE PROCEDURES.

11. If PROJECT involves work within or partially within STATE-owned right-of-way, that PROJECT shall also be subject to compliance with the policies, procedures and standards of the STATE Project Development Procedures Manual and Highway Design Manual and, where appropriate, an executed Cooperative Agreement between STATE and ADMINISTERING AGENCY that outlines the PROJECT responsibilities and respective obligations of the PARTIES. ADMINISTERING AGENCY and its contractors shall each obtain an encroachment permit through STATE prior to commencing any work within STATE rights of way or work which affects STATE facilities.

12. When PROJECT is not on the State Highway System but includes work to be performed by a railroad, the contract for such work shall be prepared by ADMINISTERING AGENCY or by STATE, as the PARTIES may hereafter agree. In either event, ADMINISTERING AGENCY shall enter into an agreement with the railroad providing for future maintenance of protective devices or other facilities installed under the contract.

13. If PROJECT is using STATE funds, the Department of General Services, Division of the State Architect, or its designee, shall review the contract PS&E for the construction of buildings, structures, sidewalks, curbs and related facilities for accessibility and usability. ADMINISTERING AGENCY shall not award a PROJECT construction contract for these types of improvements until the State Architect has issued written approval stating that the PROJECT plans and specifications comply with the provisions of sections 4450 and 4454 of the California Government Code, if applicable. Further requirements and guidance are provided in Title 24 of the California Code of Regulations.

14. ADMINISTERING AGENCY will advertise, award and administer PROJECT in accordance with the current LOCAL ASSISTANCE PROCEDURES unless otherwise stated in the executed project-specific PROGRAM SUPPLEMENT.

15. ADMINISTERING AGENCY shall provide or arrange for adequate supervision and inspection of each PROJECT. While consultants may perform supervision and inspection work for PROJECT with a fully qualified and licensed engineer, ADMINISTERING AGENCY shall provide a full-time employee to be in responsible charge of each PROJECT who is not a consultant.

16. ADMINISTERING AGENCY shall submit PROJECT-specific contract award documents to STATE's District Local Assistance Engineer within sixty (60) days after contract award. A copy of the award documents shall also be included with the submittal of the first invoice for a construction contract by ADMINISTERING AGENCY.

17. ADMINISTERING AGENCY shall submit the final report documents that collectively constitute a "Report of Expenditures" within one hundred eighty (180) days of PROJECT completion. Failure by ADMINISTERING AGENCY to submit a "Report of Expenditures" within one hundred eighty (180) days of project completion will result in STATE imposing sanctions upon ADMINISTERING AGENCY in accordance with the current LOCAL ASSISTANCE PROCEDURES.

18. ADMINISTERING AGENCY shall comply with: (i) section 504 of the Rehabilitation Act of 1973 which prohibits discrimination on the basis of disability in federally assisted programs; (ii) the Americans with Disabilities Act (ADA) of 1990 which prohibits discrimination on the basis of disability irrespective of funding; and (iii) all applicable regulations and guidelines issued pursuant to both the Rehabilitation Act and the ADA.

19. The Congress of the United States, the Legislature of the State of California and the Governor of the State of California, each within their respective jurisdictions, have prescribed certain nondiscrimination requirements with respect to contract and other work financed with public funds. ADMINISTERING AGENCY agrees to comply with the requirements of the FAIR EMPLOYMENT PRACTICES ADDENDUM (Exhibit A attached hereto) and the NONDISCRIMINATION ASSURANCES (Exhibit B attached hereto). ADMINISTERING AGENCY further agrees that any agreement entered into by ADMINISTERING AGENCY with a third party for performance of PROJECT-related work shall incorporate Exhibits A and B (with third party's name replacing ADMINISTERING AGENCY) as essential parts of such agreement to be enforced by that third party as verified by ADMINISTERING AGENCY.

ARTICLE II - RIGHTS OF WAY

1. No contract for the construction of a federal-aid PROJECT shall be awarded until all necessary rights of way have been secured. Prior to the advertising for construction of PROJECT, ADMINISTERING AGENCY shall certify and, upon request, shall furnish STATE with evidence that all necessary rights of way are available for construction purposes or will be available by the time of award of the construction contract.

2. ADMINISTERING AGENCY agrees to indemnify and hold STATE harmless from any liability that may result in the event the right of way for a PROJECT, including, but not limited to, being clear as certified or if said right of way is found to contain hazardous materials requiring treatment or removal to remediate in accordance with Federal and State laws. The furnishing of right of way as provided for herein includes, in addition to all real property required for the PROJECT, title free and clear of obstructions and encumbrances affecting PROJECT and the payment, as required by applicable law, of relocation costs and damages to remainder real property not actually taken but injuriously affected by PROJECT. ADMINISTERING AGENCY shall pay, from its own non-matching funds, any costs which arise out of delays to the construction of PROJECT because utility facilities have not been timely removed or relocated, or because rights of way were not available to ADMINISTERING AGENCY for the orderly prosecution of PROJECT work.

3. Subject to STATE approval and such supervision as is required by LOCAL ASSISTANCE PROCEDURES over ADMINISTERING AGENCY's right of way acquisition procedures, ADMINISTERING AGENCY may claim reimbursement from federal funds for expenditures incurred in purchasing only the necessary rights of way needed for the PROJECT after crediting PROJECT with the fair market value of any excess property retained and not disposed of by ADMINISTERING AGENCY.

4. When real property rights are to be acquired by ADMINISTERING AGENCY for a PROJECT, said ADMINISTERING AGENCY must carry out that acquisition in compliance with all applicable State and Federal laws and regulations, in accordance with State procedures as published in State's current LOCAL ASSISTANCE PROCEDURES and STATE's Right-of-Way Manual, subject to STATE oversight to ensure that the completed work is acceptable under the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, as amended.

5. Whether or not federal-aid is to be requested for right of way, should ADMINISTERING AGENCY, in acquiring right of way for PROJECT, displace an individual, family, business, farm operation, or non-profit organization, relocation payments and services will be provided as set forth in 49 CFR, Part 24. The public will be adequately informed of the relocation payments and services which will be available, and, to the greatest extent practicable, no person lawfully occupying real property shall be required to move from his/her dwelling or to move his/her business or farm operation without at least ninety (90) days written notice from ADMINISTERING AGENCY. ADMINISTERING AGENCY will provide STATE with specific assurances, on each portion of the PROJECT, that no person will be displaced until comparable decent, safe and sanitary replacement housing is available within a reasonable period of time prior to displacement, and that ADMINISTERING AGENCY's relocation program is realistic and adequate to provide orderly, timely and efficient relocation of PROJECT-displaced persons as provided in 49 CFR, Part 24.

6. ADMINISTERING AGENCY shall, along with recording the deed or instrument evidencing title in the name of the ADMINISTERING AGENCY or their assignee, also record an Agreement Declaring Restrictive Covenants (ADRC) as a separate document incorporating the assurances included within Exhibits A and B and Appendices A, B, C and D of this AGREEMENT, as appropriate.

ARTICLE III - MAINTENANCE AND MANAGEMENT

1. ADMINISTERING AGENCY will maintain and operate the property acquired, developed, constructed, rehabilitated, or restored by PROJECT for its intended public use until such time as the parties might amend this AGREEMENT to otherwise provide. With the approval of STATE, ADMINISTERING AGENCY or its successors in interest in the PROJECT property may transfer this obligation and responsibility to maintain and operate PROJECT property for that intended public purpose to another public entity.

2. Upon ADMINISTERING AGENCY's acceptance of the completed federal-aid construction contract or upon contractor being relieved of the responsibility for maintaining and protecting PROJECT, ADMINISTERING AGENCY will be responsible for the maintenance, ownership, liability, and the expense thereof, for PROJECT in a manner satisfactory to the authorized representatives of STATE and FHWA and if PROJECT falls within the jurisdictional limits of another Agency or Agencies, it is the duty of ADMINISTERING AGENCY to facilitate a separate maintenance agreement(s) between itself and the other jurisdictional Agency or Agencies providing for the operation, maintenance, ownership and liability of PROJECT. Until those agreements are executed, ADMINISTERING AGENCY will be responsible for all PROJECT operations, maintenance, ownership and liability in a manner satisfactory to the authorized representatives of STATE and FHWA. If, within ninety (90) days after receipt of notice from STATE that a PROJECT, or any portion thereof, is not being properly operated and maintained and ADMINISTERING AGENCY has not satisfactorily remedied the conditions complained of, the approval of future federal-aid projects of ADMINISTERING AGENCY will be withheld until the PROJECT shall have been put in a condition of operation and maintenance satisfactory to STATE and FHWA. The provisions of this section shall not apply to a PROJECT that has been vacated through due process of law with STATE's concurrence.

3. PROJECT and its facilities shall be maintained by an adequate and well-trained staff of engineers and/or such other professionals and technicians as PROJECT reasonably requires. Said operations and maintenance staff may be employees of ADMINISTERING AGENCY, another unit of government, or a contractor under agreement with ADMINISTERING AGENCY. All maintenance will be performed at regular intervals or as required for efficient operation of the complete PROJECT improvements.

ARTICLE IV - FISCAL PROVISIONS

1. All contractual obligations of STATE are subject to the appropriation of resources by the Legislature and the allocation of resources by the California Transportation Commission (CTC).

2. STATE'S financial commitment of federal funds will occur only upon the execution of this AGREEMENT, the authorization of the project-specific E-76 or E-76 (AMOD), the execution of each project-specific PROGRAM SUPPLEMENT, and STATE's approved finance letter.

3. ADMINISTERING AGENCY may submit signed invoices in arrears for reimbursement of participating PROJECT costs on a regular basis once the project-specific PROGRAM SUPPLEMENT has been executed by STATE.

4. ADMINISTERING AGENCY agrees, as a minimum, to submit invoices at least once every six (6) months commencing after the funds are encumbered on either the project-specific PROGRAM SUPPLEMENT or through a project-specific finance letter approved by STATE. STATE reserves the right to suspend future authorizations/obligations, and invoice payments for any on-going or future federal-aid project by ADMINISTERING AGENCY if PROJECT costs have not been invoiced by ADMINISTERING AGENCY for a six (6) month period.

