The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESMTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, *et al.*,<br>Defendants. | NO. 2:25-cv-814<br><br>**ORDER GRANTING PLAINTIFFS' <u>SECOND</u> MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on Plaintiffs' Second Motion for Temporary Restraining Order ("Second TRO").[1] Dkt. No. 72. Several Plaintiffs, among the many who were added to this lawsuit pursuant to the Amended Complaint, have moved the Court for a Second TRO, raising issues materially indistinguishable from those raised in the TRO this Court entered on May 7, 2021 (the "First TRO").[2] The Court ordered Defendants to file a brief outlining in what

---

[1] Simultaneously with this Second Motion for a TRO, all Plaintiffs added to this lawsuit by operation of the Amended Complaint have moved for a preliminary injunction. The Court has ordered responsive briefing on the merits of the new plaintiffs' request for a preliminary injunction, and an order on that motion will be forthcoming.

[2] The Plaintiffs moving for entry of a Second TRO are City of Columbus, Intercity Transit, Martin Luther King, Jr. County, City of Minneapolis, City of New York, Port of Seattle, and City of Tucson (collectively, "DOT Plaintiffs"), as to the DOT Grant Conditions, and City of Cambridge and City of Pasadena (collectively, "HUD Plaintiffs") as to the CoC Grant Conditions.

ORDER GRANTING
<u>SECOND</u> TRO
- 1

ways, if any, the new Plaintiffs' request for a Second TRO might differ from the claims that the Court has already temporarily adjudicated in entering the First TRO. In that response, Defendants acknowledge that they "oppose the New Plaintiffs' TRO and preliminary injunction motion for the same reasons they opposed the first." Dkt. No. 151, p. 4.

Therefore, having reviewed the parties' briefs and exhibits filed in support of and opposition to the Second Motion, the Court finds that the Second Motion for TRO raises questions of law and fact that are materially identical to the First Motion for TRO, and for the reasons articulated in the Court's First TRO, the Court hereby GRANTS Plaintiffs' Second Motion for TRO as follows:

1. HUD and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined HUD Parties"), are enjoined from (1) imposing or enforcing the CoC Grant Conditions, as defined in the Motion, or any materially similar terms or conditions with respect to any CoC funds awarded to HUD Plaintiffs or members of their Continuums; (2) as to HUD Plaintiffs, rescinding, withholding, or cancelling any CoC Grant Agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning CoC funds, based on such terms or conditions; or (3) requiring HUD Plaintiffs to make any "certification" or other representation related to compliance with such terms or conditions;

2. The Enjoined HUD Parties shall immediately treat any actions taken to implement or enforce the CoC Grant Conditions or any materially similar terms or conditions as to HUD Plaintiffs, including any delays or withholding of funds based on such

ORDER GRANTING
<u>SECOND</u> TRO

conditions, as null, void, and rescinded, and may not retroactively apply such conditions to grant agreements executed during the effective period of this TRO. The Enjoined HUD Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation;

3. DOT, the DOT OAs, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined DOT Parties"), are enjoined from (1) imposing or enforcing the DOT Grant Conditions, as defined in the Motion, or any materially similar terms or conditions to any DOT funds awarded, directly or indirectly, to the DOT Plaintiffs or their subrecipients; (2) as to the DOT Plaintiffs or their subrecipients, rescinding, withholding, or cancelling DOT grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning DOT funds, based on such terms or conditions; or (3) requiring the DOT Plaintiffs or their subrecipients to make any "certification" or other representation related to compliance with such terms or conditions;

4. The Enjoined DOT Parties shall immediately treat any actions taken to implement or enforce the DOT Grant Conditions or any materially similar terms or conditions as to DOT funds awarded, directly or indirectly, to the DOT Plaintiffs or their subrecipients, including any delays or withholding of funds based on such conditions, as null, void, and rescinded, and may not retroactively apply such conditions to grant agreements executed during the effective period of this TRO. The Enjoined DOT Parties shall

ORDER GRANTING
SECOND TRO

- 3

immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

Plaintiffs are not required to post a bond under Federal Rule 65(c).

This Second TRO will remain in effect through June 4, 2025 or until further order from the Court.

It is so ordered, this 23rd day of May, 2025.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING
SECOND TRO

- 4