THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY, et al.

                            Plaintiffs,

vs.

SCOTT TURNER in his official capacity
as Secretary of the U.S. Department of
Housing and Urban Development, et. al.

                Defendants.

No. 2:25-cv-00814-BJR

PLAINTIFFS' REPLY IN SUPPORT
OF SECOND MOTION FOR
PRELIMINARY INJUNCTION

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I.    INTRODUCTION ...........................................................................................................1

II.   ARGUMENT .................................................................................................................2

      A.    Plaintiffs Are Likely to Succeed on the Merits of Their Claims ........................... 2

      B.    The PI Should Include Additional Measures to Stop Defendants' Ongoing
            Violations of the Court's TROs and Restore the Status Quo................................. 7

III.  CONCLUSION...............................................................................................................9

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION - i
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# I.    INTRODUCTION

This Court should issue a preliminary injunction (PI) prohibiting Defendants from imposing unlawful conditions on Plaintiffs' federal grants administered by the U.S. Department of Transportation (DOT) and the U.S. Department of Housing and Urban Development (HUD). In their opposition to Plaintiffs' second PI motion (Motion), Defendants rely on the same arguments this Court has now rejected twice, including that this Court (and perhaps every court) lacks jurisdiction to hear Plaintiffs' claims and that Defendants have unfettered discretion to attach conditions to federal grants. *See* Dkt. # 151 at 1. Yet despite raising no new defense, Defendants continue to brazenly defy this Court's TROs, reportedly issuing blanket instructions to employees not only preventing the release of funds for approved grants but also directing that grant agreements provided to or submitted by Plaintiffs be "place[d] . . . on hold . . . because of the pending litigation." 2d Beckmeyer Decl. (KCRHA), Ex. A. TROs (and PIs) are meant to maintain the status quo—in this case routine grant administration minus the enjoined conditions. Rather than comply, Defendants are effectively suspending the programs as to Plaintiffs. Defendants' actions underscore the necessity of a PI, and that such relief must be fashioned to compel immediate compliance, including through verification that agency employees have been properly directed and a status report to the Court.

In their opposition, Defendants acknowledge Plaintiffs seek a PI enjoining the same Federal Transit Administration (FTA) grant conditions this Court has previously enjoined. But after three tries, Defendants still have not identified any statutes that authorize the unlawful conditions now being attached to all DOT grants, including the newly added DOT operating administrations—the Federal Highway Administration (FHWA), Federal Aviation Administration (FAA), and Federal Railroad Administration (FRA). Nor do they attempt to distinguish the

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

irreparable harm Plaintiffs newly face from those this Court has already considered. Accordingly, this Court should issue a PI for the reasons presented in Plaintiffs' first and second TRO and PI motions, including the likelihood of success on the merits of their Separation of Powers, Fifth Amendment, Spending Clause, and Administrative Procedure Act (APA) claims.

Defendants' only new argument responds to Plaintiffs' Tenth Amendment claim challenging the DOT Immigration Enforcement Condition. Dkt. # 151 at 4–6. First, given the likelihood of success on Plaintiffs' other claims, a PI can and should be issued without regard to the merits of the Tenth Amendment claim. Second, Defendants fail to rebut Plaintiffs' likelihood of success as to this claim. None of the cases Defendants cite support the Executive branch unilaterally imposing conditions not authorized by Congress and unrelated to the grant programs' purposes. Moreover, Defendants ignore that the financial impacts on DOT Plaintiffs[1] more than meet the coerciveness standard. The DOT Immigration Enforcement Condition violates the Tenth Amendment's restriction on federal power by coercing local officials to carry out federal immigration policy under threat of losing all DOT funding—a financially catastrophic loss to many local governments already reeling from the effects of the COVID-19 pandemic.

This Court should grant Plaintiff's Motion, enjoin Defendants' continued overreach, and require Defendants to process grant agreements including the release of grant funds during the pendency of this litigation.

