# Exhibit A

| | |
|---|---|
| To: | Agency Employees and Contractors<br>U.S. Department of Housing and Urban Development |
| From: | Brian C. Kipnis, Annalisa L. Cravens, Sarah L. Bishop<br>U.S. Attorney's Office for the Western District of Washington |
| Date: | June 5, 2025 |
| Re: | Notice of Court Order, *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.) |

## NOTICE OF COURT ORDER

At the direction of the United States District Court for the Western District of Washington, you are hereby advised that a preliminary injunction order has been entered in the case of *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.), ECF No. 169 (June 3, 2025). The Court has directed that notice of the order be provided to "all Defendants and their employees by the end of the second day after [its] issuance." A copy of the Court's order is attached for reference.

As relevant to you, this case challenges certain terms incorporated into U.S. Department of Housing and Urban Development ("HUD") Continuum of Care ("CoC") grant agreements for Fiscal Years 2024 and 2025. The relevant terms (the "CoC Grant Conditions") are as follows:

1. The recipient "shall not use grant funds to promote 'gender ideology,' as defined in E.O. 14168 Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";

2. The recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of [the False Claims Act, 31 U.S.C. § 3729(b)(4)]";

3. The recipient "certifies that it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964";

4. The recipient "shall not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment";

5. "No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation"; and

6. "Subject to the exceptions provided by [the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA")], the recipient must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States."

7. A statement that the grant agreements and recipients' use of funds under the agreements are "governed by . . . all current Executive Orders."

The relevant Plaintiffs (the "HUD Plaintiffs") are: King County, Washington; Pierce County, Washington; Snohomish County, Washington; City and County of San Francisco, California; County of Santa Clara, California; City of Boston, Massachusetts; City of New York, New York; City of Columbus, Ohio; City of Nashville, Tennessee; Pima County, Arizona; City of Cambridge, Massachusetts; City of San Jose, California; City of Pasadena, California; City of Tucson, Arizona; King County Regional Homelessness Authority located in King County, Washington; and Santa Monica Housing Authority, California.

In response to the HUD Plaintiffs' motions, the Court has entered a preliminary injunction prohibiting certain actions by HUD in the case.[1] HUD—including its employees and contractors—must immediately comply with the Court's order. Please refer to the enclosed order for its full terms.

To assist in your compliance, here is a summary of key terms:

1. HUD is enjoined from:

    a) imposing or enforcing the CoC Grant Conditions or any materially similar terms or conditions with respect to any CoC funds awarded to the HUD Plaintiffs or members of their Continuums;

    b) as to the HUD Plaintiffs, rescinding, withholding, cancelling, or otherwise not processing any CoC Agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning CoC funds, based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objection to conditions enjoined by the preliminary injunction;

    c) requiring the HUD Plaintiffs to make any "certification" or other representation related to compliance with such terms or conditions; or

    d) refusing to issue, process, or sign CoC Agreements based on HUD Plaintiffs' participation in this lawsuit.

2. Further, HUD:

    a) shall immediately treat any actions taken to implement or enforce the CoC Grant Conditions or any materially similar terms or conditions as to the HUD Plaintiffs

---

[1] As you are aware, the Court previously issued temporary restraining orders ("TROs") restraining the CoC Grant Conditions on May 7 and May 23, 2025. This preliminary injunction replaces those TROs, which remained in effect until the preliminary injunction issued.

    or their Continuums, including any delays or withholding of funds based on such conditions, as null, void, and rescinded;

b) shall treat as null and void any such conditions included in any grant agreement executed by any Plaintiff or member of a Plaintiff Continuum while the preliminary injunction or the previous TROs are in effect; and

c) may not retroactively apply such conditions to grant agreements during the effective period of the preliminary injunction or the previous TROs.

3. HUD shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

As the Court's order reflects, the injunction is temporary, as litigation in the case is ongoing. But the Court's order is in effect and must be complied with until further notice.

If you have any questions about the scope or effect of the Court's order, please contact HUD's Office of General Counsel. Thank you for your attention to this matter.