# Exhibit B

To: Agencies, Employees, and Contractors
U.S. Department of Transportation
Federal Transit Administration
Federal Highway Administration
Federal Aviation Administration
Federal Railroad Administration

From: Brian C. Kipnis, Annalisa L. Cravens, Sarah L. Bishop
U.S. Attorney's Office for the Western District of Washington

Date: June 5, 2025

Re: Notice of Court Order, *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.)

## NOTICE OF COURT ORDER

At the direction of the United States District Court for the Western District of Washington, you are hereby advised that a preliminary injunction order has been entered in the case of *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.), ECF No. 169 (June 3, 2025). The Court has directed that notice of the order be provided to "all Defendants and their employees by the end of the second day after [its] issuance." A copy of the Court's order is attached for reference.

As relevant to you, this case challenges certain terms incorporated into grant agreements by U.S. Department of Transportation ("DOT"), Federal Transit Administration, Federal Highway Administration, Federal Aviation Administration, and Federal Railroad Administration (the "Enjoined DOT Parties"). The relevant terms (the "DOT Grant Conditions") are as follows:

1. "Pursuant to section (3)(b)(iv)(A), Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity, the Recipient agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the government's payment decisions for purposes of [the False Claims Act, 31 U.S.C. § 3729(b)(4)]";

2. "Pursuant to section (3)(b)(iv)(B), Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity, by entering into this Agreement, Recipient certifies that it does not operate any programs promoting diversity, equity, and inclusion (DEI) initiatives that violate any applicable Federal anti-discrimination laws"; and

3. "[T]he Recipient will cooperate with Federal officials in the enforcement of Federal law, including cooperating with and not impeding U.S. Immigration and Customs Enforcement (ICE) and other Federal offices and components of the Department of Homeland Security in the enforcement of Federal immigration law."

4. A requirement that the recipient comply with "executive orders."

Ex. B to Declaration of Annalisa L. Cravens
2:25-cv-00814-BJR
Page 1 of 3

The relevant Plaintiffs (the "DOT Plaintiffs") are: City of Bend, Oregon; City of Boston, Massachusetts; City of Chicago, Illinois; City of Columbus, Ohio; City of Culver City, California; City of Denver, Colorado; Intercity Transit located in Thurston County, Washington; King County, Washington; City of Minneapolis, Minnesota; City of Nashville, Tennessee; City of New York, New York; Pierce County, Washington; Pima County, Arizona; City of Pittsburgh, Pennsylvania; Port of Seattle, Washington; City of Portland, Oregon; City of San Francisco, California; City of San Jose, California, City of Santa Clara, California; City of Santa Monica, California; Snohomish County, Washington; Sonoma County, California; Central Puget Sound Regional Transit Authority located in King, Pierce, and Snohomish Counties, Washington; San Francisco County Transportation Authority, located in the City and County of San Francisco, California; Treasure Island Mobility Management Agency located in Treasure Island and Yerba Buena Island, California; City of Tucson, Arizona; and City of Wilsonville, Oregon.

In response to the DOT Plaintiffs' motions, the Court has entered a preliminary injunction prohibiting certain actions by the Enjoined DOT Parties in the case.[1] All Enjoined DOT Parties—including their employees and contractors—must immediately comply with the Court's order. Please refer to the enclosed order for its full terms.

To assist in your compliance, here is a summary of key terms:

1. The Enjoined DOT Parties are enjoined from:

    a) imposing or enforcing the DOT Grant Conditions or any materially similar terms or conditions to any grant funds awarded, directly or indirectly, to the DOT Plaintiffs or their subrecipients;

    b) as to the DOT Plaintiffs or their subrecipients, rescinding, withholding, cancelling, or otherwise not processing grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning grant funds, based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objection to conditions enjoined by this preliminary injunction;

    c) requiring the DOT Plaintiffs or their subrecipients to make any "certification" or other representation related to compliance with such terms or conditions; or

    d) refusing to issue, process, or sign grant agreements based on DOT Plaintiffs' participation in this lawsuit.

---

[1] As you are aware, the Court previously issued temporary restraining orders ("TROs") restraining the DOT Grant Conditions on May 7 and May 23, 2025. This preliminary injunction replaces those TROs, which remained in effect until the preliminary injunction issued.

2. The Enjoined DOT Parties:

    a) shall immediately treat any actions taken to implement or enforce the DOT Grant Conditions or any materially similar terms or conditions as to grant funds awarded, directly or indirectly, to the DOT Plaintiffs or their subrecipients, including any delays or withholding of funds based on such conditions, as null, void, and rescinded;

    b) shall treat as null and void any such conditions included in any grant agreement executed by any DOT Plaintiff or subrecipient while this preliminary injunction or the previous TROs are in effect; and

    c) may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction or the previous TROs.

3. The Enjoined DOT Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

As the Court's order reflects, the injunction is temporary, as litigation in the case is ongoing. But the Court's order is in effect and must be complied with until further notice.

If you have any questions about the scope or effect of the Court's order, please contact your Chief Counsel's Office or the Office of the General Counsel. Thank you for your attention to this matter.