THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY, et al.,

                              Plaintiffs,

vs.

SCOTT TURNER in his official capacity
as Secretary of the U.S. Department of
Housing and Urban Development, et al.,

                              Defendants.

No. 2:25-cv-00814-BJR

PLAINTIFFS' THIRD MOTION FOR
PRELIMINARY INJUNCTION

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

**TABLE OF CONTENTS**

I.     INTRODUCTION ....................................................................................1

II.    STATEMENT OF FACTS ........................................................................1

    A.    HUD Imposes Unlawful Conditions on All Grants, Not Only CoC ...................... 1

        1.    HUD requires a new, anti-DEI certification for grant submissions ........... 2

        2.    HUD announces it will apply unlawful conditions to formula grants ........................................................................................ 2

        3.    HUD amends its policy terms to include EOs and unlawful conditions ................................................................................... 3

        4.    HUD threatens disapproval and rejects plans based on the conditions ..................................................................................... 4

        5.    HUD Plaintiffs face imminent harm ............................................. 4

    B.    HHS Attaches New, Unlawful Conditions to HHS Grants ...................... 5

    C.    New DOT Plaintiffs Face Imminent Harm ............................................ 8

III.    ARGUMENT ..........................................................................................8

    A.    Legal Standard .................................................................................. 8

    B.    Plaintiffs Are Likely to Succeed on the Merits ...................................... 9

        1.    The Grant Conditions Violate the Separation of Powers ........................... 9

            a.)    Congress Has Not Authorized the HUD Grant Conditions ....................................................................9

            b.)    Congress Has Not Authorized the HHS Grant Conditions ....................................................................11

        2.    The Grant Conditions Violate the Spending Clause .................................. 13

        3.    Imposing the Grant Conditions Violates the APA .................................... 13

    C.    Plaintiffs Will Suffer Immediate and Irreparable Harm ........................................ 14

    D.    The Balance of Equities and Public Interest Favor Plaintiffs ............................... 15

IV.    CONCLUSION ........................................................................................15

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – i
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.    INTRODUCTION

The Trump administration continues to dictate local policy by imposing unlawful conditions on ever more grant programs and local governments. Last month, this Court enjoined U.S. Department of Transportation (DOT) and U.S. Department of Housing and Urban Development (HUD) from imposing unlawful conditions on DOT grants and HUD Continuum of Care (CoC) grants. Now HUD has begun imposing the same conditions on *all* grants. DOT continues to apply the conditions, including on additional local governments. And U.S. Department of Health and Human Services (HHS) is imposing similar conditions on its grant programs. Those agencies are also beginning to attach unlawful conditions to grant applications and notices of funding opportunity (NOFOs), as well as modifications and continuations that add funding to *existing* awards, forcing recipients at every stage of the process to acquiesce in unlawful demands or forfeit participation in grant programs. Many plaintiffs need relief by *August 14* to meet a submission deadline set forth in regulation. Accordingly, an expanded plaintiff group seeks, on largely indistinguishable facts and law, a preliminary injunction (PI) extending the relief previously granted to new jurisdictions, barring HHS from applying unlawful conditions at any stage of the grant-making process, and barring HUD from doing the same as to all grant programs.[1]

## II.    STATEMENT OF FACTS[2]

### A.    HUD Imposes Unlawful Conditions on All Grants, Not Only CoC

HUD seeks to impose the same unlawful conditions enjoined for CoC grants on *all* grants.

---

[1] *California v. U.S. Dep't of Transp.*, 25-cv-208-JJM-PAS (D.R.I.), *City & Cnty. of S.F. v. Trump*, 25-cv-1350-WHO (N.D. Cal.), and *Tucson v. Turner*, 25-cv-353-BGM (D. Ariz.) raise distinct claims Plaintiffs do not seek to replicate here, but may have the result of some Plaintiffs obtaining relief as to some challenged conditions.

[2] This Motion incorporates the defined terms in Plaintiffs' Motion for TRO, Dkt. # 5, and Second Motion for TRO and PI, Dkt. # 72. The challenged grant conditions are set forth in the Appendix to the Proposed Order Granting Plaintiffs' Third Motion for Preliminary Injunction.

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

These include block grant programs Congress established to fund essential housing and services, such as the Community Development Block Grant (CDBG) program, 42 U.S.C. §§ 5303–06; the Emergency Solutions Grant (ESG) program, which funds emergency shelters and homelessness services, *id.* §§ 11371–78; the Home Investment Partnerships (HOME) program, which supports affordable housing, *id.* §§ 12741–56; and the Housing Opportunities for Persons with AIDS (HOPWA) program, *id.* §§ 12901–12. To participate, recipients must submit consolidated/action plans by August 16 each year or forfeit funds. 24 C.F.R. §§ 91.1(b)(2), 91.2(a), 91.15(a)–(b).[3]

### 1. HUD requires a new, anti-DEI certification for grant submissions

In May 2025, HUD amended its Applicant and Recipient Assurances and Certifications ("HUD Certifications")—which are required to receive HUD formula grants and to submit applications for new or continuing grants—to add a certification parroting President Trump's anti-DEI executive orders (EOs). Amaral Decl., Ex. B. Specifically, recipients must certify they "[w]ill not use Federal funding to promote [DEI] mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws." *Id.* The form also states that failure "to furnish or comply with [those] civil rights assurances" may result in enforcement procedures, including grant termination and referral to DOJ. *Id.* (citing 24 C.F.R. § 1.8). Applicants sign "under penalty of perjury" below a warning about civil and criminal penalties. *Id.*

### 2. HUD announces it will apply unlawful conditions to formula grants

On June 5, 2025, Claudette Fernandez, HUD's General Deputy Assistant Secretary for Community Planning and Development (CPD), issued a letter announcing HUD's decision to impose on all CPD formula grants (including CDBG, ESG, HOME, and HOPWA) conditions substantially the same as the enjoined CoC Grant Conditions. Semonoff Decl., Ex. C; Dkt. # 169

---

[3] Because the 2025 deadline falls on a Saturday, Plaintiffs seek relief by Thursday, August 14.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

at 12–13, 46–47. The letter states CPD "FY2025 grant agreement[s]" will "emphasize conformity with" certain "administration priorities and [EOs]," and then lists the new conditions. *Id.*

First, the recipient must "certif[y] that it does not operate any programs that violate any applicable Federal antidiscrimination laws, including Title VI of the Civil Rights Act of 1964," and "agree[] that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of [the FCA]." *Id.*

Second, if the recipient is a "unit of general local government," it must agree not to use the grant funding "in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation." *Id.*

Third, the recipient must "administer its grant in accordance with all applicable immigration restrictions and requirements, including [PRWORA's] eligibility and verification requirements" and, unless excepted by PRWORA, use SAVE or an equivalent system. *Id.*

Fourth, the recipient must agree not to "use grant funds to promote 'gender ideology,' as defined in [the Gender Ideology Order, EO 14168]." *Id.*

Fifth, the recipient must agree it will "not use any grant funds to fund or promote elective abortions, as required by [the Abortion Order, EO 14182]." *Id.*

