THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY, et al.

                    Plaintiffs,

v.

SCOTT TURNER in his official capacity
as Secretary of the U.S. Department of
Housing and Urban Development, et al.

                    Defendants.

No. 2:25-cv-00814-BJR

PLAINTIFFS' UNOPPOSED
MOTION FOR JUDICIAL NOTICE

        Pursuant to Federal Rule of Evidence 201(b), Plaintiffs request the Court take judicial notice of the attached memorandum from U.S. Attorney General Pam Bondi, titled Guidance for Recipients of Federal Funding Regarding Unlawful Discrimination, issued on July 29, 2025 ("Bondi Memo"). Plaintiffs file this motion today to ensure Respondents have an opportunity to address the Bondi Memo in their response to Plaintiffs' Third Motion for Preliminary Injunction, which response is due tomorrow.

        Under Federal Rule of Evidence 201, upon a party's request at "any stage of the proceeding," the Court "must take judicial notice" of any "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), (c)(2), (d). Courts may take judicial notice of federal "guidance documents" available from reliable "government sources." *Montera v.*

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 1
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Premier Nutrition Corp.*, 111 F.4th 1018, 1030 n.2 (9th Cir. 2024) (taking judicial notice of "[Food & Drug Administration] and Federal Trade Commission guidance documents"); *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, n.3 (9th Cir. 2022) (taking judicial notice of "Office of Justice Program's 'Legal Notice' regarding its non-enforcement of" certain grant conditions where the notice was "a public document available on the Office['s] . . . website). Similarly, documents "made publicly available by government entities," and the authenticity of which is not contested, are subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

Here, Plaintiffs request judicial notice of an official memorandum purporting to state the U.S. Attorney General's current interpretation of federal nondiscrimination law. The accuracy of the memorandum is not subject to reasonable dispute and has a direct relationship to matters at issue in this case.[1]

Counsel for Plaintiffs contacted Defendants' counsel regarding their position on the instant Motion for Judicial Notice. Defendants' counsel responded that they do not object to the motion. Plaintiffs respectfully request that the Court grant this Motion for Judicial Notice.

DATED this 31st day of July, 2025.

PACIFICA LAW GROUP LLP

*/s/ Paul J. Lawrence*
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058

---

[1] The memorandum is publicly available on the U.S. Department of Justice's website. Memorandum From U.S. Attorney General Pam Bondi To All Federal Agencies, Guidance For Recipients of Federal Funding Regarding Unlawful Discrimination (July 29, 2025), https://www.justice.gov/ag/media/1409486/dl?inline=&utm_medium=email&utm_source=govdelivery.

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 2
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1   Galen Knowles, WSBA #59644
    Luther Reed-Caulkins, WSBA #62513
2   *Special Deputy Prosecutors*

3   PACIFICA LAW GROUP LLP
4   401 Union Street, Suite 1600
    Seattle, WA 98101
5   Tel: (206) 245-1700
    Fax: (206) 245-1750
6   Paul.Lawrence@PacificaLawGroup.com
7   Jamie.Lisagor@PacificaLawGroup.com
    Sarah.Washburn@PacificaLawGroup.com
8   Meha.Goyal@PacificaLawGroup.com
    Galen.Knowles@PacificaLawGroup.com
9   Luther.Reed-Caulkins@PacificaLawGroup.com

10  *Attorneys for All Plaintiffs*

11
12  LEESA MANION
    King County Prosecuting Attorney
13
    */s/ David J. Hackett*
14  David J. Hackett, WSBA #21234
    *General Counsel to Executive*
15  Alison Holcomb, WSBA #23303
    *Deputy General Counsel to Executive*
16  Erin Overbey, WSBA #21907
    *Senior Deputy Prosecuting Attorney*
17  Cristy Craig, WSBA #27451
    *Senior Deputy Prosecuting Attorney*
18  Donna Bond, WSBA #36177
19  *Senior Deputy Prosecuting Attorney*

20  Chinook Building
    401 5th Avenue, Suite 800
21  Seattle, WA 98104
    (206) 477-9483
22  david.hackett@kingcounty.gov
    aholcomb@kingcounty.gov
23  eroverbey@kingcounty.gov
    cristy.craig@kingcounty.gov
24  donna.bond@kingcounty.gov
25
    *Attorneys for Plaintiffs Martin Luther*
26  *King, Jr. County*

27  JASON J. CUMMINGS

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    Snohomish County Prosecuting Attorney

2    */s/ Bridget E. Casey*

3    Bridget E. Casey, WSBA #30459
     Rebecca J. Guadamud, WSBA #39718

4    Rebecca E. Wendling, WSBA #35887

5    Snohomish County Prosecuting Attorney's Office
     3000 Rockefeller Avenue, M/S 504

6    Everett, WA 98201-4046

7    (425) 388-6392
     Bridget.Casey@co.snohomish.wa.us

8    Rebecca.Guadamud@co.snohomish.wa.us
     Rebecca.Wendling@co.snohomish.wa.us

9

10   *Attorneys for Plaintiff Snohomish County*

11   DAVID CHIU

12   San Francisco City Attorney

13   */s/ David Chiu*

14   David Chiu (CA Bar No. 189542)
     *San Francisco City Attorney*

15   Yvonne R. Meré (CA Bar No. 175394)
     *Chief Deputy City Attorney*

16   Mollie M. Lee (CA Bar No. 251404)
     *Chief of Strategic Advocacy*

17   Sara J. Eisenberg (CA Bar No. 269303)

18   *Chief of Complex & Affirmative Litigation*
     Ronald H. Lee (CA Bar No. 238720)

19   *Assistant Chief, Complex & Affirmative Litigation*
     Alexander J. Holtzman (CA Bar No. 311813)

20   *Deputy City Attorney*
     1390 Market Street, 7th Floor

21   San Francisco, CA 94102

22   (415) 554-4700
     Cityattorney@sfcityatty.org

23   Yvonne.Mere@sfcityatty.org
     Mollie.Lee@sfcityatty.org

24   Sara.Eisenberg@sfcityatty.org
     Ronald.Lee@sfcityatty.org

25   Alexander.Holtzman@sfcityatty.org

26   *Attorneys for Plaintiffs City and County of San*

27   *Francisco, San Francisco County Transportation*

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    *Authority, and Treasure Island Mobility*
     *Management Agency*

