1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR.
COUNTY, et al.,

                              Plaintiffs,

vs.

SCOTT TURNER in his official capacity
as Secretary of the U.S. Department of
Housing and Urban Development, et al.,

                              Defendants.

No. 2:25-cv-00814-BJR

PLAINTIFFS' REPLY IN SUPPORT
OF THIRD MOTION FOR
PRELIMINARY INJUNCTION

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS[1]

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .........................................................................................................1

      A.    Plaintiffs Are Likely to Succeed on the Merits.......................................... 1

            1.    Congress Has Not Authorized the Grant Conditions................................. 1

                  a)   The Conditions Are Not Authorized by Federal Nondiscrimination
                       Law……………………………………………………………………2

                  b)   The HUD Conditions Do Not Apply PRWORA or the Hyde
                       Amendment…………………………………………...…………….…5

                  c)   Title IX and Generic Statutes Do Not Authorize the HHS Conditions....6

            2.    Imposing the Conditions Violates the APA................................................ 7

            3.    The Grant Conditions Exceed Congress's Spending Clause
                  Power ................................................................................................. 9

      B.    Plaintiffs Will Suffer Immediate and Irreparable Harm ......................... 9

      C.    Defendants Raise No New Arguments as to the Equities, Bond, or
            Stay .................................................................................................... 10

III.  CONCLUSION...................................................................................................10

---

[1] This Reply incorporates the defined terms in Plaintiffs' Motion for TRO, Dkt. # 5, Second Motion for TRO and PI, Dkt. # 72, and Third Motion for PI, Dkt. # 186.

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – i
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.    INTRODUCTION

This Court should issue a second PI preventing Defendants' ever expanding efforts to dictate Plaintiffs' local policies by imposing unlawful grant conditions. Defendants largely rehash arguments this Court already rejected. They also unconvincingly attempt to dress the conditions up as "existing federal law," fail to refute violations of a statutory restraint on HUD, ignore HUD's regulatory procedural requirements, and brush aside irreparable harms identical to those the Court has recognized. The new Plaintiffs did not delay seeking relief; they responded promptly to Defendants' relentless roll-out of unlawful conditions on ever-more grants and jurisdictions. Now, many Plaintiffs need relief by August 14 to meet a statutory deadline or else forfeit federal funds. Thus, Plaintiffs respectfully request a second PI that applies previously granted relief to new Plaintiffs, enjoins HUD from imposing the challenged conditions on *any* grants, prohibits HHS from imposing similar conditions, and covers the entire grant-making process.

## II.    ARGUMENT

### A.  Plaintiffs Are Likely to Succeed on the Merits

This Court already ruled that Plaintiffs are likely to succeed on their claims that the CoC and DOT Grant Conditions violate the separation of powers doctrine, Congress has not authorized them, and their imposition is arbitrary and capricious in violation of the APA. Their arguments as to the Non-CoC HUD and HHS Grant Conditions fail for similar reasons.

#### 1.  Congress Has Not Authorized the Grant Conditions

Initially, Defendants do not address—much less dispute—that the Non-CoC HUD Grant Conditions violate 42 U.S.C. § 12711, which prohibits HUD from conditioning grants "on the adopt[ion], continu[ation], or discontinu[ation]" of lawful local policies. *See* Dkt. 186 at 12. Nor do they disclaim their transparent effort to leverage the Non-CoC HUD Grant Conditions to coerce

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 1
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Plaintiffs to replace their own local policies with the Trump administration's. The Non-CoC HUD Grant Conditions are unlawful for this reason alone.

Defendants primarily reiterate arguments this Court has already rejected. As before, Defendants begin by suggesting that agency regulations provide the requisite authority for the challenged conditions. Dkt. # 334 at 8 (citing 2 C.F.R. § 200.211(c)(1)(ii) (providing that federal agencies must incorporate among other things "executive order . . . directive[s]" into grant awards); 45 C.F.R. § 75.210(b)(1)(ii) (same as to HHS)). But, as this Court correctly explained, "an agency *regulation* cannot create *statutory* authority; only Congress can do that." Dkt. # 169 at 33.[2]

Next, Defendants argue the Non-CoC HUD and HHS Grant Conditions "merely require grant recipients to agree to comply with federal laws." Dkt. # 334 at 8, 10. But despite ample opportunity to do so, Defendants have yet to confront the mismatch between the "federal laws" the agencies claim to implement and the new and newly interpreted conditions themselves. As demonstrated below, because those conditions are untethered to existing law, general statutory clauses authorizing agencies "to require that grantees comply with federal laws" do not provide the authority Defendants need. Dkt. # 334 at 8 (citing 42 U.S.C. § 5304(b)(6)).

### a.) The Conditions Are Not Authorized by Federal Nondiscrimination Law

Defendants again argue the challenged conditions simply require compliance with existing federal nondiscrimination law. Dkt. # 334 at 8–9. But they fail to address—and, tellingly, do not disclaim—the extensive record demonstrating the administration's intent to use those conditions, combined with the threat of FCA enforcement, to force compliance with the administration's novel

---

[2] HHS conditions prohibiting promotion of "gender ideology" under the guise of Title IX conflict with a regulation referenced in the very provision Defendants cite for their "National policy requirements" argument. *See* 45 C.F.R. § 75.210(b)(1)(ii) (citing 45 C.F.R. § 75.300(e), which states that HHS interprets statutes it administers that prohibit sex discrimination to "include a prohibition against discrimination on the basis of sexual orientation and gender identity").

