# Exhibit A

To:     Agency Employees and Contractors
        U.S. Department of Health and Human Services

From:   Brian C. Kipnis, Rebecca S. Cohen, Sarah L. Bishop
        U.S. Attorney's Office for the Western District of Washington

Date:   August 14, 2025

Re:     Notice of Court Order, *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.)

## NOTICE OF COURT ORDER

At the direction of the United States District Court for the Western District of Washington, you are hereby advised that a new preliminary injunction order has been entered in the case of *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.), ECF No. 338 (Aug. 12, 2025). The Court has directed that notice of the order be provided to "all Defendants and their employees by the end of the second day after [its] issuance." A copy of the Court's order is enclosed for reference. You should review the injunction issued by the Court for its full terms. But to assist in your compliance, we provide a summary in this notice.

As relevant to you, this case challenges certain terms incorporated into Fiscal Years 2024 and 2025 grant agreements awarded to the relevant plaintiffs (the "HHS Plaintiffs") by the U.S. Department of Health and Human Services and its operating divisions and agencies, including Administration for Children and Families, Health Resources and Services Administration, National Institutes of Health, Substance Abuse and Mental Health Services Administration, and the Centers for Disease Control and Prevention (together, "HHS"). Lists of the relevant grant terms (the "Enjoined Terms") and HHS Plaintiffs can be found at the end of this Notice.

Under the Court's order:

1. HHS is enjoined from:

    a) imposing or enforcing the Enjoined Terms at any stage of the grantmaking process, with respect to any HHS funds awarded to the HHS Plaintiffs;

    b) as to the HHS Plaintiffs, rescinding, withholding, cancelling, or otherwise not processing any grant agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning grant funds, based on the Enjoined Terms, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to the Enjoined Terms;

    c) requiring the HHS Plaintiffs to make any "certification" or other representation related to compliance with the Enjoined Terms; or

1

    d) retroactively applying the Enjoined Terms to HHS Plaintiffs' grant agreements during the effective period of this injunction—*i.e.*, from August 12, 2025, onwards; or

    e) refusing to issue, process, or sign grant agreements based on HHS Plaintiffs' participation in this lawsuit.

2. Further, HHS shall treat as null, void, and rescinded:

    a) any actions already taken to implement or enforce the Enjoined Terms as to the HHS Plaintiffs, including any delays or withholding of funds based on the Enjoined Terms;

    b) any of the Enjoined Terms included in any grant agreement executed by any HHS Plaintiff during the effective period of this injunction—*i.e.*, from August 12, 2025, onwards.

3. Lastly, HHS shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

As the Court's order reflects, the injunction is temporary, as litigation in the case is ongoing. But the Court's order is in effect and must be complied with until further notice.

If you have any questions about the scope or effect of the Court's order, please contact HHS's Office of General Counsel. Thank you for your attention to this matter.

**TERMS AND PLAINTIFFS RELEVANT TO HHS GRANTS**

A. <u>**Relevant Plaintiffs:**</u>

**Important:** the relevant plaintiffs include both the entities listed below *and* their subrecipients.

<u>Arizona:</u>
Pima County

<u>California:</u>
Alameda County
Oakland
Pacifica
San Francisco
San Mateo County
Santa Clara

<u>Colorado:</u>
Denver

<u>Illinois:</u>
Chicago

<u>Maryland:</u>
Baltimore

<u>Massachusetts:</u>
Boston
Cambridge

<u>Minnesota:</u>
Hennepin County
Minneapolis
Ramsey County

<u>New York:</u>
New York City
Rochester

<u>Ohio:</u>
Columbus

<u>Oregon:</u>
Eugene
Multnomah County
Wilsonville

<u>Washington:</u>
King County
Pierce County
Snohomish County

<u>Wisconsin:</u>
Dane County
Milwaukee

3

    B. **<u>Relevant Enjoined Terms:</u>**

**Important:** the enjoined terms include both the terms listed below *and* any materially similar terms or conditions.

- The recipient or applicant must comply with all applicable Federal anti-discrimination laws material to the government's payment decisions for purposes of 31 U.S.C. § 372(b)(4).

    (1) Definitions. As used in this clause –

        (a) DEI means "diversity, equity, and inclusion."

        (b) DEIA means "diversity, equity, inclusion, and accessibility."

        (c) Discriminatory equity ideology has the meaning set forth in Section 2(b) of Executive Order 14190 of January 29, 2025.

        . . . .

        (e) Federal anti-discrimination laws means Federal civil rights law that protect individual Americans from discrimination on the basis of race, color, sex, religion, and national origin.

    (2) Grant award certification.

        (a) By accepting the grant award, recipients are certifying that:

            (i) They do not, and will not during the term of this financial assistance award, operate any programs that advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination laws;

- By applying for or accepting federal funds from HHS, recipients certify compliance with all federal antidiscrimination laws and these requirements and that complying with those laws is a material condition of receiving federal funding streams. Recipients are responsible for ensuring subrecipients, contractors, and partners also comply.

- All activities proposed in your application and budget narrative must be in alignment with the current Executive Orders;

- Recipients are required to comply with all applicable Executive Orders;

- Funds cannot be used to support or provide services, either directly or indirectly, to removable or illegal aliens;

4

- By accepting this award, including the obligation, expenditure, or drawdown of award funds, recipients or applicants, whose programs, are covered by Title IX certify as follows:

    The recipient or applicant is compliant with Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681 et seq., including the requirements set forth in Presidential Executive Order 14168 titled Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq., and Recipient will remain compliant for the duration of the Agreement.

    The above requirements are conditions of payment that go the essence of the Agreement and are therefore material terms of the Agreement.

    Payments under the Agreement are predicated on compliance with the above requirements, and therefore the recipient or applicant is not eligible for funding under the Agreement or to retain any funding under the Agreement absent compliance with the above requirements.

    The recipient or applicant acknowledges that this certification reflects a change in the government's position regarding the materiality of the foregoing requirements and therefore any prior payment of similar claims does not reflect the materiality of the foregoing requirements to this Agreement.

    The recipient or applicant acknowledges that a knowing false statement relating to recipient's or applicant's compliance with the above requirements and/or eligibility for the Agreement may subject the recipient or applicant to liability under the False Claims Act, 31 U.S.C. § 3729, and/or criminal liability, including under 18 U.S.C. §§ 287 and 1001.