THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, et al.,<br><br>       Defendants. | No. 2:25-cv-00814-BJR<br><br>PLAINTIFFS' UNOPPOSED MOTION TO FILE THIRD AMENDED COMPLAINT |

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  STATEMENT OF FACTS ....................................................................................................1

III. ARGUMENT..........................................................................................................................4

    A.   Legal Standards................................................................................................... 4

    B.   Plaintiffs Should Be Granted Leave to Amend the SAC ..................................... 5

IV.  CONCLUSION......................................................................................................................6

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – i
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

I. INTRODUCTION

The Trump administration continues to dictate local policy by imposing unlawful grant conditions on ever more local governments. Plaintiffs move to amend the Second Amended Complaint for Declaratory and Injunctive Relief, Dkt. #184 ("SAC"), in which 60 cities, counties, and other local governments challenged unlawful grant conditions attached to federal grant programs administered by HUD, DOT and its operating administrations, and HHS. The proposed Third Amended Complaint ("TAC") adds 15 new counties, cities, and other local governments as plaintiffs (collectively, "Additional Plaintiffs"[1]) challenging materially similar grant conditions imposed by those federal agencies. Plaintiffs have asked that the federal agencies stipulate to amending the SAC in this manner, but to date they have declined to do so. Further, three existing Plaintiffs who did not previously seek relief as to the HUD or HHS Grant Conditions[2] now need such relief. Plaintiffs respectfully request the Court grant leave to file the attached Third Amended Complaint, Ex. A.

II. STATEMENT OF FACTS[3]

As detailed in Plaintiffs' prior temporary restraining order ("TRO") and preliminary injunction ("PI") motions, this action challenges unlawful grant conditions that federal agencies

---

[1] Additional Plaintiffs are City of Albany ("Albany"), Allegheny County, City of Berkeley ("Berkeley"), City of Bothell ("Bothell"), City of Cincinnati ("Cincinnati"), Delaware County, Los Angeles Homeless Services Authority ("LAHSA"), City of New Haven ("New Haven"), City of Olympia ("Olympia"), City of Palo Alto ("Palo Alto"), City of Port Angeles ("Port Angeles"), City of Santa Fe ("Santa Fe"), City of Spokane ("Spokane"), City of Tacoma ("Tacoma"), and Thurston County.

[2] The existing Plaintiff seeking injunctive relief from Non-CoC HUD Grant Conditions is City and County of Denver ("Denver"), and the existing Plaintiffs seeking injunctive relief from HHS Grant Conditions are the Metropolitan Government of Nashville and Davidson County ("Nashville") and City of Tucson ("Tucson").

[3] This Motion incorporates the defined terms in Plaintiffs' Motion for TRO, Dkt. #5, Second Motion for TRO and PI, Dkt. #72, and Third Motion for PI, Dkt. #186. The challenged grant

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – 1
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

have been attaching to grants they administer pursuant to congressionally authorized grant programs. These conditions seek to force Plaintiffs to implement the Trump administration's policy objectives, including ending diversity, equity, and inclusion ("DEI") programs, aggressively enforcing immigration law, and adhering to other executive orders unrelated to the grant programs' purposes. *See* Dkt. #5 at 5–13; Dkt. #72 at 5–7; Dkt. #186 at 3–10.

Eight cities and counties filed the original complaint in this case on May 2, 2025, seeking declaratory and injunctive relief based on the imposition of unlawful conditions on HUD CoC and FTA grant funding by Defendants HUD and its Secretary Scott Turner, DOT and its Secretary Sean Duffy, and FTA and its Administrator Matthew Welbes. Dkt. #1. The Court issued a TRO, ruling that the moving Plaintiffs were likely to succeed on the merits of their claims and that they faced imminent and irreparable harm absent TRO relief. Dkt. #52 at 3.

