1    THE HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                   AT SEATTLE

8    MARTIN LUTHER KING, JR.
     COUNTY, et al.,                              No. 2:25-cv-00814-BJR
9
                              Plaintiffs,         PLAINTIFFS' FOURTH MOTION
10   vs.                                          FOR PRELIMINARY INJUNCTION

11
     SCOTT TURNER in his official capacity
12   as Secretary of the U.S. Department of
     Housing and Urban Development, et al.,
13
                              Defendants.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS ......................................................................................2

III.    ARGUMENT..........................................................................................................8

       A.      Legal Standards.......................................................................................... 8

       B.      PI Relief Should Extend to Additional Plaintiffs, and Additional PI
           Relief Should Extend to Nashville, Tucson, and Denver ...................................... 8

           1.      Additional Plaintiffs Are Likely to Succeed on the Merits......................... 9

           2.      Additional Plaintiffs Will Suffer Immediate and Irreparable
               Harm ............................................................................................. 9

           3.      The Balance of Equities and Public Interest Favor Additional
               Plaintiffs..................................................................................... 11

IV.     CONCLUSION......................................................................................................11

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.    INTRODUCTION

The Trump administration continues to dictate local policy by imposing unlawful grant conditions on ever more local governments. Plaintiffs have accordingly moved to amend the Second Amended Complaint for Declaratory and Injunctive Relief, Dkt. #184 ("SAC"), in which 60 cities, counties, and other local governments challenged unlawful grant conditions attached to federal grant programs administered by HUD, DOT and its operating administrations, and HHS. *See* Dkt. #345. The proposed Third Amended Complaint ("TAC") adds 15 new counties, cities, and other local governments as plaintiffs (collectively, "Additional Plaintiffs"[1]) challenging materially similar grant conditions imposed by those federal agencies. *Id*.

Additional Plaintiffs seek—on largely indistinguishable facts and law—the same preliminary relief provided to the other Plaintiffs in this case regarding the CoC HUD, Non-CoC HUD, DOT, and HHS Grant Conditions. This Court has already ruled the current Plaintiffs are likely to succeed on the merits of their challenge to those conditions, and the harms suffered by Additional Plaintiffs mirror the harms this Court has already found sufficient to warrant preliminary relief. Accordingly, the Court's August 12 orders enjoining the conditions should be extended to Additional Plaintiffs as well. Plaintiffs have asked that HUD, HHS, and DOT stipulate to such relief, in an effort to avoid further motions practice, but to date they have not done so. And every day that passes without relief creates more and more uncertainty for Additional Plaintiffs as they grapple with these conditions while drawing down on existing grants, deciding whether to

---

[1] Additional Plaintiffs are City of Albany ("Albany"), Allegheny County, City of Berkeley ("Berkeley"), City of Bothell ("Bothell"), City of Cincinnati ("Cincinnati"), Delaware County, Los Angeles Homeless Services Authority ("LAHSA"), City of New Haven ("New Haven"), City of Olympia ("Olympia"), City of Palo Alto ("Palo Alto"), City of Port Angeles ("Port Angeles"), City of Santa Fe ("Santa Fe"), City of Spokane ("Spokane"), City of Tacoma ("Tacoma"), and Thurston County.

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 1
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    accept pending grants, and expecting to face these conditions in future grant applications and

2    awards.

3        Further, three existing Plaintiffs that did not previously move for injunctive relief as to

4    either the Non-CoC HUD or HHS Grant Conditions now seek such relief after receipt of grants

5

6    containing these Conditions.[2] The Court's order enjoining the Non-CoC HUD or HHS Grant

7    Conditions should be extended to those Plaintiffs.

8                    **II.        STATEMENT OF FACTS**[3]

9        As detailed in Plaintiffs' prior temporary restraining order ("TRO") and preliminary

10   injunction ("PI") motions, this action challenges unlawful grant conditions that federal agencies

11   have been attaching to grants they administer pursuant to congressionally authorized grant

12   programs. These conditions seek to force Plaintiffs to implement the Trump administration's

13   policy objectives, including ending diversity, equity, and inclusion ("DEI") programs,

14

15   aggressively enforcing immigration law, and adhering to other executive orders unrelated to the

16   grant programs' purposes. *See* Dkt. #5 at 5–13; Dkt. #72 at 5–7; Dkt. #186 at 3–10.

