The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR. COUNTY, *et al.*,

                                    Plaintiffs,

        v.

SCOTT TURNER, *et al.,*

                                    Defendants.

Case No. 2:25-cv-00814-BJR

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' FOURTH MOTION FOR PRELIMINARY INJUNCTION**

Defendants oppose extension of the Court's injunction to new plaintiffs and their grants for the same reasons set out in its prior briefs. The government is entitled to condition its provision of federal funds on compliance with established federal laws. This Court should decline to allow this case to expand further and should deny Plaintiffs' fourth preliminary injunction motion.

### PROCEDURAL HISTORY

This case started on May 2, 2025, with eight state or local entities bringing claims against three federal entities: the U.S. Department of Housing and Urban Development (HUD), the U.S. Department of Transportation (DOT), and the Federal Transit Administration (FTA). Dkt. 1. The Court issued a TRO on those original claims on May 21, 2025. Dkt. 52.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plaintiffs then amended their complaint to add 23 new plaintiffs, as well as three new defendants: the Federal Highway Administration (FHWA), the Federal Aviation Administration (FAA), and the Federal Railroad Administration (FRA). Dkt. 71. The Court issued its first preliminary injunction on June 3, 2025. Dkt. 169. Defendants' appeal of that injunction is pending. *See* Dkt. 173.

In July 2025, Plaintiffs amended again, adding 29 new units of local governments as plaintiffs (Third Round Plaintiffs), and as defendants, the U.S. Department of Health and Human Services (HHS), including the Administration for Children and Families (ACF), Health Resources and Services Administration (HRSA), National Institutes of Health (NIH), Substance Abuse and Mental Health Services Administration (SAMHSA), and the Centers for Disease Control and Prevention (CDC). Dkt. 186. The Court issued its second preliminary injunction to encompass these new parties on August 12, 2025. Dkt. 338. Defendants appealed that second injunction as well. Dkt. 342.

Plaintiffs' latest amended Complaint, filed in November 2025, adds 15 new state and local entities as plaintiffs. Dkt. 369. In the instant motion, they seek to extend the Court's prior injunctions to encompass these new plaintiffs (Additional Plaintiffs), and/or to more grants awarded to the existing plaintiffs. *See generally* Dkt. 346.

## FACTS

The Court is familiar with the facts and allegations at issue through the parties' prior briefing and its own orders. *See, e.g.*, Dkt. 338 at 7 n.6 (assuming familiarity with previously briefed facts). Defendants note the following developments since their last briefing in this case:

Pursuant to the district court's decision in *California v. United States Dep't of Transportation*, No. 25-cv-208, 2025 WL 3072541 (D.R.I. Nov. 4, 2025), DOT has revised its grant templates to remove the immigration enforcement condition, and has notified grant

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    recipients, including Plaintiffs in this case, that the immigration enforcement condition in

2    previously-executed agreements no longer has any legal effect and should be considered stricken

3    from those agreements.

4          Similarly, the Title IX certification in HHS's Grants Policy Statement and in several of its

5    sub-agencies' Terms & Conditions, as well as certain of HUD's disputed grant conditions, were

6    set aside by the district court in *R.I. Coalition Against Domestic Violence v. Kennedy*, No. 25-cv-

7    342, 2025 WL 2988705 (D.R.I. Oct. 23, 2025).

8                                          **STANDARD OF REVIEW**

9          A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

10    clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*,

11    555 U.S. 7, 22 (2008). A stay "is not a matter of right, even if irreparable injury might otherwise

12    result" but rather an exercise of judicial discretion that depends on the particular circumstances of

13    the case. *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted).

14          Preliminary relief is meant to preserve the status quo pending final judgment. *Sierra On-*

15    *Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When preliminary relief

16    would change the status quo and "order a responsible party to take action," it is "particularly

17    disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th

18    Cir. 2009). In such cases, the moving party "must establish that the law and facts *clearly favor*

19    [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740

20    (9th Cir. 2015) (emphasis original).

