THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, et al., <br><br> Defendants. | No. 2:25-cv-00814-BJR <br><br> PLAINTIFFS' REPLY IN SUPPORT OF FOURTH MOTION FOR PRELIMINARY INJUNCTION |

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH MOTION FOR PRELIMINARY INJUNCTION
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS[1]

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT..........................................................................................................................1

    A. Moving Plaintiffs Are Likely to Succeed on the Merits ......................................... 1

    B. Moving Plaintiffs Will Suffer Immediate and Irreparable Harm............................ 1

    C. The Federal Agencies Raise No New Arguments Regarding the Equities, Bond, or Stay ................................................................................................ 2

    D. The Federal Agencies' Arguments about the PI's Scope Are Meritless................................................................................................................... 2

III. CONCLUSION.......................................................................................................................5

---

[1] This Reply incorporates the defined terms in Plaintiffs' Motion for TRO, Dkt. #5, Second Motion for TRO and PI, Dkt. #72, Third Motion for PI, Dkt. #186, and Fourth Motion for PI, Dkt. #346.

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH
MOTION FOR PRELIMINARY INJUNCTION – i
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

This Court should issue a third preliminary injunction ("PI") preventing HUD, DOT, and HHS (the "Federal Agencies") from imposing their unlawful grant conditions on the 15 Additional Plaintiffs added in the Third Amended Complaint for Declaratory and Injunctive Relief, Dkt. #369, as well as extending relief to existing Plaintiffs Nashville, Tucson, and Denver (collectively, "Moving Plaintiffs"). As this Court has already recognized, the Federal Agencies' grant conditions likely violate separation-of-powers principles and the APA and are causing immediate and irreparable harm that cannot be remedied by damages. The Federal Agencies' repeated arguments opposing injunctive relief have been consistently rejected, and their new attempts to narrow the PI are meritless. A third PI is necessary to protect the Moving Plaintiffs from ongoing harm and ensure the Court's prior relief applies fully to all affected parties.

## II. ARGUMENT

### A. Moving Plaintiffs Are Likely to Succeed on the Merits

The Federal Agencies merely reprise their prior arguments that Plaintiffs are unlikely to succeed on the merits. *See* Dkt. #372 at 4–5. This Court has already rejected those arguments multiple times. *See* Dkt. ##169; 338. For the reasons the Court has previously stated, Moving Plaintiffs are likely to succeed on their claims that the CoC and Non-CoC HUD, DOT, and HHS Grant Conditions violate separation of powers, are not authorized by statute, and are arbitrary and capricious (as well as their other claims set forth in the briefing). *See* Dkt. ##169 at 30–38; 338 at 21–32.

### B. Moving Plaintiffs Will Suffer Immediate and Irreparable Harm

As the Federal Agencies concede, Moving Plaintiffs "present facts regarding alleged harm" that are "similar to those presented by the prior sets of plaintiffs." Dkt. #372 at 5. As explained in

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH
MOTION FOR PRELIMINARY INJUNCTION – 1
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

the Motion and supporting declarations, this harm includes budget instability, reductions in force, resource diversion, program elimination, and resulting injuries to the health, safety, and well-being of Plaintiffs' residents. *See* Dkt. ##346 at 9–11; 347–67. The Court should therefore find—just as it has before—that Moving Plaintiffs face immediate and irreparable harm. *See* Dkt. ##338 at 33–34 (finding these harms "are quintessentially irreparable in nature and can be avoided only by entry of the requested injunction"); 169 at 39–44.

The Federal Agencies again contend that Moving Plaintiffs should not be afforded preliminary relief because they joined the lawsuit and/or sought this relief after the Court issued its prior PIs. *See* Dkt. ##372 at 6; 334 at 14–15. That argument fails for the same reason it failed before: the Federal Agencies "cannot rely on a problem of their own making" to defeat injunctive relief. Dkt. #335 at 12. The Federal Agencies have rolled out the challenged grant conditions in a piecemeal fashion, frequently forcing jurisdictions to decide "on an extremely short deadline" whether to accept unlawful conditions. Dkt. #351 (Wong Decl. ¶ 9 (Bothell)). It is therefore entirely predictable that additional jurisdictions, confronting varied grant cycles and deadlines, are being harmed and compelled to seek relief as the Federal Agencies' unlawful actions continue.

