The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, *et al.*,<br><br>Defendants. | NO. 2:25-cv-814<br><br>**ORDER GRANTING PLAINTIFFS' FOURTH MOTION FOR PRELIMINARY INJUNCTION** |

## I.   INTRODUCTION

Before the Court is Plaintiffs' Fourth Motion for Preliminary Injunction, which Defendants oppose. Dkt. Nos. 346 and 372. Having reviewed the motion, opposition, and reply thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.     PROCEDURAL HISTORY

This case started on May 2, 2025 when eight cities and counties sued the United States Department of Housing and Urban Development ("HUD"), the United States Department of Transportation ("DOT"), and the Federal Transit Administration ("FTA"), as well as the respective agency heads in their official capacities, challenging the imposition of new funding conditions on grants that had been conditionally awarded to the cities and counties for fiscal year 2024. Dkt. No. 1. This Court issue a temporary restraining order on those original claims on May 21, 2025. Dkt. No. 52. Plaintiffs then amended the complaint to add 23 new plaintiffs, as well as three new defendants: the Federal Highway Administration ("FHWA"), the Federal Aviation Administration ("FAA"), and the Federal Railroad Administration ("FRA"), and the corresponding agency heads in their official capacities. Dkt. No. 71. Thereafter, this Court granted Plaintiffs' first and second motions for a preliminary injunction on June 3, 2025 ("the June 3, 2025 Injunction"). Dkt. No. 169. Defendants' appeal of the June 3, 2025 Injunction is pending. Dkt. No. 173.

In July 2025, Plaintiffs amended the complaint again, adding 29 new units of local governments as plaintiffs, and adding the United States Department of Health and Human Services ("HHS"), including the Administration for Children and Families ("ACF"), Health Resources and Services Administration ("HRSA"), National Institutes of Health ("NIH"), Substance Abuse and Mental Health Services Administration ("SAMHSA"), and the Centers for Disease Control and Prevention ("CDC") as defendants. Dkt. No. 184. Plaintiffs then filed a third motion for preliminary injunction that encompassed these new parties, which this Court granted

on August 12, 2025 ("the August 12, 2025 Injunction"). Dkt. Nos. 186 and 338. Defendants appealed the August 12, 2025 Injunction as well, and it also remains pending. Dkt. No. 342.

Plaintiffs' latest amended complaint, filed in November 2025, adds 15 new state and local entities as plaintiffs ("the Additional Plaintiffs").[1] Dkt. No. 369. In the instant motion, Plaintiffs seek to extend the August 12, 2025 Injunction to encompass the Additional Plaintiffs. Dkt. No. 346. In addition, three existing Plaintiffs that did not previously move for injunctive relief as to some of their grants now seek such relief.[2]

### III. FACTUAL BACKGROUND

The relevant factual allegations have already been set forth in extensive detail on several occasions and will not be repeated here. *See*, *e.g*., Dkt. Nos. 169 and 338. Instead, it is sufficient to state that this action challenges grant funding conditions that HUD, DOT, and HHS have been attaching to grants they administer pursuant to congressionally authorized programs. Plaintiffs allege that these conditions are unlawful and seek to force Plaintiffs to implement the Trump Administration's policy objectives, including ending diversity, equity, and inclusion ("DEI") programs, aggressively enforcing immigration law, and adhering to other executive orders unrelated to the programs' purposes. As such, Plaintiffs sought to enjoin Defendants from imposing the new funding conditions on their grants.

---

[1] The Additional Plaintiffs are City of Albany ("Albany"), Allegheny County, City of Berkeley ("Berkeley"), City of Bothell ("Bothell"), City of Cincinnati ("Cincinnati"), Delaware County, Los Angeles Homeless Services Authority ("LAHSA"), City of New Haven ("New Haven"), City of Olympia ("Olympia"), City of Palo Alto ("Palo Alto"), City of Port Angeles ("Port Angeles"), City of Santa Fe ("Santa Fe"), City of Spokane ("Spokane"), City of Tacoma ("Tacoma"), and Thurston County.

[2] The three existing plaintiffs are City and County of Denver ("Denver"), the Metropolitan Government of Nashville and Davidson County ("Nashville"), and City of Tucson ("Tucson").

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 3

This Court previously determined that Plaintiffs are likely to succeed on the merits of their claims that Defendants' actions violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, as contrary to the constitution and in excess of statutory authority, and arbitrary and capricious and, as such, granted preliminary injunctions enjoining Defendants from, among other things, imposing or enforcing the challenged funding conditions at any stage of the grant-making process.

