# Exhibit B

**Bishop, Sarah (USAWAW)**

| | |
|---|---|
| **From:** | Office of Public Affairs <OfficeofPublicAffairs@hud.gov> |
| **Sent:** | Thursday, January 22, 2026 1:35 PM |
| **To:** | Office of Public Affairs |
| **Subject:** | Notice of New Preliminary Injunction – Martin Luther King, Jr. County, et al. v. Turner, et al., 2:25-cv-00814 (W.D. Wash.); 25-3664 & 25-6428 (9th Cir.) |
| **Attachments:** | 2026.01 Notice of new PI - HUD.pdf; Dkt 381 ORDER Granting PL's 4th PI Mtn.pdf; Dkt. 338 - Order Granting Third PI 2025.08.12.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |



HUD Staff and Contractors,

At the direction of the United States District Court for the Western District of Washington, you are hereby advised that an updated Preliminary Injunction Order was issued in *Martin Luther King, Jr. County, et al. v. Turner, et al.*, 2:25-cv-00814 (W.D. Wash.); 25-3664 & 25-6428 (9th Cir.) adding new Plaintiffs to the case. The Court has directed that notice of this new Order, and the prior Order shall be provided to all HUD employees by COB Friday, January 23, 2026.  A copy of both Orders and a notice prepared by the Department of Justice regarding them is attached for reference.

1

To:     Agency Employees and Contractors
        U.S. Department of Housing and Urban Development

From:   Brian C. Kipnis, Sarah L. Bishop
        U.S. Attorney's Office for the Western District of Washington

Date:   January 22, 2026

Re:     Notice of Court Order, *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.)

_____

## NOTICE OF COURT ORDER

At the direction of the United States District Court for the Western District of Washington, you are hereby advised that a new preliminary injunction order has been entered in the case of *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.), ECF No. 381 (Jan. 21, 2026). The Court has directed that notice of the order be provided to "all Defendants and their employees by the end of the second day after [its] issuance." This new injunction extends the Court's most recent injunction, which issued on August 12, 2025, to more plaintiffs. Copies of both the new and the prior injunction are enclosed for reference. You should review the injunctions for their full terms. But to assist in your compliance, we provide a summary in this notice.

As relevant to you, this case challenges certain terms incorporated into U.S. Department of Housing and Urban Development ("HUD") grant agreements for Fiscal Years 2024 and 2025 awarded to the relevant plaintiffs (the "HUD Plaintiffs"). Lists of the relevant grant terms (the "Enjoined Terms") and HUD Plaintiffs can be found at the end of this notice. For ease of reference, the additional plaintiffs added by the latest injunction are denoted in red.

Under the Court's order:

1.  HUD is enjoined from:

    a)  imposing or enforcing the Enjoined Terms at any stage of the grantmaking process, with respect to any HUD funds awarded to the HUD Plaintiffs;

    b)  as to the HUD Plaintiffs, rescinding, withholding, cancelling, or otherwise not processing any grant agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning grant funds, based on the Enjoined Terms, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to the Enjoined Terms;

    c)  requiring the HUD Plaintiffs to make any "certification" or other representation related to compliance with the Enjoined Terms;

1

    d) retroactively applying the Enjoined Terms to HUD Plaintiffs' grant agreements during the effective period of the Court's injunctions or TROs in this lawsuit— *i.e.*, from May 7, 2025, onwards; or

    e) refusing to issue, process, or sign grant agreements based on HUD Plaintiffs' participation in this lawsuit.

2. Further, HUD shall treat as null, void, and rescinded:

    a) any actions already taken to implement or enforce the Enjoined Terms as to the HUD Plaintiffs, including any delays or withholding of funds based on the Enjoined Terms;

    b) any of the Enjoined Terms included in any grant agreement executed by any HUD Plaintiff during the effective period of the Court's injunctions or TROs in this lawsuit, *i.e.*, from May 7, 2025, onwards.

3. Lastly, HUD shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

As the Court's order reflects, the injunction is temporary, as litigation in the case is ongoing. But the Court's order is in effect and must be complied with until further notice.

If you have any questions about the scope or effect of the Court's order, please contact HUD's Office of General Counsel. Thank you for your attention to this matter.

2

## I.    TERMS AND PLAINTIFFS RELATED TO CONTINUUM OF CARE ("CoC") GRANTS

### A.  Relevant Plaintiffs:

**Important:** the relevant plaintiffs include both the entities listed below *and* their continuum members or subrecipients.