5. Invoices shall be submitted on ADMINISTERING AGENCY letterhead that includes the address of ADMINISTERING AGENCY and shall be formatted in accordance with LOCAL ASSISTANCE PROCEDURES.

6. ADMINISTERING AGENCY must have at least one copy of supporting backup documentation for costs incurred and claimed for reimbursement by ADMINISTERING AGENCY. ADMINISTERING AGENCY agrees to submit supporting backup documentation with invoices if requested by State. Acceptable backup documentation includes, but is not limited to, agency's progress payment to the contractors, copies of cancelled checks showing amounts made payable to vendors and contractors, and/or a computerized summary of PROJECT costs.

7. Payments to ADMINISTERING AGENCY can only be released by STATE as reimbursement of actual allowable PROJECT costs already incurred and paid for by ADMINISTERING AGENCY.

8. Indirect Cost Allocation Plans/Indirect Cost Rate Proposals (ICAP/ICRP), Central Service Cost Allocation Plans and related documentation are to be prepared and provided to STATE (Caltrans Audits & Investigations) for review and approval prior to ADMINISTERING AGENCY seeking reimbursement of indirect costs incurred within each fiscal year being claimed for State and federal reimbursement. ICAPs/ICRPs must be prepared in accordance with the requirements set forth in 2 CFR, Part 200, Chapter 5 of the Local Assistance Procedural Manual, and the ICAP/ICRP approval procedures established by STATE.

9. Once PROJECT has been awarded, STATE reserves the right to de-obligate any excess federal funds from the construction phase of PROJECT if the contract award amount is less than the obligated amount, as shown on the PROJECT E-76 or E-76 (AMOD).

10. STATE will withhold the greater of either two (2) percent of the total of all federal funds encumbered for each PROGRAM SUPPLEMENT or $40,000 until ADMINISTERING AGENCY submits the Final Report of Expenditures for each completed PROGRAM SUPPLEMENT PROJECT.

11. The estimated total cost of PROJECT, the amount of federal funds obligated, and the required matching funds may be adjusted by mutual consent of the PARTIES hereto with a finance letter, a detailed estimate, if required, and approved E-76 (AMOD). Federal-aid funding may be increased to cover PROJECT cost increases only if such funds are available and FHWA concurs with that increase.

12. When additional federal-aid funds are not available, ADMINISTERING AGENCY agrees that the payment of federal funds will be limited to the amounts authorized on the PROJECT specific E-76 / E-76 (AMOD) and agrees that any increases in PROJECT costs must be defrayed with ADMINISTERING AGENCY's own funds.

13. ADMINISTERING AGENCY shall use its own non-federal funds to finance the local share of eligible costs and all expenditures or contract items ruled ineligible for financing with federal funds. STATE shall make the determination of ADMINISTERING AGENCY's cost eligibility for federal fund financing of PROJECT costs.

14. ADMINISTERING AGENCY will reimburse STATE for STATE's share of costs for work performed by STATE at the request of ADMINISTERING AGENCY. STATE's costs shall include overhead assessments in accordance with section 8755.1 of the State Administrative Manual.

15. Federal and state funds allocated from the State Transportation Improvement Program (STIP) are subject to the timely use of funds provisions enacted by Senate Bill 45, approved in 1997, and subsequent STIP Guidelines and State procedures approved by the CTC and STATE.

16. Federal funds encumbered for PROJECT are available for liquidation for a period of six (6) years from the beginning of the State fiscal year the funds were appropriated in the State Budget. State funds encumbered for PROJECT are available for liquidation only for six (6) years from the beginning of the State fiscal year the funds were appropriated in the State Budget. Federal or state funds not liquidated within these periods will be reverted unless a Cooperative Work Agreement (CWA) is submitted by ADMINISTERING AGENCY and approved by the California Department of Finance (per Government Code section 16304). The exact date of fund reversion will be reflected in the STATE signed finance letter for PROJECT.

17. Payments to ADMINISTERING AGENCY for PROJECT-related travel and subsistence (per diem) expenses of ADMINISTERING AGENCY forces and its contractors and subcontractors claimed for reimbursement or as local match credit shall not exceed rates authorized to be paid rank and file STATE employees under current State Department of Personnel Administration (DPA) rules. If the rates invoiced by ADMINISTERING AGENCY are in excess of DPA rates, ADMINISTERING AGENCY is responsible for the cost difference, and any overpayments inadvertently paid by STATE shall be reimbursed to STATE by ADMINISTERING AGENCY on demand within thirty (30) days of such invoice.

18. ADMINISTERING AGENCY agrees to comply with 2 CFR, Part 200, Uniform Administrative Requirements, Cost Principles and Audit Requirement for Federal Awards.

19. ADMINISTERING AGENCY agrees, and will assure that its contractors and subcontractors will be obligated to agree, that Contract Cost Principles and Procedures, 48 CFR, Federal Acquisition Regulations System, Chapter 1, Part 31, et seq., shall be used to determine the allowability of individual PROJECT cost items.

20. Every sub-recipient receiving PROJECT funds under this AGREEMENT shall comply with 2 CFR, Part 200, 23 CFR, 48 CFR Chapter 1, Part 31, Local Assistance Procedures, Public Contract Code (PCC) 10300-10334 (procurement of goods), PCC 10335-10381 (non-A&E services), and other applicable STATE and FEDERAL regulations.

21. Any PROJECT costs for which ADMINISTERING AGENCY has received payment or credit that are determined by subsequent audit to be unallowable under 2 CFR, Part 200, 23 CFR, 48 CFR, Chapter 1, Part 31, and other applicable STATE and FEDERAL regulations, are subject to repayment by ADMINISTERING AGENCY to STATE.

22. Should ADMINISTERING AGENCY fail to refund any moneys due upon written demand by STATE as provided hereunder or should ADMINISTERING AGENCY breach this AGREEMENT by failing to complete PROJECT without adequate justification and approval by STATE, then, within thirty 30 days of demand, or within such other period as may be agreed to in writing between the PARTIES, STATE, acting through the State Controller, the State Treasurer, or any other public entity or agency, may withhold or demand a transfer of an amount equal to the amount paid by or owed to STATE from future apportionments, or any other funds due ADMINISTERING AGENCY from the Highway Users Tax Fund or any other sources of funds, and/or may withhold approval of future ADMINISTERING AGENCY federal-aid projects.

23. Should ADMINISTERING AGENCY be declared to be in breach of this AGREEMENT or otherwise in default thereof by STATE, and if ADMINISTERING AGENCY is constituted as a joint powers authority, special district, or any other public entity not directly receiving funds through the State Controller, STATE is authorized to obtain reimbursement from whatever sources of funding are available, including the withholding or transfer of funds, pursuant to Article IV - 22, from those constituent entities comprising a joint powers authority or by bringing of an action against ADMINISTERING AGENCY or its constituent member entities, to recover all funds provided by STATE hereunder.

24. ADMINISTERING AGENCY acknowledges that the signatory party represents the ADMINISTERING AGENCY and further warrants that there is nothing within a Joint Powers Agreement, by which ADMINISTERING AGENCY was created, if any exists, that would restrict or otherwise limit STATE's ability to recover State funds improperly spent by ADMINISTERING AGENCY in contravention of the terms of this AGREEMENT.

ARTICLE V
AUDITS, THIRD PARTY CONTRACTING, RECORDS RETENTION AND REPORTS

1. STATE reserves the right to conduct technical and financial audits of PROJECT work and records and ADMINISTERING AGENCY agrees, and shall require its contractors and subcontractors to agree, to cooperate with STATE by making all appropriate and relevant PROJECT records available for audit and copying as required by paragraph three (3) of ARTICLE V.

2. ADMINISTERING AGENCY, its contractors and subcontractors shall establish and maintain a financial management system and records that properly accumulate and segregate reasonable, allowable, and allocable incurred PROJECT costs and matching funds by line item for the PROJECT. The financial management system of ADMINISTERING AGENCY, its contractors and all subcontractors shall conform to Generally Accepted Accounting Principles, enable the determination of incurred costs at interim points of completion, and provide support for reimbursement payment vouchers or invoices sent to or paid by STATE.

3. ADMINISTERING AGENCY, ADMINISTERING AGENCY's contractors and subcontractors, and STATE shall each maintain and make available for inspection and audit by STATE, the California State Auditor, or any duly authorized representative of STATE or the United States all books, documents, papers, accounting records, and other evidence pertaining to the performance of such contracts, including, but not limited to, the costs of administering those various contracts and ADMINISTERING AGENCY shall furnish copies thereof if requested. All of the above referenced parties shall make such AGREEMENT, PROGRAM SUPPLEMENT and contract materials available at their respective offices at all reasonable times during the entire PROJECT period and for three (3) years from the date of submission of the final expenditure report by the STATE to the FHWA.

4. ADMINISTERING AGENCY is required to have an audit in accordance with the Single Audit Act of 2 CFR 200 if it expends $750,000 or more in Federal Funds in a single fiscal year. The Federal Funds received under a PROGRAM SUPPLEMENT are a part of the Catalogue of Federal Domestic Assistance (CFDA) 20.205.

5. ADMINISTERING AGENCY agrees to include all PROGRAM SUPPLEMENTS adopting the terms of this AGREEMENT in the schedule of projects to be examined in ADMINISTERING AGENCY's annual audit and in the schedule of projects to be examined under its single audit prepared in accordance with 2 CFR, Part 200.

6. ADMINISTERING AGENCY shall not award a non-A&E contract over $5,000, construction contract over $10,000, or other contracts over $25,000 (excluding professional service contracts of the type which are required to be procured in accordance with Government Code sections 4525 (d), (e) and (f)) on the basis of a noncompetitive negotiation for work to be performed under this AGREEMENT without the prior written approval of STATE. Contracts awarded by ADMINISTERING AGENCY, if intended as local match credit, must meet the requirements set forth in this AGREEMENT regarding local match funds.