## II.    ARGUMENT

### A.    Plaintiffs Are Likely to Succeed on the Merits of Their Claims

Plaintiffs incorporate their prior arguments regarding violation of the Constitution's separation of powers principles, the Spending Clause, the Fifth Amendment's vagueness doctrine,

---

[1] *See* Dkt. # 71 ¶¶ 8–38 (identifying the DOT Plaintiffs and the HUD Plaintiffs).

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 2
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

and the APA. Dkt. # 5 at 14–26; Dkt. # 44 at 8–9; Dkt. # 58 at 7–14; Dkt. # 72 at 8–15. Defendants offer no new arguments on these claims. And Defendants' sole new argument under the Tenth Amendment provides no bar to the Court's issuance of a PI.

Defendants' Tenth Amendment argument fails. As Plaintiffs' Motion explained, the DOT Immigration Enforcement Condition impermissibly seeks to commandeer local officials into enforcing immigration law by threatening to restrict *all* DOT funding unless Plaintiffs comply with the administration's immigration agenda. Dkt. # 72 at 12–13. This violates the principle that the federal government may not coerce a state to adopt a federal regulatory system as its own through economic compulsion. *Nat'l Fed. of Indep. Bus. v. Sebelius* (*NFIB*), 567 U.S. 519, 578 (2012) (opinion of Roberts, C.J.).

Defendants contend the DOT Immigration Enforcement Condition is not subject to a coerciveness analysis because it "does not threaten any 'independent' grant funds," but instead "affect[s] only the funds that go to" funded programs. Dkt. # 151 at 5. Defendants assert the condition the Supreme Court struck down in *NFIB* affected both new funds the Affordable Care Act (ACA) made available and existing Medicaid funds, making the condition more coercive than if it had applied only to new funds. *Id.* (citing 567 U.S. at 579–80). Thus, Defendants interpret *NFIB* to suggest *only* conditions that threaten to terminate "independent grants" may be unconstitutionally coercive. *Id.* But *NFIB* does not support this narrow interpretation, and other case law refutes it.[2]

---

[2] A perverse result of Defendants' interpretation would be to allow any condition in a grant—no matter how coercive—so long as it impacts only the funding available in the grant. For instance, under the penalty of withholding federal highway funding, the administration could coerce local governments to pay subcontractors with $TRUMP coins.

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Contrary to Defendants' interpretation of *NFIB*, the Supreme Court's anti-commandeering cases have long made clear that the essential inquiry is whether the state or municipality "retain[s] the ultimate decision" to adopt a federal policy or whether it is forced to do so "due to federal coercion." *New York v. United States*, 505 U.S. 144, 168–69 (1992). Such coercion can take many forms. In *NFIB*, the Supreme Court held conditions that threaten "to terminate other significant independent grants" are an "*example*" of "a means of pressuring the States to accept policy changes." 567 U.S. at 580 (emphasis added). But it was ultimately "[t]he threatened loss of over 10 percent of" some of the plaintiff-states' "overall budget[s]" that rendered the ACA's Medicaid condition unconstitutional "economic dragooning." *Id.* at 582.

Here, the DOT Immigration Enforcement Condition threatens Plaintiffs that refuse to adopt federal policy on immigration enforcement with similarly devastating losses. *See, e.g.*, Dkt. # 80 ¶ 20 (DOT funding makes up approximately 10–15% of Culver City's annual Operating and Capital budget); Dkt. # 81 ¶¶ 2, 5 (Denver's Department of Transportation & Infrastructure relies on approximately $300 million in federal funds to support its $340 million annual budget); Dkt. # 98 ¶ 9 (San Francisco expects to receive over $2 billion in DOT grant funding).[3] In fact, Defendants admit the "proportion of state and local budgets that is federally funded remains enormous." Dkt. # 151 at 6. By purporting to condition *all* DOT funds on cooperation with federal immigration enforcement, Defendants seek to force municipalities' hand and allow federal

---

[3] Because municipal budgets are broken into various restricted fund balances, the relevant consideration for determining coercion is not the total federal funds received by the jurisdiction, but the funds available to perform a particular service. For example, HUD CoC grants may represent an extremely high percentage of available funding for transitional and supporting housing and services, even though the total funding available for those crucial services is a relatively modest percentage of the overall municipal budget. Grant conditions that force municipalities to abandon an entire line of service, rather than accept poison pill conditions, are inherently coercive.