### 3.    HUD amends its policy terms to include EOs and unlawful conditions

HUD implemented its policy of applying the unlawful conditions to all HUD grants by amending its General Administrative, National, and Departmental Policy Requirements and Terms for HUD's Financial Assistance Programs, which provide guidance about requirements that may apply to grants. 2d Verlinich Decl., Ex. B. The terms list President Trump's EOs among the "laws and policies that may apply," as well as conditions similar to those this Court enjoined. *Id.* at 2.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 4.    HUD threatens disapproval and rejects plans based on the conditions

HUD also notified some Plaintiffs that their already submitted consolidated/action plans violate EOs. For instance, HUD threatened disapproval because Petaluma's plan violated the DEI, Gender Ideology, and Immigration EOs by including references to "equity," "environmental justice," "transgender or gender non-conforming," and "undocumented individuals." Cochran Decl., Ex. B. Bellevue and King County received similar notices. Esparza Decl., Ex. A; 3d Supp. Marshall Decl., Ex. B. HUD gave Petaluma *24 hours* and Bellevue and King County less than *48 hours* to remedy purported violations by scrubbing their plans of the offending language and reciting "assurance statements" that mirror the CPD conditions. *Id.* King County's plan was subsequently disapproved. Holcomb Decl., Ex. A.

### 5.    HUD Plaintiffs face imminent harm

With the statutory deadline for comprehensive/action plans approaching, HUD Plaintiffs[4] face imminent harm from imposition of these new conditions, including to their operations and the vulnerable communities they serve. HUD Plaintiffs use HUD funds to provide housing, King Decl. (Bend) ¶¶ 7–10; Nachbar Decl. (CCHA) ¶ 5; home modifications for seniors and people with disabilities, Walker Decl. (Pima County) ¶ 7; veterans' housing rehabilitation, Kaminski Decl. (Santa Clara) ¶ 14; food security, Lutz Decl. (Bellingham) ¶ 6; senior home rehabilitation, *id.* ¶ 14; lead paint remediation, Prosser Decl. (Columbus) ¶ 10; 2d Chanecka Decl. (Tucson) ¶ 12; housing repairs, Caphart Decl. (NYC) ¶ 4; crime reduction, Hardgrove Decl. (Minneapolis) ¶ 12; and small

---

[4] HUD Plaintiffs are King County, Pierce County, Snohomish County, Boston, Columbus, San Francisco, Santa Clara, NYC, Bend, Cambridge, Chicago, Culver City, Minneapolis, Nashville, Pasadena, Pima County, Pittsburgh, Portland, San José, Santa Monica, Tucson, King County RHA, Santa Monica HA, Alameda County, Albuquerque, Baltimore, Bellevue, Bellingham, Bremerton, Dane County, Eugene, Hennepin County, Kitsap County, Los Angeles, Milwaukee, Multnomah County, Oakland, Petaluma, Ramsey County, Rochester, San Diego, San Mateo County, Santa Rosa, Sonoma County, Watsonville, CCHA, and SCCDC.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 4
No. 2:25-cv-00814-BJR

business assistance, Morrissey Decl. (Portland) ¶ 7. The funds ensure families can afford and stay in safe housing that meets their needs, Tufts Decl. (Kitsap County) ¶ 12; or be rapidly rehoused, Barrett Decl. (Chicago) ¶ 8. Without HUD funds, residents will lose access to meals and other lifesaving services. Sandoval Decl. (Albuquerque) ¶ 10; Sullivan Decl. (Sonoma County) ¶ 8; Peters Decl. (Cambridge) ¶ 11; Verlinich Decl. (SMHA) ¶ 21 (about 1,500 households will be at immediate risk of homelessness). Some HUD Plaintiffs are already grappling with this uncertainty by, for example, pausing service delivery, Barbee Decl. (Pierce County) ¶¶ 6–7; Sandoval Decl. (Albuquerque) ¶¶ 5, 7; but these delays increase project costs, Whitman Decl. (SCCDC) ¶ 11.

Further, HUD continues to impose enjoined CoC Grant Conditions on New CoC Plaintiffs,[5] who also face irreparable harm. Becker Decl. (Dane County) ¶ 16 (123 households will face financial hardship, resulting in evictions and homelessness); Mathews Decl. (Hennepin County) ¶¶ 6, 8 (delay to agreements for rapid rehousing to persons experiencing homelessness); Kotze Decl. (Ramsey County) ¶ 11 (residents will lose access to shelter, housing, and services); Davidson Decl. (San Mateo County) ¶ 18 (seniors will likely face eviction and homelessness).

### B.  HHS Attaches New, Unlawful Conditions to HHS Grants

Similar unlawful conditions are being attached to HHS grants, including grants from the Administration for Children and Families (ACF), Health Resources and Services Administration (HRSA), National Institutes of Health (NIH), Substance Abuse and Mental Health Services Administration (SAMHSA), and Centers for Disease Control and Prevention (CDC). These grants fund, *inter alia*, health and welfare programs, 42 U.S.C. § 603 (TANF); *id.* § 623 (Title IV-B); foster care and adoption assistance, *id.* § 670 (Title IV-E); social services, *id.* § 1397 (Title XX);

---

[5] New CoC Plaintiffs are Alameda County, Albuquerque, Baltimore, Columbus, Dane County, Hennepin County, Milwaukee, Multnomah County, Oakland, Petaluma, Ramsey County, San Mateo County, and Sonoma County.

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

low-income primary care, *id.* 254b (Health Center Program); HIV/AIDS treatment, *id.* § 300ff (Ryan White); *id.* § 247c; and substance abuse and mental health treatment, *e.g., id.* § 290ee-1.

In April 2025, HHS updated its Grants Policy Statement ("HHS GPS") to add conditions implementing President Trump's EOs as to new and modified awards, including "supplements to award[s] [and] competing and non-competing continuations." Brell Vujovic Decl., Ex. B. The HHS GPS requires recipients to certify "[t]hey do not, and will not during the term of this financial assistance award, operate any programs that advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination laws" and defines those terms consistent with the EOs. *Id.* at 19. In addition, several HHS operating divisions/agencies issued requirements expressly incorporating the HHS GPS and/or adding similar conditions. *E.g.*, Braunstein Decl., Ex. A at 5 (CDC);[6] Neal Decl., Ex. A at 2 (HRSA); Brell Vujovic Decl., Ex. A at 4 (ACF); SAMHSA FY 2025 Standard T&Cs at 2–3[7]; ACF Standard T&Cs at 7.[8] It also appears the HHS GPS has been applied to pass-through grants. Tortoraitis Decl. ¶ 3 & Ex. A.