2

3    OFFICE OF THE COUNTY COUNSEL,
     COUNTY OF SANTA CLARA

4

5     */s/ Tony LoPresti*

6    Tony LoPresti (CA Bar No. 289269)
     *County Counsel*

7    Kavita Narayan (CA Bar No. 264191)
     *Chief Assistant County Counsel*

8    Meredith A. Johnson (CA Bar No. 291018)

9    *Lead Deputy County Counsel*
     Stefanie L. Wilson (CA Bar No. 314899)

10   Cara H. Sandberg (CA Bar No. 291058)
     *Deputy County Counsels*

11   70 West Hedding Street

12   East Wing, 9th Floor
     San José, CA 95110

13   (408) 299-9021

14   tony.lopresti@cco.sccgov.org
     kavita.narayan@cco.sccgov.org

15   meredith.johnson@cco.sccgov.org

16   stefanie.wilson@cco.sccgov.org
     cara.sandberg@cco.sccgov.org

17

18   *Attorneys for Plaintiff County of Santa Clara*

19   ADAM CEDERBAUM

20   Corporation Counsel, City of Boston

21   */s/ Samantha H. Fuchs*

22   Samantha H. Fuchs (MA BBO No. 708216)
     *Senior Assistant Corporation Counsel*

23   Samuel B. Dinning (MA BBO No. 704304)
     *Senior Assistant Corporation Counsel*

24   One City Hall Square, Room 615
     Boston, MA 02201

25   (617) 635-4034

26   samantha.fuchs@boston.gov
     samuel.dinning@boston.gov

27

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 5
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    *Attorneys for Plaintiff City of Boston*

2    CITY OF COLUMBUS, DEPARTMENT OF LAW
3    ZACH KLEIN, CITY ATTORNEY

4    */s/ Richard N. Coglianese*
     Richard N. Coglianese (OH Bar No. 0066830)
5    Assistant City Attorney
     77 N. Front Street, 4th Floor
6    Columbus, Ohio 43215
     Tel: (614) 645-0818
7    Fax: (614) 645-6949
8    rncoglianese@columbus.gov

9    *Attorney for Plaintiff City of Columbus*

10

11   PUBLIC RIGHTS PROJECT

12   */s/ Sharanya Mohan*
     Sharanya (Sai) Mohan (CA Bar No. 350675)
13   Naomi Tsu (OR Bar No. 242511)
     Toby Merrill (MA Bar No. 601071)
14   Public Rights Project
     490 43rd Street, Unit #115
15   Oakland, CA 94609
     (510) 738-6788
16   sai@publicrightsproject.org
17   naomi@publicrightsproject.org
     toby@publicrightsproject.org
18
     *Counsel for Plaintiffs City of Columbus, City*
19   *& County of Denver, Metro Government of*
     *Nashville & Davidson County, Pima County,*
20   *County of Sonoma, City of Bend, City of*
     *Cambridge, City of Chicago, City of Culver*
21   *City, City of Minneapolis, City of Pasadena,*
     *City of Pittsburgh, City of Portland, City of*
22   *San José, City of Santa Monica, City of*
     *Tucson, City of Wilsonville, Santa Monica*
23   *Housing Authority, County of Alameda, City*
     *of Albuquerque, Mayor and City Council of*
24   *Baltimore, City of Bellevue, City of*
     *Bellingham, City of Bremerton, County of*
25   *Dane, City of Eugene, City of Healdsburg,*
26   *County of Hennepin, Kitsap County, City of*
27

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 6
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2
3
4
5
6
7

*Los Angeles, City of Milwaukee, Milwaukee County, Multnomah County, City of Oakland, City of Pacifica, City of Petaluma, Ramsey County, City of Rochester, City of Rohnert Park, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Puget Sound Regional Council, Sonoma County Transportation Authority, and Sonoma County Community Development Commission*

8       MURIEL GOODE-TRUFANT
        Corporation Counsel of the City of New York
9
10      */s/ Doris Bernhardt*
        Doris Bernhardt (NY Bar No. 4449385)
11      Joshua P. Rubin (NY Bar No. 2734051)
        Aatif Iqbal (NY Bar No. 5068515)
12      *Assistant Corporation Counsels*
        100 Church Street
13      New York, NY 10007
        (212) 356-1000
14      dbernhar@law.nyc.gov
        jrubin@law.nyc.gov
15      aiqbal@law.nyc.gov
16
        *Attorneys for Plaintiff City of New York*
17

18      ASHLEY M. KELLIHER
        Assistant City Attorney
19
20      */s/ Ashley M. Kelliher*
        Ashley M. Kelliher (CO Bar No. 40220)
21      *Assistant City Attorney*
        Denver City Attorney's Office
22      201 West Colfax Avenue
        Denver, Colorado 80202
23      Tel: (720) 913-3137
        Fax: (720) 913-3190
24      ashley.kelliher@denvergov.org
25
26      DAVID P. STEINBERGER
        Assistant City Attorney
27

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 7
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
      */s/ David P. Steinberger*
2
      David P. Steinberger (CO Bar No. 48530)
      *Assistant City Attorney*
3
      Denver City Attorney's Office
      Denver International Airport
4
      8500 Pena Boulevard
      Airport Office Building, 9th Floor
5
      Denver, Colorado 80249-6340
      Tel: (303) 342-2562
6
      david.steinberger@flydenver.com
7
      *Attorneys for Plaintiff City and County of Denver*
8

9
      LAURA CONOVER
      Pima County Attorney
10

11
      */s/ Bobby Yu*
      Samuel E. Brown (AZ Bar No. 027474)
12
      Bobby Yu (AZ Bar No. 031237)
      Kyle Johnson (AZ Bar No. 032908)
13
      Pima County Attorney's Office, Civil Division
      32 N. Stone, Suite 2100
14
      Tucson, Arizona 85701
15
      (520) 724-5700
      sam.brown@pcao.pima.gov
16
      bobby.yu@pcao.pima.gov
      kyle.johnson@pcao.pima.gov
17