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

and unsupported reinterpretation of federal law as barring any form of DEI initiative. In issuing the PI, this Court rightly declined Defendants' earlier invitation to ignore the evidence, as of that date, showing how Defendants intend to enforce those conditions against any DEI initiatives. Dkt. # 169 at 34; *see also* Dkt. # 6 at 346 (DOT Secretary's letter stating "discriminatory [DEI] policies or practices" "presumptively violate[] Federal law," even when "described in neutral terms"); Dkt. # 5 at 24–25; Dkt. # 65 at 5 (Deputy Attorney General's memo stating recipients could violate the FCA by certifying compliance with nondiscrimination law while allowing transgender individuals to use bathrooms consistent with their gender identities). Defendants' subsequent actions reinforce this Court's finding that those conditions are "prohibitions on DEI initiatives." Dkt. # 169 at 34.

For example, in early July, HUD informed King County its consolidated/annual plan was being disapproved (even before King County formally submitted it) simply for using disfavored equity-related keywords. Dkt. # 223, Ex. A. HUD determined use of words like "equity" and "migrant" somehow undermined the required certification to "conform[] with applicable laws" and required King County to scrub these words and include "assurance statements" mirroring the challenged conditions. *Id*. at 6–9. New Plaintiffs, including Petaluma and Bellevue, received similar notices. Dkt. # 244 (Petaluma), Ex. B; Dkt. # 195 (Bellevue), Ex. A. No case law, however, suggests that using words like "equity" or "migrant" violates *any* law, refuting Defendants' claim the new conditions reflect preexisting requirements.

Significantly, last week, Attorney General Pam Bondi issued a memo ("Bondi Memo") purporting to reinterpret nondiscrimination law contrary to court decisions. Dkt. # 331. In addition to again singling out transgender inclusive policies as discriminatory (contrary to case law), the Bondi Memo identifies other purported "Examples of Unlawful Practices." These include use of proxies, such as geographic targeting and diversity statements, which "may appear facially

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

neutral" but "are selected because they correlate with, replicate, or are used as substitutes for protected characteristics." *Id.* at 28. The Supreme Court, however, has "consistently declined to find constitutionally suspect" the adoption of race-neutral criteria "out of a desire . . . to improve racial diversity and inclusion"—even where the decision-maker was "well aware" the race-neutral criteria "correlated with race." *Coal. for TJ v. Fairfax Cnty. Sch. Bd.*, 68 F.4th 864, 885–86 (4th Cir. 2023) (internal quotation marks and citation omitted) (citing, *inter alia*, *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 545 (2015)); *see also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.* (*SFFA*), 600 U.S. 181, 220 (2023) ("The entire point of the Equal Protection Clause is that treating someone differently because of their skin color is not like treating them differently because they are from a city or from a suburb."). Nor does Supreme Court precedent prohibit the use of diversity statements for the purpose of advancing racial diversity goals; to the contrary, in *SFFA*, the Court described these goals as "commendable" and "worthy" (though insufficient to justify race-based admissions). *Id.* at 214– 15, 230 ("[N]othing in this opinion should be construed as prohibiting universities from considering an applicant's discussion of how race affected his or her life"); *United States v. Skrmetti*, 145 S. Ct. 1816, 1854 (2025) (Thomas, J., concurring) (suggesting strict scrutiny does not apply to "a university's decision to credit 'an applicant's discussion of how race affected his or her life'" simply because it is "inextricably bound up with" the applicant's race (cleaned up)).[3]

Defendants discount the Bondi Memo as "non-binding suggestions," Dkt. # 334 at 6 n.1, but they do not dispute it reinforces and expands upon the extensive record of their intent to enforce

---

[3] The Bondi Memo also states DEI trainings may be unlawful where they address topics like white privilege and "toxic masculinity," Dkt. # 331 at 31, even though this Court and several others have rejected similar arguments. *See, e.g.*, *Diemert v. City of Seattle*, 776 F. Supp. 3d 922, 941 (W.D. Wash. 2025); *Honeyfund.com, Inc. v. DeSantis*, 622 F. Supp. 3d 1159, 1171–72 (N.D. Fla. 2022), *aff'd sub nom. Honeyfund.com Inc. v. Governor*, 94 F.4th 1272 (11th Cir. 2024).

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

the conditions based on the administration's novel and baseless reinterpretation of nondiscrimination law. The Bondi Memo's disregard for case law contrary to its anti-DEI stance and ominous warning of "legal, financial, and reputational risks associated with unlawful DEI practices" further confirms their intent to enforce the conditions against nearly all DEI policies.

Within this context, HHS's removal from its Grants Policy Statement (GPS) (after Plaintiffs' third PI motion was filed) of express prohibitions on DEI does not mask HHS's intent. The conditions still require recipients to agree that compliance with antidiscrimination law (as reinterpreted) is "a material condition of receiving" funds.[4] And while Defendants could easily disavow any plan to use the conditions to pressure recipients into accepting and implementing the administration's version of "anti-discrimination," they have not done so. Their silence is telling.

### b.) The HUD Conditions Do Not Apply PRWORA or the Hyde Amendment

HUD's new condition requiring immigration status verification using SAVE, Dkt. # 206 at 15, does not implement PRWORA, as Defendants suggest, but rather violates it. PRWORA makes certain noncitizens ineligible for "Federal public benefit[s]." 8 U.S.C. § 1611(a). But PRWORA does not require verification until the Attorney General promulgates final regulations (which has not occurred) and then gives recipients a two-year period to comply. Dkt. # 5 at 17–18. Nor does PRWORA prohibit non-cooperation policies, Dkt. # 206 at 15, or using funds in a way that "supports" "removable or illegal aliens" even "indirectly," Dkt. # 261 at 35. By imposing these conditions without final regulations or a two-year compliance period and with broad new anti-immigrant requirements, HUD is attempting to rewrite PRWORA, not implement it.

---

[4] *See* HHS, HHS Grants Policy Statement at 18–19 (July 24, 2025), https://www.hhs.gov/sites/default/files/hhs-grants-policy-statement-july-2025.pdf. Having amended the GPS twice in a matter of months, HHS can easily undo its voluntarily removal of DEI language absent a PI.