Shortly thereafter, 23 additional cities, counties, and local housing and transportation agencies joined the original Plaintiffs in filing the First Amended Complaint ("FAC"). In addition to joining new plaintiffs, the FAC challenged materially similar unlawful conditions that had been attached to additional grants administered by DOT and its operating administrations, including newly added Defendants FHWA, FAA, and FRA. Dkt. #71. At the same time, Plaintiffs filed a combined motion for a TRO and PI. Dkt. #72. After granting the second TRO and extending the first TRO by a week, this Court on June 3, 2025, granted a PI in favor of all 31 Plaintiffs enjoining imposition or enforcement of the new grant conditions on HUD CoC grants and any DOT grants. Dkt. #169.

---

conditions are set forth in Appendix II to this Court's Order Granting Plaintiffs' Third Motion for Preliminary Injunction, Dkt. #338.

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

HUD and the DOT Defendants appealed the June 3, 2025 PI to the Ninth Circuit on June 9, 2025. Dkt. #173. On July 10, Plaintiffs moved unopposed to file the SAC adding 29 additional counties, cities, and other local governments as plaintiffs to this lawsuit, adding HHS and its Secretary Robert F. Kennedy as new Defendants, and challenging materially similar grant conditions attached to HUD's other (non-CoC) grant programs and to grants administered by HHS. Dkt. #181. The Court granted that motion. Dkt. ##183, 184. On July 14, Plaintiffs filed another motion for PI, seeking to extend the relief previously granted to the new jurisdictions, bar HHS from applying unlawful conditions at any stage of the grant-making process, and bar HUD from doing the same as to all grant programs. The Court granted a PI in favor of all 60 Plaintiffs on August 12, 2025, enjoining all Defendants from, among other things, imposing or enforcing the challenged conditions at "any stage of the grant-making process . . . ." Dkt. #338 at 36–41.[4]

Defendants appealed the August 12, 2025 PI to the Ninth Circuit on October 10, 2025. Dkt. #342. Meanwhile, HUD, DOT, and HHS have imposed enjoined grant conditions on Additional Plaintiffs, often on short deadlines that force them either to accept the conditions or forfeit previously awarded grant funding. Like the existing Plaintiffs, Additional Plaintiffs face irreparable harm during the pendency of this litigation from imposition of these conditions, including to their operations and the vulnerable communities they serve.

---

[4] This Court determined it had jurisdiction to allow amendment of the pleadings and grant another PI pending Defendants' appeal of the first PI because (1) a significant portion of the SAC simply added new plaintiffs challenging the previously enjoined conditions on HUD CoC and DOT grants and (2) while the SAC also challenged conditions imposed on non-CoC HUD grants and HHS grants, the challenged conditions were either identical or substantially similar to the previously enjoined conditions and implicated identical legal issues. Dkt. #338 at 5 n.3. The Court nevertheless explained that "if it is determined that this Court lacked jurisdiction because an appeal is pending, then this Court issues this order as an indicative ruling pursuant to Fed. Rule of Civ. P. 62.1(3)." *Id*.

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

In August 2025, in an effort to avoid more briefing before the Court, Plaintiffs' counsel asked Defendants' counsel if HUD, DOT, and HHS would stipulate to add plaintiffs to the lawsuit. Dkt. #347 (Lisagor Decl., Ex. A). HHS declined to consider that request. *Id.*, Ex. A at 5. HUD and DOT agreed to review and consider a draft stipulation, which Plaintiffs' counsel circulated on September 23, 2025. *Id.*, Ex. A at 4–5. HUD initially agreed to enter a stipulation allowing amendment of the SAC to include certain new plaintiffs challenging the CoC HUD and Non-CoC HUD Grant Conditions, but has recently indicated that it will not be able to finalize the stipulation during the government shutdown. *Id.* ¶ 3 & Ex. A at 2–3. DOT declined to enter the stipulation. *Id.*, Ex. A at 2.

Additionally, although existing Plaintiffs Nashville and Tucson did not initially join the lawsuit as to the HHS Grant Conditions, and existing Plaintiff Denver did not initially join the lawsuit as to the Non-CoC HUD Grant Conditions, those Plaintiffs now need additional relief as to those agencies. Dkt. #184 ¶¶ 51, 55, 110.[5]

Pursuant to this Court's Standing Order for all Civil Cases, Dkt. #4, counsel for Plaintiffs conferred with counsel for Defendants regarding this Motion. Defendants' counsel confirmed that Defendants do not oppose this Motion.