17       Eight cities and counties filed the original complaint in this case on May 2, 2025, seeking

18   declaratory and injunctive relief based on the imposition of unlawful conditions on HUD CoC and

19

20   FTA grant funding by Defendants HUD and its Secretary Scott Turner, DOT and its Secretary

21   Sean Duffy, and FTA and its Administrator Matthew Welbes. Dkt. #1. The Court issued a TRO,

22

23   [2] The existing Plaintiff seeking injunctive relief from Non-CoC HUD Grant Conditions is City and
24   County of Denver ("Denver"), and the existing Plaintiffs seeking injunctive relief from HHS Grant
     Conditions are the Metropolitan Government of Nashville and Davidson County ("Nashville") and
25   City of Tucson ("Tucson").
     [3] This Motion incorporates the defined terms in Plaintiffs' Motion for TRO, Dkt. #5, Second
26   Motion for TRO and PI, Dkt. #72, and Third Motion for PI, Dkt. #186. The challenged grant
     conditions are set forth in Appendix II to this Court's Order Granting Plaintiffs' Third Motion for
27   Preliminary Injunction, Dkt. #338.

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 2
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

ruling that the moving Plaintiffs were likely to succeed on the merits of their claims and that they faced imminent and irreparable harm absent TRO relief. Dkt. #52 at 3.

Shortly thereafter, 23 additional cities, counties, and local housing and transportation agencies joined the original Plaintiffs in filing the First Amended Complaint ("FAC"). In addition to joining new plaintiffs, the FAC challenged materially similar unlawful conditions that had been attached to additional grants administered by DOT and its operating administrations, including newly added Defendants FHWA, FAA, and FRA. Dkt. #71. At the same time, Plaintiffs filed a combined motion for a TRO and PI. Dkt. #72. After granting the second TRO and extending the first TRO by a week, this Court on June 3, 2025 granted a PI in favor of all 31 Plaintiffs enjoining imposition or enforcement of the new grant conditions on HUD CoC grants and any DOT grants. Dkt. #169.

HUD and the DOT Defendants appealed the June 3, 2025 PI to the Ninth Circuit on June 9, 2025. Dkt. #173. On July 10, Plaintiffs moved unopposed to file the SAC adding 29 additional counties, cities, and other local governments as plaintiffs to this lawsuit, adding HHS and its Secretary Robert F. Kennedy as new Defendants, and challenging materially similar grant conditions attached to HUD's other (non-CoC) grant programs and to grants administered by HHS. Dkt. #181. The Court granted that motion. Dkt. ##183, 184. On July 14, Plaintiffs filed another motion for PI, seeking to extend the relief previously granted to the new jurisdictions, bar HHS from applying unlawful conditions at any stage of the grant-making process, and bar HUD from doing the same as to all grant programs. The Court granted a PI on August 12, 2025, enjoining all

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 3
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    Defendants from, among other things, imposing or enforcing the challenged conditions at "any

2    stage of the grant-making process . . . ." Dkt. #338 at 36–41.[4]

3       Defendants appealed the August 12, 2025 PI to the Ninth Circuit on October 10, 2025. Dkt.

4    #342. Meanwhile, HUD, DOT, and HHS have imposed enjoined grant conditions on Additional

5    Plaintiffs, often on short deadlines that force them either to accept the conditions or forfeit

6
7    previously awarded grant funding. *See*, *e.g.*, Dkt. #367 (Halversen Decl. ¶¶ 5, 7 (Tucson)); Dkt.

8    #365 (Matheson Decl. ¶¶ 8–10 (Tacoma)); Dkt. #351 (Wong Decl. ¶¶ 7–9 (Bothell)).