21                                          **ARGUMENT**

22          This Court should deny Plaintiffs' fourth preliminary injunction motion for the same

23    reasons set out in Defendants' prior briefs. To justify an injunction, a petitioner must establish that:

24    (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in

2  the public interest." *Winter*, 555 U.S. at 20. But here, Plaintiffs cannot show they are likely to

3  succeed on the merits of any of the claims on which they seek an injunction. Nor can they show

4  imminent likelihood of irreparable harm. And the public interest and balance of equities support

5  enforcement of Congressional mandates and do not support granting the likely largely irreversible

6  remedy Plaintiffs seek here. But if the Court does choose to grant any injunction in this case, it

7  should be narrowly tailored, secured by a bond, and stayed pending Defendants' decision whether

8  to appeal again.

9  **I.    Plaintiffs have not shown they are likely to succeed on the merits**

10         Plaintiffs' motion offers no new material regarding the first *Winter* factor, instead standing

11  on their prior arguments to the extent adopted by this Court. *See* Dkt. 346 at 9. Defendants

12  acknowledge that the Court has to date found their counterarguments unpersuasive, but

13  respectfully must continue to stand on those counterarguments, and incorporate them by reference

14  here. *See* Dkt. 55 at 16-26; Dkt. 151 at 4-6; Dkt. 334 at 8-12. To summarize: The challenged

15  conditions are imposed pursuant to Defendants' authority. *See, e.g.*, 49 U.S.C. §§ 5334(a)(1),

16  (a)(9); 42 U.S.C. §§ 254b(k)(1), 300ff-15(a) & (b), 290ee-1(b)(1)(B). And they are germane to the

17  grants' purposes and Defendants' missions, and are dependent on and subject to existing law. *See,*

18  *e.g.*, *Bldg. & Const. Trades Dep't v. Allbaugh*, 295 F.3d 28, 33 (D.C. Cir. 2002); *Sierra Club v.*

19  *Costle*, 657 F.2d 298, 406 (D.C. Cir. 1981). Moreover, an agency's determination of how best to

20  condition appropriated funds to fulfill the agency's mandates is a classic discretionary action not

21  subject to review under the Administrative Procedure Act. *See Lincoln v. Vigil*, 508 U.S. 182, 193

22  (1993). Lastly, a Fifth Amendment vagueness challenge is categorically improper as applied to

23  government contracts. *See generally Eloyan v. United States*, No. 2:19-cv-9565, 2020 WL

24  7382316, at *5–6 (C.D. Cal. Oct. 21, 2020) (collecting cases). It is also unworkably premature.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  
*See, e.g.*, *Bldg. & Const. Trades Dep't v. Allbaugh*, 295 F.3d 28, 33 (D.C. Cir. 2002). And besides, the challenged conditions simply are not vague. *See, e.g.*, *Marquez-Reyes v. Garland*, 36 F.4th 1195, 1201–02 (9th Cir. 2022); *see generally Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 588–89 (1998).

## II.  Plaintiffs have not shown the balance of equities and public interest favors an injunction

Plaintiffs also stand on their prior arguments regarding the third and fourth *Winter* factors. *See* Dkt. 346 at 11. Again, Defendants respectfully stand on their counterarguments and incorporate them by reference here. *See* Dkt. 55 at 29; Dkt. 334 at 14. In brief, ensuring compliance with federal laws is surely in the public interest, and the facts Additional Plaintiffs present here suggest they will not be able to reimburse the government if Defendants later prevail, a factor which strongly weighs against granting the injunction they seek. *See, e.g.*, *Middle E. Broad. Networks, Inc. v. United States*, No. 25-5150, 2025 WL 1378735, at *5 (D.C. Cir. May 7, 2025) (en banc) (Rao, J., dissenting).