**C. The Federal Agencies Raise No New Arguments Regarding the Equities, Bond, or Stay**

The Federal Agencies offer nothing new on the balance of equities, the public interest, a bond, or a stay. Dkt. ##372 at 5, 8–9; 334 at 14–15; 55 at 32–33. The Court should therefore conclude, once again, that "the balance of equities and the public interest" favor Moving Plaintiffs, and that the Federal Agencies have not met the standard for a stay or bond. Dkt. #338 at 34–36.

**D. The Federal Agencies' Arguments about the PI's Scope Are Meritless**

The Federal Agencies advance two new arguments seeking to narrow the scope of a third PI. The Court should reject both.

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH
MOTION FOR PRELIMINARY INJUNCTION – 2
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

First, the Federal Agencies argue that any further PI should exclude four DOT grant conditions listed in the August 12 PI, Dkt. #338, on the ground that those conditions allegedly "were never addressed or argued in Plaintiffs' briefing seeking that injunction." Dkt. #372 at 7. That argument is waived. It also fails on the merits because Plaintiffs' prior briefing fully addressed these grant conditions.

The Federal Agencies failed to raise this argument in their opposition to Plaintiffs' motion seeking the August 12 PI, Dkt. #334, and may not resurrect it now. *See Miller v. City of Burien*, No. 2:24-CV-1301-BJR, 2025 WL 371874, at *3 (W.D. Wash. Feb. 3, 2025) (Rothstein, J.). If the Federal Agencies believed there was any basis to exclude the four DOT conditions from the August 12 PI, they "could have and should have" raised their objection at the time. *Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 86 (S.D.N.Y. 2021) (citation omitted) (defendant forfeited arguments in opposition to preliminary injunction by failing to raise them in opposition to earlier motion for temporary restraining order); *cf. Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") The present motion merely seeks to extend existing DOT relief to certain Moving Plaintiffs.

Even if the Court were to consider the argument, it fails on the merits. The Federal Agencies are wrong that Plaintiffs did not address these DOT conditions in their briefing seeking the August 12 PI. Plaintiffs' prior submissions—including briefing from the TROs and the June 3 PI, which was incorporated by reference into the motion seeking the August 12 PI, *see* Dkt. #186 at 11—already addressed the core issues at stake: immigration enforcement, compliance with federal nondiscrimination laws and "unlawful" DEI, and compliance with all executive orders, including the Gender Ideology Order. *See* Dkt. ##5 at 10–13, 18–26; 72 at 5–12.

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH
MOTION FOR PRELIMINARY INJUNCTION – 3
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

For example, Plaintiffs highlighted DOT conditions requiring nondiscrimination certifications and cooperation with federal officials in enforcing immigration statutes. Dkt. #72 at 5–7. Plaintiffs also addressed a DOJ letter asserting that grant recipients engage in "unlawful discrimination" by "allowing individuals to use the bathroom that aligns with their gender identity," *id.* at 6 (quoting Dkt. #65, Ex. A), and explained that no court has construed federal nondiscrimination law to prohibit inclusion of transgender individuals, Dkt. #186 at 14 (compiling cases); *see also* Dkt. #184 ¶¶ 540, 558, 576 (addressing DOT's enforcement of the DEI Order, the Gender Ideology Order, and immigration statutes). The Court enjoined the challenged DOT conditions and any "materially similar terms" in both of its preliminary injunctions. Dkt. ##169 at 47–48; 338 at 38–39. Plaintiffs' briefing for the August 12 PI also incorporated an appendix listing all of the different permutations of the challenged conditions that Plaintiffs had identified to date, including the four now placed at issue by the Federal Agencies. Dkt. #186-1 at 37–38. In addition to being expressly before the Court and the Federal Agencies, the four conditions the Federal Agencies point to are the same as or are materially similar to what was previously briefed and enjoined, covering compliance with federal nondiscrimination laws and guidance, immigration enforcement statutes (8 U.S.C. §§ 1324; 1327), and executive orders, including the DEI Order and Gender Ideology Order. *See* Dkt. ##372 at 7; 158-1 at 19 (proposed order incorporating "materially similar terms or conditions"). These fall squarely within the scope of issues already addressed in Plaintiffs' prior briefing and within the scope of the Court's prior PIs against DOT, and were expressly listed in Plaintiffs' appendix to the proposed order seeking the August 12 PI.