With this motion, Plaintiffs allege that the Additional Plaintiffs are also confronted with the untenable choice of either accepting the unlawful funding conditions or face the imminent, irreparable harm of losing grant funds that provide for important community services. For instance, Plaintiffs claim that the Additional Plaintiffs with HUD grants use those funds to provide housing, supportive services, and other critical homelessness assistance; home modifications for seniors and people with disabilities; veterans' housing rehabilitation; food security; senior home rehabilitation; lead paint remediation; crime reduction; and small business assistance.[3] Plaintiffs allege that these HUD funds ensure families can stay in safe housing that

---

[3] Dkt. No. 348 (Grande Decl. ¶¶ 6, 11, 13 (Albany)); Dkt. No. 349 (Fournier Decl. ¶ 7 (Allegheny County)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 359 (Everett Decl. ¶ 5 (Olympia)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 366 (Hernandez Decl. ¶ 6. (Thurston County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 355 (Reed Decl. ¶ 7 (LAHSA)); Dkt. No. 62 (Oster Decl. ¶ 6 (Santa Fe)); Dkt. No. 363 (Kinder Decl. ¶ 6 (Spokane)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 366 (Hernandez Decl. ¶ 6 (Thurston County)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 363 (Kinder Decl. ¶ 6 (Spokane)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 359 (Everett Decl. ¶ 5 (Olympia)); Dkt. No. 364 (Kim Decl. ¶ 6 (Tacoma)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 4

meets their needs and that without HUD funds, residents will lose access to housing, meals, and other lifesaving services.[4]

Plaintiffs further allege that the Additional Plaintiffs who receive HHS grants use those funds for, among other things, HIV prevention; meals and assistance for seniors; substance use disorder treatment; foster care and adoption assistance; and home health visits to families with young children.[5] They claim that loss of HHS funds will mean many of these programs will be curtailed or terminated, and residents will lose access to food, medical care, childcare, housing, and other critical services.[6] They also claim that loss of funds will have serious public health consequences, such as diminished pandemic preparedness and communicable disease control.[7]

Plaintiffs allege that the Additional Plaintiffs with DOT grants use those funds for pedestrian safety; bridge improvements; airfield maintenance and improvements; equipment modernization, such as repowering locomotives; zero-emission vehicles; and signal system

---

[4] Dkt. No. 349 (Fournier Decl. ¶¶ 7, 14 (Allegheny County)); Dkt. No. 359 (Everett Decl. ¶¶ 5, 10 (Olympia)); Dkt. No. 364 (Kim Decl. ¶¶ 6, 12 (Tacoma)); Dkt. No. 355 (Reed Decl. ¶ 13 (LAHSA)); Dkt. No. 358 (Elicker Decl. ¶ 12 (New Haven)); Dkt. No. 363 (Kinder Decl. ¶ 12 (Spokane)).
[5] Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 350 (Buddenhagen Decl. ¶ 7 (Berkeley)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 362 (Oster Decl. ¶ 6 (Santa Fe)); Dkt. No. 349 (Fournier Decl. ¶ 7 (Allegheny County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)).
[6] Dkt. No. 366 (Hernandez Decl. ¶ 12 (Thurston County)); Dkt. No. 353 (O'Malley Decl. ¶ 13 (Delaware County)); Dkt. No. 349 (Fournier Decl. ¶ 15 (Allegheny County))
[7] Dkt. No. 349 (Fournier Decl. ¶¶ 7, 15 (Allegheny County)); Dkt. No. 352 (Sutter Decl. ¶¶ 12, 21 (Cincinnati)); Dkt. No. 353 (O'Malley Decl. ¶¶ 5–6, 13 (Delaware County)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 5

1  enhancements.[8] They claim that losing DOT funding will result in service reductions, delay or

2  cancelation of planned improvement projects, and disruption of operational and fiscal planning.[9]

3       Lastly, Plaintiffs allege that existing Plaintiffs Nashville and Tucson did not initially join

4  Plaintiffs' preliminary injunction motion as to the HHS Grant Conditions, and existing Plaintiff

5  Denver did not initially join Plaintiffs' preliminary injunction motion as to Non-CoC HUD Grant

6  Conditions, but those Plaintiffs now seek relief as to those agencies. Plaintiffs claim that HHS is

7  now seeking to apply the contested funding conditions to Nashville and Tucson's already-

8  awarded grants, and both cities will likely face these same conditions for future HHS draw

9  downs and in any future HHS grants they are awarded.[10] Thus, Nashville and Tucson now seek

10 the same preliminary injunctive relief the Court granted as to the other Plaintiffs challenging the