Arizona:
Pima County
Tucson

California:
Alameda County
Berkeley
Los Angeles Homeless Services Authority
(LAHSA)
Oakland
Pasadena
Petaluma
San Francisco (City and County)
San Jose
San Mateo County
Santa Clara County
Santa Monica Housing Authority
Sonoma County

Maryland:
Baltimore

Massachusetts:
Boston
Cambridge

Minnesota:
Hennepin County
Ramsey County

New Mexico:
Albuquerque

New York:
New York City

Ohio:
Cincinnati
Columbus

Oregon:
Multnomah County

Pennsylvania:
Allegheny County
Delaware County

Tennessee:
Nashville & Davidson County (Metropolitan
Government of)

Washington:
King County & King County Regional
Homelessness Authority
Pierce County
Snohomish County
Spokane

Wisconsin:
Dane County
Milwaukee

3

**B. Relevant Enjoined Terms:**

**Important:** the enjoined terms include both the terms listed below *and* any materially similar terms or conditions.

- The recipient or applicant shall not use grant funds to promote "gender ideology," as defined in Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;

- The recipient or applicant agrees that its compliance in all respects with all applicable Federal antidiscrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;

- The recipient or applicant certifies that it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964;

- The recipient or applicant shall not use any Grant Funds to fund or promote elective abortions, as required by Executive Order 14182, Enforcing the Hyde Amendment;

- The recipient or applicant must administer its grant in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (8 U.S.C. 1601-1646) ("PRWORA") and any applicable requirements that HUD, the Attorney General, or the U.S. Center for Immigration Services [sic] may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws;

- No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation;

- Subject to the exceptions provided by PRWORA, the recipient or applicant must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States;

- The recipient or applicant agrees that use of Grant Funds and its operation of projects assisted with Grant Funds are governed by all Executive Orders.

4

**II.**   **TERMS AND PLAINTIFFS RELATED TO OTHER HUD GRANTS**

**A.  Relevant Plaintiffs:**

**Important:** the relevant plaintiffs include both the entities listed below *and* their continuum members or subrecipients.

Arizona:
Pima County
Tucson

California:
Alameda County
Berkeley
Culver City & Housing Authority
Los Angeles
Los Angeles Homeless Services Authority (LAHSA)
Oakland
Palo Alto
Pasadena
Petaluma
San Diego
San Francisco
San Jose
San Mateo County
Santa Clara
Santa Monica & Housing Authority
Santa Rosa
Sonoma County & Community Development Commission
Watsonville

Connecticut:
New Haven

Illinois:
Chicago

Maryland:
Baltimore

Massachusetts:
Boston
Cambridge

Minnesota:
Hennepin County
Minneapolis
Ramsey County

New Mexico:
Albuquerque
Santa Fe

New York:
New York City
Rochester

Ohio:
Cincinnati
Columbus

Oregon:
Bend
Eugene
Multnomah County
Portland

Pennsylvania:
Allegheny County
Delaware County
Pittsburgh

Tennessee:
Nashville

5

Washington:
Bellevue
Bellingham
Bremerton
King County & Regional Homelessness
Authority
Kitsap County
Olympia
Pierce County
Port Angeles
Snohomish County
Spokane
Tacoma
Thurston County

Wisconsin:
Dane County
Milwaukee

6

**B. Relevant Enjoined Terms:**

**Important:** the enjoined terms include both the terms listed below *and* any materially similar terms or conditions.

- The recipient or applicant will not use Federal funding to promote diversity, equity, and inclusion ("DEI") mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws;

- – The recipient or applicant shall not use grant funds to promote "gender ideology," as defined in Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;

- The recipient or applicant agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;

- The recipient or applicant certifies that it does not operate any programs that violate any applicable Federal antidiscrimination laws, including Title VI of the Civil Rights Act of 1964;

- The recipient or applicant shall not use any grant funds to fund or promote elective abortions, as required by Executive Order 14182, Enforcing the Hyde Amendment;

- The recipient or applicant must administer its grant in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (8 U.S.C. 1601-1646) ("PRWORA") and any applicable requirements that HUD, the Attorney General, or the U.S. Citizenship and Immigration Services may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws;

- If applicable, no state or unit of general local government that receives or applies for funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation;

- Unless excepted by PRWORA, the recipient or applicant must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States.

- The recipient or applicant must comply with applicable existing and future Executive Orders, as advised by the Department, including but not limited to E.O. 14182, Enforcing the Hyde Amendment; Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity; Executive Order 14168, Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government; and Executive Order 14151, Ending Radical and Wasteful Government DEI Programs and Preferencing.

7