7. Any subcontract entered into by ADMINISTERING AGENCY as a result of this AGREEMENT shall contain provisions 5, 6, 17, 19 and 20 of ARTICLE IV, FISCAL PROVISIONS, and provisions 1, 2, and 3 of this ARTICLE V, AUDITS, THIRD-PARTY CONTRACTING RECORDS RETENTION AND REPORTS,

8. To be eligible for local match credit, ADMINISTERING AGENCY must ensure that local match funds used for a PROJECT meet the fiscal provisions requirements outlined in ARTICLE IV in the same manner as required of all other PROJECT expenditures.

9. In addition to the above, the pre-award requirements of third-party contractor/consultants with ADMINISTERING AGENCY should be consistent with the LOCAL ASSISTANCE PROCEDURES.

ARTICLE VI - FEDERAL LOBBYING ACTIVITIES CERTIFICATION

1. By execution of this AGREEMENT, ADMINISTERING AGENCY certifies, to the best of the signatory officer's knowledge and belief, that:

A. No federal or state appropriated funds have been paid or will be paid, by or on behalf of ADMINISTERING AGENCY, to any person for influencing or attempting to influence an officer or employee of any STATE or federal agency, a member of the State Legislature or United States Congress, an officer or employee of the Legislature or Congress, or any employee of a Member of the Legislature or Congress in connection with the awarding of any STATE or federal contract, including this AGREEMENT, the making of any STATE or federal loan, the entering into of any cooperative contract, and the extension, continuation, renewal, amendment, or modification of any STATE or federal contract, grant, loan, or cooperative contract.

B. If any funds other than federal appropriated funds have been paid, or will be paid, to any person for influencing or attempting to influence an officer or employee of any federal agency, a member of Congress, an officer or employee of Congress or an employee of a member of Congress in connection with this AGREEMENT, grant, local, or cooperative contract, ADMINISTERING AGENCY shall complete and submit Standard Form-LLL, "Disclosure Form to Rep Lobbying," in accordance with the form instructions.

C. This certification is a material representation of fact upon which reliance was placed when this AGREEMENT and each PROGRAM SUPPLEMENT was or will be made or entered into. Submission of this certification is a prerequisite for making or entering into this AGREEMENT imposed by Section 1352, Title 31, United States Code. Any party who fails to file the required certification shall be subject to a civil penalty of not less than $10,000 and not more than $100,000 for each such failure.

2. ADMINISTERING AGENCY also agrees by signing this AGREEMENT that the language of this certification will be included in all lower tier sub-agreements which exceed $100,000 and that all such sub-recipients shall certify and disclose accordingly.

ARTICLE VII - MISCELLANEOUS PROVISIONS

1. ADMINISTERING AGENCY agrees to use all state funds reimbursed hereunder only for transportation purposes that are in conformance with Article XIX of the California State Constitution and the relevant Federal Regulations.

2. This AGREEMENT is subject to any additional restrictions, limitations, conditions, or any statute enacted by the State Legislature or adopted by the CTC that may affect the provisions, terms, or funding of this AGREEMENT in any manner.

3. ADMINISTERING AGENCY and the officers and employees of ADMINISTERING AGENCY, when engaged in the performance of this AGREEMENT, shall act in an independent capacity and not as officers, employees or agents of STATE or the federal government.

4. Each project-specific E-76 or E-76 (AMOD), PROGRAM SUPPLEMENT and Finance Letter shall separately establish the terms and funding limits for each described PROJECT funded under the AGREEMENT. No federal or state funds are obligated against this AGREEMENT.

5. ADMINISTERING AGENCY certifies that neither ADMINISTERING AGENCY nor its principals are suspended or debarred at the time of the execution of this AGREEMENT. ADMINISTERING AGENCY agrees that it will notify STATE immediately in the event a suspension or a debarment occurs after the execution of this AGREEMENT.

6. ADMINISTERING AGENCY certifies, by execution of this AGREEMENT, that no person or selling agency has been employed or retained to solicit or secure this AGREEMENT upon an agreement or understanding for a commission, percentage, brokerage, or contingent fee, excepting bona fide employees or bona fide established commercial or selling agencies maintained by ADMINISTERING AGENCY for the purpose of securing business. For breach or violation of this warranty, STATE has the right to annul this AGREEMENT without liability, pay only for the value of the work actually performed, or in STATE's discretion, to deduct from the price of consideration, or otherwise recover, the full amount of such commission, percentage, brokerage, or contingent fee.

7. In accordance with Public Contract Code section 10296, ADMINISTERING AGENCY hereby certifies under penalty of perjury that no more than one final unappealable finding of contempt of court by a federal court has been issued against ADMINISTERING AGENCY within the immediate preceding two (2) year period because of ADMINISTERING AGENCY's failure to comply with an order of a federal court that orders ADMINISTERING AGENCY to comply with an order of the National Labor Relations Board.

8. ADMINISTERING AGENCY shall disclose any financial, business, or other relationship with STATE, FHWA or Federal Transit Administration (FTA) that may have an impact upon the outcome of this AGREEMENT. ADMINISTERING AGENCY shall also list current contractors who may have a financial interest in the outcome of this AGREEMENT.

9. ADMINISTERING AGENCY hereby certifies that it does not have nor shall it acquire any financial or business interest that would conflict with the performance of PROJECT under this AGREEMENT.

10. ADMINISTERING AGENCY certifies that this AGREEMENT was not obtained or secured through rebates, kickbacks or other unlawful consideration either promised or paid to any STATE employee. For breach or violation of this warranty, STATE shall have the right, in its discretion, to terminate this AGREEMENT without liability, to pay only for the work actually performed, or to deduct from the PROGRAM SUPPLEMENT price or otherwise recover the full amount of such rebate, kickback, or other unlawful consideration.

11. Any dispute concerning a question of fact arising under this AGREEMENT that is not disposed of by agreement shall be decided by the STATE's Contract Officer who may consider any written or verbal evidence submitted by ADMINISTERING AGENCY. The decision of the Contract Officer, issued in writing, shall be conclusive and binding on the PARTIES on all questions of fact considered and determined by the Contract Officer.

12. Neither the pending of a dispute nor its consideration by the Contract Officer will excuse ADMINISTERING AGENCY from full and timely performance in accordance with the terms of this AGREEMENT.

13. Neither ADMINISTERING AGENCY nor any officer or employee thereof is responsible for any injury, damage or liability occurring by reason of anything done or omitted to be done by STATE, under or in connection with any work, authority or jurisdiction arising under this AGREEMENT. It is understood and agreed that STATE shall fully defend, indemnify and save harmless the ADMINISTERING AGENCY and all of its officers and employees from all claims, suits or actions of every name, kind and description brought forth under, including, but not limited to, tortious, contractual, inverse condemnation and other theories or assertions of liability occurring by reason of anything done or omitted to be done by STATE under this AGREEMENT.

14. Neither STATE nor any officer or employee thereof shall be responsible for any injury, damage or liability occurring by reason of anything done or omitted to be done by ADMINISTERING AGENCY under, or in connection with, any work, authority or jurisdiction arising under this AGREEMENT. It is understood and agreed that ADMINISTERING AGENCY shall fully defend, indemnify and save harmless STATE and all of its officers and employees from all claims, suits or actions of every name, kind and description brought forth under, including, but not limited to, tortious, contractual, inverse condemnation or other theories or assertions of liability occurring by reason of anything done or omitted to be done by ADMINISTERING AGENCY under this AGREEMENT.

15. STATE reserves the right to terminate funding for any PROJECT upon written notice to ADMINISTERING AGENCY in the event that ADMINISTERING AGENCY fails to proceed with PROJECT work in accordance with the project-specific PROGRAM SUPPLEMENT, the bonding requirements if applicable, or otherwise violates the conditions of this AGREEMENT and/or PROGRAM SUPPLEMENT, or the funding allocation such that substantial performance is significantly endangered.

16. No termination shall become effective if, within thirty (30) days after receipt of a Notice of Termination, ADMINISTERING AGENCY either cures the default involved or, if not reasonably susceptible of cure within said thirty (30) day period, ADMINISTERING AGENCY proceeds thereafter to complete the cure in a manner and time line acceptable to STATE. Any such termination shall be accomplished by delivery to ADMINISTERING AGENCY of a Notice of Termination, which notice shall become effective not less than thirty (30) days after receipt, specifying the reason for the termination, the extent to which funding of work under this AGREEMENT is terminated and the date upon which such termination becomes effective, if beyond thirty (30) days after receipt. During the period before the effective termination date, ADMINISTERING AGENCY and STATE shall meet to attempt to resolve any dispute. In the event of such termination, STATE may proceed with the PROJECT work in a manner deemed proper by STATE. If STATE terminates funding for PROJECT with ADMINISTERING AGENCY, STATE shall pay ADMINISTERING AGENCY the sum due ADMINISTERING AGENCY under the PROGRAM SUPPLEMENT and/or STATE approved finance letter prior to termination, provided, however, ADMINISTERING AGENCY is not in default of the terms and conditions of this AGREEMENT or the project-specific PROGRAM SUPPLEMENT and that the cost of PROJECT completion to STATE shall first be deducted from any sum due ADMINISTERING AGENCY.

17. In case of inconsistency or conflicts with the terms of this AGREEMENT and that of a project-specific PROGRAM SUPPLEMENT, the terms stated in that PROGRAM SUPPLEMENT shall prevail over those in this AGREEMENT.

18. Without the written consent of STATE, this AGREEMENT is not assignable by ADMINISTERING AGENCY either in whole or in part.

19. No alteration or variation of the terms of this AGREEMENT shall be valid unless made in writing and signed by the PARTIES, and no oral understanding or agreement not incorporated herein shall be binding on any of the PARTIES.

IN WITNESS WHEREOF, the PARTIES have executed this AGREEMENT by their duly authorized officers.