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

officials to effectively command local officials on matters of immigration. Such blatant attempts to coopt local resources for federal purposes is straightforward unconstitutional commandeering. *See United States v. California*, 921 F.3d 865, 888–90 (9th Cir. 2019) (federal requirement forcing states to cooperate in immigration enforcement would violate the Tenth Amendment).

Indeed, multiple courts have struck down similar attempts by the current and former Trump administrations to use grant conditions to coerce local cooperation with immigration enforcement—and no court relied on whether the conditions affected "independent" grant funds. *See City & Cnty. of S.F. v. Trump* (*San Francisco*), 25-CV-01350-WHO, 2025 WL 1282637, at *31–32 (N.D. Cal. May 3, 2025) (executive orders conditioning all federal funds on cooperation with immigration enforcement violated Tenth Amendment by "coerc[ing] localities that do not wish to cut essential programs into accepting the federal government's conditions in exchange for the funds they were promised"); *Cnty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 533 (N.D. Cal. 2017) (executive order placing "sanctuary jurisdictions" at risk of losing all federal grants violated Tenth Amendment by "seek[ing] to compel the states and local jurisdictions to enforce a federal regulatory program through coercion").

The court in *San Francisco* also rejected the argument Defendants raise here that localities could simply "decline to apply for the specific [agency] grants to which any offensive conditions are attached" and thus avoid any "commandeering of their sovereignty." 2025 WL 1282637, at *31; *compare* Dkt. # 151 at 4–5. The *San Francisco* court further distinguished *Environmental Defense Center, Inc. v. EPA*, which Defendants rely on here. In that case, the challenged federal regime allowed the plaintiffs to pursue an alternative permit option rather than adopt a federal regulatory program. *Envtl Def. Ctr., Inc. v. EPA*, 344 F.3d 832, 847 (9th Cir. 2003). By contrast, the *San Francisco* court explained, "the Cities and Counties have no alternative funding option"

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

and "no choice to pursue their chosen sanctuary policies if they are to receive federal funding." 2025 WL 1282637, at *31. As in *San Francisco*, Plaintiffs here have no "alternative to implementing" federal policy that "does not offend the Constitution's guarantee of federalism." *Id.* (quoting *Envtl. Def. Ctr., Inc.*, 344 F.3d at 847). The only other option—the catastrophic loss of *all* DOT funding—is no option at all.

Defendants next contend that unless the anti-commandeering doctrine is limited to grant conditions that affect purportedly "independent" grants, "any widely used federal condition on state and local funding would be unconstitutional." Dkt. # 151 at 5. That argument fails because the Tenth Amendment applies only when grant conditions affect powers reserved to the states. *See New York*, 505 U.S. at 155–56; *City of Portland v. United States*, 969 F.3d 1020, 1049 (9th Cir. 2020) (holding the Tenth Amendment was not implicated where agency was "interpreting and enforcing the 1996 Telecommunications Act, adopted by Congress pursuant to its delegated authority under the Commerce Clause"). It does not prevent Congress from limiting the use of federal funds so long as it does so without commandeering local officials, coopting policymaking functions, or otherwise invading state or local sovereignty and so long as the conditions are authorized by Congress or a provision of the U.S. Constitution. *See New York*, 505 U.S. at 167 (Congress may require states to adopt a regulatory program or else have state law pre-empted by federal regulation); *Dole v. South Dakota*, 483 U.S. 203, 207–08 (1987) (discussing limits on funding conditions). Accordingly, Defendants' straw man argument fails. Not only does no legislation or constitutional provision authorize DOT to adopt any of the conditions here, the DOT Immigration Enforcement Condition would be beyond even Congress's power, which does not extend to commanding local officials to carry out federal policy, *Printz v. United States*, 521 U.S. 898, 935 (1997), or coercing them to adopt federal policy as their own, *NFIB*, 567 U.S. at 578.