SAMHSA also updated its NOFO Application Guide to state that "[a]ll activities proposed in your application and budget narrative must be in alignment with the current [EOs]." Kunins Decl., Ex. A at 31. It also states that "[f]unds cannot be used to support or provide services, either directly or indirectly, to removable or illegal aliens." *Id.*

Both HRSA and NIH issued award notices that require recipients to "compl[y] with Title IX . . . including the requirements set forth in [the Gender Ideology Order] . . . ." Neal Decl., Ex. A at 4; Sida Decl., Ex. A at 5. The recipient must agree these requirements are "material terms"

---

[6] This notice incorporates the CDC General T&Cs, https://www.cdc.gov/grants/documents/general-terms-and-conditions-non-research-awards.pdf, which in turn incorporate the HHS GPS.
[7] https://www.samhsa.gov/sites/default/files/fy25-award-standard-terms-conditions.pdf.
[8] https://acf.gov/sites/default/files/documents/main/ACF-GENERAL-STANDARD-TERMS-and-CONDITIONS-eff.-10.1.24-Updated-5.8.25.pdf.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 6
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

on which payments "are predicated" and that "a knowing false statement relating to Recipient's compliance . . . may subject Recipient to liability under the [FCA] . . . and/or criminal liability." *Id.*

Additionally, ACF issued letters warning recipients of HHS's new anti-DEI policies. *E.g.*, Brell Vujovic Decl., Ex. C. The letters state: "The Secretary of HHS has determined that awards supporting [DEI] do not meet a public purpose to the extent they are inconsistent with [HHS's] policy of improving the health and well-being of all Americans and may violate Federal civil rights law." *Id.* The letters do not explain how DEI is inconsistent with those health purposes, but nevertheless "strongly encourage[]" recipients to scrub their programs—and those of "subrecipients or contractors"—of DEI initiatives or else face enforcement action. *Id.*

HHS Plaintiffs[9] face imminent and irreparable harm from imposition of these new conditions. They use HHS funds for, among other things, HIV prevention, Leach Decl. (Baltimore) ¶ 21; Mathews Decl. (Hennepin County) ¶ 7; Philip Decl. (San Francisco) ¶ 6; meals and assistance for seniors, Shea Decl. (Boston) ¶ 7; Katko Decl. (Wilsonville) ¶ 7; Barrett Decl. (Chicago) ¶ 13; emergency medical transport, Follett Decl. (Eugene) ¶ 6; substance use disorder treatment, Khan Decl. (King County) ¶ 22; health and dental care to people experiencing homelessness, Russell Decl. (Alameda County) ¶ 8; Neary Decl. (San Francisco) ¶ 4; foster care and adoption assistance, Hansen Decl. (Santa Clara) ¶ 46; legal assistance, 3d Johns Decl. (NYC ) ¶ 9; and home health visits to families with young children, Kotze Decl. (Ramsey County) ¶ 17. Loss of HHS funds will mean many of these programs will be curtailed or terminated. Khan Decl. (King County) ¶ 22. Residents will lose access to food, medical care, childcare, housing, and other critical services.

---

[9] HHS Plaintiffs are Alameda County, Baltimore, Boston, Cambridge, Chicago, Columbus, Dane County, Denver, Eugene, Hennepin County, King County, Milwaukee, Minneapolis, Multnomah County, NYC, Oakland, Pacifica, Pierce County, Pima County, Ramsey County, Rochester, San Francisco, Santa Clara County, San Mateo County, Snohomish County, and Wilsonville.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 7
No. 2:25-cv-00814-BJR

Lillethun Decl. (Dane County) ¶ 9; Khan Decl. (King County) ¶ 30; Rhorer Decl. (San Francisco) ¶ 8; Mezquita Decl. (San Francisco) ¶ 4. Loss of funds will have serious public health consequences, such as diminished pandemic preparedness and communicable disease control, Pessoa-Brandao Decl. (Minneapolis) ¶¶ 6–7; Tortoraitis Decl. (Milwaukee) ¶ 6; and reduced STI tracking, Philip Decl. (San Francisco) ¶ 5; Chawla Decl. (San Mateo) ¶ 15.

### C.    New DOT Plaintiffs Face Imminent Harm

DOT has continued to impose the DOT Grant Condition on New DOT Plaintiffs,[10] which face imminent harm as a result. These DOT funds are used for, *inter alia*, pedestrian safety, Warren Decl. (Rochester) ¶ 7; McKenna (Cambridge) ¶¶ 6–10; bridge improvements, Mathews (Hennepin County) ¶ 5; Auch (San Diego) ¶ 9; airfield maintenance and improvements, Dranzik Decl. (Milwaukee County) ¶ 7; seismic upgrades, Miller Decl. (Bellevue) ¶ 13; zero-emission vehicles, Siques Decl. (Pasadena) ¶ 24; signal system enhancements to mitigate the impact of Key Bridge collapse, Leach Decl. (Baltimore) ¶ 22; and safety planning, Brown Decl. (PSRC) ¶ 8;Cameron Decl. (SCTA) ¶ 9. Losing DOT funding will result in service reductions, delay or cancelation of planned improvement projects, and disruption of operational and fiscal planning. Fridriksson Decl. (Bremerton) ¶ 13; Dranzik Decl. (Milwaukee County) ¶ 4; Woodhouse Decl. (Pacifica) ¶ 9; Nutt Decl. (Santa Rosa) ¶ 6; Piedra Decl. (Rohnert Park) ¶ 13; Duran Decl. (Watsonville) ¶ 13.

### III.    ARGUMENT

### A.    Legal Standard

A PI is warranted if the moving party establishes (1) likely success on the merits; (2) likely

---

[10] New DOT Plaintiffs are Alameda County, Albuquerque, Baltimore, Bellevue, Bellingham, Bremerton, Cambridge, Dane County, Eugene, Healdsburg, Hennepin County, Kitsap County, Los Angeles, Milwaukee, Milwaukee County, Multnomah County, Oakland, Pacifica, Pasadena, Petaluma, PSRC, Ramsey County, Rochester, Rohnert Park, San Diego, San Mateo County, Santa Rosa, SCTA, and Watsonville.

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 8
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

irreparable harm absent preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### B.    Plaintiffs Are Likely to Succeed on the Merits

The Court's PI order found plaintiffs likely to succeed on their APA claims that the CoC and DOT Grant Conditions violate separation of powers, are not authorized by statute, and are arbitrary and capricious. Dkt. # 169. For the same reasons as well as those set forth in the prior TRO and PI briefing, New CoC and DOT Plaintiffs are equally likely to succeed. Dkt. ## 5, 44, 58, 72, 158, 169. And for all those reasons and as further explained below, Plaintiffs are likely to succeed in showing the non-CoC HUD and HHS Grant Conditions are unlawful.

### 1.    The Grant Conditions Violate the Separation of Powers

#### a.)    *Congress Has Not Authorized the HUD Grant Conditions*

As this Court recognized, "unless and until Congress confers power upon" them, agencies have "literally . . . no power to act." *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986). Just as the CoC statute did not give HUD the power to impose the enjoined grant conditions, the statutes underlying HUD's remaining grant programs do not either.

The President lacks "his own constitutional powers" to add new conditions to federal funding. *City & Cnty. of S.F. v. Trump*, 897 F.3d 1225, 1234 (9th Cir. 2018) (citation omitted). Yet, as stated in the Fernandez Letter, that is exactly what HUD attempts to do: condition appropriated funds on compliance with the President's policy agenda. Neither Congress's annual appropriations nor the grants' authorizing statutes allow conditions that prohibit DEI or promotion of "gender ideology" or "elective abortion" or require participation in federal immigration enforcement, immigration status verification, or adherence to EOs unrelated to the grant's purpose. *See, e.g.*, Consolidated Appropriations Act, 2024, Pub. L. 118-42, 138 Stat. 358–61, 362 (CDBG,

HOPWA, HOME, and ESG programs); 42 U.S.C. §§ 5304(a)(3), (b), 5d305 (CDBG eligible activities and certification requirements); 42 U.S.C. § 12903(d)(1)–(6) (HOPWA application requirements). For example, Congress set forth detailed eligibility requirements for affordable housing funds under the HOME program. 42 U.S.C. § 12746. Congress directed the HUD Secretary to establish rules that "*only* provide for" those enumerated requirements, leaving no discretion to condition funding on unlisted criteria. *Id.* (emphasis added). Similarly, Congress required ESG recipients to certify compliance with specific homelessness-related criteria. 42 U.S.C. § 11375(c). Absent an express delegation by Congress, the President's power to impose conditions on grants "is at its lowest ebb." *City & Cnty. of S.F.*, 897 F.3d at 1233 (citation omitted).