18
      *Attorneys for Plaintiff Pima County*

19

20
      ROBERT H. PITTMAN, County Counsel

21
      */s/ Joshua A. Myers*
      Joshua A. Myers (CA Bar No. 250988)
22
      *Chief Deputy County Counsel*
      Sonoma County Counsel's Office
23
      575 Administration Drive, Rm. 105A
      Santa Rosa, CA 95403
24
      Tel: (707) 565-2421
25
      Fax: (707) 565-2624
      Joshua.Myers@sonoma-county.org
26

27
      *Attorneys for Plaintiffs County of Sonoma,*
      *Sonoma County Transportation Authority, and*

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 8
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Sonoma County Community Development Commission*

OFFICE OF THE CITY ATTORNEY FOR THE CITY OF BEND

*/s/ Ian M. Leitheiser*
Ian M. Leitheiser (OSB #993106)
*City Attorney*
Elizabeth Oshel (OSB #104705)
*Senior Assistant City Attorney*
Michael J. Gaffney (OSB #251680)
*Senior Assistant City Attorney*
City of Bend
PO Box 431
Bend, OR 97709
(541) 693-2128
ileitheiser@bendoregon.gov
eoshel@bendoregon.gov
mgaffney@bendoregon.gov

*Attorneys for Plaintiff City of Bend*

CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

*/s/ Megan B. Bayer*
Megan B. Bayer (MA BBO No. 669494)
*City Solicitor*
Elliott J. Veloso (MA BBO No. 677292)
*Deputy City Solicitor*
Diane Pires (MA BBO No. 681713)
*Assistant City Solicitor*
Cambridge City Hall, 3rd Floor
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
mbayer@cambridgema.gov
eveloso@cambridgema.gov
dpires@cambridgema.gov

*Attorneys for Plaintiff City of Cambridge*

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL NOTICE- 9
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

/s/ Rebecca Hirsch
Rebecca Hirsch (IL Bar No. 6279592)
Chelsey Metcalf (IL Bar No. 6337233)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(313) 744-9484
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*

KRISTYN ANDERSON
City Attorney

/s/ Kristyn Anderson
Kristyn Anderson (MN Lic. 0267752)
*City Attorney*
Sara J. Lathrop (MN Lic. 0310232)
Munazza Humayun (MN Lic. 0390788)
*Assistant City Attorneys*
350 South Fifth Street
Minneapolis, MN 55415
(612) 673-3000
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Plaintiff City of Minneapolis*

KRYSIA KUBIAK, Esq.
City Solicitor

/s/ Julie E. Koren
Julie E. Koren (PA Bar No. 309642)
*Associate City Solicitor*
City of Pittsburgh, Dept. of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2025

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 10
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Julie.Koren@pittsburghpa.gov
Krysia.Kubiak@Pittsburghpa.gov

*Counsel for Plaintiff City of Pittsburgh*

ROBERT TAYLOR
Portland City Attorney

*/s/ Caroline Turco*
Caroline Turco (OR Bar No. 083813)
*Senior Deputy City Attorney*
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov

*Attorney for Plaintiff City of Portland*

NORA FRIMANN
City Attorney

*/s/ Nora Frimann*
Nora Frimann (CA Bar No. 93249)
*City Attorney*
Elisa Tolentino (CA Bar No. 245962)
*Chief Deputy City Attorney*
200 E Santa Clara St
San José, CA 95113-1905
Tel: (408) 535-1900
Fax: (408) 998-3131
cao.main@sanjoseca.gov

*Attorneys for Plaintiff City of San José*

CITY OF WILSONVILLE

*/s/ Amanda R. Guile-Hinman*
Amanda R. Guile-Hinman, WSBA #46282
29799 SW Town Center Loop E
Wilsonville, OR 97070
(503) 570-1509
guile@wilsonvilleoregon.gov

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 11
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Attorneys for the City of Wilsonville*


CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY

*/s/ Andrés Muñoz*
Andrés Muñoz, WSBA #50224
Desmond Brown, WSBA #16232

Central Puget Sound Regional Transit Authority
401 S. Jackson St.
Seattle, WA 98104
(206) 665-8989
andres.munoz@soundtransit.org
desmond.brown@soundtransit.org

*Attorneys for the Central Puget Sound Regional
Transit Authority*


LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

*/s/ Jeffrey S. Myers*
Jeffrey S. Myers, WSBA #16390
Erin L. Hillier, WSBA #42883
Jakub Kocztorz, WSBA #61393

P.O. Box 11880
Olympia, WA 98508
Tel: (360) 754-3480
Fax: (360) 357-3511
jmyers@lldkb.com
ehillier@lldkb.com
jkocztorz@lldkb.com

*Attorneys for Plaintiff Intercity Transit*


ANDERSON & KREIGER LLP

*/s/ Melissa C. Allison*
Melissa C. Allison (MA Bar No. 657470)
David S. Mackey (MA Bar No. 542277)

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 12
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Christina S. Marshall (MA Bar No. 688348)
Anderson & Kreiger LLP
50 Milk Street, Floor 21
Boston, MA 02109
(617) 621-6500
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
cmarshall@andersonkreiger.com

*Attorneys for Plaintiffs Port of Seattle and Milwaukee County*

KING COUNTY REGIONAL
HOMELESSNESS AUTHORITY

*/s/ Edmund Witter*
Edmund Witter, WSBA #52339
King County Regional Homelessness Authority
400 Yesler Way Suite 600
Seattle, WA 98104
(206) 639-7013
Edmund.witter@kcrha.org

*Attorneys for Plaintiff King County Regional Homelessness Authority*

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF ALAMEDA

*/s/ Donna R. Ziegler*
Donna R. Ziegler (CA Bar No. 142415)
County Counsel
K. Scott Dickey (CA Bar No. 184251)
Assistant County Counsel
Jason M. Allen (CA Bar No. 284432)
Senior Deputy County Counsel

Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
(510) 272-6700
donna.ziegler@acgov.org
scott.dickey@acgov.org

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 13
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

jason.allen@acgov.org

*Attorneys for Plaintiff County of Alameda*

CITY OF ALBUQUERQUE

*/s/ Lauren Keefe*
Lauren Keefe, City Attorney (NM Lic. 14664)
Devon P. King, Deputy City Attorney (NM Lic. 148108)
One Civic Plaza NW
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
lkeefe@cabq.gov
dking@cabq.gov

*Attorneys for Plaintiff City of Albuquerque*

CITY OF BELLEVUE
OFFICE OF THE CITY ATTORNEY
Trisna Tanus, City Attorney

*/s/ Trisna Tanus*
Trisna Tanus, WSBA #46568
Chad R. Barnes, WSBA #30480
Katherine B. White, WSBA #46649
City of Bellevue
450 110th Avenue N.E.
P.O. Box 90012
Bellevue, WA 98009
Tel: (425) 452-2061
Fax: (425) 452-7256
ttanus@bellevuewa.gov
cbarnes@bellevuewa.gov
kbwhite@bellevuewa.gov

*Attorneys for Plaintiff City of Bellevue*

CITY OF BELLINGHAM

*/s/ Sarah W. Chaplin*
Sarah W. Chaplin, WSBA #51642

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 14
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Senior Assistant City Attorney
City of Bellingham
210 Lottie Street
Bellingham, WA 98225
Tel: (360) 778-8270
Fax: (360) 778-8271
swchaplin@cob.org

*Attorneys for Plaintiff City of Bellingham*


BREMERTON CITY ATTORNEY

*/s/ Kylie J. Finnell*
Kylie J. Finnell, WSBA #34997
Bremerton City Attorney

*/s/ Brett Jette*
Brett Jette, WSBA #47903
Bremerton Assistant City Attorney

345 6th Street, Suite 100
Bremerton, WA 98337
Tel: (360) 473-2345
Fax: (360) 473-5161
legal@ci.bremerton.wa.us

*Attorneys for Plaintiff City of Bremerton*


OFFICE OF THE CORPORATION COUNSEL
FOR DANE COUNTY

*/s/ Carlos A. Pabellon*
Carlos A. Pabellon (WI State Bar No. 1046945)
*Corporation Counsel*
David R. Gault (WI State Bar No. 1016374)
*Deputy Corporation Counsel*
County of Dane
City-County Building, Room 419
210 Martin Luther King, Jr. Blvd.
Madison, WI 53703
(608) 266-4355
pabellon.carlos@danecounty.gov
gault@danecounty.gov

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 15
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Attorneys for Plaintiff County of Dane*

CITY OF EUGENE

*/s/ Mark Kannen*
Mark Kannen (OSB 120999)
*Assistant City Attorney*
Kathryn P. Brotherton (OSB 981530)
*City Attorney*
City of Eugene
Eugene City Attorney's Office
500 E 4th Ave., Ste 301
Eugene, OR 97401
(541) 682-8447
mark.r.kannen@ci.eugene.or.us
kathryn.brotherton@ci.eugene.or.us

*Attorneys for Plaintiff City of Eugene*

BURKE, WILLIAMS & SORENSEN, LLP

*/s/ Samantha W. Zutler*
Samantha W. Zutler (CA Bar No. 238514)
Eileen L. Ollivier (CA Bar No. 345880)
BURKE, WILLIAMS & SORENSEN, LLP
1 California Street, Suite 3050
San Francisco, CA 94111-5432
Tel: (415) 655-8100
Fax: (415) 655-8099
szutler@bwslaw.com
eollivier@bwslaw.com

*Attorney for Plaintiffs City of Healdsburg and*
*City of Watsonville*

*/s/ Michelle Marchetta Kenyon*
Michelle Marchetta Kenyon (CA Bar No. 127969)
City Attorney
Eileen L. Ollivier (CA Bar No. 345880)
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: (510) 273-8780
Fax: (510) 839-9104

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 16
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

mkenyon@bwslaw.com
eollivier@bwslaw.com

*Attorneys for Plaintiffs City of Pacifica and City of Rohnert Park*

MARY F. MORIARTY
Hennepin County Attorney

*/s/ Rebecca Holschuh*
Rebecca L.S. Holschuh (MN Bar No. 0392251)
Brittany K. McCormick (MN Bar No. 0395175)
Assistant County Attorneys
300 South Sixth Street
Minneapolis, MN 55487
(612) 348-4797
Rebecca.Holschuh@hennepin.us
Brittany.McCormick@hennepin.us

*Attorneys for Plaintiff County of Hennepin*

KITSAP COUNTY

*/s/ Kyla S. Bond*
Kyla S. Bond, WSBA #48309
Senior Deputy Prosecuting Attorney, Civil Division
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA 98366
(360) 337-4512
kbond@kitsap.gov

*Attorney for Plaintiff Kitsap County*

HYDEE FELDSTEIN SOTO
City Attorney of the City of Los Angeles

*/s/ Michael J. Dundas*
Michael J. Dundas (CA Bar No. 226930)
Adrienne S. Khorasanee (CA Bar No. 227704)
Joshua M. Templet  (CA Bar No. 267098)
Office of the Los Angeles City Attorney
200 North Main Street, Room 800

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 17
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Los Angeles, California 90012
(213) 978-8100
mike.dundas@lacity.org
adrienne.khorasanee@lacity.org
joshua.templet@lacity.org

*Attorneys for Plaintiff City of Los Angeles*

MULTNOMAH COUNTY

*/s/ B. Andrew Jones*
B. Andrew Jones (OSB No. 091786)
Deputy County Attorney
Multnomah County Attorney's Office
501 SE Hawthorne Blvd, Suite 500
Portland, OR, 97214
Tel: (503) 988-3138
Fax: (503) 988-3377
andy.jones@multco.us