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 5
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Defendants' suggestion that HUD's anti-abortion condition simply requires certifying compliance with the Hyde Amendment is demonstrably false. The Hyde Amendment only prohibits using federal funds to pay for or require a person to facilitate an abortion. It does not prohibit "promot[ing] elective abortions," as HUD now seeks to do. Dkt. # 5 at 16–17.

### c.) *Title IX and Generic Statutes Do Not Authorize the HHS Conditions*

Far from authorizing a prohibition on so-called "gender ideology," courts have interpreted Title IX to *forbid* transgender discrimination, as Plaintiffs explained. Dkt. # 186 at 14. Ignoring this, Defendants insist the new HHS conditions only "require[] [that recipients] comply with Title IX." Dkt. # 334 at 9. Defendants obfuscate the conditions, which require recipients to "compl[y] with Title IX . . . *including the requirements set forth in*" the Gender Ideology Order, and to agree those requirements are "material terms" for purposes of the FCA. Dkt. # 236 at 13; Dkt. # 260 at 8. Plaintiffs are aware of no case (and Defendants cite none) suggesting Title IX "includes" the "requirements" of the Gender Ideology Order, particularly its ban on promoting "gender ideology." Far from enforcing Title IX, HHS seeks to graft new requirements onto it.

Defendants rely on generic statutes authorizing the HHS Secretary to prescribe the "form and manner" for grant applications and the "information" they must "contain." 42 U.S.C. §§ 254b(k)(1), 300ff-15(a), (b), 290ee-1(b)(1)(B). But these provisions only encompass prescriptions as to form, manner, and information. Defendants' suggestion such ministerial provisions authorize wide-ranging substantive conditions on controversial policy issues contradicts their text and the basic principle that Congress "does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001).

Defendants contend "[e]xecutive orders have long formed part of the requirements grant recipients must agree to." Dkt. # 334 at 9. To be sure, executive orders may direct agencies to

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 6
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

exercise delegated authority with respect to grants in a manner consistent with specific congressional delegation. For example, Executive Order 11246 (referenced in the regulation Defendants cite, 24 C.F.R. § 1.4(c)(1), but rescinded by President Trump) directed agencies to enforce Title VI's nondiscrimination requirements "in conformity with Section 602 of the Civil Rights Act of 1964." Exec. Order No. 11246, § 303, 30 Fed. Reg. 12319 (Sept. 24, 1965). But Defendants cite no statute authorizing wholesale adoption of executive orders as substantive terms, as apparently intended here. The Constitution denies the President such "unilateral authority" over congressionally authorized funds. *City & Cnty. of San Francisco v. Trump* ("*San Francisco*"), 897 F.3d 1225, 1232 (9th Cir. 2018) (citation omitted).[5]

### 2. Imposing the Conditions Violates the APA

Defendants again argue that their decisions to impose grant conditions are unreviewable because they are committed to agency discretion under *Lincoln v. Vigil*, 508 U.S. 182 (1993). Defendants are wrong. This Court correctly concluded that "the agency action at issue in *Lincoln* differs materially from the actions at issue in this case." Dkt. # 169 at 28. *Lincoln* involved an agency's decision to cancel a discretionary program funded from a single lump-sum appropriation that covered all of the agency's activities. 508 U.S. at 185. Congress provided detailed legal standards for HUD and HHS grant programs against which Defendants' unlawful actions were readily reviewable. *See, e.g.*, 42 U.S.C. §§ 608, 672, 5301, 5304–05, 12746.

Defendants are equally wrong on the merits. As explained above, the challenged conditions

---

[5] While Defendants say "[t]he terms and all the referenced executive orders are on their face limited by existing applicable laws," Dkt. # 334 at 10, this is untrue of many conditions, Dkt. # 186-1 at 36–37 (gender ideology, abortion, immigration verification and enforcement, and executive order conditions). And, as discussed above, the administration's enforcement plans for the remaining conditions refutes that they simply reflect existing law. *San Francisco*, 897 F.3d at 1239 ("Savings clauses are read in their context.").

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 7
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

are unauthorized and, thus, they were issued contrary to the Constitution and in excess of statutory authority and must be set aside. *See* 5 U.S.C. § 706(2)(B), (C). Defendants' actions also are arbitrary and capricious. Defendants do not dispute they offered no contemporaneous explanation when imposing the Grant Conditions, only citations to executive orders or impermissible (and unpersuasive) post-hoc justifications. *See* Dkt. # 186 at 15–16. Defendants contend they owed no explanation because the Grant Conditions are not subject to notice-and-comment rulemaking. *See* Dkt. # 334 at 12. This is wrong. "The APA, by its terms, provides a right to judicial review of *all* 'final agency action for which there is no other adequate remedy in a court,'" *Bennett v. Spear*, 520 U.S. 154, 175 (1997) (emphasis added) (quoting 5 U.S.C. § 704), whether or not that action is subject to notice-and-comment rulemaking. *See Cal. Communities Against Toxics v. EPA*, 934 F.3d 627, 635–36 (D.C. Cir. 2019). Defendants do not contest that the challenged grant conditions are final agency actions. As such, each agency must have "reasonably considered the relevant issues and reasonably explained its decision" to impose the challenged conditions. *Barton v. Off. of Navajo*, 125 F.4th 978, 982 (9th Cir. 2025) (cleaned up). Defendants also ignore that HUD has explicitly opted to subject grants to notice-and-comment rulemaking "even though such matters would not otherwise be subject to rulemaking by law." 24 C.F.R. § 10.1. HUD, having "cho[sen] to bind itself to published procedures," must do so despite any general APA carve-outs. *Castaneira v. Noem*, 138 F.4th 540, 551 (D.C. Cir. 2025).

Unable to defend their unreasoned decision-making, Defendants argue "it would be absurd to require [explanations] for the millions of grants the Defendant agencies issue each year." Dkt. # 334 at 12. But Plaintiffs challenge the imposition of conditions on *all grants* awarded under the programs at issue, not each individual grant. And Defendants cite no authority for their argument.