### III.   ARGUMENT

#### A.   Legal Standards

Leave to amend should be freely granted in the interest of justice. Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Courts apply this

---

[5] In conjunction with this Motion, Plaintiffs are filing a separate motion to extend the Court's previously-granted PI relief to Additional Plaintiffs as to HUD, DOT, and HHS Grant Conditions; to Nashville and Tucson as to HHS Grant Conditions; and to Denver as to Non-CoC HUD Grant Conditions.

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

rule with "'extreme liberality.'" *Owens*, 244 F.3d at 712 (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). In deciding whether leave is appropriate, courts consider any of five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). In conducting this analysis, the court grants all inferences in favor of allowing amendment. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment has the burden of showing that, based on these factors, amendment is not warranted. *See Larrison v. Ocean Beauty Seafoods, LLC*, No. C20-0906-RSM, 2021 WL 2646450, at *1 (W.D. Wash. June 28, 2021) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

### B.    Plaintiffs Should Be Granted Leave to Amend the SAC

Plaintiffs have acted in good faith and without undue delay in responding to federal agencies' imposition of unlawful grant conditions on more and more jurisdictions' grant programs, often with extremely short deadlines to either accept the conditions or forfeit funding. *See supra*. The TAC simply adds Additional Plaintiffs challenging Defendants' imposition of previously enjoined unlawful funding conditions and seeks additional relief for three existing Plaintiffs. Additional Plaintiffs' claims are indistinguishable on the facts and law from the existing claims. *See* Dkt. #169 at 30–38; Dkt. #338 at 21–32. Plaintiffs asked the federal agencies to stipulate to such amendment, but the agencies have either declined outright or indicated inability to stipulate while the U.S. government remains in shutdown. The three existing Plaintiffs seek relief from Non-CoC HUD or HHS Grant Conditions. This relief, too, is the same relief that several existing Plaintiffs have already received. *See* Dkt. #338. Accordingly, this Court should grant Plaintiffs leave to amend their SAC. *See, e.g., Ruiz-Diaz v. United States*, No. C07-1881RSL, 2008 WL

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – 5
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

11508545, at *1–2 (W.D. Wash. May 5, 2008) (granting leave to file second amended complaint adding new individuals and organizations as plaintiffs).

## IV.   CONCLUSION

Defendants have continued their efforts to dictate local policy through grant conditions not authorized by Congress, impacting more and more jurisdictions as time goes on. Plaintiffs should be granted leave to amend the SAC to add Additional Plaintiffs challenging those conditions and to allow three existing Plaintiffs to seek relief from Non-CoC HUD or HHS Grant Conditions.

DATED this 10th day of November, 2025.

PACIFICA LAW GROUP LLP

*s/ Paul J. Lawrence*
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Galen Knowles, WSBA #59644
*Special Deputy Prosecutors*

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
Tel: (206) 245-1700
Fax: (206) 245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Galen.Knowles@PacificaLawGroup.com

*Attorneys for All Plaintiffs*

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – 6
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I served a true and correct copy of the foregoing document on the following parties by the method(s) indicated below:

Brian C. Kipnis
Sarah L. Bishop
Rebecca S. Cohen
*Assistant United States Attorneys*

Office of the United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
brian.kipnis@usdoj.gov
sarah.bishop@usdoj.gov
rebecca.cohen@usdoj.gov

☒ CM/ECF E-service
☐ Email
☐ U.S. Mail
☐ Certified Mail / Return Receipt Requested
☐ Hand delivery / Personal service

*Attorneys for all Defendants*

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 10th day of November, 2025.

/s/ Erica Knerr
Erica Knerr
Litigation Assistant
Pacifica Law Group LLP

PLAINTIFFS' UNOPPOSED MOTION
TO FILE THIRD AMENDED COMPLAINT – 7
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750