9       Like the existing Plaintiffs, Additional Plaintiffs face irreparable harm during the pendency

10   of this litigation from imposition of these conditions, including to their operations and the

11   vulnerable communities they serve. Additional Plaintiffs with HUD grants[5] use HUD funds to

12
13   provide housing, supportive services, and other critical homelessness assistance, Dkt. #348

14   (Grande Decl. ¶¶ 6, 11, 13 (Albany)); Dkt. #349 (Fournier Decl. ¶ 7 (Allegheny County)); Dkt.

15   #352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. #358 (Elicker Decl. ¶ 6 (New Haven)); home

16   modifications for seniors and people with disabilities, Dkt. #352 (Sutter Decl. ¶ 10 (Cincinnati));

17   Dkt. #358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. #359 (Everett Decl. ¶ 5 (Olympia)); veterans'

18   housing rehabilitation, Dkt. #352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. #366 (Hernandez Decl. ¶ 6

19

20   [4] This Court determined it had jurisdiction to allow amendment of the pleadings and grant another
21   PI pending Defendants' appeal of the first PI because (1) a significant portion of the SAC simply
     added new plaintiffs challenging the previously enjoined conditions on HUD CoC and DOT grants
22   and (2) while the SAC also challenged conditions imposed on non-CoC HUD grants and HHS
     grants, the challenged conditions were either identical or substantially similar to the previously
23   enjoined conditions and implicated identical legal issues. Dkt. #338 at 5 n.3. The Court
     nevertheless explained that "if it is determined that this Court lacked jurisdiction because an appeal
24   is pending, then this Court issues this order as an indicative ruling pursuant to Fed. Rule of Civ. P.
25   62.1(3)." *Id*.
     [5] Additional Plaintiffs with CoC HUD grants include Allegheny County, Berkeley, Cincinnati,
26   Delaware County, LAHSA, and Spokane. Additional Plaintiffs with Non-CoC HUD grants include
     Albany, Allegheny County, Berkeley, Cincinnati, Delaware County, LAHSA, New Haven,
27   Olympia, Palo Alto, Port Angeles, Santa Fe, Spokane, Tacoma, and Thurston County.

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 4
No.  2:25-cv-00814-BJR

(Thurston County)); food security, Dkt. #353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. #355 (Reed Decl. ¶ 7 (LAHSA)); Dkt. #362 (Oster Decl. ¶ 6 (Santa Fe)); senior home rehabilitation, Dkt. #363 (Kinder Decl. ¶ 6 (Spokane)); lead paint remediation, Dkt. #352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. #358 (Elicker Decl. ¶ 6 (New Haven)); housing repairs, Dkt. #366 (Hernandez Decl. ¶ 6 (Thurston County)); crime reduction, Dkt. #352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. #353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. #363 (Kinder Decl. ¶ 6 (Spokane)); and small business assistance, Dkt. #352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. #359 (Everett Decl. ¶ 5 (Olympia)); Dkt. #364 (Kim Decl. ¶ 6 (Tacoma)). The funds ensure families can stay in safe housing that meets their needs, Dkt. #349 (Fournier Decl. ¶¶ 7, 14 (Allegheny County)); Dkt. #359 (Everett Decl. ¶¶ 5, 10 (Olympia)); Dkt. #364 (Kim Decl. ¶¶ 6, 12 (Tacoma)). Without HUD funds, residents will lose access to housing, meals, and other lifesaving services. *See*, *e.g.*, Dkt. #355 (Reed Decl. ¶ 13 (LAHSA)); Dkt. #358 (Elicker Decl. ¶ 12 (New Haven)); Dkt. #363 (Kinder Decl. ¶ 12 (Spokane)). Additional Plaintiffs will be forced to grapple with this uncertainty by, for example, pausing service delivery, Dkt. #360 (Shikada Decl. ¶ 14 (Palo Alto)); Dkt. #362 (Oster Decl. ¶ 12 (Santa Fe)); which increases project costs, Dkt. #349 (Fournier Decl. ¶ 15 (Allegheny County)); Dkt. #362 (Oster Decl. ¶ 12 (Santa Fe)).