## III.  Plaintiffs do not face imminent, irreparable harm warranting emergency relief

Plaintiffs present facts regarding alleged harm the Additional Plaintiffs may face, but those facts are similar to those presented by the prior sets of plaintiffs and are insufficient to support an injunction for the same reasons. Plaintiffs seeking an injunction bear the burden of showing that imminent, irreparable harm "is likely, not just possible." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011). Speculation is not sufficient to meet that burden: "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Here, as with the prior sets of plaintiffs, Additional Plaintiffs' alleged harm is too speculative to support issuance of an injunction. Defendants again incorporate their prior briefing

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    on this issue. *See* Dkt. 55 at 27-29; Dkt. 334 at 13-14. To summarize: monetary injuries generally

2    are not considered irreparable. *L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th

3    Cir. 1980). And plaintiffs' "Hobson's choice" in either agreeing to "illegal" terms or forgoing

4    federal funding is a mirage, because the challenged conditions are not illegal on their face. What

5    plaintiffs challenge in this case is largely not the face of the grant conditions, but rather plaintiffs'

6    speculative beliefs about how the Defendant agencies may later *interpret* those conditions. *See,*

7    *e.g.*, Dkt. 338 at 24. And that dispute is not ripe at all, much less suited to preliminary injunctive

8    relief.

9    And, even more so than prior set of plaintiffs, these Additional Plaintiffs' claims of

10   irreparable harm are undermined by the fact that they waited until November to seek injunctive

11   relief that other Plaintiffs sought six months earlier. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746

12   (9th Cir. 2015) (holding that two-month delay in seeking injunction "undercut [plaintiff's] claim

13   of irreparable harm"). Like the Third Round Plaintiffs, these Additional Plaintiffs are merely

14   seeking to piggyback on the Court's existing injunctions—in other words, forum-shopping.

15
16   **IV.    Any injunctive relief should be narrowly tailored to the specific grant conditions at issue and permit lawful agency action**

17   It is a bedrock principle of equity that "injunctive relief should be no more burdensome to

18   the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*,

19   442 U.S. 682, 702 (1979). Thus, if the Court grants a further injunction, it should be narrowly

20   tailored to apply only with respect to any grants or contracts involving Plaintiffs specifically, and

21   to leave intact the Executive's discretion to engage in further consideration of the topic at hand

22   and implement new policies consistent with law. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390,

23   395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions

24   of the parties until a trial on the merits can be held.").

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        Moreover, any injunction issued should be limited to the grant conditions actually

2 challenged by Plaintiffs. In particular, the appendix of enjoined grant conditions attached to the

3 Court's August 12 injunction bars DOT and its components from enforcing four new conditions

4 that were never addressed or argued in Plaintiffs' briefing seeking that injunction. Dkt. 338 at 47-

5 48. Those four conditions are:

6       • "The recipient or applicant agrees to comply with executive orders, including
          but not limited to Executive Order 14168 titled Defending Women From
7          Gender Ideology Extremism and Restoring Biological Truth to the Federal
          Government, as they relate to the application, acceptance, and use of Federal
8          funds for this project or grant.

9       • "The recipient or applicant will follow applicable federal laws pertaining to
          Subchapter 12, and be subject to the penalties set forth in 8 U.S.C. § 1324,
10         Bringing in and harboring certain aliens, and 8 U.S.C. § 1327, Aiding or
          assisting certain aliens to enter."

11
        • "The recipient or applicant must comply with other applicable federal
12         nondiscrimination laws, regulations, and requirements, and follow federal
          guidance prohibiting discrimination."
13
        • "Performance under this agreement or application shall be governed by and in
14         compliance with the following requirements, as applicable, to the type of
          organization of the recipient or applicant and any applicable sub-recipients. The
15         applicable provisions to this agreement or application include, but are not
          limited to, the following: Bringing in and harboring certain aliens – 8 U.S.C.
16         1324; Aiding or assisting certain aliens to enter – 8 U.S.C. 1327; Executive
          Order 14151, Ending Radical and Wasteful Government DEI Programs and
17         Preferencing; Executive Order 14168 Defending Women from Gender
          Ideology Extremism and Restoring Biological Truth to the Federal
18         Government; and Executive Order 14173, Ending Illegal Discrimination and
          Restoring Merit-Based Opportunity."