The Federal Agencies also argue that Moving Plaintiffs "did not move" to enjoin the four DOT conditions in the present motion and thus "may not make arguments in support of such relief in any reply." Dkt. #372 at 8 n.1. Not so. The motion explicitly asks the Court to extend the same

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH
MOTION FOR PRELIMINARY INJUNCTION – 4
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

relief granted in the August 12 PI—which enjoined the four DOT conditions in question—and incorporates all prior briefing. *See* Dkt. #346 at 10–11 ("Additional Plaintiffs seek the same . . . preliminary relief provided by the Court in its August 12, 2025 PI order as to HUD, DOT and its operating administrations, and HHS.").

Second, the Federal Agencies argue that any new injunction should clarify that it does not prohibit certifications of compliance with "basic, longstanding civil rights laws." Dkt. #372 at 8. Such a carve-out would substantially undermine the PI. The Federal Agencies have previously and repeatedly insisted that "[t]he requirements Plaintiffs object to here *are no different*" from such "longstanding" laws. Dkt. #55 at 25 (emphasis added); *see also* Dkt. #334 at 8 ("[T]he Non-CoC HUD Grant Conditions merely require grant recipients to agree to comply with existing federal laws, like federal antidiscrimination laws . . . ."). Accepting the Federal Agencies' framing would effectively give them a blank check to enforce their novel and legally unsupported interpretations that this Court has flatly rejected. *See, e.g.*, Dkt. #338 at 27–28. Nor is any carve-out necessary: as the Federal Agencies themselves acknowledge, "the obligations of Title VI apply regardless of any certification." Dkt. #55 at 25. Moreover, their proposed condition treats the certification as "material" for purposes of the False Claims Act, which is also improper. Dkt. #372 at 8; *see also* Dkt. #72 at 11–12 (addressing False Claims Act materiality).

### III.     CONCLUSION

The Federal Agencies repeat arguments this Court has already rejected, and their new attempts to limit the PI are meritless. The Moving Plaintiffs are likely to succeed on their separation-of-powers and APA claims and face immediate, irreparable harm. They therefore respectfully request the Court enter a third PI extending previously granted relief to them and deny the Federal Agencies request for a stay pending appeal.

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH
MOTION FOR PRELIMINARY INJUNCTION – 5
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

DATED this 22nd day of December, 2025.

PACIFICA LAW GROUP LLP

*/s/ Paul J. Lawrence*
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Galen Knowles, WSBA #59644
*Special Deputy Prosecutors*

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
Tel: (206) 245-1700
Fax: (206) 245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Galen.Knowles@PacificaLawGroup.com

*Attorneys for All Plaintiffs*

PUBLIC RIGHTS PROJECT

*/s/ Sharanya Mohan*
Sharanya (Sai) Mohan (CA Bar No. 350675)*
Naomi Tsu (OR Bar No. 242511)*
Toby Merrill (MA Bar No. 601071)*
Graham Provost (D.C. Bar No. 1780222)**
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org
graham@publicrightsproject.org

*Counsel for Plaintiffs City of Columbus, City & County of Denver, Metro Government of Nashville & Davidson County, Pima County, County of Sonoma, City of Bend, City of Cambridge, City of Chicago, City of Culver City, City of Minneapolis, City of Pasadena, City of*

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH
MOTION FOR PRELIMINARY INJUNCTION – 6
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of Tucson, City of Wilsonville, Santa Monica Housing Authority, County of Alameda, City of Albuquerque, Mayor and City Council of Baltimore, City of Bellevue, City of Bellingham, City of Bremerton, County of Dane, City of Eugene, City of Healdsburg, County of Hennepin, Kitsap County, City of Los Angeles, City of Milwaukee, Milwaukee County, Multnomah County, City of Oakland, City of Pacifica, City of Petaluma, Ramsey County, City of Rochester, City of Rohnert Park, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Puget Sound Regional Council, Sonoma County Transportation Authority, Sonoma County Community Development Commission, City of Albany, Allegheny County, City of Cincinnati, Delaware County, Los Angeles Homeless Services Authority, City of New Haven, City of Palo Alto, and City of Santa Fe*

\*Admitted *pro hac vice*
\*\*Application for *pro hac vice admission* forthcoming

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH MOTION FOR PRELIMINARY INJUNCTION – 7
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I served a true and correct copy of the foregoing document on the following parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for all Defendants* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 22 day of December, 2025.

/s/Mendy Graves
Mendy Graves
Litigation Assistant
Pacifica Law Group LLP

PLAINTIFFS' REPLY IN SUPPORT OF FOURTH MOTION FOR PRELIMINARY INJUNCTION – 8
No. 2:25-cv-00814-BJR

PACIFICA LAW GROUP LLP
401 UNION STREET, SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750