11 HHS Grant Conditions.[11] Similarly, Plaintiffs claim that HUD is now requiring Denver to accept

12 the challenged funding conditions in order to accept its HUD block grant awards, and now seeks

---

[8] Dkt. No. 350 (Buddenhagen Decl. ¶ 6 (Berkeley)); Dkt. No. 351 (Wong Decl. ¶ 6 (Bothell)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 351 (Wong Decl. ¶ 6 (Bothell)); Dkt. No. 352 (Sutter Decl. ¶ 11 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 366 (Hernandez Decl. ¶ 6 (Thurston County)); Dkt. No. 352 (Sutter Decl. ¶ 11 (Cincinnati)); Dkt. No. 362 (Oster Decl. ¶ 6 (Santa Fe)); Dkt. No. 365 (Matheson Decl. ¶ 6 (Tacoma)); Dkt. No. 360 (Shikada Decl. ¶ 8 (Palo Alto)); Dkt. No. 351 (Wong Decl. ¶ 6 (Bothell)).

[9] Dkt. No. 349 (Fournier Decl. ¶¶ 13, 15 (Allegheny County)); Dkt. No. 351 (Wong Decl. ¶ 11 (Bothell)); Dkt. No. 352 (Sutter Decl. ¶¶ 18, 20–21 (Cincinnati)); Dkt. No. 353 (O'Malley Decl. ¶ 13 (Delaware County)); Dkt. No. 358 (Elicker Decl. ¶ 12 (New Haven)); Dkt. No. 360 (Shikada Decl. ¶ 14 (Palo Alto)); Dkt. No. 361 (Curtin Decl. ¶ 12 (Port Angeles)); Dkt. No. 365 (Matheson Decl. ¶ 12 (Tacoma)).

[10] Dkt. No. 357 (Dairo Decl. ¶¶ 9–17 (Nashville)); Dkt. No. 356 (Areola Decl. ¶¶ 8–10, 12–14 (Nashville)); Dkt. No. 367 (Halversen Decl. ¶¶ 5, 7 (Tucson)).

[11] *See* Dkt. No. 356 (Areola Decl. ¶¶ 6–7, 11, 15 (Nashville)); Dkt. No. 357 (Dairo Decl. ¶¶ 6–7, 12, 15, 18 (Nashville)); Dkt. No. 367 (Halversen Decl. ¶¶ 6, 8 (Tucson)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 6

the same preliminary injunctive relief the Court granted to other Plaintiffs challenging the Non-CoC HUD Grant Conditions.[12]

### IV. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking preliminary injunctive relief must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20. An injunction may also be awarded where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing that it is entitled to this extraordinary remedy. *California v. Trump*, 379 F. Supp. 3d 928, 937 (N.D. Cal. 2019) (citing *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010)). The most important *Winter* factor is likelihood of success on the merits. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

In considering the likelihood of success on the merits, the court is not strictly bound by the rules of evidence, as the "preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."

---

[12] Dkt. No. 354 (Doheny Decl. ¶¶ 6–15 (Denver)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 7

*Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "Because of the extraordinary nature of injunctive relief, including the potential for irreparable injury if not granted, a district court may consider evidence outside the normal rules of evidence, including: hearsay, exhibits, declarations, and pleadings." *Nat'l Rifle Assoc. of Am. v. City of Los Angeles*, 441 F. Supp. 3d 915, 926 (C.D. Cal. 2019) (citing *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009)).

### V.    DISCUSSION

As stated above, this is the fourth request for a preliminary injunction in this matter. Plaintiffs assert that the Additional Plaintiffs, as well as Nashville, Tucson, and Denver, seek the same injunctive relief previously granted to the other Plaintiffs with respect to the challenged HUD, DOT, and HHS funding conditions, based on factual and legal showings that Plaintiffs contend are materially indistinguishable. Plaintiffs further note that the Court has already determined that Plaintiffs are likely to succeed on the merits of their challenge to those conditions and that they face a likelihood of irreparable harm absent preliminary relief. On that basis, Plaintiffs maintain that the existing injunctions should be extended to the Additional Plaintiffs as well as Nashville, Tucson, and Denver.