STATE OF CALIFORNIA
DEPARTMENT OF TRANSPORTATION

By _____

_____

Chief, Office of Project Implementation
Division of Local Assistance

Date _May 25, 2016_

Santa Clara County

By _____

_Michael J. Murdter_

_Director, Roads & Airports_

Santa Clara County
Representative Name & Title
(Authorized Governing Body Representative)

Date _5/2/16_

EXHIBIT A

FAIR EMPLOYMENT PRACTICES ADDENDUM

1. In the performance of this Agreement, ADMINISTERING AGENCY will not discriminate against any employee for employment because of race, color, sex, sexual orientation, religion, ancestry or national origin, physical disability, medical condition, marital status, political affiliation, family and medical care leave, pregnancy leave, or disability leave. ADMINISTERING AGENCY will take affirmative action to ensure that employees are treated during employment without regard to their race, sex, sexual orientation, color, religion, ancestry, or national origin, physical disability, medical condition, marital status, political affiliation, family and medical care leave, pregnancy leave, or disability leave. Such action shall include, but not be limited to, the following: employment; upgrading; demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. ADMINISTERING AGENCY shall post in conspicuous places, available to employees for employment, notices to be provided by STATE setting forth the provisions of this Fair Employment section.

2. ADMINISTERING AGENCY, its contractor(s) and all subcontractors shall comply with the provisions of the Fair Employment and Housing Act (Government Code Section 1290-0 et seq.), and the applicable regulations promulgated thereunder (California code of Regulations, Title 2, Section 7285.0 et seq.). The applicable regulations of the Fair Employment and Housing Commission implementing Government Code, Section 12900(a-f), set forth in Chapter 5 of Division 4 of Title 2 of the California Code of Regulations are incorporated into this AGREEMENT by reference and made a part hereof as if set forth in full. Each of the ADMINISTERING AGENCY'S contractors and all subcontractors shall give written notice of their obligations under this clause to labor organizations with which they have a collective bargaining or other agreements, as appropriate.

3. ADMINISTERING AGENCY shall include the nondiscrimination and compliance provisions of this clause in all contracts and subcontracts to perform work under this AGREEMENT.

4. ADMINISTERING AGENCY will permit access to the records of employment, employment advertisements, application forms, and other pertinent data and records by STATE, the State Fair Employment and Housing Commission, or any other agency of the State of California designated by STATE, for the purposes of investigation to ascertain compliance with the Fair Employment section of this Agreement.

5. Remedies for Willful Violation:

(a) STATE may determine a willful violation of the Fair Employment provision to have occurred upon receipt of a final judgment to that effect from a court in an action to which ADMINISTERING AGENCY was a party, or upon receipt of a written notice from the Fair Employment and Housing Commission that it has investigated and determined that ADMINISTERING AGENCY has violated the Fair Employment Practices Act and had issued an order under Labor Code Section 1426 which has become final or has obtained an injunction under Labor Code Section 1429.

(b) For willful violation of this Fair Employment Provision, STATE shall have the right to terminate this Agreement either in whole or in part, and any loss or damage sustained by STATE in securing the goods or services thereunder shall be borne and paid for by ADMINISTERING AGENCY and by the surety under the performance bond, if any, and STATE may deduct from any moneys due or thereafter may become due to ADMINISTERING AGENCY, the difference between the price named in the Agreement and the actual cost thereof to STATE to cure ADMINISTERING AGENCY's breach of this Agreement.

EXHIBIT B

NONDISCRIMINATION ASSURANCES

ADMINISTERING AGENCY HEREBY AGREES THAT, as a condition to receiving any federal financial assistance from the STATE, acting for the U.S. Department of Transportation, it will comply with Title VI of the Civil Rights Act of 1964, 78 Stat. 252, 42 U.S.C. 2000d-42 U.S.C. 2000d-4 (hereinafter referred to as the ACT), and all requirements imposed by or pursuant to Title 49, Code of Federal Regulations, Department of Transportation, Subtitle A, Office of the Secretary, Part 21, "Nondiscrimination in Federally-Assisted Programs of the Department of Transportation - Effectuation of Title VI of the Civil Rights Act of 1964" (hereinafter referred to as the REGULATIONS), the Federal-aid Highway Act of 1973, and other pertinent directives, to the end that in accordance with the ACT, REGULATIONS, and other pertinent directives, no person in the United States shall, on the grounds of race, color, sex, national origin, religion, age or disability, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity for which ADMINISTERING AGENCY receives federal financial assistance from the Federal Department of Transportation. ADMINISTERING AGENCY HEREBY GIVES ASSURANCE THAT ADMINISTERING AGENCY will promptly take any measures necessary to effectuate this agreement. This assurance is required by subsection 21.7(a) (1) of the REGULATIONS.

More specifically, and without limiting the above general assurance, ADMINISTERING AGENCY hereby gives the following specific assurances with respect to its federal-aid Program:

1. That ADMINISTERING AGENCY agrees that each "program" and each "facility" as defined in subsections 21.23 (e) and 21.23 (b) of the REGULATIONS, will be (with regard to a "program") conducted, or will be (with regard to a "facility") operated in compliance with all requirements imposed by, or pursuant to, the REGULATIONS.

2. That ADMINISTERING AGENCY shall insert the following notification in all solicitations for bids for work or material subject to the REGULATIONS made in connection with the federal-aid Program and, in adapted form, in all proposals for negotiated agreements:

ADMINISTERING AGENCY hereby notifies all bidders that it will affirmatively insure that in any agreement entered into pursuant to this advertisement, minority business enterprises will be afforded full opportunity to submit bids in response to this invitation and will not be discriminated against on the grounds of race, color, sex, national origin, religion, age, or disability in consideration for an award.

3. That ADMINISTERING AGENCY shall insert the clauses of Appendix A of this assurance in every agreement subject to the ACT and the REGULATIONS.

4. That the clauses of Appendix B of this Assurance shall be included as a covenant running with the land, in any deed effecting a transfer of real property, structures, or improvements thereon, or interest therein.

5. That where ADMINISTERING AGENCY receives federal financial assistance to construct a facility, or part of a facility, the Assurance shall extend to the entire facility and facilities operated in connection therewith.

6. That where ADMINISTERING AGENCY receives federal financial assistance in the form, or for the acquisition, of real property or an interest in real property, the Assurance shall extend to rights to space on, over, or under such property.

7. That ADMINISTERING AGENCY shall include the appropriate clauses set forth in Appendix C and D of this Assurance, as a covenant running with the land, in any future deeds, leases, permits, licenses, and similar agreements entered into by the ADMINISTERING AGENCY with other parties:

Appendix C;

(a) for the subsequent transfer of real property acquired or improved under the federal-aid Program; and

Appendix D;

(b) for the construction or use of or access to space on, over, or under real property acquired, or improved under the federal-aid Program.

8. That this assurance obligates ADMINISTERING AGENCY for the period during which federal financial assistance is extended to the program, except where the federal financial assistance is to provide, or is in the form of, personal property or real property or interest therein, or structures, or improvements thereon, in which case the assurance obligates ADMINISTERING AGENCY or any transferee for the longer of the following periods:

(a) the period during which the property is used for a purpose for which the federal financial assistance is extended, or for another purpose involving the provision of similar services or benefits; or

(b) the period during which ADMINISTERING AGENCY retains ownership or possession of the property.

9. That ADMINISTERING AGENCY shall provide for such methods of administration for the program as are found by the U.S. Secretary of Transportation, or the official to whom he delegates specific authority, to give reasonable guarantee that ADMINISTERING AGENCY, other recipients, sub-grantees, applicants, sub-applicants, transferees, successors in interest, and other participants of federal financial assistance under such program will comply with all requirements imposed by, or pursuant to, the ACT, the REGULATIONS, this Assurance and the Agreement.

10. That ADMINISTERING AGENCY agrees that the United States and the State of California have a right to seek judicial enforcement with regard to any matter arising under the ACT, the REGULATIONS, and this Assurance.

11. ADMINISTERING AGENCY shall not discriminate on the basis of race, religion, age, disability, color, national origin or sex in the award and performance of any STATE assisted contract or in the administration on its DBE Program or the requirements of 49 CFR Part 26. ADMINISTERING AGENCY shall take all necessary and reasonable steps under 49 CFR Part 26 to ensure non-discrimination in the award and administration of STATE assisted contracts. ADMINISTERING AGENCY'S DBE Implementation Agreement is incorporated by reference in this AGREEMENT. Implementation of this program is a legal obligation and failure to carry out its terms shall be treated as a violation of this agreement. Upon notification to the recipient of its failure to carry out its approved DBE Implementation Agreement, STATE may impose sanctions as provided for under 49 CFR Part 26 and may, in appropriate cases, refer the matter for enforcement under 18 USC 1001 and/or the Program Fraud Civil Remedies Act of 1985 (31USC 3801 et seq.)

THESE ASSURANCES are given in consideration of and for the purpose of obtaining any and all federal grants, loans, agreements, property, discounts or other federal financial assistance extended after the date hereof to ADMINISTERING AGENCY by STATE, acting for the U.S. Department of Transportation, and is binding on ADMINISTERING AGENCY, other recipients, subgrantees, applicants, sub-applicants, transferees, successors in interest and other participants in the federal-aid Highway Program.

APPENDIX A TO EXHIBIT B

During the performance of this Agreement, ADMINISTERING AGENCY, for itself, its assignees and successors in interest (hereinafter collectively referred to as ADMINISTERING AGENCY) agrees as follows:

(1) Compliance with Regulations: ADMINISTERING AGENCY shall comply with the regulations relative to nondiscrimination in federally assisted programs of the Department of Transportation, Title 49, Code of Federal Regulations, Part 21, as they may be amended from time to time, (hereinafter referred to as the REGULATIONS), which are herein incorporated by reference and made a part of this agreement.

(2) Nondiscrimination: ADMINISTERING AGENCY, with regard to the work performed by it during the AGREEMENT, shall not discriminate on the grounds of race, color, sex, national origin, religion, age, or disability in the selection and retention of sub-applicants, including procurements of materials and leases of equipment. ADMINISTERING AGENCY shall not participate either directly or indirectly in the discrimination prohibited by Section 21.5 of the REGULATIONS, including employment practices when the agreement covers a program set forth in Appendix B of the REGULATIONS.

(3) Solicitations for Sub-agreements, Including Procurements of Materials and Equipment: In all solicitations either by competitive bidding or negotiation made by ADMINISTERING AGENCY for work to be performed under a Sub-agreement, including procurements of materials or leases of equipment, each potential sub-applicant or supplier shall be notified by ADMINISTERING AGENCY of the ADMINISTERING AGENCY's obligations under this Agreement and the REGULATIONS relative to nondiscrimination on the grounds of race, color, or national origin.