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

This Court should reject Defendants' striking contention that they can achieve through coercive grant conditions what the Tenth Amendment prohibits them from doing directly: commanding local officials to carry out federal policy. *See* Dkt. # 151 at 6. Plaintiffs are likely to succeed on the merits of their Tenth Amendment claim.

**B.      The PI Should Include Additional Measures to Stop Defendants' Ongoing Violations of the Court's TROs and Restore the Status Quo**

Defendants continue to bypass this Court's existing TROs, necessitating not only continued injunctive relief through a PI similar to the TROs but also additional measures to compel Defendants' prompt compliance. In addition to Defendants' continued refusal to treat signed grant agreements with enjoined provisions stricken as valid and thus release grant funds, Dkt. # 56 ¶ 9, HUD now has instructed its regional offices to "put on hold" Fiscal Year 2024 Continuum of Care (CoC) funds previously awarded to HUD Plaintiffs because of their participation in this lawsuit. 2d Beckmeyer Decl. (KCRHA) ¶¶ 5–6, Ex. A (describing call where HUD indicated it could not "process, forward any agreements to accounting for invoicing, or sign any agreements" and attaching a May 28 email from HUD that confirms, "[w]e have been instructed by HQ to place the FY2024 CoC grant agreements on hold for the WA-500 Continuum because of the pending litigation."); Witter Decl. (KCRHA) ¶ 3, Ex. A (May 29 email from HUD stating, "I was informed this morning to update KCRHA that HUD is working to comply with the court order and seeking clarity on how the TRO can be implemented in this circumstance. Currently, the FY2024 grants are still on hold."); *see also* Kong Decl. (Santa Clara) ¶ 5 ("HUD Headquarters has directed the field offices not to process any altered grant agreement.").

HUD's blanket hold on Plaintiffs' CoC funds blatantly violates the terms of this Court's TROs prohibiting Defendants from "pausing," "freezing," "delaying," or "withholding" CoC funds based on the unlawful grant conditions, Dkt. # 52 at 4; Dkt. # 152 at 2, and is the exact

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

opposite of the Court's directive to "immediately take every step necessary to effectuate" the second TRO, "including clearing any administrative, operational, or technical hurdles to implementation," Dkt. # 152 at 2–3. Because the numerous CoC grants awarded to CoC Plaintiffs are staggered throughout the year, HUD's actions disrupt the normal administration of these grants and effectively suspend the program as to CoC Plaintiffs, upending the TROs' purpose to restore and maintain the status quo. *See* 2d Beckmeyer Decl. ¶ 10 (listing staggered CoC grant performance periods); Dkt. # 62 ¶ 8 (Boston) (similar).

In addition, hours before the May 21st PI hearing, in response to Plaintiffs' concern that FTA had retroactively applied the new FTA Master Agreement to previously executed grants, Dkt. # 58 at 4, Defendants filed a declaration stating that FTA's Transit Award Management System (TrAMS) always displays the current Master Agreement version when users select the "current view-print" display, Dkt. # 69-1 ¶ 9. According to the FTA declarant, that function is not intended to reflect a change in the version of the Master Agreement that applies to the grant. *Id.* ¶ 10. But this explanation is inconsistent with how TrAMS apparently functions. When King County reviewed grants obligated before January 20, 2025 (when the Trump administration came into office), the "current view-print" display in TrAMS reflects the *prior* version of the Master Agreement that was in effect when the grants were executed. 2d Supp. Morrison Decl. ¶¶ 6–7.  By contrast, the "current view-print" display for two grants that were executed after January 20, 2025 reflects the *current* version of the Master Agreement, even though those grants were executed before that version was in effect. Defendants have offered no explanation for why TrAMS would reflect the new Master Agreement as to all grants executed since President Trump's inauguration. *Id.* ¶ 8; Dkt. # 60 ¶¶ 7–15. Notably, Defendants have never disclaimed an intention to retroactively

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

apply the current Master Agreement, instead relying on technical explanations of TrAMS that do not hold up to examination.