In the case of HUD grant programs, the President's power to impose conditions is further constrained. Not only did Congress not authorize the challenged conditions, it affirmatively proscribed HUD from conditioning funds based on a jurisdiction's otherwise lawful public policies: "the Secretary shall not establish any criteria for allocating or denying" funds "based on the adoption, continuation, or discontinuation by a jurisdiction of any public policy, regulation, or law that is (1) adopted, continued, or discontinued in accordance with the jurisdiction's duly established authority, and (2) not in violation of any Federal law." 42 U.S.C. § 12711. In other words, "HUD may not . . . condition funding on changes to local policies." *Cnty. of Westchester v. U.S. Dep't of Housing and Urban Dev.*, 802 F.3d 413, 433 (2d Cir. 2015) (emphasis omitted).

HUD is violating this statutory constraint by applying the HUD Grant Conditions to HUD Plaintiffs regardless of whether they have conflicting policies "adopted . . . in accordance with the jurisdiction's duly established authority." 42 U.S.C. § 12711. To the extent the conditions purport to prohibit local policies that violate federal law, courts have rejected the administration's broad and novel re-interpretation of the law. *See, e.g.*, *Diemert v. City of Seattle*, No. 2:22-cv-1640, 2025

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 10
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

WL 446753, at *17–18 (W.D. Wash. Feb. 10, 2025) (affinity groups "open to any City employee" did not violate equal protection). The HUD Grant Conditions are therefore "incompatible with the expressed . . . will of Congress" to prohibit HUD from conditioning grants on local policy changes. *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 637 (1952) (Jackson, J., concurring).

The HUD Grant Conditions also conflict with provisions authorizing HUD grant programs. For instance, Congress required the HUD Secretary to set aside funds appropriated for the CDBG program for "[s]pecial purpose grants," including grants to "historically Black colleges." 42 U.S.C. § 5307(b)(2); *see also id.* § 5307(c) (requiring CDBG funds be allocated to "providing assistance to economically disadvantaged and minority students"). In authorizing the HOME and HOPWA programs, Congress acted to "improve housing opportunities for all residents of the United States, particularly members of disadvantaged minorities, on a nondiscriminatory basis." 42 U.S.C. § 12702(3). Far from barring diversity-related "inclusion," Congress *requires* HOME recipients "to establish and oversee a minority outreach program . . . to ensure the inclusion, to the maximum extent possible, of minorities and women, and entities owned by minorities and women . . . in all contracts[] entered into by the participating jurisdiction." 42 U.S.C. § 12831(a).

### b.)    *Congress Has Not Authorized the HHS Grant Conditions*

Congress has also not authorized the HHS Grant Conditions, much less done so "unambiguously," as required to sustain those conditions. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006). Plaintiffs are not aware of, and HHS has not identified, any instance of Congress authorizing conditions on HHS grants related to a prohibition on DEI, exclusion of transgender people, denying services to immigrants, or adherence to EOs unrelated to the grant's purpose, whether in congressional appropriations or in the grants' authorizing statutes. *See, e.g.*, Dkt. 184 ¶ 474 (compiling appropriation statutes); 42 U.S.C. § 608 (TANF block

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION – 11
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

grant requirements); 42 U.S.C. § 672 (Title IV-E Foster Care application requirements); 42 U.S.C. § 290ee-1 (SAMHSA application criteria and allowable uses). Here, HHS has sought to impose the challenged conditions pursuant only to EOs, without any statutory basis.

To the extent HHS has cited statutory authority, the authority is inapposite. HRSA and NIH, for instance, purport to impose the Gender Ideology Order under the guise of compliance with Title IX of the Education Amendments Act of 1972, which prohibits sex discrimination by federal education funding recipients. Neal Decl., Ex. A at 4; Sida Decl., Ex. A at 5. But the Gender Ideology Order—like all EOs—does not, and indeed cannot, impose requirements on grant recipients. Tacking it onto general T&Cs does not change this. To the extent HHS and NIH purport to impose new substantive conditions, nothing in Title IX authorizes them to condition federal grants on a recipient ceasing "promotion" of "gender ideology," which lacks any intelligible definition and which no court has held constitutes discrimination under Title IX. To the contrary, multiple courts of appeals have held Title IX *forbids* discrimination based on transgender status. *See Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 616–17 (4th Cir. 2020) (transgender student's exclusion from bathroom constituted Title IX discrimination); *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 769 (7th Cir. 2023) ("[D]iscrimination against transgender persons is sex discrimination for Title IX purposes . . . ."). Even conflicting court decisions do not support construing Title IX to *prohibit* inclusion of transgender individuals. *See Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 812–15 (11th Cir. 2022) (en banc).

The Executive Branch has no independent authority to impose conditions on congressionally authorized spending. *City & Cnty. of S.F.*, 897 F.3d at 1231–32. Like HUD and DOT, HHS imposed conditions on its grant programs without congressional approval. These conditions violate the separation of powers and must be enjoined.

### 2.    The Grant Conditions Violate the Spending Clause

For the reasons stated in Plaintiffs' TRO and PI briefing, HHS and HUD attempt to exercise the spending power in ways even Congress cannot. Dkt. # 72 at 10–12; Dkt. # 5 at 19. To recap, the new conditions fail the requirement that grant conditions be unambiguous because they impose hopelessly vague obligations, reinterpret nondiscrimination law contrary to the law as interpreted by courts, and confusingly require recipients to comply with EOs that may only direct the activities of federal agencies. Dkt. # 72 at 10; Dkt. # 5 at 19–22 (describing the conditions' vagueness). The conditions are also not germane to any of the purposes of any program. Dkt. # 72 at 10–11; Dkt. # 5 at 19. Finally, by conditioning *all* HHS and HUD funds on compliance with the administration's policy agenda, the HHS and HUD Grant Conditions are so coercive as to "pass the point at which pressure turns to compulsion." Dkt. # 72 at 11 (quoting *S. Dakota v. Dole*, 483 U.S. 203, 211 (1987)). And the threat of treble damages from an FCA action could be catastrophic to local governments, given the significance of these federal funds to local budgets. *See* Hansen Decl. (Santa Clara) ¶¶ 5–6; Murell Decl. (San Francisco) ¶ 3 & Ex. A.