*Attorneys for Plaintiff Multnomah County*

CITY OF OAKLAND

*/s/ Ryan Richardson*
Ryan Richardson (CA Bar No. 223548)
City Attorney
Maria Bee (CA Bar No. 167716)
Chief Assistant City Attorney
Jaime Huling Delaye (CA Bar No. 270784)
Supervising City Attorney
H. Luke Edwards (CA Bar No. 313756)
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Tel: (510) 238-3836
Fax: (510) 238-6500
ledwards@oaklandcityattorney.org

*Attorneys for Plaintiff City of Oakland*

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 18
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

CITY OF PETALUMA

*/s/ Eric Danly*
Eric Danly (CA Bar No. 201621)
City Attorney
City of Petaluma
Petaluma City Hall
11 English Street
Petaluma, CA 94952
(707) 778-4402
EDanly@cityofpetaluma.org

*Attorney for Plaintiff City of Petaluma*


JOHN J. CHOI
RAMSEY COUNTY ATTORNEY

*/s/ Bradley Cousins*
Bradley Cousins (MN Bar No. 0400463)
Stacey D'Andrea (MN Bar No. 0388320)
Jada Lewis (MN Bar No. 0391287)
Assistant Ramsey County Attorneys
360 Wabasha St. N., Suite 100
Saint Paul, MN 55102
(651) 266-3081 (Cousins)
(651) 266-3051 (D'Andrea)
(651) 266-3149 (Lewis)
Bradley.cousins@co.ramsey.mn.us
Stacey.dandrea@co.ramsey.mn.us
Jada.lewis@co.ramsey.mn.us

*Attorneys for Plaintiff Ramsey County*


CITY OF ROCHESTER

*/s/ Patrick Beath*
Patrick Beath, Corporation Counsel (NY Lic. 4999751)
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-6812
patrick.beath@cityofrochester.gov

*Attorney for Plaintiff City of Rochester*

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2  HEATHER FERBERT
City Attorney

3

4  */s/ Mark Ankcorn*
Mark Ankcorn (CA Bar No. 166871)

5  Senior Chief Deputy City Attorney
Julie Rau (CA Bar No. 317658)

6  Deputy City Attorney
1200 Third Avenue, Suite 1100

7  San Diego, California 92101-4100
(619) 533-5800

8  MAnkcorn@sandiego.gov
JRau@sandiego.gov

9

10  *Attorneys for Plaintiff City of San Diego*

11  SAN MATEO COUNTY

12

13  */s/ John D. Nibbelin*
John D. Nibbelin (CA Bar No. 184603)

14  County Counsel
Rebecca M. Archer (CA Bar No. 202743)

15  Chief Deputy Counsel
Lauren F. Carroll (CA Bar No. 333446)

16  Deputy County Counsel
500 County Center, 4th Floor

17  Redwood City, CA 94063
(650) 363-4757

18  jnibbelin@smcgov.org

19  rmarcher@smcgov.org
lcarroll@smcgov.org

20

21  *Attorneys for Plaintiff San Mateo County*

22

23  CITY OF SANTA ROSA

24  */s/ Teresa L. Stricker*
Teresa L. Stricker (CA Bar No. 160601)

25  City Attorney
Autumn Luna (CA Bar No. 288506)

26  Chief Assistant City Attorney
Adam S. Abel (CA Bar No. 148210)

27  Assistant City Attorney

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 20
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Hannah E. Ford-Stille (CA Bar No. 335113)
Deputy City Attorney
100 Santa Rosa Ave, Room 8
Santa Rosa, CA 95404
(707) 543-3040
tstricker@srcity.org
aluna@srcity.org
aabel@srcity.org
hfordstille@srcity.org

*Attorneys for Plaintiff City of Santa Rosa*


CASCADIA LAW GROUP PLLC

*/s/ Stephen R. Parkinson*
Stephen R. Parkinson, WSBA #21111
Cascadia Law Group PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
(206) 292-6300
sparkinson@cascadialaw.com

*Attorneys for Plaintiff Puget Sound Regional
Council*

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, I electronically filed the foregoing document with

the Clerk of the United States District Court for the Western District of Washington via the

CM/ECF system which will send notification of such filing to all parties who are entered in this

matter and registered with the CM/ECF system.

DATED this 31st day of July, 2025.

/s/ Gabriela DeGregorio
Gabriela DeGregorio
Litigation Assistant
Pacifica Law Group LLP

PLAINTIFFS' UNOPPOSED MOTION FOR JUDICIAL
NOTICE- 22
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# ATTACHMENT



# Office of the Attorney General
## Washington, D. C. 20530

July 29, 2025

MEMORANDUM FOR ALL FEDERAL AGENCIES

FROM:            THE ATTORNEY GENERAL

SUBJECT:        GUIDANCE FOR RECIPIENTS OF FEDERAL FUNDING
                REGARDING UNLAWFUL DISCRIMINATION

## I.    INTRODUCTION

One of our Nation's bedrock principles is that all Americans must be treated equally.  Not only is discrimination based on protected characteristics illegal under federal law, but it is also dangerous, demeaning, and immoral. Yet in recent years, the federal government has turned a blind eye toward, or even encouraged, various discriminatory practices, seemingly because of their purportedly benign labels, objectives, or intentions. No longer. Going forward, the federal government will not stand by while recipients of federal funds engage in discrimination.

This guidance clarifies the application of federal antidiscrimination laws to programs or initiatives that may involve discriminatory practices, including those labeled as Diversity, Equity, and Inclusion ("DEI") programs.[1] Entities receiving federal funds, like all other entities subject to federal antidiscrimination laws, must ensure that their programs and activities comply with federal law and do not discriminate on the basis of race, color, national origin, sex, religion, or other protected characteristics—no matter the program's labels, objectives, or intentions. In furtherance of that requirement, this guidance identifies "Best Practices" as non-binding suggestions to help entities comply with federal antidiscrimination laws and avoid legal pitfalls; these are not mandatory requirements but rather practical recommendations to minimize the risk of violations.

Entities that receive federal financial assistance or that are otherwise subject to federal anti-discrimination laws, including educational institutions, state and local governments, and public and private employers, should review this guidance carefully to ensure all programs comply with their legal obligations.