Thus, Defendants' imposition of the conditions should be set aside under the APA.

### 3. The Grant Conditions Exceed Congress's Spending Clause Power

Defendants do not directly address Plaintiffs' claim that the non-CoC HUD and HHS Grant Conditions violate the Spending Clause. While they touch on related issues in their opposition and prior briefs, Dkt. ## 55 at 23–24, 151 at 4–6, 334 at 10, they have never directly responded to Plaintiffs' Spending Clause claim. Plaintiffs are likely to succeed on this claim as well.

### B. Plaintiffs Will Suffer Immediate and Irreparable Harm

Defendants argue once again Plaintiffs' harm is purely monetary and thus not irreparable. Dkt. # 334 at 13. The Court has correctly rejected this argument. Dkt. ## 52 at 3, 169 at 14. Many of the harms Plaintiffs face are non-economic, including "impacts on the vulnerable populations that Plaintiffs serve." Dkt. # 52 at 3. For those that are economic, such as diversion of resources and reduction of infrastructure projects, Dkt. # 186 at 17, monetary damages are unavailable. *See Washington v. Trump*, --- F.4th ----, 2025 WL 2061447, at *15 (9th Cir. July 23, 2025) ("[E]conomic harm is irreparable when monetary damages are unavailable."). This harm is also imminent, with the statutory deadline for comprehensive/action plans fast approaching, and Plaintiffs' operations and communities at risk of losing critical funding. Dkt. # 186 at 4, 6–7, 9–10.

Defendants' request to deny relief to new Plaintiffs because "they waited until mid-July to seek injunctive relief that other Plaintiffs sought more than two months earlier," Dkt. # 334 at 14–15, falls flat. Defendants' own actions necessitated adding more jurisdictions and grant programs to this case and seeking another PI. For instance, Oakland was faced with the new DOT grant conditions for the first time after the case was first filed and amended. Dkt. # 240 ¶ 18. Similarly, in early July, HUD notified Petaluma and Bellevue their consolidated/action plans violated executive orders and gave them one or two days to alter their plans. Dkt. # 244 at 29–31; Dkt.

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# 195 at 14–17.[6] Defendants also have incrementally deployed the challenged conditions to new programs. HUD announced new conditions on CoC grants in March and April 2025, *see* Dkt # 7 at 12–25, but waited until June 2025 to extend the conditions to other HUD programs, Dkt. # 184 at 127. Defendants continue to release new guidance about how they intend to interpret and enforce the conditions. This haphazard rollout has forced grant recipients to continuously re-assess the conditions' impact on their programs and operations, and to expect that they may be forced to make hugely consequential decisions about funding with 24-hours' notice. Defendants cannot rely on a problem of their own making. PI relief should be extended to all Plaintiffs.

### C.  Defendants Raise No New Arguments as to the Equities, Bond, or Stay

Defendants repeat their prior balance of equities arguments and requests for a bond and stay, almost to a T. Dkt. # 334 at 14–15; Dkt. # 55 at 32–33. Defendants' arguments assume the conditions are congressionally authorized, but they are not. Further, Defendants never dispute the grants at issue are only being used for congressionally authorized purposes. The Court should again reject Defendants' arguments. Dkt. # 169 at 44–46; Dkt. # 44 at 14–15; Dkt. # 58 at 16–17.

### III.    CONCLUSION

Defendants fail to rebut that the challenged conditions are not authorized by Congress, exceed Congress's spending power, and violate the APA. HUD's recent threatened or actual rejection of several Plaintiffs' consolidated/action plans demonstrates the imminent and irreparable harm Plaintiffs face. Plaintiffs respectfully request the Court issue a PI by August 14, 2025, enjoining imposition of the conditions as set forth in the proposed order filed with this brief.

---

[6] King County, Bellevue, and other jurisdictions are members of a consortium, 4th Suppl. Marshall Decl. ¶¶ 2–3, i.e., "[a]n organization of geographically contiguous units of general local government that are acting as a single unit of general local government for purposes" of certain HUD programs, 24 C.F.R. § 91.5. To afford Plaintiffs complete relief, the PI should apply to consortia.

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 10
No. 2:25-cv-00814-BJR

1    DATED this 6th day of August, 2025.

2

3                                         PACIFICA LAW GROUP LLP

4                                         /s/ Paul J. Lawrence
                                          Paul J. Lawrence, WSBA #13557
5                                         Jamie Lisagor, WSBA #39946
                                          Sarah S. Washburn, WSBA #44418
6                                         Meha Goyal, WSBA #56058
                                          Galen Knowles, WSBA #59644
7                                         Luther Reed-Caulkins, WSBA #62513
                                          Special Deputy Prosecutors
8
                                          PACIFICA LAW GROUP LLP
9                                         401 Union Street, Suite 1600
                                          Seattle, WA 98101
10                                        Tel: (206) 245-1700
                                          Fax: (206) 245-1750
11                                        Paul.Lawrence@PacificaLawGroup.com
12                                        Jamie.Lisagor@PacificaLawGroup.com
                                          Sarah.Washburn@PacificaLawGroup.com
13                                        Meha.Goyal@PacificaLawGroup.com
                                          Galen.Knowles@PacificaLawGroup.com
14                                        Luther.Reed-Caulkins@PacificaLawGroup.com

15
                                          Attorneys for All Plaintiffs
16

17                                        LEESA MANION
                                          King County Prosecuting Attorney
18
                                          /s/ David J. Hackett
19                                        David J. Hackett, WSBA #21234
                                          General Counsel to Executive
20                                        Alison Holcomb, WSBA #23303
                                          Deputy General Counsel to Executive
21                                        Erin Overbey, WSBA #21907
                                          Senior Deputy Prosecuting Attorney
22                                        Cristy Craig, WSBA #27451
23                                        Senior Deputy Prosecuting Attorney
                                          Donna Bond, WSBA #36177
24                                        Senior Deputy Prosecuting Attorney