Additional Plaintiffs with HHS grants[6] use HHS funds for, among other things, HIV prevention, Dkt. #353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. #358 (Elicker Decl. ¶ 6 (New Haven)); meals and assistance for seniors, Dkt. #350 (Buddenhagen Decl. ¶ 7 (Berkeley)); Dkt. #353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. #362 (Oster Decl. ¶ 6 (Santa Fe)); substance use disorder treatment, Dkt. #349 (Fournier Decl. ¶ 7 (Allegheny County)); Dkt. #353 (O'Malley

---

[6] These include Allegheny County, Berkeley, Cincinnati, Delaware County, New Haven, Santa Fe, and Thurston County, as well as existing Plaintiffs Nashville and Tucson.

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 5
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Decl. ¶ 6 (Delaware County)); foster care and adoption assistance, Dkt. #353 (O'Malley Decl. ¶ 6 (Delaware County)); and home health visits to families with young children, Dkt. #353 (O'Malley Decl. ¶ 6 (Delaware County)). Loss of HHS funds will mean many of these programs will be curtailed or terminated, and residents will lose access to food, medical care, childcare, housing, and other critical services. *See*, *e.g.*, Dkt. #366 (Hernandez Decl. ¶ 12 (Thurston County)); Dkt. #353 (O'Malley Decl. ¶ 13 (Delaware County)); Dkt. #349 (Fournier Decl. ¶ 15 (Allegheny County)). Loss of funds will have serious public health consequences, such as diminished pandemic preparedness and communicable disease control, Dkt. #349 (Fournier Decl. ¶¶ 7, 15 (Allegheny County)); Dkt. #352 (Sutter Decl. ¶¶ 12, 21 (Cincinnati)); Dkt. #353 (O'Malley Decl. ¶¶ 5–6, 13 (Delaware County)); and reduced STI tracking, Dkt. #352 (Sutter Decl. ¶¶ 12, 21 (Cincinnati)).

Additional Plaintiffs with DOT grants[7] use DOT funds for, *inter alia*, pedestrian safety, Dkt. #350 (Buddenhagen Decl. ¶ 6 (Berkeley)); Dkt. #351 (Wong Decl. ¶ 6 (Bothell)); Dkt. #353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. #358 (Elicker Decl. ¶ 6 (New Haven)); bridge improvements, Dkt. #351 (Wong Decl. ¶ 6 (Bothell)); Dkt. #352 (Sutter Decl. ¶ 11 (Cincinnati)); Dkt. #358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. #366 (Hernandez Decl. ¶ 6 (Thurston County)); airfield maintenance and improvements, Dkt. #352 (Sutter Decl. ¶ 11 (Cincinnati)); Dkt. #362 (Oster Decl. ¶ 6 (Santa Fe)); equipment modernization, such as repowering locomotives, Dkt. #365 (Matheson Decl. ¶ 6 (Tacoma)); zero-emission vehicles, Dkt. #360 (Shikada Decl. ¶ 8 (Palo Alto)); and signal system enhancements, Dkt. #351 (Wong Decl. ¶ 6 (Bothell)). Losing DOT funding will result in service reductions, delay or cancelation of planned improvement projects, and disruption

---

[7] These include Albany, Allegheny County, Berkeley, Bothell, Cincinnati, Delaware County, New Haven, Palo Alto, Port Angeles, Santa Fe, Tacoma, and Thurston County.

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 6
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    of operational and fiscal planning. Dkt. #349 (Fournier Decl. ¶¶ 13, 15 (Allegheny County)); Dkt.

2    #351 (Wong Decl. ¶ 11 (Bothell)); Dkt. #352 (Sutter Decl. ¶¶ 18, 20–21 (Cincinnati)); Dkt. #353

3    (O'Malley Decl. ¶ 13 (Delaware County)); Dkt. #358 (Elicker Decl. ¶ 12 (New Haven)); Dkt. #360

4    (Shikada Decl. ¶ 14 (Palo Alto)); Dkt. #361 (Curtin Decl. ¶ 12 (Port Angeles)); Dkt. #365

5    (Matheson Decl. ¶ 12 (Tacoma)).