19      Because Plaintiffs did not present argument on these new conditions, and the Court did not

20 make any findings about why these conditions should be enjoined in the August 12 injunction, *see*

21 Dkts. 186 & 346, DOT respectfully requests that these conditions be omitted from any new

22

23

24

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  injunction the Court chooses to issue.[1]

2      Defendants also respectfully request that any new injunction make clear that it does not

3  prohibit Defendants from requiring certification of compliance with basic, longstanding civil rights

4  laws. For example, the current HHS Grant Policy Statement does not mention the Executive Orders

5  that Plaintiffs object to or any other external guidance. It merely states:

6          By applying for or accepting federal funds from HHS, recipients certify compliance
           with all federal antidiscrimination laws and these requirements and that complying
7          with those laws is a material condition of receiving federal funding streams.
           Recipients are responsible for ensuring subrecipients, contractors, and partners also
8          comply.

9  HHS GPS at 21 (rev. Oct. 2025), *available at* https://www.hhs.gov/sites/default/files/hhs-grants-

10  policy-statement-oct-2025.pdf (last visited Dec. 8, 2025). This type of certification has long been

11  part of federal grantmaking; any injunction the Court issues should not be so broad as to prevent

12  Defendants from enforcing the longstanding civil rights laws that Plaintiffs themselves have

13  explained they have no objection to—and enforcement of which Plaintiffs admit is explicitly

14  required by many of the statutes under which they receive grant funding. *See, e.g.*, Dkt. 369

15  (3d Am. Compl.), ¶¶ 375-76, 406, 408, 417, 419, 446, 566, 634, 649, 660, 670, 679, 786, 788.

16      **V.      Any injunction should be stayed pending any appeal and secured by a bond**

17      If the Court issues an injunction, Defendants request it be stayed pending a determination

18  by the Solicitor General whether to appeal and, if appeal is authorized, pending any appeal.

19      Moreover, under Federal Rule of Civil Procedure 65(c), courts "may issue a preliminary

20  injunction or a temporary restraining order only if the movant gives security in an amount that the

21  court considers proper to pay the costs and damages sustained by any party found to have been

22

23

24  ---
[1]  Since Plaintiffs did not move for this relief in their motion, they may not make arguments in support of such relief
in any reply memorandum. *See, e.g., AXIS Surplus Ins. Co. v. Intracorp Real Est., LLC*, No. C08-1278-JCC, 2009 WL
10676383, at *9 (W.D. Wash. Sept. 14, 2009).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'                              UNITED STATES ATTORNEY
FOURTH MOTION FOR PRELIMINARY INJUNCTION                          700 STEWART STREET, SUITE 5220
[Case No. 2:25-cv-00814-BJR] - 8                                  SEATTLE, WASHINGTON 98101
                                                                  (206) 553-7970

wrongfully enjoined or restrained." If the Court grants an injunction here, it should require Plaintiffs to post a bond for the value of the specific grants subject to the injunction.

## CONCLUSION

The Court should deny Plaintiffs' Fourth Motion for a Preliminary Injunction.

DATED this 8th day of December, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*s/ Brian C. Kipnis*
BRIAN C. KIPNIS

*s/ Sarah L. Bishop*
SARAH L. BISHOP
Assistant United States Attorneys
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-7970
Email: brian.kipnis@usdoj.gov
        sarah.bishop@usdoj.gov

*Counsel for Defendants*

I certify that this memorandum contains 2,436 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
FOURTH MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00814-BJR] - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970