Defendants acknowledge that the Additional Plaintiffs rely on facts and law that are largely indistinguishable from those advanced by the existing Plaintiffs and further concede that this Court has found such showings sufficient to warrant preliminary injunctive relief. Accordingly, Defendants do not reassert their prior arguments here, but instead incorporate them by reference. *See*, *e.g.*, Dkt. No. 372 at 3-4 (stating that this "Court should deny Plaintiffs' fourth preliminary injunction motion for the same reasons set out in Defendants' prior briefs" and that Defendants "continue to stand on [the] counterarguments" raised in opposition to the three prior

motions for injunctive relief and "incorporate them by reference here"). Because the parties elect to rely on arguments previously presented—arguments that the Court has already thoroughly considered and resolved—the Court does not revisit them here. The Court instead addresses only the limited new arguments Defendants raise with respect to the Additional Plaintiffs.

First, Defendants contend—in cursory fashion—that the Additional Plaintiffs' claims of irreparable harm are undermined because they did not seek injunctive relief until November, several months after the other Plaintiffs did. *See* Dkt. No. 372 at 6. The Court is unpersuaded. As explained in detail in the Court's June 3 and August 12 orders, Defendants have implemented their grant-related guidance in a haphazard, piecemeal, and unpredictable manner, frequently seemingly contradicting guidance issued only weeks earlier. This shifting landscape has required grant recipients to repeatedly reassess the impact of Defendants' actions on their programs and operations, often under significant time pressure and with substantial consequences for services fundamental to their communities. In these circumstances, it is neither surprising nor legally significant that additional local entities—operating on differing grant cycles and subject to varying deadlines—have experienced harm and sought relief at later points as Defendants' actions have continued. The timing of the Additional Plaintiffs' requests therefore does not undermine their showing of irreparable harm.

Second, Defendants contend that the August 12, 2025 Injunction "bars DOT and its components from enforcing four new conditions that were never addressed or argued in Plaintiffs' briefing seeking that injunction," and therefore should not apply to the Additional Plaintiffs.[13] *Id*. at 7. The Court disagrees. First, Defendants did not raise this argument in

---

[13] The four conditions that Defendant challenges are:

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 9

opposition to Plaintiffs' motion seeking the August 12, 2025 Injunction and, as a general matter, failure to raise an argument at the appropriate stage constitutes forfeiture of the argument in later stages of the litigation. *See, e.g.*, *Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 86 (S.D.N.Y. 2021) (defendant forfeited arguments in opposition to a preliminary injunction by failing to raise them in opposition to an earlier motion for a temporary restraining order) (citation omitted). More importantly, Plaintiffs did address the four challenged conditions in prior submissions, which were incorporated by reference into their motion seeking the August 12, 2025 Injunction. *See* Dkt. No. 186 at 11. The Court found these arguments persuasive in granting both the June 3 and August 12, 2025 Injunctions.

Lastly, Defendants argue that "any new injunction [should] make clear that it does not prohibit Defendants from requiring certification of compliance with basic, longstanding civil rights laws." *Id.* at 8. This contention merely repackages Defendants' previously rejected argument that the challenged funding conditions do no more than require grant recipients to

---

- "The recipient or applicant agrees to comply with executive orders, including but not limited to Executive Order 14168 titled Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government, as they relate to the application, acceptance, and use of Federal funds for this project or grant.
- "The recipient or applicant will follow applicable federal laws pertaining to Subchapter 12, and be subject to the penalties set forth in 8 U.S.C. § 1324, Bringing in and harboring certain aliens, and 8 U.S.C. § 1327, Aiding or assisting certain aliens to enter."
- "The recipient or applicant must comply with other applicable federal nondiscrimination laws, regulations, and requirements, and follow federal guidance prohibiting discrimination."
- "Performance under this agreement or application shall be governed by and in compliance with the following requirements, as applicable, to the type of organization of the recipient or applicant and any applicable sub-recipients. The applicable provisions to this agreement or application include, but are not limited to, the following: Bringing in and harboring certain aliens – 8 U.S.C. 1324; Aiding or assisting certain aliens to enter – 8 U.S.C. 1327; Executive Order 14151, Ending Radical and Wasteful Government DEI Programs and Preferencing; Executive Order 14168 Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government; and Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity."

Dkt. No. 372 at 7.

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 10

comply with existing federal antidiscrimination laws. As this Court has already explained, the flaw in that position is that the record is replete with evidence showing that Defendants interpret federal antidiscrimination laws in a manner inconsistent with well-established legal precedent. *See*, *e.g.*, *King County, et al. v. Turner*, 2025 WL 2322763, at *12–13 (W.D. Wash. Aug. 12, 2025) (internal citations omitted). Grant recipients are thus forced to choose between complying with federal antidiscrimination laws as interpreted by the Trump Administration or as established by controlling legal authority. That choice is untenable, particularly when coupled with the requirement that recipients "certify" that such compliance is "material" for purposes of the False Claims Act. The Court has rejected this argument before and does so again here.