(4) Information and Reports: ADMINISTERING AGENCY shall provide all information and reports required by the REGULATIONS, or directives issued pursuant thereto, and shall permit access to ADMINISTERING AGENCY's books, records, accounts, other sources of information, and its facilities as may be determined by STATE or FHWA to be pertinent to ascertain compliance with such REGULATIONS or directives. Where any information required of ADMINISTERING AGENCY is in the exclusive possession of another who fails or refuses to furnish this information, ADMINISTERING AGENCY shall so certify to STATE or the FHWA as appropriate, and shall set forth what efforts ADMINISTERING AGENCY has made to obtain the information.

(5) Sanctions for Noncompliance: In the event of ADMINISTERING AGENCY's noncompliance with the nondiscrimination provisions of this agreement, STATE shall impose such agreement sanctions as it or the FHWA may determine to be appropriate, including, but not limited to:

(a) withholding of payments to ADMINISTERING AGENCY under the Agreement within a reasonable period of time, not to exceed 90 days; and/or

(b) cancellation, termination or suspension of the Agreement, in whole or in part.

(6) Incorporation of Provisions: ADMINISTERING AGENCY shall include the provisions of paragraphs (1) through (6) in every sub-agreement, including procurements of materials and leases of equipment, unless exempt by the REGULATIONS, or directives issued pursuant thereto. ADMINISTERING AGENCY shall take such action with respect to any sub-agreement or procurement as STATE or FHWA may direct as a means of enforcing such provisions including sanctions for noncompliance, provided, however, that, in the event ADMINISTERING AGENCY becomes involved in, or is threatened with, litigation with a sub-applicant or supplier as a result of such direction, ADMINISTERING AGENCY may request STATE enter into such litigation to protect the interests of STATE, and, in addition, ADMINISTERING AGENCY may request the United States to enter into such litigation to protect the interests of the United States.

APPENDIX B TO EXHIBIT B

The following clauses shall be included in any and all deeds effecting or recording the transfer of PROJECT real property, structures or improvements thereon, or interest therein from the United States.

(GRANTING CLAUSE)

NOW, THEREFORE, the U.S. Department of Transportation, as authorized by law, and upon the condition that ADMINISTERING AGENCY will accept title to the lands and maintain the project constructed thereon, in accordance with Title 23, United States Code, the Regulations for the Administration of federal-aid for Highways and the policies and procedures prescribed by the Federal Highway Administration of the Department of Transportation and, also in accordance with and in compliance with the Regulations pertaining to and effectuating the provisions of Title VI of the Civil Rights Act of 1964 (78 Stat. 252; 42 U.S.C. 2000d to 2000d-4), does hereby remise, release, quitclaim and convey unto the ADMINISTERING AGENCY all the right, title, and interest of the U.S. Department of Transportation in, and to, said lands described in Exhibit "A" attached hereto and made a part hereof.

(HABENDUM CLAUSE)

TO HAVE AND TO HOLD said lands and interests therein unto ADMINISTERING AGENCY and its successors forever, subject, however, to the covenant, conditions, restrictions and reservations herein contained as follows, which will remain in effect for the period during which the real property or structures are used for a purpose for which federal financial assistance is extended or for another purpose involving the provision of similar services or benefits and shall be binding on ADMINISTERING AGENCY, its successors and assigns.

ADMINISTERING AGENCY, in consideration of the conveyance of said lands and interests in lands, does hereby covenant and agree as a covenant running with the land for itself, its successors and assigns,

 (1) that no person shall on the grounds of race, color, sex, national origin, religion, age or disability, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination with regard to any facility located wholly or in part on, over, or under such lands hereby conveyed (;) (and) *

(2) that ADMINISTERING AGENCY shall use the lands and interests in lands so conveyed, in compliance with all requirements imposed by or pursuant to Title 49, Code of Federal Regulations, Department of Transportation, Subtitle A, Office of the Secretary, Part 21, Non-discrimination in federally-assisted programs of the Department of Transportation - Effectuation of Title VI of the Civil Rights Act of 1964, and as said Regulations may be amended (;) and

(3) that in the event of breach of any of the above-mentioned nondiscrimination conditions, the U.S. Department of Transportation shall have a right to re-enter said lands and facilities on said land, and the above-described land and facilities shall thereon revert to and vest in and become the absolute property of the U.S. Department of Transportation and its assigns as such interest existed prior to this deed.*

* Reverter clause and related language to be used only when it is determined that such a clause is necessary in order to effectuate the purposes of Title VI of the Civil Rights Act of 1964.

APPENDIX C TO EXHIBIT B

The following clauses shall be included in any and all deeds, licenses, leases, permits, or similar instruments entered into by ADMINISTERING AGENCY, pursuant to the provisions of Assurance 7(a) of Exhibit B.


The grantee (licensee, lessee, permittee, etc., as appropriate) for himself, his heirs, personal representatives, successors in interest, and assigns, as a part of the consideration hereof, does hereby covenant and agree (in the case of deeds and leases add "as covenant running with the land") that in the event facilities are constructed, maintained, or otherwise operated on the said property described in this (deed, license, lease, permit, etc.) for a purpose for which a U.S. Department of Transportation program or activity is extended or for another purpose involving the provision of similar services or benefits, the (grantee, licensee, lessee, permittee, etc.), shall maintain and operate such facilities and services in compliance with all other requirements imposed pursuant to Title 49, Code of Federal Regulations, U.S. Department of Transportation, Subtitle A, Office of Secretary, Part 21, Nondiscrimination in federally-assisted programs of the Department of Transportation - Effectuation of Title VI of the Civil Rights Act of 1964, and as said Regulations may be amended.

(Include in licenses, leases, permits, etc.)*

That in the event of breach of any of the above nondiscrimination covenants, ADMINISTERING AGENCY shall have the right to terminate the (license, lease, permit etc.) and to re-enter and repossess said land and the facilities thereon, and hold the same as if said (license, lease, permit, etc.) had never been made or issued.

(Include in deeds)*

That in the event of breach of any of the above nondiscrimination covenants, ADMINISTERING AGENCY shall have the right to re-enter said land and facilities thereon, and the above-described lands and facilities shall thereupon revert to and vest in and become the absolute property of ADMINISTERING AGENCY and its assigns.

* Reverter clause and related language to be used only when it is determined that such a clause is necessary in order to effectuate the purposes of Title VI of the Civil Rights Act of 1964.

APPENDIX D TO EXHIBIT B

The following shall be included in all deeds, licenses, leases, permits, or similar agreements entered into by the ADMINISTERING AGENCY, pursuant to the provisions of Assurance 7 (b) of Exhibit B.

The grantee (licensee, lessee, permittee, etc., as appropriate) for himself, his personal representatives, successors in interest and assigns, as a part of the consideration hereof, does hereby covenant and agree (in the case of deeds, and leases add "as a covenant running with the land") that:

(1) no person on the ground of race, color, sex, national origin, religion, age or disability, shall be excluded from participation in, denied the benefits of, or otherwise subjected to discrimination in the use of said facilities;

(2) that in the construction of any improvements on, over, or under such land and the furnishing of services thereon, no person on the ground of race, color, sex, national origin, religion, age or disability shall be excluded from participation in, denied the benefits of, or otherwise be subjected to discrimination; and

(3) that the (grantee, licensee, lessee, permittee, etc.,) shall use the premises in compliance with the Regulations.

 (Include in licenses, leases, permits, etc.)*

That in the event of breach of any of the above nondiscrimination covenants, ADMINISTERING AGENCY shall have the right to terminate the (license, lease, permit, etc.) and to re-enter and repossess said land and the facilities thereon, and hold the same as if said (license, lease, permit, etc.) had never been made or issued.

 (Include in deeds)*

That in the event of breach of any of the above nondiscrimination covenants, ADMINISTERING AGENCY shall have the right to re-enter said land and facilities thereon, and the above-described lands and facilities shall thereupon revert to and vest in and become the absolute property of ADMINISTERING AGENCY, and its assigns.

---

* Reverter clause and related language to be used only when it is determined that such a clause is necessary in order to effectuate the purposes of Title VI of the Civil Rights Act of 1964.

RESOLUTION NO. BOS-2014-7

**RESOLUTION OF THE BOARD OF SUPERVISORS
OF THE COUNTY OF SANTA CLARA
DELEGATING CERTAIN CONTRACT AUTHORITY TO
THE DIRECTOR, ROADS AND AIRPORTS DEPARTMENT**

**WHEREAS,** the County is eligible to receive Federal and State funding for certain transportation projects through the California Department of Transportation and in order to access this funding, Master Agreements, Program Supplemental Agreements, Right-of-Way Certifications, Fund Exchange Agreements and/or Fund Transfer Agreements must be executed with the California Department of Transportation; and

**WHEREAS,** the County's Roads and Airports Department also coordinates with cities and other local agencies to implement projects of mutual interest, which often require Memoranda of Understanding, Cost Sharing Agreements, Landscape Maintenance Agreements, Permits to Enter and other types of agreements in order to memorialize the understanding of the parties; and

**WHEREAS,** various types of agreements and contracts with railroad companies and public utility companies are also often required to implement projects; and

**WHEREAS,** various types of agreements with private parties are required from time to time to implement improvements within the County road and expressway right-of-way related land development conditions approved by the Board of Supervisors or cities; and

**WHEREAS,** to implement capital projects approved by the Board of Supervisors, the County may need to acquire from public and private entities certain real property interests, including, but not limited to, temporary construction easements, permanent easements, fee, licenses, rights-of-entry, and other interests; and

**WHEREAS,** certain existing real property leases include provisions allowing the lessee to unilaterally extend the term of the lease; assign the lease with the County's approval, which approval may not be unreasonably withheld; and sublease the property with the County's approval, which approval may not be unreasonably withheld; and

**WHEREAS,** the Board of Supervisors may delegate contracting authority to County officials such as the Director of the Roads and Airports Department, and has done so from time to time as deemed necessary and in the interest of the County; and

**WHEREAS,** contracts and agreements required to implement county transportation projects with entities referenced above may not be negotiable; may not typically include any of the County's required contracting clauses; and may include certain insurance and indemnification requirements to be met by the County; and

**WHEREAS,** delegating certain contracting authority to the Director, Roads and Airports Department, to negotiate, execute, amend, and terminate all necessary written contracts and

Resolution Delegating Certain
Contract Authority to the Director,
Roads and Airports Department

69845

FEB 0 4 2014

Adopted: 02/04/2014

agreements to implement the transportation projects of the County, would assist the County in expediting implementation of such budgeted projects of the types hereinabove described.

**NOW, THEREFORE, BE IT RESOLVED** by the Board of Supervisors of the County of Santa Clara:

1.      The Board delegates to the Director, Roads and Airports Department, authority to negotiate, execute, amend, and terminate contracts (including but not limited to grant agreements) with utility companies and service providers; local public entities including cities and special districts; the State of California; railroad companies; and private individuals and entities, as necessary and on terms and conditions as are required by such contracts, on behalf of the County and directly related to the work of the Department subject to the following conditions:

>    a.      There is no external legal or policy requirement mandating specific approval of the contract by the Board of Supervisors. Where such a requirement exists, as in the case of agreements regarding the acquisition of certain real property interests, the Director is authorized to negotiate the agreement for subsequent approval by the Board of Supervisors; and

>    b.      The value of services, if any, to be provided or received under the contract, or the value of real property rights to be acquired, does not exceed $250,000.00. This dollar limit shall not apply to grant agreements, Program Supplements, and agreements with entities regulated by the California Public Utilities Commission; and

>    c.      Net County expenditures for the services covered by the contract, if any, have previously been budgeted.

2.      The Board delegates to the Director, Roads and Airports Department, authority to approve and sign necessary documents to: a) extend the term of existing real property lease agreements when the lessee has the unilateral right to extend the term; b) allow for assignment of a lease when the agreement requires County approval of such assignment and such approval may not be unreasonably withheld; and c) allow for sublease of leased property when the agreement requires County approval of such sublease and such approval may not be reasonably withheld.

3.      All contracts and agreements must be reviewed and approved by the Office of the County Executive and reviewed and approved as to form and legality by the Office of the County Counsel, except in instances where the contract or agreement is a form contract and the form contract or agreement has been previously reviewed and approved by the Office of the County Executive and approved as to form and legality by the Office of the County Counsel and no changes have been made to the previously approved form contract or agreement. The Director, Roads and Airports Department, may delegate authority to department staff to execute agreements that are based on a form or template that has been previously approved.

4.      The Director, Roads and Airports Department shall submit quarterly summary reports to the County's Housing, Land Use, Environment and Transportation (HLUET) Committee relating to the contracts executed pursuant to the authority granted by this Resolution, except for agreements using a form or template that has been previously reviewed and approved by the Office of the County Executive and reviewed and approved as to form and legality by the Office of the County Counsel and no substantive changes has been made to the previously

Resolution Delegating Certain Contract Authority to the Director,
Roads and Airports Department

approved form contract or agreement. For agreements relating to the acquisition of real property interests, the Director shall copy the appropriate Board office on the Notice of Decision to Appraise (NODA) sent to the property owner.

5.    The delegation of authority approved by the adoption of this Resolution expires on December 31, 2016.

**PASSED AND ADOPTED** by the Board of Supervisors of the County of Santa Clara, State of California on February 4, 2014 by the following vote:

AYES:       Supervisors   CHAVEZ, CORTESE, SIMITIAN, WASSERMAN, YEAGER
NOES:       Supervisors   NONE
ABSTAIN:    Supervisors   NONE
ABSENT:     Supervisors   NONE

Mike Wasserman, President
Board of Supervisors

Signed and certified that a copy of this document has been delivered by electronic or other means to the President, Board of Supervisors.
Attest:

Lynn Regadanz, Clerk of the Board of Supervisors

**APPROVED AS TO FORM AND LEGALITY:**

E. Ray Ruiz
Deputy County Counsel

Resolution Delegating Certain Contract Authority to the Director,
Roads and Airports Department
Page 3 of 3

# EXHIBIT B

| PROGRAM SUPPLEMENT NO. F275 | Adv. Project ID | **Date:** July 02, 2024 |
|---|---|---|
| **to** | 0424000378 | **Location:** 04-SCL-0-CR |
| **ADMINISTERING AGENCY-STATE AGREEMENT** | | **Project Number:** BRLO-5937(232) |
| **FOR FEDERAL-AID PROJECTS NO** 04-5937F15 | | **E.A. Number:** |
| | | **Locode:** 5937 |

This Program Supplement hereby adopts and incorporates the Administering Agency-State Agreement for Federal Aid which was entered into between the Administering Agency and the State on 05/25/2016 and is subject to all the terms and conditions thereof. This Program Supplement is executed in accordance with Article I of the aforementioned Master Agreement under authority of Resolution No. BOS-2023-10 approved by the Administering Agency on Jan. 24, 2023 (See copy attached).

The Administering Agency further stipulates that as a condition to the payment by the State of any funds derived from sources noted below obligated to this PROJECT, the Administering Agency accepts and will comply with the special covenants or remarks set forth on the following pages.

**PROJECT LOCATION:** Bridge No. 37C0562, Redwood Retreat Rd over Little Arthur Creek, 0.3 Miles West of Watsonville Road, Morgan Hill

**TYPE OF WORK:** Bridge Replacement                     **LENGTH:** 0.0(MILES)

| Estimated Cost | Federal Funds | | Matching Funds | | |
|---|---|---|---|---|---|
| | Y233 | $883,529.00 | LOCAL | | OTHER |
| $998,000.00 | | | $114,471.00 | | $0.00 |

| COUNTY OF SANTA CLARA | STATE OF CALIFORNIA |
|---|---|
| | Department of Transportation |

**By** *Harry Freitas* (DocuSigned by, 8DC28984CB2Q46D...)

**Title** Director, Roads & Airports Dept.

**Date** 7/11/2024

**Attest** N/A

**By** *Darlene Nulff* (DocuSigned by)

**For:** **Chief, Office of Project Implementation Division of Local Assistance**

**Date** 07/23/2024

I hereby certify upon my personal knowledge that budgeted funds are available for this encumbrance:

**Accounting Officer** _____    **Date** 07/02/2024                     $883,529.00

Office of the County Executive:

*James R. Williams* (DocuSigned by)    7/18/2024

County Executive James R. Williams

Approved as to form and legality:

*John Castro* (DocuSigned by)    7/11/2024

## SPECIAL COVENANTS OR REMARKS

1. A. The ADMINISTERING AGENCY will advertise, award and administer this project in accordance with the current published Local Assistance Procedures Manual.

B. ADMINISTERING AGENCY agrees that it will only proceed with work authorized for specific phase(s) with an "Authorization to Proceed" and will not proceed with future phase(s) of this project prior to receiving an "Authorization to Proceed" from the STATE for that phase(s) unless no further State or Federal funds are needed for those future phase(s).

C. STATE and ADMINISTERING AGENCY agree that any additional funds which might be made available by future Federal obligations will be encumbered on this PROJECT by use of a STATE-approved "Authorization to Proceed" and Finance Letter. ADMINISTERING AGENCY agrees that Federal funds available for reimbursement will be limited to the amounts obligated by the Federal Highway Administration.

D. Award information shall be submitted by the ADMINISTERING AGENCY to the District Local Assistance Engineer within 60 days of project contract award and prior to the submittal of the ADMINISTERING AGENCY'S first invoice for the construction contract.

Failure to do so will cause a delay in the State processing invoices for the construction phase. Attention is directed to Section 15.6 "Award Package" of the Local Assistance Procedures Manual.

E. ADMINISTERING AGENCY agrees, as a minimum, to submit invoices at least once every six months commencing after the funds are encumbered for each phase by the execution of this Project Program Supplement Agreement, or by STATE's approval of an applicable Finance Letter. STATE reserves the right to suspend future authorizations/obligations for Federal aid projects, or encumbrances for State funded projects, as well as to suspend invoice payments for any on-going or future project by ADMINISTERING AGENCY if PROJECT costs have not been invoiced by ADMINISTERING AGENCY for a six-month period.

If no costs have been invoiced for a six-month period, ADMINISTERING AGENCY agrees to submit for each phase a written explanation of the absence of PROJECT activity along with target billing date and target billing amount.

ADMINISTERING AGENCY agrees to submit the final report documents that collectively constitute a "Report of Expenditures" within one hundred eighty (180) days of PROJECT completion. Failure of ADMINISTERING AGENCY to submit a "Final Report of Expenditures" within 180 days of PROJECT completion will result in STATE imposing sanctions upon ADMINISTERING AGENCY in accordance with the current Local Assistance Procedures Manual.

04-SCL-0-CR
BRLO-5937(232)

Docusign Envelope ID: 52B2808-9724-4EB878BF7 UU28 / 1EF03
Case 2:25-cv-00814-BJR    Document 105    Filed 05/21/25    Page 40 of 50

## SPECIAL COVENANTS OR REMARKS

F.  Administering Agency shall not discriminate on the basis of race, religion, age, disability, color, national origin, or sex in the award and performance of any Federal-assisted contract or in the administration of its DBE Program Implementation Agreement.  The Administering Agency shall take all necessary and reasonable steps under 49 CFR Part 26 to ensure nondiscrimination in the award and administration of Federal-assisted contracts.  The Administering Agency's DBE Implementation Agreement is incorporated by reference in this Agreement.  Implementation of the DBE Implementation Agreement, including but not limited to timely reporting of DBE commitments and utilization, is a legal obligation and failure to carry out its terms shall be treated as a violation of this Agreement.  Upon notification to the Administering Agency of its failure to carry out its DBE Implementation Agreement, the State may impose sanctions as provided for under 49 CFR Part 26 and may, in appropriate cases, refer the matter for enforcement under 18 U.S.C. 1001 and/or the Program Fraud Civil Remedies Act of 1986 (31 U.S.C. 3801 et seq.).

G.  Any State and Federal funds that may have been encumbered for this project are available for disbursement for limited periods of time.  For each fund encumbrance the limited period is from the start of the fiscal year that the specific fund was appropriated within the State Budget Act to the applicable fund Reversion Date shown on the State approved project finance letter.  Per Government Code Section 16304, all project funds not liquidated within these periods will revert unless an executed Cooperative Work Agreement extending these dates is requested by the ADMINISTERING AGENCY and approved by the California Department of Finance.

ADMINISTERING AGENCY should ensure that invoices are submitted to the District Local Assistance Engineer at least 75 days prior to the applicable fund Reversion Date to avoid the lapse of applicable funds. Pursuant to a directive from the State Controller's Office and the Department of Finance; in order for payment to be made, the last date the District Local Assistance Engineer can forward an invoice for payment to the Department's Local Programs Accounting Office for reimbursable work for funds that are going to revert at the end of a particular fiscal year is May 15th of the particular fiscal year.  Notwithstanding the unliquidated sums of project specific State and Federal funding remaining and available to fund project work, any invoice for reimbursement involving applicable funds that is not received by the Department's Local Programs Accounting Office at least 45 days prior to the applicable fixed fund Reversion Date will not be paid.  These unexpended funds will be irrevocably reverted by the Department's Division of Accounting on the applicable fund Reversion Date.

H.  As a condition for receiving federal-aid highway funds for the PROJECT, the Administering Agency certifies that NO members of the elected board, council, or other key decision makers are on the Federal Government Exclusion List.  Exclusions can be found at www.sam.gov.

**SPECIAL COVENANTS OR REMARKS**

2.  A.  ADMINISTERING AGENCY shall conform to all State statutes, regulations and procedures (including those set forth in the Local Assistance Procedures Manual and the Local Assistance Program Guidelines, hereafter collectively referred to as "LOCAL ASSISTANCE PROCEDURES") relating to the federal-aid program, all Title 23 Code of Federal Regulation (CFR) and 2 CFR Part 200 federal requirements, and all applicable federal laws, regulations, and policy and procedural or instructional memoranda, unless otherwise specifically waived as designated in the executed project-specific PROGRAM SUPPLEMENT.

B.  Invoices shall be formatted in accordance with LOCAL ASSISTANCE PROCEDURES.

C.  ADMINISTERING AGENCY must have at least one copy of supporting backup documentation for costs incurred and claimed for reimbursement by ADMINISTERING AGENCY.  ADMINISTERING AGENCY agrees to submit supporting backup documentation with invoices if requested by State.  Acceptable backup documentation includes, but is not limited to, agency's progress payment to the contractors, copies of cancelled checks showing amounts made payable to vendors and contractors, and/or a computerized summary of PROJECT costs.

D.  Indirect Cost Allocation Plan/Indirect Cost Rate Proposals (ICAP/ICRP), Central Service Cost Allocation Plans and related documentation are to be prepared and provided to STATE (Caltrans Audits & Investigations) for review and approval prior to ADMINISTERING AGENCY seeking reimbursement of indirect costs incurred within each fiscal year being claimed for State and federal reimbursement.  ICAPs/ICRPs must be prepared in accordance with the requirements set forth in 2 CFR, Part 200, Chapter 5 of the Local Assistance Procedural Manual, and the ICAP/ICRP approval procedures established by STATE.

E.  STATE will withhold the greater of either two (2) percent of the total of all federal funds encumbered for each PROGRAM SUPPLEMENT or $40,000 until ADMINISTERING AGENCY submits the Final Report of Expenditures for each completed PROGRAM SUPPLEMENT PROJECT.

F.  Payments to ADMINISTERING AGENCY for PROJECT-related travel and subsistence (per diem) expenses of ADMINISTERING AGENCY forces and its contractors and subcontractors claimed for reimbursement or as local match credit shall not exceed rates authorized to be paid rank and file STATE employees under current State Department of Personnel Administration (DPA) rules.  If the rates invoiced by ADMINISTERING AGENCY are in excess of DPA rates, ADMINISTERING AGENCY is responsible for the cost difference, and any overpayments inadvertently paid by STATE shall be reimbursed to STATE by ADMINISTERING AGENCY on demand within thirty (30) days of such invoice.

## SPECIAL COVENANTS OR REMARKS

G.    ADMINISTERING AGENCY agrees to comply with 2 CFR, Part 200, Uniform Administrative Requirements, Cost Principles and Audit Requirement for Federal Awards.

H.    ADMINISTERING AGENCY agrees, and will assure that its contractors and subcontractors will be obligated to agree, that Contract Cost Principles and Procedures, 48 CFR, Federal Acquisition Regulations System, Chapter 1, Part 31, et seq., shall be used to determine the allowability of individual PROJECT cost items.

I. Every sub-recipient receiving PROJECT funds under this AGREEMENT shall comply with 2 CFR, Part 200, 23 CFR, 48 CFR Chapter 1, Part 31, Local Assistance Procedures, Public Contract Code (PCC) 10300-10334 (procurement of goods), PCC 10335-10381 (non-A&E services), and other applicable STATE and FEDERAL regulations.

J. Any PROJECT costs for which ADMINISTERING AGENCY has received payment or credit that are determined by subsequent audit to be unallowable under 2 CFR, Part 200, 23 CFR, 48 CFR, Chapter 1, Part 31, and other applicable STATE and FEDERAL regulations, are subject to repayment by ADMINISTERING AGENCY to STATE.

K.  STATE reserves the right to conduct technical and financial audits of PROJECT WORK and records and ADMINISTERING AGENCY agrees, and shall require its contractors and subcontractors to agree, to cooperate with STATE by making all appropriate and relevant PROJECT records available for audit and copying as required by the following paragraph:

ADMINISTERING AGENCY, ADMINISTERING AGENCY'S contractors and subcontractors, and STATE shall each maintain and make available for inspection and audit by STATE, the California State Auditor, or any duly authorized representative of STATE or the United States all books, documents, papers, accounting records, and other evidence pertaining to the performance of such contracts, including, but not limited to, the costs of administering those various contracts and ADMINISTERING AGENCY shall furnish copies thereof if requested. All of the above referenced parties shall make such AGREEMENT, PROGRAM SUPPLEMENT, and contract materials available at their respective offices at all reasonable times during the entire PROJECT period and for three (3) years from the date of submission of the final expenditure report by the STATE to the FHWA.

L.    ADMINISTERING AGENCY, its contractors and subcontractors shall establish and maintain a financial management system and records that properly accumulate and segregate reasonable, allowable, and allocable incurred PROJECT costs and matching funds by line item for the PROJECT. The financial management system

## SPECIAL COVENANTS OR REMARKS

of ADMINISTERING AGENCY, its contractors and all subcontractors shall conform to Generally Accepted Accounting Principles, enable the determination of incurred costs at interim points of completion, and provide support for reimbursement payment vouchers or invoices set to or paid by STATE.

M. ADMINISTERING AGENCY is required to have an audit in accordance with the Single Audit Act of 2 CFR 200 if it expends $750,000 or more in Federal Funds in a single fiscal year of the Catalogue of Federal Domestic Assistance.

N. ADMINISTERING AGENCY agrees to include all PROGRAM SUPPLEMENTS adopting the terms of this AGREEMENT in the schedule of projects to be examined in ADMINISTERING AGENCY's annual audit and in the schedule of projects to be examined under its single audit prepared in accordance with 2 CFR, Part 200.

O. ADMINISTERING AGENCY shall not award a non-A&E contract over $5,000, construction contracts over $10,000, or other contracts over $25,000 [excluding professional service contracts of the type which are required to be procured in accordance with Government Code sections 4525 (d), (e) and (f)] on the basis of a noncompetitive negotiation for work to be performed under this AGREEMENT without the prior written approval of STATE. Contracts awarded by ADMINISTERING AGENCY, if intended as local match credit, must meet the requirements set forth in this AGREEMENT regarding local match funds.

P. Any subcontract entered into by ADMINISTERING AGENCY as a result of this AGREEMENT shall contain provisions B, C, F, H, I, K, and L under Section 2 of this agreement.

3.     Appendix E of the Title VI Assurances (US DOT Order 1050.2A)

During the performance of this agreement, the ADMINISTERING AGENCY, ADMINISTERING AGENCY'S contractors and subcontractor, (hereinafter referred to as the "contractor") agrees to comply with the following nondiscrimination statutes and authorities; including but not limited to:

Pertinent Nondiscrimination Authorities:

A. Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq., 78 stat. 252), (prohibits discrimination on the basis of race, color, national origin); and 49 CFR Part 21.
B. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, (42 U.S.C. 4601), (prohibits unfair treatment of persons displaced or whose property has been acquired because of Federal or Federal-aid programs and projects);
C. Federal-Aid Highway Act of 1973, (23 U.S.C. 324 et seq.), (prohibits discrimination on the basis of sex);
D. Section 504 of the Rehabilitation Act of 1973, (29 U.S.C. 794 et seq.), as

## SPECIAL COVENANTS OR REMARKS

amended, (prohibits discrimination on the basis of disability); and 49 CFR Part 27;

E. The Age Discrimination Act of 1975, as amended, (42 U.S.C. 6101 et seq.), (prohibits discrimination on the basis of age);

F. Airport and Airway Improvement Act of 1982, (49 U.S.C. 4 71, Section 4 7123), as amended, (prohibits discrimination based on race, creed, color, national origin, or sex);

G. The Civil Rights Restoration Act of 1987, (PL 100-209), (Broadened the scope, coverage and applicability of Title VI of the Civil Rights Act of 1964, The Age Discrimination Act of 1975 and Section 504 of the Rehabilitation Act of 1973, by expanding the definition of the terms "programs or

activities" to include all of the programs or activities of the Federal-aid recipients, subrecipients and contractors, whether such programs or activities are Federally funded or not);

H. Titles II and III of the Americans with Disabilities Act, which prohibit discrimination on the basis of disability in the operation of public entities, public and private transportation systems, places of public accommodation, and certain testing entities (42 U.S.C. 12131-12189) as implemented by Department of Transportation regulations at 49 C.F.R. parts 37 and 38;

I. The Federal Aviation Administration's Nondiscrimination statute (49 U.S.C. 47123) (prohibits discrimination on the basis of race, color, national origin, and sex);

J. Executive Order 12898, Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations, which ensures nondiscrimination against minority populations by discouraging programs, policies, and activities with disproportionately high and adverse human health or environmental effects on minority and low-income populations;

K. Executive Order 13166, Improving Access to Services for Persons with Limited English Proficiency, and resulting agency guidance, national origin discrimination includes discrimination because of limited English proficiency (LEP). To ensure compliance with Title VI, you must take reasonable steps to ensure that LEP persons have meaningful access to your programs (70 Fed. Reg. at 74087 to 74100);

L. Title IX of the Education Amendments of 1972, as amended, which prohibits you from discriminating because of sex in education programs or activities (20 U.S.C. 1681 et seq).

Docusign Envelope ID: 328B2699-8B24-4E86-9BF9-FD08377EFA3

RESOLUTION NO. BOS-2023-10

### RESOLUTION OF THE BOARD OF
### SUPERVISORS OF THE COUNTY OF SANTA
### CLARA
### DELEGATING CERTAIN CONTRACT AUTHORITY
### TO THE COUNTY EXECUTIVE, OR DESIGNEE,
### DIRECTLY RELATED TO THE WORK OF THE ROADS
### AND AIRPORTS DEPARTMENT

**Adopted: 01/24/2023**

**WHEREAS,** the County is eligible to receive Federal and State funding for certain transportation projects through the California Department of Transportation and in order to access this funding, Master Agreements, Program Supplemental Agreements, Right-of-Way Certifications, Fund Exchange Agreements, and/or Fund Transfer Agreements must be executed with the California Department of Transportation;

**WHEREAS,** the County's Roads and Airports Department also coordinates with cities, other local agencies, and private parties to implement projects of mutual interest, which often require Memoranda of Understanding, Cost Sharing Agreements, Landscape Maintenance Agreements, Maintenance and Indemnification Agreements, Permits to Enter, and other types of agreements in order to memorialize the understanding of the parties;

**WHEREAS,** various types of agreements and contracts with railroad companies and public utility companies are also often required to implement projects;

**WHEREAS,** various types of agreements with private parties are required periodically to implement improvements within the County road and expressway right-of-way related to land development conditions approved by the Board of Supervisors or cities;

**WHEREAS,** to implement capital projects approved by the Board of Supervisors, the County may need to acquire from public and private entities certain real property interests, including, but not limited to, temporary construction easements, permanent easements, fee, licenses, right-of-entry, and other interests;

**WHEREAS,** certain existing real property leases include provisions allowing the lessee to unilaterally extend the term of the lease; assign the lease with the County's approval, which approval may not be unreasonably withheld; and, sublease the property with the County's approval, which approval may not be unreasonably withheld;

**WHEREAS,** the Board of Supervisors may delegate contracting authority to County officials such as the County Executive or designee, and has done so as deemed necessary and in the interest of the County;

Resolution Delegating Certain
Authority to the County Executive,
or designee, directly related to the
work of the Roads and Airports
Department

Page 1 of 4

**WHEREAS,** contracts and agreements required to implement County transportation projects with public entities referenced above may not be negotiable; may not typically include any of the County's required contracting clauses; and/or, may include certain insurance and indemnification requirements to be met by the County; and,

**WHEREAS,** delegating certain contracting authority to the County Executive, or designee, to negotiate, execute, amend, and terminate all necessary written contracts and agreements to implement the transportation projects of the County, would assist the County in expediting implementation of such budgeted projects of the types hereinabove described.

**NOW, THEREFORE, BE IT RESOLVED** by the Board of Supervisors of the County of Santa Clara, State of California, that:

1.    The Board of Supervisors delegates to the County Executive, or designee, authority to negotiate, execute, amend, and terminate contracts (including but not limited to grant agreements) with utility companies and service providers; local public entities (including, but not limited to, cities and special districts); the State of California; railroad companies; and, private individuals and entities, as necessary and on terms and conditions as are required by such contracts, on behalf of the County and directly related to the work of the Roads and Airports Department subject to the following conditions:

    a.    There is no external legal or policy requirement mandating specific approval of the contract by the Board of Supervisors. Where such a requirement exists, as in the case of agreements regarding the acquisition of certain real property interests, the County Executive, or designee, is authorized to negotiate the agreement for subsequent approval by the Board of Supervisors;

    b.    The value of services, if any, to be provided or received under the contract, or the value of real property rights to be acquired, does not exceed $250,000. This dollar limit shall not apply to grant agreements, Program Supplements, and agreements with entities regulated by the California Public Utilities Commission; and,

    c.    Net County expenditures for the services covered by the contract, if any, have previously been budgeted.

///

///

///

Resolution Delegating Certain
Authority to the County Executive,
or designee, directly related to the
work of the Roads and Airports
Department

Page 2 of 4

2.      The Board delegates to the County Executive, or designee, authority to approve and sign necessary documents to: a) extend the term of existing real property lease agreements when the lessee has the unilateral right to extend the term; b) allow for assignment of a lease when the agreement requires County approval of such assignment and such approval may not be unreasonably withheld; and, c) allow for sublease of leased property when the agreement requires County approval of such sublease and such approval may not be reasonably withheld.

3.      All contracts and agreements must be reviewed and approved by the Office of the County Executive and reviewed and approved as to form and legality by the Office of the County Counsel, except in instances where the contract or agreement is a form contract and the form contract or agreement has been previously reviewed and approved by the Office of the County Executive and approved as to form and legality by the Office of the County Counsel and no changes have been made to the previously approved form contract or agreement.  The County Executive may delegate authority to department staff to execute agreements that are based on a form or template that has been previously approved.

4.      The Director, Roads and Airports Department, on behalf of the County Executive, shall submit quarterly summary reports to the County's Housing, Land Use, Environment and Transportation (HLUET) Committee relating to the contracts executed pursuant to the authority granted by this Resolution, except for agreements using a form or template that has been previously reviewed and approved by the Office of the County Executive and reviewed and approved as to form and legality by the Office of the County Counsel and no substantive changes has been made to the previously approved form contract or agreement.  For agreements relating to the acquisition of real property interests, the County Executive, or designee, shall copy the appropriate Board office on the Notice of Decision to Appraise (NODA) sent to the property owner.

///

///

///

///

///

///

///

Resolution Delegating Certain
Authority to the County Executive,
or designee, directly related to the
work of the Roads and Airports
Department

Page 3 of 4

5.      The delegation of authority approved by the adoption of this Resolution shall expire on December 31, 2025.

**PASSED AND ADOPTED** by the Board of Supervisors of the County of Santa Clara, State of California, on _____ JAN 2 4 2023 _____ by the following vote:

**AYES:**   ARENAS, CHAVEZ, ELLENBERG
           LEE, SIMITIAN

**NOES:** NONE

**ABSTAIN:** NONE

**ABSENT:** NONE

SUSAN ELLENBERG, President
Board of Supervisors

Signed and certified that a copy of this document
has been delivered by electronic or other means to
the President, Board of Supervisors

ATTEST:

TIFFANY LENNEAR
Clerk of the Board of Supervisors

APPROVED AS TO FORM AND LEGALITY:

JOHN A. CASTRO
Deputy County Counsel

Resolution Delegating Certain
Authority to the County Executive,
or designee, directly related to the
work of the Roads and Airports
Department                                    Page 4 of 4

# DELEGATION OF AUTHORITY (DOA) COVER SHEET

## TO BE COMPLETED BY DEPARTMENT/AGENCY

Department Submitting: __Roads & Airports Department_____    Fiscal Year: __2025_____

Original DOA Approval (Attach Copy): BOS Mtg Date __1/24/2023__ Agenda # __82____ Leg File # 1__14064_____
Office of County Contracting Exception/Exemption Approval: ☐ Applicable (Attach Copy if applicable)

Contractor's Name: __Caltrans_____

Contact Name: __Tony Arata_____

Amount of this Agreement: $ __883,529_____

Contact Number: __408-573-2404_____

Max Amount of the Delegation: __$250K excluding Program__
_____Supplements__

Processing Requirements (Specific instructions to the OBA
Analyst for distribution of approved copies):

End Date of the Delegation: __12/31/25_____

_____

Total Approved Delegation:
(Including this Amendment)    _____

_____

Date Needed: _____    Comments: Redwood Retreat Road Bridge #37C0562 over Little Arthur

Creek bridge replacement project, 0.3 miles west of Watsonville Road in Morgan Hill.

## TO BE COMPLETED BY COUNTY COUNSEL, OBA ANALYST, AND OFFICE OF THE COUNTY EXECUTIVE:

**Name/Date**

Approved by County Counsel for form and legality    Yes ☐ No ☐    _Whin Castro_    7/11/2024
Recommended for Approval by OBA    Yes ☐ No ☐    _Lorena Cholula_    7/18/2024
Approved by Office of the County Executive    Yes ☐ No ☐    _James R. Williams_    7/18/2024

County Counsel Comments:

OBA Comments:

Office of the County Executive Comments:

**Upon execution of agreement, forward a copy and any subsequent amendment(s) to: delegations@cob.sccgov.org, together with the delegation of authority transmittal. Department retains original copy of agreement on file.**

# 5937232 PSA

Final Audit Report                                                                        2024-07-23

| | |
|---|---|
| Created: | 2024-07-22 |
| By: | Alberta Snowden (s140573@dot.ca.gov) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA6XRYWzH8j85IIqJurBkJ-_QSH3__T7Lh |

## "5937232 PSA" History

📄 **Document created by Alberta Snowden (s140573@dot.ca.gov)**
2024-07-22 - 11:03:06 PM GMT- IP address: 149.136.17.249

↪ **Document emailed to Darlene Wulff (darlene.wulff@dot.ca.gov) for signature**
2024-07-22 - 11:03:53 PM GMT

📄 **Email viewed by Darlene Wulff (darlene.wulff@dot.ca.gov)**
2024-07-23 - 8:38:38 PM GMT- IP address: 149.136.17.247

🖊 **Document e-signed by Darlene Wulff (darlene.wulff@dot.ca.gov)**
Signature Date: 2024-07-23 - 8:41:19 PM GMT - Time Source: server- IP address: 149.136.17.247

✅ **Agreement completed.**
2024-07-23 - 8:41:19 PM GMT



Powered by
Adobe
Acrobat Sign