Defendants now ask the Court to specify that any PI is not intended "to require Defendants to fund grants where Plaintiffs have unilaterally removed such terms." Dkt. #151 at 7. But Defendants' suggestion that the PI restrict only "Defendants' enforcement of any enjoined contract terms" makes no sense if Defendants are not honoring the grant agreements at all. Further, requiring Plaintiffs to sign grant agreements with the unlawful conditions would leave Plaintiffs open to third-party lawsuits under the False Claims Act—attacks encouraged by the Trump administration. Dkt. # 65 at 6 (letter from Deputy Attorney General Todd Blanche encouraging third-party lawsuits targeting DEI initiatives). To restore the status quo of routine administration of the grants at issue that existed prior to Defendants' attempted imposition of the unlawful conditions, the Court should specify that the PI permits Plaintiffs to accept and receive those grants without having to agree to any of the enjoined conditions.

The Court's Second TRO included additional directives that should have resulted in Defendants' compliance. *See* Dkt. # 152 ¶¶ 2–4. But as the Court's directives to Defendants got more prescriptive, Defendants' behavior got worse. To ensure Defendants' prompt compliance, the PI also should require verification that agency personnel have been properly directed and a status report to this Court. *See, e.g.*, *Colorado v. U.S. Dep't of Health & Human Servs.*, No. 1:25-CV-00121, 2025 WL 1017775, at *6 (D.R.I. Apr. 5, 2025) (requiring government to provide written notice and submit a status report to the court).

### III.    CONCLUSION

Other than responding to Plaintiffs' Tenth Amendment claim, Defendants fail to raise new arguments this Court has not already considered and rejected. They do not distinguish the DOT

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 9
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Grant Conditions as applied to grants issued by DOT, FHWA, FAA, or FRA. Nor do they identify new statutes that might authorize them to apply the unlawful conditions. Their Tenth Amendment argument overstates federal power and permits end runs around state and local sovereignty. And Defendants make no effort to dispute or refute Plaintiffs' detailed factual showing of irreparable harm. Meanwhile, Defendants have continued to thwart the plain terms of this Court's TROs. This Court should grant Plaintiffs' Motion and enjoin for the duration of this lawsuit Defendants' misuse of federal grants contrary to the purposes and policies established by Congress.

DATED this 29th day of May, 2025.

PACIFICA LAW GROUP LLP

/s/ Paul J. Lawrence
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Luther Reed-Caulkins, WSBA #62513
Special Deputy Prosecutors

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
T: 206-245-1700
F: 206-245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Luther.Reed-Caulkins@PacificaLawGroup.com

Attorneys for All Plaintiffs


LEESA MANION
King County Prosecuting Attorney

/s/ David J. Hackett
David J. Hackett, WSBA #21234

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*General Counsel to Executive*
Alison Holcomb, WSBA #23303
*Deputy General Counsel to Executive*
Erin Overbey, WSBA #21907
*Senior Deputy Prosecuting Attorney*
Cristy Craig, WSBA #27451
*Senior Deputy Prosecuting Attorney*
Donna Bond, WSBA #36177
*Senior Deputy Prosecuting Attorney*

Chinook Building
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
david.hackett@kingcounty.gov
aholcomb@kingcounty.gov
eroverbey@kingcounty.gov
cristy.craig@kingcounty.gov
donna.bond@kingcounty.gov

*Attorneys for Plaintiff Martin Luther King, Jr. County*

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #39718
Rebecca E. Wendling, WSBA #35887

Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4046
(425) 388-6392
Bridget.Casey@co.snohomish.wa.us
Rebecca.Guadamud@co.snohomish.wa.us
Rebecca.Wendling@co.snohomish.wa.us

*Attorneys for Plaintiff Snohomish County*

DAVID CHIU
San Francisco City Attorney

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 11
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

/s/ David Chiu
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
*Chief of Complex & Affirmative Litigation*
Ronald H. Lee (CA Bar No. 238720)
*Assistant Chief, Complex & Affirmative Litigation*
Alexander J. Holtzman (CA Bar No. 311813)
*Deputy City Attorney*
1390 Market Street, 7th Floor
San Francisco, CA 94102
(415) 554-4700
Cityattorney@sfcityatty.org
Yvonne.Mere@sfcityatty.org
Mollie.Lee@sfcityatty.org
Sara.Eisenberg@sfcityatty.org
Ronald.Lee@sfcityatty.org
Alexander.Holtzman@sfcityatty.org

*Attorneys for Plaintiffs City and County of San Francisco, San Francisco County Transportation Authority, and Treasure Island Mobility Management Agency*

OFFICE OF THE COUNTY COUNSEL, COUNTY OF SANTA CLARA

/s/ Tony LoPresti
Tony LoPresti (CA Bar No. 289269)
*County Counsel*
Kavita Narayan (CA Bar No. 264191)
*Chief Assistant County Counsel*
Meredith A. Johnson (CA Bar No. 291018)
*Lead Deputy County Counsel*
Stefanie L. Wilson (CA Bar No. 314899)
Cara H. Sandberg (CA Bar No. 291058)
*Deputy County Counsels*
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
(408) 299-9021

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 12
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

tony.lopresti@cco.sccgov.org
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
cara.sandberg@cco.sccgov.org

*Attorneys for Plaintiff County of Santa Clara*

ADAM CEDERBAUM
Corporation Counsel, City of Boston

*/s/ Samantha H. Fuchs*
Samantha H. Fuchs (MA BBO No. 708216)
*Senior Assistant Corporation Counsel*
Samuel B. Dinning (MA BBO No. 704304)
*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

*/s/ Richard N. Coglianese*
Richard N. Coglianese (OH Bar No. 0066830)
Assistant City Attorney
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
(614) 645-0818 Phone
(614) 645-6949 Fax
rncoglianese@columbus.gov

*Attorney for Plaintiff City of Columbus*

PUBLIC RIGHTS PROJECT

*/s/ Sharanya Mohan*
Sharanya (Sai) Mohan (CA Bar No. 350675)
Naomi Tsu (OR Bar No. 242511)

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 13
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Toby Merrill (MA Bar No. 601071)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org

*Counsel for Plaintiffs City of Columbus, City & County of Denver, Metro Government of Nashville & Davidson County, Pima County, County of Sonoma, City of Bend, City of Cambridge, City of Chicago, City of Culver City, City of Minneapolis, City of Pasadena, City of Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of Tucson, City of Wilsonville, and Santa Monica Housing Authority*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

*/s/ Doris Bernhardt*
Doris Bernhardt (NY Bar No. 4449385)
Joshua P. Rubin (NY Bar No. 2734051)
Aatif Iqbal (NY Bar No. 5068515)
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

ASHLEY M. KELLIHER
Assistant City Attorney

*/s/ Ashley M. Kelliher*
Ashley M. Kelliher (CO Bar No. 40220)
*Assistant City Attorney*
Denver City Attorney's Office

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 14
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

201 West Colfax Avenue
Denver, Colorado 80202
720-913-3137 (phone)
720-913-3190 (fax)
ashley.kelliher@denvergov.org

DAVID P. STEINBERGER
Assistant City Attorney

*/s/ David P. Steinberger*
David P. Steinberger (CO Bar No. 48530)
*Assistant City Attorney*
Denver City Attorney's Office
Denver International Airport
8500 Pena Boulevard
Airport Office Building, 9th Floor
Denver, Colorado 80249-6340
303-342-2562 (phone)
david.steinberger@flydenver.com

*Attorneys for Plaintiff City and County of Denver*

LAURA CONOVER
Pima County Attorney

*/s/ Bobby Yu*
Samuel E. Brown (AZ Bar No. 027474)
Bobby Yu (AZ Bar No. 031237)
Kyle Johnson (AZ Bar No. 032908)
Pima County Attorney's Office, Civil Division
32 N. Stone, Suite 2100
Tucson, Arizona 85701
Tel: (520) 724-5700
sam.brown@pcao.pima.gov
bobby.yu@pcao.pima.gov
kyle.johnson@pcao.pima.gov

*Attorneys for Plaintiff Pima County*

ROBERT H. PITTMAN, County Counsel

*/s/ Joshua A. Myers*
Joshua A. Myers (CA Bar No. 250988)
*Chief Deputy County Counsel*
Sonoma County Counsel's Office

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 15
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

575 Administration Drive, Rm. 105A
Santa Rosa, CA 95403
Office: (707) 565-2421
Fax: (707) 565-2624
Joshua.Myers@sonoma-county.org

*Attorneys for Plaintiff County of Sonoma*


OFFICE OF THE CITY ATTORNEY FOR THE
CITY OF BEND

*/s/ Ian M. Leitheiser*
Ian M. Leitheiser (OSB #993106)
*City Attorney*
Elizabeth Oshel (OSB #104705)
*Senior Assistant City Attorney*
Michael J. Gaffney (OSB #251680)
*Senior Assistant City Attorney*
City of Bend
PO Box 431
Bend, OR 97709
(541) 693-2128
ileitheiser@bendoregon.gov
eoshel@bendoregon.gov
mgaffney@bendoregon.gov

*Attorneys for Plaintiff City of Bend*


CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

*/s/ Megan B. Bayer*
Megan B. Bayer (MA BBO No. 669494)
*City Solicitor*
Elliott J. Veloso (MA BBO No. 677292)
*Deputy City Solicitor*
Diane Pires (MA BBO No. 681713)
*Assistant City Solicitor*
Cambridge City Hall, 3rd Floor
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
mbayer@cambridgema.gov
eveloso@cambridgema.gov
dpires@cambridgema.gov

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 16
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2          *Attorneys for Plaintiff City of Cambridge*

3          MARY B. RICHARDSON-LOWRY

4          Corporation Counsel of the City of Chicago

5          */s/ Rebecca Hirsch*

6          Rebecca Hirsch (IL Bar No. 6279592)*
           Chelsey Metcalf (IL Bar No. 6337233)*

7          City of Chicago Department of Law
           121 North LaSalle Street, Room 600

8          Chicago, Illinois 60602
           Tel: (313) 744-9484

9          rebecca.hirsch2@cityofchicago.org

10         chelsey.metcalf@cityofchicago.org

11         *Attorneys for Plaintiff City of Chicago*

12         KRISTYN ANDERSON

13         City Attorney

14         */s/ Kristyn Anderson*

15         Kristyn Anderson (MN Lic. 0267752)
           *City Attorney*

16         Sara J. Lathrop (MN Lic. 0310232)
           Munazza Humayun (MN Lic. 0390788)

17         *Assistant City Attorneys*
           350 South Fifth Street

18         Minneapolis, MN 55415
           Tel: 612-673-3000

19         kristyn.anderson@minneapolismn.gov

20         sara.lathrop@minneapolismn.gov
           munazza.humayun@minneapolismn.gov

21         *Attorneys for Plaintiff City of Minneapolis*

22

23         KRYSIA KUBIAK, Esq.

24         City Solicitor

25         */s/ Julie E. Koren*

26         Julie E. Koren (PA Bar No. 309642)
           *Associate City Solicitor*

27         City of Pittsburgh, Dept. of Law
           313 City-County Building

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

414 Grant Street
Pittsburgh, PA 15219
(412) 255-2025
Julie.Koren@pittsburghpa.gov
Krysia.Kubiak@Pittsburghpa.gov

*Counsel for Plaintiff City of Pittsburgh*


ROBERT TAYLOR
Portland City Attorney

*/s/ Caroline Turco*
Caroline Turco (OR Bar No. 083813)
*Senior Deputy City Attorney*
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov

*Attorney for Plaintiff City of Portland*


NORA FRIMANN
City Attorney

*/s/ Nora Frimann*
Nora Frimann (CA Bar No. 93249)
*City Attorney*
Elisa Tolentino (CA Bar No. 245962)
*Chief Deputy City Attorney*
200 E Santa Clara St
San José, CA 95113-1905
Tel: 408-535-1900
Fax: 408-998-3131
cao.main@sanjoseca.gov

*Attorneys for Plaintiff City of San José*


CITY OF WILSONVILLE

*/s/ Amanda R. Guile-Hinman*
Amanda R. Guile-Hinman, WSBA #46282
29799 SW Town Center Loop E
Wilsonville, OR 97070

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

guile@wilsonvilleoregon.gov
(503) 570-1509

*Attorneys for the City of Wilsonville*


CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY

*/s/ Andrés Muñoz*
Andrés Muñoz, WSBA #50224
Desmond Brown, WSBA #16232
Central Puget Sound Regional Transit Authority
401 S. Jackson St.
Seattle, WA 98104
(206) 665-8989
andres.munoz@soundtransit.org
desmond.brown@soundtransit.org

*Attorneys for the Central Puget Sound Regional Transit Authority*


LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

*/s/ Jeffrey S. Myers*
Jeffrey S. Myers, WSBA #16390
Erin L. Hillier, WSBA #42883
Jakub Kocztorz, WSBA #61393
P.O. Box 11880
Olympia, WA 98508
T: (360) 754-3480
F: (360) 357-3511
jmyers@lldkb.com
ehillier@lldkb.com
jkocztorz@lldkb.com

*Attorneys for Plaintiff Intercity Transit*


PORT OF SEATTLE
Anderson & Kreiger LLP

*/s/ Melissa C. Allison*
Melissa C. Allison (MA Bar No. 657470)

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 19
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

David S. Mackey (MA Bar No. 542277)
Christina S. Marshall (MA Bar No. 688348)
Anderson & Kreiger LLP
50 Milk Street, Floor 21
Boston, MA 02109
(617) 621-6500
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
cmarshall@andersonkreiger.com

*Attorneys for Plaintiff Port of Seattle*


KING COUNTY REGIONAL
HOMELESSNESS AUTHORITY


*/s/ Edmund Witter*
Edmund Witter, WSBA #52339
King County Regional Homelessness Authority
400 Yesler Way Suite 600
Seattle, WA 98104
(206) 639-7013
Edmund.witter@kcrha.org

*Attorneys for Plaintiff King County Regional Homelessness Authority*

  * *Pro Hac Vice application forthcoming*

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

**CERTIFICATE OF SERVICE**

3        I hereby certify that on May 29, 2025, I electronically filed the foregoing document with

4   the Clerk of the United States District Court for the Western District of Washington via the

5   CM/ECF system which will send notification of such filing to all parties who are entered in this

6   matter and registered with the CM/ECF system.

7

8        DATED this 29th day of May, 2025.

9

10                                          /s/ Gabriela DeGregorio
                                            Gabriela DeGregorio
11                                          Litigation Assistant
                                            Pacifica Law Group LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' REPLY IN SUPPORT OF SECOND
MOTION FOR PRELIMINARY INJUNCTION – 21
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750