### 3.    Imposing the Grant Conditions Violates the APA

The HUD and HHS Grant Conditions are reviewable "final agency actions" that must be set aside as "arbitrary" and "capricious," "not in accordance with law," "contrary to constitutional right," "in excess of statutory jurisdiction," and "without observance of procedure required by law." 5 U.S.C. § 706(2). Like the CoC and DOT Grant Conditions, the HUD and HHS Grant Conditions do not derive from congressionally delegated authority. Dkt. # 5 at 22–26; Dkt. # 72 at 13–15. These conditions are also arbitrary and capricious. *Id.*

HUD has offered no explanation for the Grant Conditions beyond "rote incorporation of [EOs]," which this Court correctly held is insufficient. Dkt. # 169 at 38. HUD's only new statement

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 13
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

is the Fernandez Letter, which simply announces that "FY2025 grant agreement[s]" will "emphasize" various "Administration priorities and [EOs]." Semonoff Decl., Ex. C at 2. This bald pronouncement of HUD's new policy fails to demonstrate "reasoned" decisionmaking, much less that the conditions are "reasonably explained." *Ohio v. EPA*, 603 U.S. 279, 293–94 (2024) (citation omitted). Indeed, HUD's reliance on this letter circumvents its own regulations mandating notice-and-comment rulemaking when it imposes binding obligations. Dkt. # 5 at 25–26 (citing 24 C.F.R. § 10.1). HUD also violated its CDBG regulations, which provide "HUD *will* approve a grant if the jurisdiction's" CDBG submissions "have been made and approved in accordance with 24 CFR part 91, and the certifications required therein are satisfactory to the Secretary." 24 C.F.R. § 570.304(a) (emphasis added). Imposing additional conditions violates this regulation.

Similarly, HHS has offered practically no explanation for the HHS Grant Conditions. At most, some HHS divisions/agencies have issued post-hoc letters stating simply: "The Secretary of HHS has determined that awards supporting [DEI] do not meet a public purpose to the extent they are inconsistent with the Department's policy of improving the health and well-being of all Americans and may violate Federal civil rights law." Brell Vujovic Decl., Ex. C (ACF letter). Such "post hoc rationalization[]" is insufficient. *Lotus Vaping Techs., LLC v. U.S. Food & Drug Admin.*, 73 F.4th 657, 668 (9th Cir. 2023). Further, these letters fail to acknowledge HHS's departure from court decisions contradicting its anti-DEI view of nondiscrimination law, *see* Dkt. # 5 at 25 (citing cases), or explain *how* DEI policies are inconsistent with improving health and well-being.

## C.    Plaintiffs Will Suffer Immediate and Irreparable Harm

Without preliminary relief, Plaintiffs face irreparable harm from losing access to critical funds. Such loss would destabilize immediate and future budgets, Cornell Decl. (Pittsburgh) ¶ 16; Wong Decl. (Pasadena) ¶ 14; force reductions in workforce, 2d King Decl. (Bend) ¶ 10; Khan

Decl. (King County) ¶ 31; Pessoa-Brandao Decl. (Minneapolis) ¶ 7; and divert resources from other public services, Atendido Decl. (Alameda County) ¶ 8. Plaintiffs may reduce housing and homelessness services, transportation infrastructure improvements, health care services, and other programs that support their residents' health, safety, and well-being. *See supra* Sect. II.A.5 & II.B.

Moreover, lack of future funding certainty is causing harm now, including where Plaintiffs are facing structural budget deficits and are deeply reliant on federal funds, 2d Nachbar Decl. (Culver City) ¶ 7; McGowan Decl. (Denver) ¶ 16; or where Plaintiffs have to make choices now to terminate programs or to pay for them from local funds without knowing if the federal government will reimburse, Shea Decl. (Boston) ¶ 9; Lillethun Decl. (Dane County) ¶ 8. The ongoing uncertainty surrounding future funding presently harms Plaintiffs' ability to do capital planning, execute contracts, and retain qualified staff, Stephens Decl. (Eugene) ¶ 15; Johnson Decl. (Oakland) ¶ 21; and undermines long-term funding plans, Chavez Decl. (Los Angeles) ¶ 35.

### D.    The Balance of Equities and Public Interest Favor Plaintiffs

For the reasons stated in the Court's PI order and Plaintiffs' TRO and PI motions, the equities and public interest tip decisively in Plaintiffs' favor. Dkt. # 169 at 45.

## IV.    CONCLUSION

Defendants' efforts to dictate local policy through grant conditions not authorized by Congress violate separation of powers principles, exceed Congress's spending power, and violate limits on agency action under the APA. Plaintiffs face imminent harms with impending statutory deadlines. Accordingly, Plaintiffs seek a PI by August 14, 2025, extending the relief previously granted to new Plaintiffs and further barring HHS and HUD from imposing the unlawful conditions on *any* grant anywhere in the grant-making process.

DATED this 14th day of July, 2025.

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

PACIFICA LAW GROUP LLP

*/s/ Paul J. Lawrence*
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Galen Knowles, WSBA #59644
Luther Reed-Caulkins, WSBA #62513
*Special Deputy Prosecutors*

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
Tel: (206) 245-1700
Fax: (206) 245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Galen.Knowles@PacificaLawGroup.com
Luther.Reed-Caulkins@PacificaLawGroup.com

*Attorneys for All Plaintiffs*


LEESA MANION
King County Prosecuting Attorney

*/s/ David J. Hackett*
David J. Hackett, WSBA #21234
*General Counsel to Executive*
Alison Holcomb, WSBA #23303
*Deputy General Counsel to Executive*
Erin Overbey, WSBA #21907
*Senior Deputy Prosecuting Attorney*
Cristy Craig, WSBA #27451
*Senior Deputy Prosecuting Attorney*
Donna Bond, WSBA #36177
*Senior Deputy Prosecuting Attorney*

Chinook Building
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
david.hackett@kingcounty.gov
aholcomb@kingcounty.gov

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 16
No.  2:25-cv-00814-BJR

eroverbey@kingcounty.gov
cristy.craig@kingcounty.gov
donna.bond@kingcounty.gov

*Attorneys for Plaintiffs Martin Luther
King, Jr. County*


JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #39718
Rebecca E. Wendling, WSBA #35887

Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4046
(425) 388-6392
Bridget.Casey@co.snohomish.wa.us
Rebecca.Guadamud@co.snohomish.wa.us
Rebecca.Wendling@co.snohomish.wa.us

*Attorneys for Plaintiff Snohomish County*


DAVID CHIU
San Francisco City Attorney

*/s/ David Chiu*
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
*Chief of Complex & Affirmative Litigation*
Ronald H. Lee (CA Bar No. 238720)
*Assistant Chief, Complex & Affirmative Litigation*
Alexander J. Holtzman (CA Bar No. 311813)
*Deputy City Attorney*
1390 Market Street, 7th Floor
San Francisco, CA 94102
(415) 554-4700

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 17
No. 2:25-cv-00814-BJR

1    Cityattorney@sfcityatty.org
2    Yvonne.Mere@sfcityatty.org
     Mollie.Lee@sfcityatty.org
3    Sara.Eisenberg@sfcityatty.org
     Ronald.Lee@sfcityatty.org
4    Alexander.Holtzman@sfcityatty.org

5    *Attorneys for Plaintiffs City and County of San
     Francisco, San Francisco County Transportation
6    Authority, and Treasure Island Mobility
     Management Agency*

7

8    OFFICE OF THE COUNTY COUNSEL,
9    COUNTY OF SANTA CLARA

10    /s/ Tony LoPresti
11   Tony LoPresti (CA Bar No. 289269)
     *County Counsel*
12   Kavita Narayan (CA Bar No. 264191)
     *Chief Assistant County Counsel*
13   Meredith A. Johnson (CA Bar No. 291018)
     *Lead Deputy County Counsel*
14   Stefanie L. Wilson (CA Bar No. 314899)
15   Cara H. Sandberg (CA Bar No. 291058)
     *Deputy County Counsels*
16   70 West Hedding Street
17   East Wing, 9th Floor
     San José, CA 95110
18   (408) 299-9021
19   tony.lopresti@cco.sccgov.org
     kavita.narayan@cco.sccgov.org
20   meredith.johnson@cco.sccgov.org
     stefanie.wilson@cco.sccgov.org
21   cara.sandberg@cco.sccgov.org

22   *Attorneys for Plaintiff County of Santa Clara*

23

24   ADAM CEDERBAUM
25   Corporation Counsel, City of Boston

     /s/ Samantha H. Fuchs
26   Samantha H. Fuchs (MA BBO No. 708216)
27   *Senior Assistant Corporation Counsel*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 18
No. 2:25-cv-00814-BJR

1                                   Samuel B. Dinning (MA BBO No. 704304)

2                                   *Senior Assistant Corporation Counsel*

*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*


CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

*/s/ Richard N. Coglianese*
Richard N. Coglianese (OH Bar No. 0066830)
Assistant City Attorney
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
Tel: (614) 645-0818
Fax: (614) 645-6949
rncoglianese@columbus.gov

*Attorney for Plaintiff City of Columbus*


PUBLIC RIGHTS PROJECT

*/s/ Sharanya Mohan*
Sharanya (Sai) Mohan (CA Bar No. 350675)
Naomi Tsu (OR Bar No. 242511)
Toby Merrill (MA Bar No. 601071)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org

*Counsel for Plaintiffs City of Columbus, City
& County of Denver, Metro Government of
Nashville & Davidson County, Pima County,
County of Sonoma, City of Bend, City of
Cambridge, City of Chicago, City of Culver
City, City of Minneapolis, City of Pasadena,*

*City of Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of Tucson, City of Wilsonville, Santa Monica Housing Authority, County of Alameda, City of Albuquerque, Mayor and City Council of Baltimore, City of Bellevue, City of Bellingham, City of Bremerton, County of Dane, City of Eugene, City of Healdsburg, County of Hennepin, Kitsap County, City of Los Angeles, City of Milwaukee, Milwaukee County, Multnomah County, City of Oakland, City of Pacifica, City of Petaluma, Ramsey County, City of Rochester, City of Rohnert Park, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Puget Sound Regional Council, Sonoma County Transportation Authority, and Sonoma County Community Development Commission*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

*/s/ Doris Bernhardt*
Doris Bernhardt (NY Bar No. 4449385)
Joshua P. Rubin (NY Bar No. 2734051)
Aatif Iqbal (NY Bar No. 5068515)
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

ASHLEY M. KELLIHER
Assistant City Attorney

*/s/ Ashley M. Kelliher*
Ashley M. Kelliher (CO Bar No. 40220)
*Assistant City Attorney*
Denver City Attorney's Office

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 20
No. 2:25-cv-00814-BJR

201 West Colfax Avenue
Denver, Colorado 80202
Tel: (720) 913-3137
Fax: (720) 913-3190
ashley.kelliher@denvergov.org

DAVID P. STEINBERGER
Assistant City Attorney

*/s/ David P. Steinberger*
David P. Steinberger (CO Bar No. 48530)
*Assistant City Attorney*
Denver City Attorney's Office
Denver International Airport
8500 Pena Boulevard
Airport Office Building, 9th Floor
Denver, Colorado 80249-6340
Tel: (303) 342-2562
david.steinberger@flydenver.com

*Attorneys for Plaintiff City and County of Denver*

LAURA CONOVER
Pima County Attorney

*/s/ Bobby Yu*
Samuel E. Brown (AZ Bar No. 027474)
Bobby Yu (AZ Bar No. 031237)
Kyle Johnson (AZ Bar No. 032908)
Pima County Attorney's Office, Civil Division
32 N. Stone, Suite 2100
Tucson, Arizona 85701
(520) 724-5700
sam.brown@pcao.pima.gov
bobby.yu@pcao.pima.gov
kyle.johnson@pcao.pima.gov

*Attorneys for Plaintiff Pima County*

ROBERT H. PITTMAN, County Counsel

*/s/ Joshua A. Myers*
Joshua A. Myers (CA Bar No. 250988)
*Chief Deputy County Counsel*
Sonoma County Counsel's Office

575 Administration Drive, Rm. 105A
Santa Rosa, CA 95403
Tel: (707) 565-2421
Fax: (707) 565-2624
Joshua.Myers@sonoma-county.org

*Attorneys for Plaintiffs County of Sonoma,*
*Sonoma County Transportation Authority, and*
*Sonoma County Community Development*
*Commission*

OFFICE OF THE CITY ATTORNEY FOR THE
CITY OF BEND

*/s/ Ian M. Leitheiser*
Ian M. Leitheiser (OSB #993106)
*City Attorney*
Elizabeth Oshel (OSB #104705)
*Senior Assistant City Attorney*
Michael J. Gaffney (OSB #251680)
*Senior Assistant City Attorney*
City of Bend
PO Box 431
Bend, OR 97709
(541) 693-2128
ileitheiser@bendoregon.gov
eoshel@bendoregon.gov
mgaffney@bendoregon.gov

*Attorneys for Plaintiff City of Bend*

CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

*/s/ Megan B. Bayer*
Megan B. Bayer (MA BBO No. 669494)
*City Solicitor*
Elliott J. Veloso (MA BBO No. 677292)
*Deputy City Solicitor*
Diane Pires (MA BBO No. 681713)
*Assistant City Solicitor*
Cambridge City Hall, 3rd Floor
795 Massachusetts Avenue
Cambridge, MA 02139

(617) 349-4121
mbayer@cambridgema.gov
eveloso@cambridgema.gov
dpires@cambridgema.gov

*Attorneys for Plaintiff City of Cambridge*


MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

*/s/ Rebecca Hirsch*
Rebecca Hirsch (IL Bar No. 6279592)
Chelsey Metcalf (IL Bar No. 6337233)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(313) 744-9484
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*


KRISTYN ANDERSON
City Attorney

*/s/ Kristyn Anderson*
Kristyn Anderson (MN Lic. 0267752)
*City Attorney*
Sara J. Lathrop (MN Lic. 0310232)
Munazza Humayun (MN Lic. 0390788)
*Assistant City Attorneys*
350 South Fifth Street
Minneapolis, MN 55415
(612) 673-3000
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Plaintiff City of Minneapolis*


KRYSIA KUBIAK, Esq.
City Solicitor

*/s/ Julie E. Koren*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Julie E. Koren (PA Bar No. 309642)
*Associate City Solicitor*
City of Pittsburgh, Dept. of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2025
Julie.Koren@pittsburghpa.gov
Krysia.Kubiak@Pittsburghpa.gov

*Counsel for Plaintiff City of Pittsburgh*


ROBERT TAYLOR
Portland City Attorney

*/s/ Caroline Turco*
Caroline Turco (OR Bar No. 083813)
*Senior Deputy City Attorney*
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov

*Attorney for Plaintiff City of Portland*


NORA FRIMANN
City Attorney

*/s/ Nora Frimann*
Nora Frimann (CA Bar No. 93249)
*City Attorney*
Elisa Tolentino (CA Bar No. 245962)
*Chief Deputy City Attorney*
200 E Santa Clara St
San José, CA 95113-1905
Tel: (408) 535-1900
Fax: (408) 998-3131
cao.main@sanjoseca.gov

*Attorneys for Plaintiff City of San José*

CITY OF WILSONVILLE

*/s/ Amanda R. Guile-Hinman*
Amanda R. Guile-Hinman, WSBA #46282
29799 SW Town Center Loop E
Wilsonville, OR 97070
(503) 570-1509
guile@wilsonvilleoregon.gov

*Attorneys for the City of Wilsonville*


CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY

*/s/ Andrés Muñoz*
Andrés Muñoz, WSBA #50224
Desmond Brown, WSBA #16232

Central Puget Sound Regional Transit Authority
401 S. Jackson St.
Seattle, WA 98104
(206) 665-8989
andres.munoz@soundtransit.org
desmond.brown@soundtransit.org

*Attorneys for the Central Puget Sound Regional
Transit Authority*


LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

*/s/ Jeffrey S. Myers*
Jeffrey S. Myers, WSBA #16390
Erin L. Hillier, WSBA #42883
Jakub Kocztorz, WSBA #61393

P.O. Box 11880
Olympia, WA 98508
Tel: (360) 754-3480
Fax: (360) 357-3511
jmyers@lldkb.com
ehillier@lldkb.com
jkocztorz@lldkb.com

*Attorneys for Plaintiff Intercity Transit*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 25
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

ANDERSON & KREIGER LLP

*/s/ Melissa C. Allison*
Melissa C. Allison (MA Bar No. 657470)
David S. Mackey (MA Bar No. 542277)
Christina S. Marshall (MA Bar No. 688348)
Anderson & Kreiger LLP
50 Milk Street, Floor 21
Boston, MA 02109
(617) 621-6500
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
cmarshall@andersonkreiger.com

*Attorneys for Plaintiffs Port of Seattle and*
*Milwaukee County*


KING COUNTY REGIONAL
HOMELESSNESS AUTHORITY

*/s/ Edmund Witter*
Edmund Witter, WSBA #52339
King County Regional Homelessness Authority
400 Yesler Way Suite 600
Seattle, WA 98104
(206) 639-7013
Edmund.witter@kcrha.org

*Attorneys for Plaintiff King County Regional*
*Homelessness Authority*


OFFICE OF THE COUNTY COUNSEL,
COUNTY OF ALAMEDA

*/s/ Donna R. Ziegler*
Donna R. Ziegler (CA Bar No. 142415)*
County Counsel
K. Scott Dickey (CA Bar No. 184251)*
Assistant County Counsel
Jason M. Allen (CA Bar No. 284432)*
Senior Deputy County Counsel

Office of County Counsel, County of Alameda

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 26
No. 2:25-cv-00814-BJR

1221 Oak Street, Suite 450
Oakland, California 94612
(510) 272-6700
donna.ziegler@acgov.org
scott.dickey@acgov.org
jason.allen@acgov.org

*Attorneys for Plaintiff County of Alameda*


CITY OF ALBUQUERQUE

*/s/ Lauren Keefe*
Lauren Keefe (NM Lic. 14664)*
*City Attorney*
Devon P. King (NM Lic. 148108)*
*Deputy City Attorney*
One Civic Plaza NW
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
lkeefe@cabq.gov
dking@cabq.gov

*Attorneys for Plaintiff City of Albuquerque*


CITY OF BELLEVUE
OFFICE OF THE CITY ATTORNEY
Trisna Tanus, City Attorney

*/s/ Trisna Tanus*
Trisna Tanus, WSBA #46568
Chad R. Barnes, WSBA #30480
Katherine B. White, WSBA #46649

City of Bellevue
450 110th Avenue N.E.
P.O. Box 90012
Bellevue, WA 98009
Tel: (425) 452-2611
Fax: (425) 452-7256
ttanus@bellevuewa.gov
cbarnes@bellevuewa.gov
kbwhite@bellevuewa.gov

*Attorneys for Plaintiff City of Bellevue*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 27
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

CITY OF BELLINGHAM

*/s/ Sarah W. Chaplin*
Sarah W. Chaplin, WSBA #51642
Senior Assistant City Attorney
City of Bellingham
210 Lottie Street
Bellingham, WA 98225
Tel: (360) 778-8270
Fax: (360) 778-8271
swchaplin@cob.org

*Attorneys for Plaintiff City of Bellingham*


BREMERTON CITY ATTORNEY

*/s/ Kylie J. Finnell*
Kylie J. Finnell, WSBA #34997
*Bremerton City Attorney*
Brett Jette, WSBA #47903
*Bremerton Assistant City Attorney*

345 6th Street, Suite 100
Bremerton, WA 98337
Tel: (360) 473-2345
Fax: (360) 473-5161
legal@ci.bremerton.wa.us

*Attorneys for Plaintiff City of Bremerton*


OFFICE OF THE CORPORATION COUNSEL
FOR DANE COUNTY

*/s/ Carlos A. Pabellon*
Carlos A. Pabellon (WI State Bar No. 1046945)*
*Corporation Counsel*
David R. Gault (WI State Bar No. 1016374)*
*Deputy Corporation Counsel*
County of Dane
City-County Building, Room 419
210 Martin Luther King, Jr. Blvd.
Madison, WI 53703
(608) 266-4355

pabellon.carlos@danecounty.gov
gault@danecounty.gov

*Attorneys for Plaintiff County of Dane*


CITY OF EUGENE

*/s/ Mark Kannen*
Mark Kannen (OSB No. 120999)*
*Assistant City Attorney*
Kathryn P. Brotherton (OSB No. 981530)*
*City Attorney*
City of Eugene
Eugene City Attorney's Office
500 E 4ᵗʰ Ave., Ste 301
Eugene, OR 97401
(541) 682-8447
mark.r.kannen@ci.eugene.or.us
kathryn.brotherton@ci.eugene.or.us

*Attorneys for Plaintiff City of Eugene*


BURKE, WILLIAMS & SORENSEN, LLP

*/s/ Samantha W. Zutler*
Samantha W. Zutler (CA Bar No. 238514)*
Eileen L. Ollivier (CA Bar No. 345880)*
BURKE, WILLIAMS & SORENSEN, LLP
1 California Street, Suite 3050
San Francisco, CA 94111-5432
Tel: (415) 655-8100
Fax: (415) 655-8099
szutler@bwslaw.com
eollivier@bwslaw.com

*Attorney for Plaintiffs City of Healdsburg and*
*City of Watsonville*

*/s/ Michelle Marchetta Kenyon*
Michelle Marchetta Kenyon (CA Bar No. 127969)*
City Attorney
Eileen L. Ollivier (CA Bar No. 345880)*
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 29
No. 2:25-cv-00814-BJR

Tel: (510) 273-8780
Fax: (510) 839-9104
mkenyon@bwslaw.com
eollivier@bwslaw.com

*Attorneys for Plaintiffs City of Pacifica and City of Rohnert Park*

MARY F. MORIARTY
Hennepin County Attorney

*/s/ Rebecca Holschuh*
Rebecca L.S. Holschuh (MN Bar No. 0392251)*
Brittany K. McCormick (MN Bar No. 0395175)*
Assistant County Attorneys
300 South Sixth Street
Minneapolis, MN 55487
(612) 348-4797
Rebecca.Holschuh@hennepin.us
Brittany.McCormick@hennepin.us

*Attorneys for Plaintiff County of Hennepin*

KITSAP COUNTY

*/s/ Kyla S. Bond*
Kyla S. Bond, WSBA #48309
Senior Deputy Prosecuting Attorney, Civil Division
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA 98366
(360) 337-4512
kbond@kitsap.gov

*Attorney for Plaintiff Kitsap County*

HYDEE FELDSTEIN SOTO
City Attorney of the City of Los Angeles

*/s/ Michael J. Dundas*
Michael J. Dundas (CA Bar No. 226930)*
Adrienne S. Khorasanee (CA Bar No. 227704)*
Joshua M. Templet (CA Bar No. 267098)*
Office of the Los Angeles City Attorney

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION – 30
No. 2:25-cv-00814-BJR

200 North Main Street, Room 800
Los Angeles, California 90012
(213) 978-8100
mike.dundas@lacity.org
adrienne.khorasanee@lacity.org
joshua.templet@lacity.org

*Attorneys for Plaintiff City of Los Angeles*

MULTNOMAH COUNTY

*/s/ B. Andrew Jones*
B. Andrew Jones (OSB No. 091786)*
Deputy County Attorney
Multnomah County Attorney's Office
501 SE Hawthorne Blvd, Suite 500
Portland, OR, 97214
Tel: (503) 988-3138
Fax: (503) 988-3377
andy.jones@multco.us

*Attorneys for Plaintiff Multnomah County*

CITY OF OAKLAND

*/s/ Ryan Richardson*
Ryan Richardson (CA Bar No. 223548)*
City Attorney
Maria Bee (CA Bar No. 167716)*
Chief Assistant City Attorney
Jaime Huling Delaye (CA Bar No. 270784)*
Supervising City Attorney
H. Luke Edwards (CA Bar No. 313756)*
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Tel: (510) 238-3836
Fax: (510) 238-6500
ledwards@oaklandcityattorney.org

*Attorneys for Plaintiff City of Oakland*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 31
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

CITY OF PETALUMA

*/s/ Eric Danly*
Eric Danly (CA Bar No. 201621)*
City Attorney
City of Petaluma
Petaluma City Hall
11 English Street
Petaluma, CA 94952
(707) 778-4402
EDanly@cityofpetaluma.org

*Attorney for Plaintiff City of Petaluma*


JOHN J. CHOI
RAMSEY COUNTY ATTORNEY

*/s/ Bradley Cousins*
Bradley Cousins (MN Bar No. 0400463)*
Stacey D'Andrea (MN Bar No. 0388320)*
Jada Lewis (MN Bar No. 0391287)*
Assistant Ramsey County Attorneys
360 Wabasha St. N., Suite 100
Saint Paul, MN 55102
(651) 266-3081 (Cousins)
(651) 266-3051 (D'Andrea)
(651) 266-3149 (Lewis)
Bradley.cousins@co.ramsey.mn.us
Stacey.dandrea@co.ramsey.mn.us
Jada.lewis@co.ramsey.mn.us

*Attorneys for Plaintiff Ramsey County*


CITY OF ROCHESTER

*/s/ Patrick Beath*
Patrick Beath (NY Lic. 4999751)*
*Corporation Counsel*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-6812
patrick.beath@cityofrochester.gov

*Attorney for Plaintiff City of Rochester*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 32
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2     HEATHER FERBERT
      City Attorney
3
      */s/ Mark Ankcorn*
4     Mark Ankcorn (CA Bar No. 166871)*
      Senior Chief Deputy City Attorney
5     Julie Rau (CA Bar No. 317658)*
      Deputy City Attorney
6     1200 Third Avenue, Suite 1100
      San Diego, California 92101-4100
7     (619) 533-5800
      MAnkcorn@sandiego.gov
8     JRau@sandiego.gov
9
      *Attorneys for Plaintiff City of San Diego*
10

11    SAN MATEO COUNTY

12    */s/ John D. Nibbelin*
13    John D. Nibbelin (CA Bar No. 184603)*
      County Counsel
14    Rebecca M. Archer (CA Bar No. 202743)*
      Chief Deputy Counsel
15    Lauren F. Carroll (CA Bar No. 333446)*
      Deputy County Counsel
16    500 County Center, 4th Floor
17    Redwood City, CA 94063
      (650) 363-4757
18    jnibbelin@smcgov.org
      rmarcher@smcgov.org
19    lcarroll@smcgov.org
20    *Attorneys for Plaintiff San Mateo County*
21

22    CITY OF SANTA ROSA

23    */s/ Teresa L. Stricker*
      Teresa L. Stricker (CA Bar No. 160601)*
24    City Attorney
      Autumn Luna (CA Bar No. 288506)*
25    Chief Assistant City Attorney
      Adam S. Abel (CA Bar No. 148210)*
26    Assistant City Attorney
27    Hannah E. Ford-Stille (CA Bar No. 335113)*

Deputy City Attorney
100 Santa Rosa Ave, Room 8
Santa Rosa, CA 95404
(707) 543-3040
tstricker@srcity.org
aluna@srcity.org
aabel@srcity.org
hfordstille@srcity.org

*Attorneys for Plaintiff City of Santa Rosa*

CASCADIA LAW GROUP PLLC

*/s/ Stephen R. Parkinson*
Stephen R. Parkinson, WSBA #21111
Cascadia Law Group PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
(206) 292-6300
sparkinson@cascadialaw.com

*Attorneys for Plaintiff Puget Sound Regional Council*

*\* Pro Hac Vice application forthcoming*

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 34
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on July 14, 2025, I served a true and correct copy of the foregoing

3

document on the following parties by the method(s) indicated below:

4

5
Brian C. Kipnis                         ☒ CM/ECF E-service
Annalisa L. Cravens                     ☐ Email
6
Sarah L. Bishop                         ☐ U.S. Mail
Rebecca S. Cohen                        ☐ Certified Mail / Return Receipt Requested
7
*Assistant United States Attorneys*     ☐ Hand delivery / Personal service

8
Office of the United States Attorney
700 Stewart Street, Suite 5220
9
Seattle, WA 98101-1271
brian.kipnis@usdoj.gov
10
annalisa.cravens@usdoj.gov
sarah.bishop@usdoj.gov
11
rebecca.cohen@usdoj.gov

12
*Attorneys for all Defendants*

13

14

I declare under penalty of perjury under the laws of the United States and the State of

15

Washington that the foregoing is true and correct.

16

17

DATED this 14th day of July, 2025.

18
                                        */s/ Gabriela DeGregorio*
                                        Gabriela DeGregorio
19
                                        Litigation Assistant
                                        Pacifica Law Group LLP
20

21

22

23

24

25

26

27

PLAINTIFFS' THIRD MOTION FOR PRELIMINARY
INJUNCTION – 35
No. 2:25-cv-00814-BJR