---

[1] DEI programs go by other names as well, such as Diversity, Equity, Inclusion, and Accessibility ("DEIA") and Diversity, Equity, Inclusion, and Belonging ("DEIB").

## II.    EXECUTIVE SUMMARY

This guidance emphasizes the significant legal risks of initiatives that involve discrimination based on protected characteristics and provides non-binding best practices to help entities avoid the risk of violations. Key points include:

- **Statutory nondiscrimination requirements:** Federal law prohibits discrimination based on protected characteristics like race, sex, color, national origin, or religion.

- **Legal pitfalls of DEI Programs:** The use of terms such as "DEI," "Equity," or other euphemistic terms does not excuse unlawful discrimination or absolve parties from scrutiny regarding potential violations.

- **Prohibition on Protected Characteristics as Criteria:** Using race, sex, or other protected characteristics for employment, program participation, resource allocation, or other similar activities, opportunities, or benefits, is unlawful, except in rare cases where such discrimination satisfies the relevant level of judicial scrutiny.

- **Importance of Sex-Separated Intimate Spaces and Athletic Competitions:** Compelling employees to share intimate spaces with the opposite sex or allowing men to compete in women's athletic competitions would typically be unlawful.

- **Unlawful Proxy Discrimination:** Facially neutral criteria (e.g., "cultural competence," "lived experience," geographic targeting) that function as proxies for protected characteristics violate federal law if designed or applied with the intention of advantaging or disadvantaging individuals based on protected characteristics.

- **Scrutiny of Third-Party Funding:** Recipients of federal funds should ensure federal funds do not support third-party programs that discriminate.

- **Protection Against Retaliation:** Individuals who object to or refuse to participate in discriminatory programs, trainings, or policies are protected from adverse actions like termination or exclusion based on that individual's opposition to those practices.[2]

## III.    KEY FEDERAL ANTIDISCRIMINATION PROVISIONS AND LAW

Federal antidiscrimination laws prohibit discrimination on the basis of protected characteristics, including race, color, religion, sex, and national origin. The U.S. Supreme Court has consistently held that policies or practices based upon protected characteristics are subject to

---

[2] Unlawful retaliation occurs when a federally funded entity takes adverse actions against employees, participants, or beneficiaries because they engage in protected activities related to opposing DEI practices they reasonably believe violate federal antidiscrimination laws.

rigorous judicial scrutiny.  Race-based classifications are subject to strict scrutiny, requiring a compelling governmental interest and narrowly tailored means to achieve that interest.[3] Sex-based classifications are subject to heightened scrutiny, requiring an exceedingly persuasive justification and substantial relation to an important governmental objective.[4] Discrimination based on other protected characteristics, such as religion, is also evaluated under analogous standards.[5] Entities receiving federal funds must comply with applicable civil rights laws, including:

- **Title VI of the Civil Rights Act of 1964:** Prohibits discrimination based on race, color, or national origin in any program or activity receiving federal financial assistance. This includes most educational institutions, healthcare providers, and state and local government agencies.

- **Title VII of the Civil Rights Act of 1964:** Prohibits employment discrimination based on, or motivated by, race, color, religion, sex, or national origin, in any terms, conditions, or privileges of employment, including hiring, promotion, demotion, termination, compensation, job transfers, training, or access to employment privileges and benefits.

- **Title IX of the Education Amendments of 1972:** Prohibits discrimination based on sex in education programs or activities receiving federal financial assistance. Title IX protections extend beyond athletics and include addressing sexual harassment, sex-based harassment, admissions policies, and equal access to resources and programs.

---

[3] *See, e.g., Students for Fair Admissions, Inc. v. Harvard*, 600 U.S. 181, 214 (2023) (holding racial classifications by public institutions are subject to strict scrutiny and racial classifications by private institutions can serve as basis for revoking funding under Title VI); *Ricci v. DeStefano*, 557 U.S. 557, 579 (2009) ("[E]xpress, race-based decision-making violates Title VII's command that employers cannot take adverse employment actions because of an individual's race."); *see also Vitolo v. Guzman*, 999 F.3d 353, 361 (6th Cir. 2021) (holding grant program with race and sex preferences is unlawful under Equal Protection Clause).

[4] *See, e.g., United States v. Virginia*, 518 U.S. 515, 531 (1996).

[5] *See, e.g., Espinoza v. Montana Dep't of Revenue*, 591 U.S. 464, 479 (2020) ("The Free Exercise Clause, which applies to the States under the Fourteenth Amendment, protects religious observers against unequal treatment and against laws that impose special disabilities on the basis of religious status . . . . [S]trict scrutiny applies . . . because Montana's no-aid provision discriminates based on religious status"); *Shapiro v. Thompson*, 394 U.S. 618, 631 (1969) (holding discriminating against individual for exercising fundamental constitutional rights is subject to heightened scrutiny), *overruled on other grounds by Edelman v. Jordan*, 415 U.S. 651 (1974); *see also Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993) (relying on Equal Protection principles in holding intentional discrimination against exercise of religion is subject to strict scrutiny).

- **Equal Protection Clause of the Fourteenth Amendment:** Prohibits States from denying any person the equal protection of the laws, relevant in the context of discrimination claims involving state or local government actions.

## IV.    UNLAWFUL DISCRIMINATORY POLICIES AND PRACTICES

The following is a non-exhaustive list of unlawful practices that could result in revocation of grant funding. Federal funding recipients may also be liable for discrimination if they knowingly fund the unlawful practices of contractors, grantees, and other third parties.

### A.    Granting Preferential Treatment Based on Protected Characteristics

#### 1.    What Constitutes Unlawful Preferential Treatment?

Preferential treatment occurs when a federally funded entity provides opportunities, benefits, or advantages to individuals or groups based on protected characteristics in a way that disadvantages other qualified persons, including such practices portrayed as "preferential" to certain groups. Such practices violate federal law unless they meet very narrow exceptions.

#### 2.    Examples of Unlawful Practices

**Race-Based Scholarships or Programs:** A university's DEI program establishes a scholarship fund exclusively for students of a specific racial group (e.g., "Black Student Excellence Scholarship") and excludes otherwise qualified applicants of other races, even if they meet academic or financial need criteria. This extends to any race-exclusive opportunities, such as internships, mentorship programs, or leadership initiatives that reserve spots for specific racial groups, regardless of intent to promote diversity. Such race-exclusive programs violate federal civil rights law by discriminating against individuals based solely on their race or treating people differently based on a protected characteristic without meeting the strict legal standards required for race-conscious programs.

**Preferential Hiring or Promotion Practices:** A federally funded entity's DEI policy prioritizes candidates from "underrepresented groups" for admission, hiring, or promotion, bypassing qualified candidates who do not belong to those groups, where the preferred "underrepresented groups" are determined on the basis of a protected characteristic like race.

**Access to Facilities or Resources Based on Race or Ethnicity:** A university's DEI initiative designates a "safe space" or lounge exclusively for students of a specific racial or ethnic group.

### B.    Prohibited Use of Proxies for Protected Characteristics

#### 1.    What Constitutes Unlawful Proxies?

Unlawful proxies occur when a federally funded entity intentionally uses ostensibly neutral criteria that function as substitutes for explicit consideration of race, sex, or other protected characteristics. While these criteria may appear facially neutral, they become legally problematic under any of the following circumstances:

- They are selected because they correlate with, replicate, or are used as substitutes for protected characteristics.

- They are implemented with the intent to advantage or disadvantage individuals based on protected characteristics.

#### 2.    Examples of Potentially Unlawful Proxies

**"Cultural Competence" Requirements:** A federally funded university requires job applicants to demonstrate "cultural competence," "lived experience," or "cross-cultural skills" in ways that effectively evaluate candidates' racial or ethnic backgrounds rather than objective qualifications. This includes selection criteria that advantage candidates who have experiences the employer associates with certain racial groups. For instance, requiring faculty candidates to describe how their "cultural background informs their teaching" may function as a proxy if used to evaluate candidates based on race or ethnicity.

**Geographic or Institutional Targeting:** A federally funded organization implements recruitment strategies targeting specific geographic areas, institutions, or organizations chosen primarily because of their racial or ethnic composition rather than other legitimate factors.

**"Overcoming Obstacles" Narratives or "Diversity Statements":** A federally funded program requires applicants to describe "obstacles they have overcome" or submit a "diversity statement" in a manner that advantages those who discuss experiences intrinsically tied to protected characteristics, using the narrative as a proxy for advantaging that protected characteristic in providing benefits.

### C.    Segregation Based on Protected Characteristics

#### 1.    What Constitutes Unlawful Segregation?

Segregation based on protected characteristics occurs when a federally funded entity organizes programs, activities, or resources—such as training sessions—in a way that separates or restricts access based on race, sex, or other protected characteristics. Such practices generally violate federal law by creating unequal treatment or reinforcing stereotypes, regardless of the stated goal (e.g., promoting inclusion or addressing historical inequities). Exceptions are narrow

and include only cases where federal law expressly permits race-based remedies for specific, documented acts of past discrimination by the institution itself, or in specialized contexts such as correctional facilities where courts have recognized compelling institutional interests.

While compelled segregation is generally impermissible, failing to maintain sex-separated athletic competitions and intimate spaces can also violate federal law. Federally funded institutions that allow males, including those self-identifying as "women," to access single-sex spaces designed for females—such as bathrooms, showers, locker rooms, or dormitories—undermine the privacy, safety, and equal opportunity of women and girls. Likewise, permitting males to compete in women's athletic events almost invariably denies women equal opportunity by eroding competitive fairness. These policies risk creating a hostile environment under Title VII, particularly where they compromise women's privacy, safety, or professional standing, and can violate Title IX by denying women access to the full scope of sex-based protections in education. To ensure compliance with federal law and to safeguard the rights of women and girls, organizations should affirm sex-based boundaries rooted in biological differences.

## 2.    Examples of Unlawful Practices

**Race-Based Training Sessions:** A federally funded university hosts a DEI training program that requires participants to separate into race-based groups (e.g., "Black Faculty Caucus" or "White Ally Group") for discussions, prohibiting individuals of other races from participating in specific sessions. In contrast, a "Faculty Academic Support Network" open to all faculty interested in promoting student success avoids reliance on protected characteristics and complies with federal law.

**Segregation in Facilities or Resources:** A college receiving federal funds designates a "BIPOC-only study lounge," facially discouraging access by students of other races. Even if access is technically open to all, the identity-based focus creates a perception of segregation and may foster a hostile environment. This extends to any resource allocation—such as study spaces, computer labs, or event venues—that segregates access based on protected characteristics, even if intended to create "safe spaces." This does not apply to facilities that are single-sex based on biological sex to protect privacy or safety, such as restrooms, showers, locker rooms, or lodging.

**Implicit Segregation Through Program Eligibility:** A federally funded community organization hosts a DEI-focused workshop series that requires participants to identify with a specific racial or ethnic group (e.g., "for underrepresented minorities only") or mandates sex-specific eligibility, effectively excluding others who meet objective program criteria. Use of Protected Characteristics in Candidate Selection

## 3.    What Constitutes Unlawful Use of Protected Characteristics?

Unlawful use of protected characteristics occurs when a federally funded entity or program considers race, sex, or any other protected trait as a basis for selecting candidates for employment

(e.g., hiring, promotions), contracts (e.g., vendor agreements), or program participation (e.g., internships, admissions, scholarships, training). This includes policies that explicitly mandate representation of specific groups in candidate pools or implicitly prioritize protected characteristics through selection criteria, such as "diverse slate" requirements, diversity decision-making panels, or diversity-focused evaluations. It also includes requirements that contracting entities utilize a specific level of working hours from individuals of certain protected characteristics to complete the contract. Such practices violate federal law by creating unequal treatment or disadvantaging otherwise qualified candidates, regardless of any intent to advance diversity goals.

### 4. Examples of Unlawful Practices

**Race-Based "Diverse Slate" Policies in Hiring:** A federally funded research institute adopts a policy requiring that all interview slates for faculty positions include a minimum number of candidates from specific racial groups (e.g., at least two "underrepresented minority" candidates), rejecting otherwise qualified candidates who do not meet this racial criterion. This extends to any policy that sets racial benchmarks or mandates demographic representation in candidate pools, such as requiring a certain percentage of finalists to be from "diverse" backgrounds.

**Sex-Based Selection for Contracts:** A federally funded state agency implements a DEI policy that prioritizes awarding contracts to women-owned businesses, automatically advancing female vendors or minority-owned businesses over equally or more qualified businesses without preferred group status. This includes any contract selection process that uses sex or race as a tiebreaker or primary criterion, such as policies favoring "minority- or women-owned" businesses without satisfying the appropriate level of judicial scrutiny.

**Race- or Sex-Based Program Participation:** A federally funded university's internship program requires that 50% of selected participants be from "underrepresented racial groups" or female students, rejecting equally or more qualified applicants who do not meet these demographic criteria. This extends to any program—such as scholarships, fellowships, or leadership initiatives—that uses race, sex, or any other protected characteristic as a selection criterion, even if framed as addressing underrepresentation.

### D. Training Programs That Promote Discrimination or Hostile Environments

### 1. What Constitutes Unlawful DEI Training Programs?

Unlawful DEI training programs are those that—through their content, structure, or implementation—stereotype, exclude, or disadvantage individuals based on protected characteristics or create a hostile environment. This includes training that:

- Excludes or penalizes individuals based on protected characteristics.

- Creates an objectively hostile environment through severe or pervasive use of presentations, videos, and other workplace training materials that single out, demean, or stereotype individuals based on protected characteristics.

### 2.    Examples of Unlawful Practices

**Trainings That Promote Discrimination Based on Protected Characteristics:** A federally funded school district requires teachers to complete a DEI training that includes statements stereotyping individuals based on protected characteristics—such as "all white people are inherently privileged," "toxic masculinity," etc. Such trainings may violate Title VI or Title VII if they create a hostile environment or impose penalties for dissent in ways that result in discriminatory treatment.[6]

### E.    Recommendations on Best Practices

**Ensure Inclusive Access:** All workplace programs, activities, and resources should be open to all qualified individuals, regardless of race, sex, or other protected characteristics. Avoid organizing groups or sessions that exclude participants based on protected traits.  Some sex separation is necessary where biological differences implicate privacy, safety, or athletic opportunity.

**Focus on Skills and Qualifications:** Base selection decisions on specific, measurable skills and qualifications directly related to job performance or program participation. For example, rather than asking about "cultural competence," assess specific skills such as language proficiency or relevant educational credentials. Criteria like socioeconomic status, first-generation status, or geographic diversity must not be used if selected to prioritize individuals based on racial, sex-based, or other protected characteristics.

**Prohibit Demographic-Driven Criteria:** Discontinue any program or policy designed to achieve discriminatory outcomes, even those using facially neutral means. Intent to influence demographic representation risks violating federal law. For example, a scholarship program must not target "underserved geographic areas" or "first-generation students" if the criteria are chosen to increase participation by specific racial or sex-based groups. Instead, use universally applicable criteria, such as academic merit or financial hardship, applied without regard to protected characteristics or demographic goals.

**Document Legitimate Rationales:** If using criteria in hiring, promotions, or selecting contracts that might correlate with protected characteristics, document clear, legitimate rationales unrelated to race, sex, or other protected characteristics. Ensure these rationales are consistently applied and are demonstrably related to legitimate, nondiscriminatory institutional objectives.

**Scrutinize Neutral Criteria for Proxy Effects:** Before implementing facially neutral criteria, rigorously evaluate and document whether they are proxies for race, sex, or other protected

---

[6] Federal law allows for workplace harassment trainings that are focused on preventing unlawful workplace discrimination and that do not single out particular groups as inherently racist or sexist.

characteristics. For instance, a program targeting "low-income students" must be applied uniformly without targeting areas or populations to achieve racial or sex-based outcomes.

**Eliminate Diversity Quotas:** Focus solely on nondiscriminatory performance metrics, such as program participation rates or academic outcomes, without reference to race, sex, or other protected traits. And discontinue policies that mandate representation of specific racial, sex-based, or other protected groups in candidate pools, hiring panels, or final selections. For example, replace a policy requiring "at least one minority candidate per slate" with a process that evaluates all applicants based on merit.

**Avoid Exclusionary Training Programs:** Ensure trainings are open to all qualified participants, regardless of protected characteristics. Avoid segregating participants into groups based on race, sex, or other protected characteristics. Trainings should not require participants to affirm specific ideological positions or "confess" to personal biases or privileges based on a protected characteristic.

**Include Nondiscrimination Clauses in Contracts to Third Parties and Monitor Compliance:** Incorporate explicit nondiscrimination clauses in grant agreements, contracts, or partnership agreements, requiring third parties to comply with federal law, and specify that federal funds cannot be used for programs that discriminate based on protected characteristics. Monitor third parties that receive federal funds to ensure ongoing compliance, including reviewing program materials, participant feedback, and outcomes to identify potential discriminatory practices. Terminate funding for noncompliant programs.

**Establish Clear Anti-Retaliation Procedures and Create Safe Reporting Mechanisms:** Implement and communicate policies that prohibit retaliation against individuals who engage in protected activities, such as raising concerns, filing complaints, or refusing to participate in potentially discriminatory programs. Include these policies in employee handbooks, student codes of conduct, and program guidelines. Provide confidential, accessible channels for individuals to report concerns about unlawful practices.

## V.    CONCLUSION

Entities are urged to review all programs, policies, and partnerships to ensure compliance with federal law, and discontinue any practices that discriminate on the basis of a protected status. The recommended best practices provided in this guidance are non-binding suggestions to assist entities in avoiding legal pitfalls and upholding equal opportunity for all. By prioritizing nondiscrimination, entities can mitigate the legal, financial, and reputational risks associated with unlawful DEI practices and fulfill their civil rights obligations.