25                                        Chinook Building
26                                        401 5th Avenue, Suite 800
                                          Seattle, WA 98104
27                                        (206) 477-9483

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 11
No. 2:25-cv-00814-BJR

david.hackett@kingcounty.gov
aholcomb@kingcounty.gov
eroverbey@kingcounty.gov
cristy.craig@kingcounty.gov
donna.bond@kingcounty.gov

*Attorneys for Plaintiffs Martin Luther*
*King, Jr. County*

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #39718
Rebecca E. Wendling, WSBA #35887

Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4046
(425) 388-6392
Bridget.Casey@co.snohomish.wa.us
Rebecca.Guadamud@co.snohomish.wa.us
Rebecca.Wendling@co.snohomish.wa.us

*Attorneys for Plaintiff Snohomish County*

DAVID CHIU
San Francisco City Attorney

*/s/ David Chiu*
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
*Chief of Complex & Affirmative Litigation*
Ronald H. Lee (CA Bar No. 238720)
*Assistant Chief, Complex & Affirmative Litigation*
Alexander J. Holtzman (CA Bar No. 311813)
*Deputy City Attorney*
1390 Market Street, 7th Floor

San Francisco, CA 94102
(415) 554-4700
Cityattorney@sfcityatty.org
Yvonne.Mere@sfcityatty.org
Mollie.Lee@sfcityatty.org
Sara.Eisenberg@sfcityatty.org
Ronald.Lee@sfcityatty.org
Alexander.Holtzman@sfcityatty.org

*Attorneys for Plaintiffs City and County of San Francisco, San Francisco County Transportation Authority, and Treasure Island Mobility Management Agency*

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF SANTA CLARA

*/s/ Tony LoPresti*

Tony LoPresti (CA Bar No. 289269)
*County Counsel*
Kavita Narayan (CA Bar No. 264191)
*Chief Assistant County Counsel*
Meredith A. Johnson (CA Bar No. 291018)
*Lead Deputy County Counsel*
Stefanie L. Wilson (CA Bar No. 314899)
Cara H. Sandberg (CA Bar No. 291058)
*Deputy County Counsels*
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
(408) 299-9021
tony.lopresti@cco.sccgov.org
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
cara.sandberg@cco.sccgov.org

*Attorneys for Plaintiff County of Santa Clara*

ADAM CEDERBAUM
Corporation Counsel, City of Boston

*/s/ Samantha H. Fuchs*

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 13
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Samantha H. Fuchs (MA BBO No. 708216)
*Senior Assistant Corporation Counsel*
Samuel B. Dinning (MA BBO No. 704304)
*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*


CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

*/s/ Richard N. Coglianese*
Richard N. Coglianese (OH Bar No. 0066830)
Assistant City Attorney
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
Tel: (614) 645-0818
Fax: (614) 645-6949
rncoglianese@columbus.gov

*Attorney for Plaintiff City of Columbus*


PUBLIC RIGHTS PROJECT

*/s/ Sharanya Mohan*
Sharanya (Sai) Mohan (CA Bar No. 350675)
Naomi Tsu (OR Bar No. 242511)
Toby Merrill (MA Bar No. 601071)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org

*Counsel for Plaintiffs City of Columbus, City
& County of Denver, Metro Government of
Nashville & Davidson County, Pima County,
County of Sonoma, City of Bend, City of*

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 14
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Cambridge, City of Chicago, City of Culver City, City of Minneapolis, City of Pasadena, City of Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of Tucson, City of Wilsonville, Santa Monica Housing Authority, County of Alameda, City of Albuquerque, Mayor and City Council of Baltimore, City of Bellevue, City of Bellingham, City of Bremerton, County of Dane, City of Eugene, City of Healdsburg, County of Hennepin, Kitsap County, City of Los Angeles, City of Milwaukee, Milwaukee County, Multnomah County, City of Oakland, City of Pacifica, City of Petaluma, Ramsey County, City of Rochester, City of Rohnert Park, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Puget Sound Regional Council, Sonoma County Transportation Authority, and Sonoma County Community Development Commission*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

*/s/ Doris Bernhardt*
Doris Bernhardt (NY Bar No. 4449385)
Joshua P. Rubin (NY Bar No. 2734051)
Aatif Iqbal (NY Bar No. 5068515)
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

ASHLEY M. KELLIHER
Assistant City Attorney

*/s/ Ashley M. Kelliher*
Ashley M. Kelliher (CO Bar No. 40220)

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Assistant City Attorney*
Denver City Attorney's Office
201 West Colfax Avenue
Denver, Colorado 80202
Tel: (720) 913-3137
Fax: (720) 913-3190
ashley.kelliher@denvergov.org

DAVID P. STEINBERGER
Assistant City Attorney

*/s/ David P. Steinberger*
David P. Steinberger (CO Bar No. 48530)
*Assistant City Attorney*
Denver City Attorney's Office
Denver International Airport
8500 Pena Boulevard
Airport Office Building, 9th Floor
Denver, Colorado 80249-6340
Tel: (303) 342-2562
david.steinberger@flydenver.com

*Attorneys for Plaintiff City and County of Denver*

LAURA CONOVER
Pima County Attorney

*/s/ Bobby Yu*
Samuel E. Brown (AZ Bar No. 027474)
Bobby Yu (AZ Bar No. 031237)
Kyle Johnson (AZ Bar No. 032908)
Pima County Attorney's Office, Civil Division
32 N. Stone, Suite 2100
Tucson, Arizona 85701
(520) 724-5700
sam.brown@pcao.pima.gov
bobby.yu@pcao.pima.gov
kyle.johnson@pcao.pima.gov

*Attorneys for Plaintiff Pima County*

ROBERT H. PITTMAN, County Counsel

*/s/ Joshua A. Myers*
Joshua A. Myers (CA Bar No. 250988)

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 16
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Chief Deputy County Counsel*
Sonoma County Counsel's Office
575 Administration Drive, Rm. 105A
Santa Rosa, CA 95403
Tel: (707) 565-2421
Fax: (707) 565-2624
Joshua.Myers@sonoma-county.org

*Attorneys for Plaintiffs County of Sonoma,*
*Sonoma County Transportation Authority, and*
*Sonoma County Community Development*
*Commission*

OFFICE OF THE CITY ATTORNEY FOR THE
CITY OF BEND

*/s/ Ian M. Leitheiser*
Ian M. Leitheiser (OSB #993106)
*City Attorney*
Elizabeth Oshel (OSB #104705)
*Senior Assistant City Attorney*
Michael J. Gaffney (OSB #251680)
*Senior Assistant City Attorney*
City of Bend
PO Box 431
Bend, OR 97709
(541) 693-2128
ileitheiser@bendoregon.gov
eoshel@bendoregon.gov
mgaffney@bendoregon.gov

*Attorneys for Plaintiff City of Bend*

CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

*/s/ Megan B. Bayer*
Megan B. Bayer (MA BBO No. 669494)
*City Solicitor*
Elliott J. Veloso (MA BBO No. 677292)
*Deputy City Solicitor*
Diane Pires (MA BBO No. 681713)
*Assistant City Solicitor*
Cambridge City Hall, 3rd Floor

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 17
No. 2:25-cv-00814-BJR

795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
mbayer@cambridgema.gov
eveloso@cambridgema.gov
dpires@cambridgema.gov

*Attorneys for Plaintiff City of Cambridge*


MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

*/s/ Rebecca Hirsch*
Rebecca Hirsch (IL Bar No. 6279592)
Chelsey Metcalf (IL Bar No. 6337233)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(313) 744-9484
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*


KRISTYN ANDERSON
City Attorney

*/s/ Kristyn Anderson*
Kristyn Anderson (MN Lic. 0267752)
*City Attorney*
Sara J. Lathrop (MN Lic. 0310232)
Munazza Humayun (MN Lic. 0390788)
*Assistant City Attorneys*
350 South Fifth Street
Minneapolis, MN 55415
(612) 673-3000
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Plaintiff City of Minneapolis*

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 18
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

KRYSIA KUBIAK, Esq.
City Solicitor

*/s/ Julie E. Koren*
Julie E. Koren (PA Bar No. 309642)
*Associate City Solicitor*
City of Pittsburgh, Dept. of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2025
Julie.Koren@pittsburghpa.gov
Krysia.Kubiak@Pittsburghpa.gov

*Counsel for Plaintiff City of Pittsburgh*


ROBERT TAYLOR
Portland City Attorney

*/s/ Caroline Turco*
Caroline Turco (OR Bar No. 083813)
*Senior Deputy City Attorney*
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov

*Attorney for Plaintiff City of Portland*


NORA FRIMANN
City Attorney

*/s/ Nora Frimann*
Nora Frimann (CA Bar No. 93249)
*City Attorney*
Elisa Tolentino (CA Bar No. 245962)
*Chief Deputy City Attorney*
200 E Santa Clara St
San José, CA 95113-1905
Tel: (408) 535-1900
Fax: (408) 998-3131
cao.main@sanjoseca.gov

*Attorneys for Plaintiff City of San José*

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 19
No. 2:25-cv-00814-BJR

1

2

CITY OF WILSONVILLE

*/s/ Amanda R. Guile-Hinman*
Amanda R. Guile-Hinman, WSBA #46282
29799 SW Town Center Loop E
Wilsonville, OR 97070
(503) 570-1509
guile@wilsonvilleoregon.gov

*Attorneys for the City of Wilsonville*

3

4

5

6

7

8

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY

9

10

*/s/ Andrés Muñoz*
Andrés Muñoz, WSBA #50224
Desmond Brown, WSBA #16232

11

12

Central Puget Sound Regional Transit Authority
401 S. Jackson St.
Seattle, WA 98104
(206) 665-8989
andres.munoz@soundtransit.org
desmond.brown@soundtransit.org

13

14

15

16

*Attorneys for the Central Puget Sound Regional
Transit Authority*

17

18

LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

19

20

*/s/ Jeffrey S. Myers*
Jeffrey S. Myers, WSBA #16390
Erin L. Hillier, WSBA #42883
Jakub Kocztorz, WSBA #61393

21

22

P.O. Box 11880
Olympia, WA 98508
Tel: (360) 754-3480
Fax: (360) 357-3511
jmyers@lldkb.com
ehillier@lldkb.com
jkocztorz@lldkb.com

23

24

25

26

*Attorneys for Plaintiff Intercity Transit*

27

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 20
No.  2:25-cv-00814-BJR

ANDERSON & KREIGER LLP

*/s/ Melissa C. Allison*
Melissa C. Allison (MA Bar No. 657470)
David S. Mackey (MA Bar No. 542277)
Christina S. Marshall (MA Bar No. 688348)
Anderson & Kreiger LLP
50 Milk Street, Floor 21
Boston, MA 02109
(617) 621-6500
mallison@andersonkreiger.com
dmackey@andersonkreiger.com
cmarshall@andersonkreiger.com

*Attorneys for Plaintiffs Port of Seattle and
Milwaukee County*


KING COUNTY REGIONAL
HOMELESSNESS AUTHORITY

*/s/ Edmund Witter*
Edmund Witter, WSBA #52339
King County Regional Homelessness Authority
400 Yesler Way Suite 600
Seattle, WA 98104
(206) 639-7013
Edmund.witter@kcrha.org

*Attorneys for Plaintiff King County Regional
Homelessness Authority*


OFFICE OF THE COUNTY COUNSEL,
COUNTY OF ALAMEDA

*/s/ Donna R. Ziegler*
Donna R. Ziegler (CA Bar No. 142415)
County Counsel
K. Scott Dickey (CA Bar No. 184251)
Assistant County Counsel
Jason M. Allen (CA Bar No. 284432)
Senior Deputy County Counsel

Office of County Counsel, County of Alameda

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 21
No. 2:25-cv-00814-BJR

1221 Oak Street, Suite 450
Oakland, California 94612
(510) 272-6700
donna.ziegler@acgov.org
scott.dickey@acgov.org
jason.allen@acgov.org

*Attorneys for Plaintiff County of Alameda*

CITY OF ALBUQUERQUE

*/s/ Lauren Keefe*
Lauren Keefe (NM Lic. 14664)
*City Attorney*
Devon P. King (NM Lic. 148108)
*Deputy City Attorney*
One Civic Plaza NW
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
lkeefe@cabq.gov
dking@cabq.gov

*Attorneys for Plaintiff City of Albuquerque*

CITY OF BELLEVUE
OFFICE OF THE CITY ATTORNEY
Trisna Tanus, City Attorney

*/s/ Trisna Tanus*
Trisna Tanus, WSBA #46568
Chad R. Barnes, WSBA #30480
Katherine B. White, WSBA #46649

City of Bellevue
450 110th Avenue N.E.
P.O. Box 90012
Bellevue, WA 98009
Tel: (425) 452-2061
Fax: (425) 452-7256
ttanus@bellevuewa.gov
cbarnes@bellevuewa.gov
kbwhite@bellevuewa.gov

*Attorneys for Plaintiff City of Bellevue*

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2        CITY OF BELLINGHAM

3        */s/ Sarah W. Chaplin*
         Sarah W. Chaplin, WSBA #51642
4        Senior Assistant City Attorney
         City of Bellingham
5        210 Lottie Street
         Bellingham, WA 98225
6        Tel: (360) 778-8270
         Fax: (360) 778-8271
7        swchaplin@cob.org

8        *Attorneys for Plaintiff City of Bellingham*

9

10       BREMERTON CITY ATTORNEY

11       */s/ Kylie J. Finnell*
         Kylie J. Finnell, WSBA #34997
12       *Bremerton City Attorney*
         Brett Jette, WSBA #47903
13       *Bremerton Assistant City Attorney*

14
         345 6ᵗʰ Street, Suite 100
15       Bremerton, WA 98337
         Tel: (360) 473-2345
16       Fax: (360) 473-5161
         legal@ci.bremerton.wa.us
17

18       *Attorneys for Plaintiff City of Bremerton*

19

20       OFFICE OF THE CORPORATION COUNSEL
         FOR DANE COUNTY
21
         */s/ Carlos A. Pabellon*
22       Carlos A. Pabellon (WI State Bar No. 1046945)
         *Corporation Counsel*
23       David R. Gault (WI State Bar No. 1016374)
         *Deputy Corporation Counsel*
24       County of Dane
         City-County Building, Room 419
25       210 Martin Luther King, Jr. Blvd.
         Madison, WI 53703
26       (608) 266-4355
         pabellon.carlos@danecounty.gov
27

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 23
No.: 2:25-cv-00814-BJR

gault@danecounty.gov

*Attorneys for Plaintiff County of Dane*

CITY OF EUGENE

*/s/ Mark Kannen*
Mark Kannen (OSB No. 120999)
*Assistant City Attorney*
Kathryn P. Brotherton (OSB No. 981530)
*City Attorney*
City of Eugene
Eugene City Attorney's Office
500 E 4th Ave., Ste 301
Eugene, OR 97401
(541) 682-8447
mark.r.kannen@ci.eugene.or.us
kathryn.brotherton@ci.eugene.or.us

*Attorneys for Plaintiff City of Eugene*

BURKE, WILLIAMS & SORENSEN, LLP

*/s/ Samantha W. Zutler*
Samantha W. Zutler (CA Bar No. 238514)
Eileen L. Ollivier (CA Bar No. 345880)
BURKE, WILLIAMS & SORENSEN, LLP
1 California Street, Suite 3050
San Francisco, CA 94111-5432
Tel: (415) 655-8100
Fax: (415) 655-8099
szutler@bwslaw.com
eollivier@bwslaw.com

*Attorney for Plaintiffs City of Healdsburg and
City of Watsonville*

*/s/ Michelle Marchetta Kenyon*
Michelle Marchetta Kenyon (CA Bar No. 127969)
*City Attorney*
Eileen L. Ollivier (CA Bar No. 345880)
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: (510) 273-8780

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Fax: (510) 839-9104
mkenyon@bwslaw.com
eollivier@bwslaw.com

*Attorneys for Plaintiffs City of Pacifica and City of Rohnert Park*

MARY F. MORIARTY
Hennepin County Attorney

*/s/ Rebecca Holschuh*
Rebecca L.S. Holschuh (MN Bar No. 0392251)
Brittany K. McCormick (MN Bar No. 0395175)
Assistant County Attorneys
300 South Sixth Street
Minneapolis, MN 55487
(612) 348-4797
Rebecca.Holschuh@hennepin.us
Brittany.McCormick@hennepin.us

*Attorneys for Plaintiff County of Hennepin*

KITSAP COUNTY

*/s/ Kyla S. Bond*
Kyla S. Bond, WSBA #48309
Senior Deputy Prosecuting Attorney, Civil Division
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA 98366
(360) 337-4512
kbond@kitsap.gov

*Attorney for Plaintiff Kitsap County*

HYDEE FELDSTEIN SOTO
City Attorney of the City of Los Angeles

*/s/ Michael J. Dundas*
Michael J. Dundas (CA Bar No. 226930)
Adrienne S. Khorasanee (CA Bar No. 227704)
Joshua M. Templet  (CA Bar No. 267098)
Office of the Los Angeles City Attorney
200 North Main Street, Room 800

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 25
No.  2:25-cv-00814-BJR

Los Angeles, California 90012
(213) 978-8100
mike.dundas@lacity.org
adrienne.khorasanee@lacity.org
joshua.templet@lacity.org

*Attorneys for Plaintiff City of Los Angeles*


MULTNOMAH COUNTY

*/s/ B. Andrew Jones*
B. Andrew Jones (OSB No. 091786)
Deputy County Attorney
Multnomah County Attorney's Office
501 SE Hawthorne Blvd, Suite 500
Portland, OR, 97214
Tel: (503) 988-3138
Fax: (503) 988-3377
andy.jones@multco.us

*Attorneys for Plaintiff Multnomah County*


CITY OF OAKLAND

*/s/ Ryan Richardson*
Ryan Richardson (CA Bar No. 223548)
City Attorney
Maria Bee (CA Bar No. 167716)
Chief Assistant City Attorney
Jaime Huling Delaye (CA Bar No. 270784)
Supervising City Attorney
H. Luke Edwards (CA Bar No. 313756)
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Tel: (510) 238-3836
Fax: (510) 238-6500
ledwards@oaklandcityattorney.org

*Attorneys for Plaintiff City of Oakland*


CITY OF PETALUMA

*/s/ Eric Danly*

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 26
No. 2:25-cv-00814-BJR

Eric Danly (CA Bar No. 201621)
City Attorney
City of Petaluma
Petaluma City Hall
11 English Street
Petaluma, CA 94952
(707) 778-4402
EDanly@cityofpetaluma.org

*Attorney for Plaintiff City of Petaluma*


JOHN J. CHOI
RAMSEY COUNTY ATTORNEY

*/s/ Bradley Cousins*
Bradley Cousins (MN Bar No. 0400463)
Stacey D'Andrea (MN Bar No. 0388320)
Jada Lewis (MN Bar No. 0391287)
Assistant Ramsey County Attorneys
360 Wabasha St. N., Suite 100
Saint Paul, MN 55102
(651) 266-3081 (Cousins)
(651) 266-3051 (D'Andrea)
(651) 266-3149 (Lewis)
Bradley.cousins@co.ramsey.mn.us
Stacey.dandrea@co.ramsey.mn.us
Jada.lewis@co.ramsey.mn.us

*Attorneys for Plaintiff Ramsey County*


CITY OF ROCHESTER

*/s/ Patrick Beath*
Patrick Beath (NY Lic. 4999751)
*Corporation Counsel*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-6812
patrick.beath@cityofrochester.gov

*Attorney for Plaintiff City of Rochester*

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

HEATHER FERBERT
City Attorney

/s/ Mark Ankcorn
Mark Ankcorn (CA Bar No. 166871)
Senior Chief Deputy City Attorney
Julie Rau (CA Bar No. 317658)
Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
MAnkcorn@sandiego.gov
JRau@sandiego.gov

Attorneys for Plaintiff City of San Diego


SAN MATEO COUNTY

/s/ John D. Nibbelin
John D. Nibbelin (CA Bar No. 184603)
County Counsel
Rebecca M. Archer (CA Bar No. 202743)
Chief Deputy Counsel
Lauren F. Carroll (CA Bar No. 333446)
Deputy County Counsel
500 County Center, 4th Floor
Redwood City, CA 94063
(650) 363-4757
jnibbelin@smcgov.org
rmarcher@smcgov.org
lcarroll@smcgov.org

Attorneys for Plaintiff San Mateo County


CITY OF SANTA ROSA

/s/ Teresa L. Stricker
Teresa L. Stricker (CA Bar No. 160601)
City Attorney
Autumn Luna (CA Bar No. 288506)
Chief Assistant City Attorney
Adam S. Abel (CA Bar No. 148210)
Assistant City Attorney
Hannah E. Ford-Stille (CA Bar No. 335113)
Deputy City Attorney

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 28
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

100 Santa Rosa Ave, Room 8
Santa Rosa, CA 95404
(707) 543-3040
tstricker@srcity.org
aluna@srcity.org
aabel@srcity.org
hfordstille@srcity.org

*Attorneys for Plaintiff City of Santa Rosa*


CASCADIA LAW GROUP PLLC

*/s/ Stephen R. Parkinson*
Stephen R. Parkinson, WSBA #21111
Cascadia Law Group PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
(206) 292-6300
sparkinson@cascadialaw.com

*Attorneys for Plaintiff Puget Sound Regional Council*

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 29
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

**CERTIFICATE OF SERVICE**

2

        I hereby certify that on August 6, 2025, I served a true and correct copy of the foregoing

3

document on the following parties by the method(s) indicated below:

4

5

Brian C. Kipnis                                       ☒ CM/ECF E-service

Annalisa L. Cravens                             ☐ Email

6

Sarah L. Bishop                                     ☐ U.S. Mail

Rebecca S. Cohen                                 ☐ Certified Mail / Return Receipt Requested

7

*Assistant United States Attorneys*        ☐ Hand delivery / Personal service

8

Office of the United States Attorney

700 Stewart Street, Suite 5220

9

Seattle, WA 98101-1271

10

brian.kipnis@usdoj.gov

annalisa.cravens@usdoj.gov

11

sarah.bishop@usdoj.gov

rebecca.cohen@usdoj.gov

12

*Attorneys for all Defendants*

13

14

        I declare under penalty of perjury under the laws of the United States and the State of

15

Washington that the foregoing is true and correct.

16

17

        DATED this 6th day of August, 2025.

18

                                        */s/ Gabriela DeGregorio*

19

                                        Gabriela DeGregorio

                                        Litigation Assistant

20

                                        Pacifica Law Group LLP

21

22

23

24

25

26

27

PLAINTIFFS' REPLY IN SUPPORT OF THIRD
MOTION FOR PRELIMINARY INJUNCTION – 30
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750