6

7        In some instances Additional Plaintiffs have had to accept grant agreements with the

8    challenged conditions to avoid losing critical funding, but will need to draw down on these funds

9    on an ongoing basis, or face re-certifications on existing grants.  *See, e.g.*, Dkt. #349 (Fournier

10   Decl. ¶¶ 10–13 & Exs. 1–2 (Allegheny County)); Dkt. #350 (Buddenhagen Decl. ¶ 9 (Berkeley));

11   Dkt. #353 (O'Malley Decl. ¶ 11 (Delaware County)). Additional Plaintiffs also have pending grant

12   agreements where they must decide whether or not to accept the conditions, *e.g.*, Dkt. #351 (Wong

13   Decl. ¶ 9 (Bothell)); Dkt. #359 (Everett Decl. ¶ 8 (Olympia)), and anticipate facing these conditions

14   in future grant applications and agreements from these agencies, *e.g.*, Dkt. #348 (Grande Decl. ¶¶

15   9–10 (Albany)); Dkt. #355 (Reed Decl. ¶ 11 (LAHSA)).

16

17       In August 2025, in an effort to avoid further contested proceedings before the Court,

18   Plaintiffs' counsel asked Defendants' counsel if HUD, DOT, and HHS would stipulate to add

19   certain new plaintiffs to the lawsuit and extend the PI relief already granted in this case to them.

20   Dkt. #347 (Lisagor Decl., Ex. A). HHS declined to consider that request. *Id*., Ex. A at 5. HUD and

21   DOT agreed to review and consider a draft stipulation, which Plaintiffs' counsel circulated on

22   September 23, 2025. *Id*., Ex. A at 4–5. HUD initially agreed to enter a stipulation allowing

23   amendment of the SAC to include the Additional Plaintiffs and to extend preliminary relief to them

24   as to the CoC HUD and Non-CoC HUD Grant Conditions, but has recently indicated the

25   government shutdown precludes it from doing so. *Id*. ¶ 3 & Ex. A at 2–3. DOT declined to enter

26

27

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 7
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    the stipulation. *Id*., Ex. A at 2.

2    Additionally, although existing Plaintiffs Nashville and Tucson did not initially join

3    Plaintiffs' PI motion as to the HHS Grant Conditions, and existing Plaintiff Denver did not initially

4    join Plaintiff's PI motion as to Non-CoC HUD Grant Conditions, those Plaintiffs now need

5    additional relief as to those agencies. Dkt. #184 ¶¶ 51, 55, 110. HHS has sought to apply those

6    conditions to Nashville and Tucson's already-awarded grants, and both cities will likely face these

7    same conditions for future HHS draw downs and in any future HHS grants they are awarded. Dkt.

8    #357 (Dairo Decl. ¶¶ 9–17 (Nashville)); Dkt. #356 (Areola Decl. ¶¶ 8–10, 12–14 (Nashville));

9    Dkt. #367 (Halversen Decl. ¶¶ 5, 7 (Tucson)). Thus, Nashville and Tucson now seek the same

10   preliminary injunctive relief the Court granted as to the other Plaintiffs challenging the HHS Grant

11   Conditions. *See* Dkt. #356 (Areola Decl. ¶¶ 6–7, 11, 15 (Nashville)); Dkt. #357 (Dairo Decl. ¶¶ 6–

12   7, 12, 15, 18 (Nashville)); Dkt. #367 (Halversen Decl. ¶¶ 6, 8 (Tucson)). Similarly, Denver must

13   accept the HUD Grant Conditions as soon as possible in order to accept its HUD block grant

14   awards, and now seeks the same preliminary injunctive relief the Court granted to other Plaintiffs

15   challenging the Non-CoC HUD Grant Conditions. Dkt. #354 (Doheny Decl. ¶¶ 6–15 (Denver)).

### III.    ARGUMENT

#### A.    Legal Standards

A PI is warranted if the moving party establishes (1) likely success on the merits; (2) likely

irreparable harm absent preliminary relief; (3) the balance of equities tips in their favor; and (4) an

injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

#### B.    PI Relief Should Extend to Additional Plaintiffs, and Additional PI Relief Should Extend to Nashville, Tucson, and Denver

Additional Plaintiffs seek the same permanent relief sought in the SAC and preliminary

relief provided by the Court in its August 12, 2025 PI order as to HUD, DOT and its operating

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 8
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    administrations, and HHS. Plaintiffs asked the federal agencies to stipulate to such relief, but the

2    agencies have either declined outright or indicated inability to stipulate while the U.S. government

3    remains in shutdown. Similarly, Nashville and Tucson now seek the same relief as to HHS, and

4    Denver seeks the same relief as to HUD beyond the CoC program. Because preliminary relief is

5    appropriate here, the Court should extend the PI accordingly.

6

7            **1.    Additional Plaintiffs Are Likely to Succeed on the Merits**

8        The Court's June 3, 2025 PI order found Plaintiffs likely to succeed on their APA claims

9    that the CoC HUD and DOT Grant Conditions violate separation of powers, are not authorized by

10   statute, and are arbitrary and capricious. Dkt. #169. The Court's August 12, 2025 PI order found

11   Plaintiffs likely to succeed in showing the Non-CoC HUD and HHS Grant Conditions are unlawful

12   on the same grounds. Dkt. # 338. For the same reasons as well as those set forth in the prior TRO

13   and PI briefing, Additional Plaintiffs, as well as Nashville, Tucson, and Denver, are equally likely

14   to succeed on all of their claims. Dkt. ##5, 44, 58, 72, 158, 169, 186, 335, 338. These Plaintiffs

15   thus meet the first prong of the *Winter* test.

16

17           **2.    Additional Plaintiffs Will Suffer Immediate and Irreparable Harm**

18       Without preliminary relief, Additional Plaintiffs face irreparable harm. As the Court

19   already found, "being forced to accept conditions that are contrary either to statute or to the

20   Constitution (or both) is a constitutional injury, and constitutional injuries are unquestionably

21   irreparable." Dkt. #169 at 39–40 (cleaned up); *see also* Dkt. #338 at 33. Each Plaintiff has or will

22   be forced to choose between accepting these conditions—and thus facing this constitutional

23   injury—or losing access to critical funding. Such funding loss would destabilize immediate and

24   future budgets, Dkt. #348 (Grande Decl. ¶¶ 12–13 (Albany)); Dkt. #351 (Wong Decl. ¶ 11

25   (Bothell)); Dkt. #358 (Elicker Decl. ¶¶ 12–13 (New Haven)); Dkt. #363 (Kinder Decl. ¶ 12

26

27

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 9
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

(Spokane)); Dkt. #366 (Hernandez Decl. ¶¶ 12–13 (Thurston County)); force reductions in workforce, Dkt. #350 (Buddenhagen Decl. ¶ 12 (Berkeley)); Dkt. #355 (Reed Decl. ¶ 14 (LAHSA)); Dkt. #364 (Kim Decl. ¶¶ 12–13 (Tacoma)); Dkt. #366 (Hernandez Decl. ¶ 13 (Thurston County)); and divert resources from other public services, Dkt. #352 (Sutter Decl. ¶ 22 (Cincinnati)); Dkt. #360 (Shikada Decl. ¶ 16 (Palo Alto)); Dkt. #362 (Oster Decl. ¶ 13 (Santa Fe)); Dkt. #363 (Kinder Decl. ¶ 13 (Spokane)). Additional Plaintiffs may reduce housing and homelessness services, transportation infrastructure improvements, health care services, and other programs that support their residents' health, safety, and well-being. *See supra* Sect. II. Similarly, without preliminary relief, Nashville, Tucson, and Denver will face irreparable harm from, *inter alia*, losing access to critical funds, Dkt. #356 (Areola Decl. ¶ 15 (Nashville)), reductions in workforce, Dkt. #356 (Areola Decl. ¶ 15 (Nashville)); Dkt. #354 (Doheny Decl. ¶ 15 (Denver)); having to limit or eliminate programs entirely, Dkt. #357 (Dairo Decl. ¶ 18 (Nashville)); Dkt. #367 (Halversen Decl. ¶ 8 (Tucson)), and having to divert local funds to programs that are currently funded with federal grants, Dkt. #354 (Doheny Decl. ¶¶ 14–15 (Denver)). And even where Plaintiffs have accepted the conditions in order to avoid catastrophic denial of funding, they face ongoing uncertainty as to whether they can continue to draw down on these funds, to the extent each draw down requires accepting these conditions again, or whether they will have to formally recertify during the period of the grant. And as noted above, those Plaintiffs face ongoing constitutional injury from these conditions in accepted grants.

Moreover, lack of future funding certainty is causing harm now, including where Additional Plaintiffs are facing structural budget deficits and are deeply reliant on federal funds, Dkt. #349 (Fournier Decl. ¶ 13 (Allegheny County)); Dkt. #350 (Buddenhagen Decl. ¶¶ 12–14 (Berkeley)); or where Additional Plaintiffs have to make choices now to terminate programs or to

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 10
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1   pay for them from local funds without knowing if the federal government will reimburse, Dkt.

2   #351 (Wong Decl. ¶ 11 (Bothell)); Dkt. #353 (O'Malley Decl. ¶ 13 (Delaware County)); Dkt. #359

3   (Everett Decl. ¶ 10 (Olympia)); Dkt. #361 (Curtin Decl. ¶ 12 (Port Angeles)); Dkt. #365 (Matheson

4   Decl. ¶ 12 (Tacoma)). The ongoing uncertainty surrounding future funding presently harms (and

5   will harm in the future) Additional Plaintiffs' ability to conduct capital planning, execute contracts,

6   and retain qualified staff, Dkt. #349 (Fournier Decl. ¶ 15 (Allegheny County)); Dkt. #352 (Sutter

7   Decl. ¶¶ 21–22 (Cincinnati)); Dkt. #359 (Everett Decl. ¶¶ 10–11 (Olympia)); Dkt. #364 (Kim Decl.

8   ¶¶ 12–13 (Tacoma)); and undermines long-term funding plans, Dkt. #349 (Fournier Decl. ¶¶ 13,

9   15 (Allegheny County)); Dkt. #350 (Buddenhagen Decl. ¶ 14 (Berkeley)). These harms, which

10  mirror those the Court previously found to warrant preliminary relief, satisfy the second prong of

11  the *Winter* test. *See* Dkt. #169 at 39–44; Dkt. #338 at 33–34.

12          **3.    The Balance of Equities and Public Interest Favor Additional Plaintiffs**

13          For the reasons stated in the Court's PI orders and Plaintiffs' TRO and PI motions, the

14  equities and public interest—which merge when the government is a party—tip decisively in favor

15  of Additional Plaintiffs, as well as Nashville, Tucson, and Denver. Dkt. #169 at 44–45; Dkt. #338

16  at 34–35; Dkt. #5 at 28–29; Dkt. #72 at 18; Dkt. #186 at 17; *Galvez v. Jaddou*, 52 F.4th 821, 831

17  (9th Cir. 2022). The final two *Winter* prongs are thus met.

18                          **IV.    CONCLUSION**

19          Defendants have continued their efforts to dictate local policy through grant conditions not

20  authorized by Congress, impacting more and more jurisdictions as time goes on. Plaintiffs have

21  accordingly requested leave to amend the SAC to add Additional Plaintiffs challenging those

22  conditions. As the Court has already found, the conditions violate separation of powers principles

23  and the APA. And Additional Plaintiffs, as well as existing Plaintiffs Nashville, Tucson, and

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 11
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP  LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    Denver, face irreparable harm. Plaintiffs thus seek a PI imminently, extending the relief previously

2    granted in this case to Additional Plaintiffs as to the HUD, DOT and HHS Grant Conditions, to

3    existing Plaintiffs Nashville and Tucson as to the HHS Grant Conditions, and to existing Plaintiff

4    Denver as to non-CoC HUD Grant Conditions.

5
          Pursuant to this Court's Standing Order for all Civil Cases, Dkt. #4, counsel for Plaintiffs
6
     have conferred with counsel for Defendants regarding this Motion.
7
          DATED this 10th day of November, 2025.
8

9

10                                      PACIFICA LAW GROUP LLP

11                                      s/ Paul J. Lawrence
                                        Paul J. Lawrence, WSBA #13557
12                                      Jamie Lisagor, WSBA #39946
                                        Sarah S. Washburn, WSBA #44418
13                                      Meha Goyal, WSBA #56058
                                        Galen Knowles, WSBA #59644
14                                      Special Deputy Prosecutors

15                                      PACIFICA LAW GROUP LLP
                                        401 Union Street, Suite 1600
16                                      Seattle, WA 98101
                                        Tel: (206) 245-1700
17                                      Fax: (206) 245-1750
                                        Paul.Lawrence@PacificaLawGroup.com
18                                      Jamie.Lisagor@PacificaLawGroup.com
                                        Sarah.Washburn@PacificaLawGroup.com
19                                      Meha.Goyal@PacificaLawGroup.com
                                        Galen.Knowles@PacificaLawGroup.com
20
                                        Attorneys for All Plaintiffs
21

22                                      PUBLIC RIGHTS PROJECT

23                                      /s/ Sharanya Mohan
                                        Sharanya (Sai) Mohan (CA Bar No. 350675)*
24                                      Naomi Tsu (OR Bar No. 242511)*
                                        Toby Merrill (MA Bar No. 601071)*
25                                      Graham Provost (D.C. Bar No. 1780222)**
                                        Public Rights Project
26                                      490 43rd Street, Unit #115

27

PLAINTIFFS' FOURTH MOTION                              PACIFICA LAW GROUP LLP
FOR PRELIMINARY INJUNCTION – 12                        401 UNION STREET, SUITE 1600
No.  2:25-cv-00814-BJR                                 SEATTLE, WASHINGTON 98101-2668
                                                       TELEPHONE: (206) 245-1700
                                                       FACSIMILE: (206) 245-1750

Oakland, CA 94609
(510) 738-6788
sai@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org
graham@publicrightsproject.org

*Counsel for Plaintiffs City of Columbus, City & County of Denver, Metro Government of Nashville & Davidson County, Pima County, County of Sonoma, City of Bend, City of Cambridge, City of Chicago, City of Culver City, City of Minneapolis, City of Pasadena, City of Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of Tucson, City of Wilsonville, Santa Monica Housing Authority, County of Alameda, City of Albuquerque, Mayor and City Council of Baltimore, City of Bellevue, City of Bellingham, City of Bremerton, County of Dane, City of Eugene, City of Healdsburg, County of Hennepin, Kitsap County, City of Los Angeles, City of Milwaukee, Milwaukee County, Multnomah County, City of Oakland, City of Pacifica, City of Petaluma, Ramsey County, City of Rochester, City of Rohnert Park, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Puget Sound Regional Council, Sonoma County Transportation Authority, Sonoma County Community Development Commission, City of Albany, Allegheny County, City of Cincinnati, Delaware County, Los Angeles Homeless Services Authority, City of New Haven, City of Palo Alto, and City of Santa Fe*
\*Admitted *pro hac vice*
\*\*Application for *pro hac vice admission* pending

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 13
No.  2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2025, I served a true and correct copy of the

foregoing document on the following parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |
| Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov | |

*Attorneys for all Defendants*

I declare under penalty of perjury under the laws of the United States and the State of

Washington that the foregoing is true and correct.

DATED this 10th day of November, 2025.

/s/ *Erica Knerr*
Erica Knerr
Litigation Assistant
Pacifica Law Group LLP

PLAINTIFFS' FOURTH MOTION
FOR PRELIMINARY INJUNCTION – 14
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750