## VI.    CONCLUSION

For the foregoing reasons, as well as the reasons stated in the June 3 and August 12, 2025 orders granting Plaintiffs' previous motions for a preliminary injunction, the Court HEREBY RULES as follows:

(1) the Additional Plaintiffs, as well as existing Plaintiffs Nashville, Tucson, and Denver, are likely to succeed on the merits of their claims that the challenged HUD, DOT, and HHS funding violate separation of powers, are not authorized by statute, and are arbitrary and capricious;

(2) the Additional Plaintiffs, as well as existing Plaintiffs Nashville, Tucson, and Denver, present sufficient evidence to support their claims that they face imminent, irreparable harm absent emergency relief;

(3) that the balance of equities and public interest favors an injunction; and

(4) a stay and/or bond is not warranted.

Therefore, Plaintiffs' fourth motion for a preliminary injunction is GRANTED and the August 12, 2025 preliminary injunction [Dkt. No. 338] is EXTENDED, as follows:

    A.    The definition of "CoC Plaintiffs" is amended to include the Additional HUD CoC Plaintiffs as defined in Appendix I, and Paragraphs 2–3 of the injunction are extended to apply to the Additional HUD CoC Plaintiffs.

    B.    The definition of "Non-CoC HUD Plaintiffs" is amended to include the Additional HUD Non-CoC Plaintiffs as defined in Appendix I, and Paragraphs 4–5 of the injunction are extended to apply to the Additional HUD Non-CoC Plaintiffs.

    C.    The definition of "Non-CoC HUD Plaintiffs" is further amended to include Denver, and Paragraphs 4–5 of the injunction are extended to apply to Denver.

    D.    The definition of "DOT Plaintiffs" is amended to include the Additional DOT Plaintiffs as defined in Appendix I, and Paragraphs 6–7 of the injunction are extended to apply to the Additional DOT Plaintiffs.

    E.    The definition of "HHS Plaintiffs" is amended to include the Additional HHS Plaintiffs as defined in Appendix I, and Paragraphs 8–9 of the injunction are extended to apply to the Additional HHS Plaintiffs.

    F.    The definition of "HHS Plaintiffs" is further amended to include Nashville and Tucson, and Paragraphs 8–9 of the injunction are extended to apply to Nashville and Tucson.

    G.    The notice and compliance provisions in Paragraphs 10–11 of the injunction are extended to apply to the Additional Plaintiffs, to Denver as to the Non-CoC HUD Grant Conditions, and to Nashville and Tucson as to the HHS Grant Conditions.

//

//

//

//

This order shall remain in effect pending further orders from this Court.

Dated this 21st day of January 2026.

Barbara Jacobs Rothstein
U.S. District Court Judge

# APPENDIX I

The "Additional HUD CoC Plaintiffs" are:

- Allegheny County, Pennsylvania
- City of Berkeley, California
- City of Cincinnati, Ohio
- Delaware County, Pennsylvania
- Los Angeles Homeless Services Authority (LAHSA)
- City of Spokane, Washington
- The "Additional HUD Non-CoC Plaintiffs" are:
- City of Albany, New York
- Alleghany County, Pennsylvania
- City of Berkeley, California
- City of Cincinnati, Ohio
- Delaware County, Pennsylvania
- Los Angeles Homeless Services Authority (LAHSA)
- City of New Haven, Connecticut

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 13

- City of Olympia, Washington
- City of Palo Alto, California
- City of Port Angeles, Washington
- City of Santa Fe, New Mexico
- City of Spokane, Washington
- City of Tacoma, Washington
- Thurston County, Washington

The "Additional DOT Plaintiffs" are:

- City of Albany, New York
- Allegheny County, Pennsylvania
- City of Berkeley, California
- City of Bothell, Washington
- City of Cincinnati, Ohio
- Delaware County, Pennsylvania
- City of New Haven, Connecticut
- City of Palo Alto, California
- City of Port Angeles, Washington
- City of Santa Fe, New Mexico
- City of Tacoma, Washington
- Thurston County, Washington

The "Additional HHS Plaintiffs" are:

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 14

- Allegheny County, Pennsylvania
- City of Berkeley, California
- City of Cincinnati, Ohio
- Delaware County, Pennsylvania
- City of New Haven, Connecticut
- City of Santa Fe, New Mexico
- Thurston County, Washington

The Additional HUD CoC Plaintiffs, Additional HUD Non-CoC Plaintiffs, Additional DOT Plaintiffs, and Additional HHS Plaintiffs, collectively, are referred to herein as the Additional Plaintiffs.

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION