HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR. COUNTY, et al.,

Plaintiff,

v.

SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, et al.,

Defendants.

No. 2:25-cv-00814-BJR

PLAINTIFFS' FIFTH MOTION FOR PRELIMINARY INJUNCTION



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS


I. INTRODUCTION ....... 1

II. STATEMENT OF FACTS ....... 1

III. ARGUMENT ....... 5

A. Legal Standard. ....... 5

B. The HUD Plaintiffs Are Likely to Succeed on the Merits. ....... 5

1. Imposing the New HUD Conditions Violates the APA. ....... 5

a.) The Conditions exceed statutory authority and violate the separation of powers. ....... 5

b.) The Conditions violate the Spending Clause. ....... 9

c.) The Conditions are arbitrary and capricious. ....... 11

2. The New HUD Conditions Independently Violate Separation of Powers and the Spending Clause. ....... 13

C. The HUD Plaintiffs Will Suffer Irreparable Harm If the New HUD Conditions Are Not Enjoined. ....... 13

D. The Balance of Equities and Public Interest Favor HUD Plaintiffs. ....... 14

IV. CONCLUSION ....... 15




PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

The Trump Administration continues its campaign to dictate local government policy through new unlawful grant conditions. In this Fifth Motion for Preliminary Injunction, certain Plaintiffs who receive, have received, or are eligible to receive HUD grants ("HUD Plaintiffs")[1] seek relief from new HUD conditions ("New HUD Conditions" or "Conditions") that would purport to make them "fiduciaries" of HUD and the American people, bar HUD funds to any provider that offers certain harm reduction services regardless of whether those services are funded with federal dollars, require them to "cooperate fully" with an Executive Office fraud task force, and impose sweeping recordkeeping and access requirements that purport to reach third parties. The New HUD Conditions suffer from the same legal infirmities, and threaten similar and additional harms, as those this Court has already enjoined. HUD Plaintiffs need relief as early as December 31, 2026, to avoid funding shortfalls for critical programs. Thus, they seek a preliminary injunction ("PI") declaring the New HUD Conditions unlawful and enjoining their imposition and enforcement.

## II. STATEMENT OF FACTS

Since taking office, President Trump has pursued his domestic policy agenda through a relentless stream of executive orders directing agency heads to impose new conditions on federal funding. *See* Dkt. #369 ¶¶ 544–552; Dkt. #397-1 ¶ 42. In the most recent grant cycle, HUD has implemented these directives by attaching new, unlawful conditions to grant funding the HUD

[1] For purposes of this Motion, the HUD Plaintiffs are the Plaintiffs defined as "Supplemental HUD Plaintiffs" in paragraph 6 of the proposed Supplement to the Third Amended Complaint, Dkt. #397-1, and the Appendix to the Proposed Preliminary Injunction accompanying this Motion.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Plaintiffs rely on for critical homelessness services, permanent and transitional housing, community development, and more:[2]

**HUD Fiduciary Condition.** The HUD Fiduciary Condition ("Fiduciary Condition") requires recipients to agree that they "stand[] in a fiduciary relationship to HUD and the American people" and "shall act solely for the benefit of HUD and the American people" with respect to the federal award. *See, e.g.,* Dkt. #399-1. The Fiduciary Condition also purports to require recipients to "undertake[] a duty of absolute loyalty, trust, and confidence" and to "exercise the due care required of a fiduciary." *Id.*

**HUD Anti-Harm Reduction Condition.** HUD is also requiring recipients to agree that HUD grant funds "will not be used to fund any project, service provider, or organization that operates illegal drug injection sites or 'safe consumption sites' in violation of 21 U.S.C. § 856, knowingly permits the use or distribution of illicit drugs on property under their control in violation of 21 U.S.C. 856(a)(2), or knowingly distributes drug paraphernalia in violation of 21 USC 863" ("Ant-Harm Reduction Condition"). *See, e.g.,* Dkt. #399-1. While citing various criminal provisions of the Controlled Substances Act ("CSA"), the Condition suggests that HUD, rather than the criminal justice system, will be the arbiter of these criminal statutes; and the Condition reaches beyond the CSA's language and recipients' actual use of HUD awards, chilling lawful harm reduction programs.

**HUD Fraud Condition.** HUD has also newly begun to require that recipients agree to "cooperate fully with HUD and the Task Force to Eliminate Fraud established in Executive Order 14395 of March 16, 2026 . . . in all manners and respects as required by HUD" ("Fraud

[2] The New HUD Conditions are set forth in full in the Appendix to the Proposed Preliminary Injunction accompanying this Motion.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Condition”). *See, e.g.,* Dkt. #399-1. Executive Order 14395 (“Fraud EO”) establishes a task force (“Fraud Task Force”) within the Executive Office of the President. Exec. Order No. 14395 § 2(a), 91 Fed. Reg. 13485 (Mar. 16, 2026). The Fraud EO requires HUD, as a Fraud Task Force member agency, to identify “benefit transactions and processes that are most susceptible to fraud schemes” and to work with the Task Force to adopt “minimum anti-fraud requirements.” *Id.* §§ 2(c)(vi), 4(a)–(b). For transactions or processes administered by state or local jurisdictions, the Task Force and its member agencies “shall address how such jurisdictions can demonstrate implementation of the anti-fraud requirements” and “also shall examine and recommend . . . any ways that Federal funds may be withheld from jurisdictions that do not have adequate anti-fraud requirements.” *Id.* § 4(b).

**HUD Recordkeeping Condition.** HUD has also imposed new recordkeeping and access obligations that extend beyond recipients and subrecipients (“Recordkeeping Condition”). Among other things, the Recordkeeping Condition asserts that recipients must maintain “data on any individual or entity that receives money, in-kind assistance or services, or any benefit of any kind from or as a direct or indirect result of the Federal Award,” including “any beneficiaries, participants, and other end-users of the funds.” *See, e.g.,* Dkt. #399-1. It also purports to require HUD access to “any and all records” of “any other entities doing business with Recipient or otherwise receiving funds or benefits from Recipient,” including the same third-party entities as to which records must be maintained. *Id.* Recipients must also “agree[] that the creation, maintenance, preservation, and disclosure” of required records “is fundamental to the prevention of fraud, waste, and abuse and to the satisfaction of [their] obligations to prevent fraud, waste, and abuse.” *Id.*



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**The New HUD Conditions Threaten Imminent Harm.** HUD Plaintiffs use HUD funds to support affordable housing and community development for low- and moderate-income residents; prevent displacement and homelessness; provide shelter, crisis intervention, and safe housing for homeless individuals and families and domestic violence survivors; and provide public and fair housing services for low-income residents, seniors, people with disabilities, and other vulnerable populations. Dkt. #399 ¶¶ 6-9 (San Francisco); Dkt. #400 ¶¶ 3, 6, 10–11 (Santa Clara); Dkt. #401 ¶¶ 3, 14 (Hennepin County); Dkt. #402 ¶ 4 (Bothell). HUD funds also support homeless veterans, fair housing legal assistance, at-risk youth, and home repairs for low-income seniors. Dkt. #400 ¶¶ 10–12 (Santa Clara).

HUD Plaintiffs rely on the stability of HUD funding streams. Dkt. #400 ¶ 9 (Santa Clara County sets budgets and enters subrecipient agreements in reliance on HUD grant award announcements); Dkt. #401 ¶ 11 (similar for Hennepin County); Dkt. #399 ¶ 15 (53 San Francisco programs relying on HUD CBDG, ESG, HOPWA, or HOME funds for current program year). Losing HUD funding would destabilize budgets, threaten critical homelessness services, and force diversion of limited resources from other projects. Dkt. #399 ¶ 7 (new conditions implicate $150 million in San Francisco's active funding allocations from HUD CBDG, ESG, HOPWA, or HOME); Dkt. #400 ¶ 20 (Santa Clara County has limited CDBG or HOME funds to continue programs if FY 26 grant funding is not accessible); Dkt. #402 ¶ 11 (new conditions implicate $240,679 in Bothell's CDBG funds for 2027 and unknown amounts beyond); Dkt. #401 ¶ 13 (new conditions implicate $3 million in Hennepin County's 2026 program year HUD funds).

This loss would severely impair HUD Plaintiffs' ability to deliver essential housing and homelessness services. Dkt. #400 ¶¶ 20–23 (Santa Clara); Dkt. #399 ¶¶ 14–18 (San Francisco); *see also* Dkt. #401 ¶ 11 (delaying grant execution past December 2026 will return 20 Hennepin



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

County families to homelessness). Urgent relief is needed to redress budgetary uncertainty and destabilization of programs. Dkt. #399 ¶¶ 17–21 (San Francisco); *see also* Dkt. #400 ¶¶ 20–21 (Santa Clara); Dkt. #401 ¶¶ 11–14 (Hennepin County); Dkt. #402 ¶¶ 13–14 (Bothell).

## III. ARGUMENT

### A. Legal Standard.

A PI is warranted where the movant shows (1) likely success on the merits; (2) likely irreparable harm; (3) the balance of equities tips in its favor; and (4) an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### B. The HUD Plaintiffs Are Likely to Succeed on the Merits.

#### 1. The New HUD Conditions Violate the APA.

The Conditions violate the APA in three independent ways: they exceed statutory authority and violate the separation of powers, 5 U.S.C. § 706(2)(B)–(C); violate the Spending Clause, *id.* § 706(2)(B); and are arbitrary and capricious, *id.* § 706(2)(A).

##### a.) The Conditions exceed statutory authority and violate the separation of powers.

Agencies have "literally . . . no power to act" unless Congress has conferred that power. *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986). The power to attach grant conditions is "incident to the spending power," which is exclusively committed to Congress. *Cnty. of King v. Turner*, 189 F.4th 819, 828 (9th Cir. 2026) (quoting *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1232 (9th Cir. 2018) (cleaned up)). The President likewise lacks "his own constitutional powers" to attach grant conditions to federal funding; absent congressional authorization, his power "is at its lowest ebb." *San Francisco*, 897 F.3d at 1233–34 (cleaned up).

Congress has not authorized any of the New HUD Conditions. Indeed, Congress has directed funds toward objectives that, in many cases, conflict with them. *See, e.g.*, Dkt. #397-1 ¶



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

45. As with conditions this Court previously enjoined, "[t]he majority of the conditions far exceed the limited authority" Congress provided. *Turner*, 189 F.4th at 826.

For instance, no statute authorizes HUD to require grant recipients to be its fiduciaries. A fiduciary is "under a duty to act for the benefit of another on matters within the scope of the relationship." *Fiduciary Relationship*, Black's Law Dictionary (12th ed. 2024). Congress designed HUD's grant programs to benefit local communities, not HUD. *See* 42 U.S.C. § 11383(a) (CoC: homeless individuals and families); *id.* § 5305 (CDBG: local community development, particularly for low- and moderate-income persons); *id.* § 11374(a) (ESG: emergency shelter and rapid rehousing); *id.* § 12742(a)(1) (HOME: affordable housing); *id.* §§ 12901, 12904 (HOPWA: housing for low-income persons living with HIV or AIDS). Unlike procurement contracts, Congress uses grant agreements to support recipients in carrying out a public purpose rather than to acquire services "for the direct benefit or use of the United States Government." 31 U.S.C. §§ 6303, 6304. That HUD grants indirectly advance HUD's mission does not make recipients HUD's fiduciaries owing it "absolute loyalty." The Condition inverts the relationship Congress created. *See* Dkt. #397-1 ¶¶ 43–45.

Nor has Congress authorized HUD to dictate local harm reduction policy. The criminal provisions the Condition invokes are narrow. Section 863 exempts "any person authorized by local, State, or Federal law" to distribute paraphernalia, 21 U.S.C. § 863(f)(1), and § 856(a)(2) reaches only places knowingly made available "for the purpose of" drug activity—not, for instance, a shelter whose residents' drug use is incidental to having a place to sleep. *See United States v. Safehouse*, 985 F.3d 225, 238 (3d Cir. 2021); Dkt. #397-1 ¶¶ 67–73. While Congress has restricted Health and Human Services ("HHS") from buying syringes, it has imposed no such limit on HUD. *See* Consolidated Appropriations Act, 2026, Pub. L. No. 119-75, §§ 3, 525, 140 Stat.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

173, 174, 321. Indeed, even the HHS restriction is limited and permits funding certain elements of needle exchange programs operating in accordance with state and local law. *Id.*

The Anti-Harm Reduction Condition disregards these limits. First, it appears to reach beyond federally funded activity by barring funds to "any . . . service provider . . . or organization" that engages in certain harm reduction activities, even if no federal dollars support those activities. In *Turner*, the Ninth Circuit—in largely affirming this Court's prior injunction enjoining other HUD grant conditions—held that similarly broad discrimination conditions covering *any* local government program "exceed the limits imposed by Congress because they apply not just to the programs receiving [federal] grant funding . . . , but to 'any programs' operated by" the local government. 189 F.4th at 829–30. So too here. Second, the Condition appears to extend § 856(a)(2) beyond its terms by prohibiting funding to providers that "knowingly permit[] the use" of drugs on their property, regardless of purpose—a standard designed to force providers to abandon "housing first" policies in favor of abstinence requirements, as Executive Order 14321 directs. *See* Dkt. #397-1 ¶ 71–72. Third, it does not expressly incorporate, and could be read to omit § 863's exemption for state- and locally authorized programs. *Id.* ¶ 73. Tellingly, a House bill that would enact this very policy has not advanced. *Id.* ¶ 74. HUD cannot accomplish by grant condition what Congress has declined to enact by law.

The Fraud Condition also exceeds HUD's statutory authority. Congress and the Office of Management and Budget ("OMB") have already established a comprehensive scheme to prevent and remedy grant fraud. Recipients must maintain internal controls providing "reasonable assurance" of compliance, 2 C.F.R. § 200.303(a); disclose only upon "credible evidence" of specified violations, *id.* § 200.113; and receive notice and an opportunity to object before remedies are imposed, *id.* §§ 200.341–.342. HUD's Inspector General refers matters only on "reasonable



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

grounds to believe" a federal crime occurred, 5 U.S.C. § 404(a), (d), and the False Claims Act and Administrative False Claims Act guarantee a hearing and require the government to prove its case, 31 U.S.C. §§ 3731(d), 3803. The Fraud Condition displaces that scheme by requiring recipients to "cooperate fully" with a White House task force "in all manners and respects as required by HUD"—an obligation derived from an executive order directed to federal agencies, not grant recipients. Dkt. #397-1 ¶¶ 21, 53. And because a recipient that insists on the protections Congress provided could be deemed in breach, the Condition pressures recipients to surrender them. *Id.* ¶ 56.

The Recordkeeping Condition likewise conflicts with a regulatory scheme that HUD itself has adopted. OMB's Uniform Guidance limits retention obligations to "Federal award records" of recipients and subrecipients; beyond that requirement and a short, closed list of exceptions, agencies "may not impose any other record retention requirements." 2 C.F.R. § 200.334; *see id.* § 2400.101. It limits access to records "of the recipient or subrecipient pertinent to the Federal award," protects crime victims' identities, and provides that agencies "must not impose any other access requirements upon recipients and subrecipients." *Id.* § 200.337(a)–(c). HUD's program regulations follow the same model, and none extends these obligations to third parties. *See, e.g.*, 24 C.F.R. §§ 92.508, 570.490, 574.530, 576.500, 578.103. The Condition nonetheless requires recipients to maintain "any and all data" on anyone who receives "any benefit of any kind" from the award "direct[ly] or indirect[ly]," and to secure HUD access to the records and personnel of "any other entities doing business with Recipient." Dkt. #397-1 ¶ 63. That is the "other" requirement the Uniform Guidance forbids.

Because no statute authorizes the New HUD Conditions, they are in excess of statutory authority and violate the separation of powers. 5 U.S.C. § 706(2)(B)–(C).



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**b.) The Conditions violate the Spending Clause.**

The Spending Clause's limits "appl[y] to agency-drawn conditions on grants to . . . localities just as they do to conditions Congress directly places on grants." *County of Santa Clara v. Noem*, 815 F. Supp. 3d 979, 1030 (N.D. Cal. 2025) (quoting *City of Los Angeles v. Barr*, 929 F.3d 1163, 1175 n.6 (9th Cir. 2019)), *appeal docketed,* No. 26-402 (9th Cir. Jan. 20, 2026). Two limits matter here: conditions must be unambiguous, *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981), and they must relate "to the federal interest in particular national projects or programs," *South Dakota v. Dole*, 483 U.S. 203, 207 (1987) (citation omitted). The New HUD Conditions exceed both limits. *See City of Fresno v. Mullin*, No. 26-cv-01535-WHO, 2026 WL 1998576, at *23–27 (N.D. Cal. July 9, 2026), *appeal docketed sub nom. City of Fresno v. U.S. Dep't of Homeland Sec.*, No. 26-5801 (9th Cir. Sept. 4, 2026).

**Ambiguity.** "[I]f Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously." *Pennhurst*, 451 U.S. at 17. The New HUD Conditions are so vague and ambiguous that recipients cannot determine what conduct is prohibited or required.

The Fiduciary Condition leaves recipients guessing as to what it requires. What does "stand[ing] in a fiduciary relationship to" or "act[ing] solely for the benefit of" "the American people" require of a local government administering HUD funds for local homelessness services? How could a recipient owe undivided loyalty simultaneously to HUD, to 340 million Americans, and to the residents the program serves? The Condition does not define "absolute loyalty, trust, and confidence," "all conflicts of interest," or the "business opportunities" recipients must disclose. Dkt. #397-1 ¶ 46. Those undefined terms would allow HUD to decide, case by case, what this newly imposed relationship demands, and leave recipients guessing.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

The Anti-Harm Reduction Condition purports to track federal criminal law, but departs in ways that leave recipients unable to know what is prohibited. It omits reference to § 863's exemption for state- and locally authorized programs, again leaving recipients guessing whether lawful harm reduction programs will be deemed violations. Dkt. #397-1 ¶ 73. It replaces § 856(a)(2)'s purpose requirement with a bare "knowingly permits" standard, leaving shelters and housing providers to guess whether they must evict residents known to use drugs. *Id.* ¶ 71. And its disclaimer—limited to a "first-time violation" of a drug-related program policy—deepens the confusion by implying that a second violation may require eviction lest HUD deem the provider to have "knowingly permit[ted]" drug use. *Id.* ¶ 72. Recipients cannot "exercise their choice knowingly" when the Condition's scope turns on how HUD may later choose to interpret it. *Pennhurst*, 451 U.S. at 17.

The Fraud Condition does not define "cooperate fully" or "in all manners and respects as required by HUD"—terms broad enough to reach beyond the grant program at issue to potentially all of a recipient's programs and operations, federally funded or not. Dkt. #397-1 ¶ 54. Does cooperation require producing records beyond what the Uniform Guidance requires? Waiving hearing rights under the AFCA? Implementing whatever "minimum anti-fraud requirements" the Task Force later adopts, including immigration-related "eligibility verification"? *See* Fraud EO § 4(b). The Condition's content apparently will be defined by HUD alone, after the fact—inviting selective enforcement against disfavored recipients. Dkt. #397-1 ¶¶ 54–55; *Illinois v. Fed. Emergency Mgmt. Agency*, 801 F. Supp. 3d 75, 96 (D.R.I. 2025) (requirements of undefined "cooperation" and "information sharing" were unlawfully ambiguous).

The Recordkeeping Condition is equally vague. It reaches "any individual or entity" receiving "any benefit of any kind" from the award, "direct[ly] or indirect[ly]"—a category with



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

no apparent limit. Dkt. #397-1 ¶¶ 63–64; *Texas v. Yellen*, 105 F.4th 755, 771–72 (5th Cir. 2024) (statute restricting use of funds to "directly or indirectly offset" net tax revenue was unlawfully ambiguous). Recipients cannot tell whether it reaches a shelter resident, a grocery vendor, or a utility company, or how they are to obtain and produce undefined records of third parties they cannot compel. And by requiring recipients to agree that disclosure is "fundamental" to their fraud-prevention obligations, the Condition leaves recipients to guess whether asserting legal limits on disclosure will be treated as a breach. Dkt. #397-1 ¶ 64.

**Relatedness.** The Conditions also bear no relation to the programs they burden. *Dole*, 483 U.S. at 207. The authorizing statutes fund homelessness services, permanent and transitional housing, community and economic development and rehabilitation activities, and more. *See* Dkt. #369 ¶¶ 336–426; Dkt. #397-1 ¶ 45. Existing laws, regulations, and program rules already govern fiscal accounting, monitoring, recordkeeping, and legal compliance; the Conditions do nothing to advance the statutory objectives. Instead, they make recipients fiduciaries of HUD and the "American people" (rather than the individuals and communities actually served), regulate unrelated harm reduction policies, require "cooperat[ion]" with an Executive Office fraud task force, and demand records of any third party that benefits even indirectly from a grant. *See, e.g., City & Cnty. of San Francisco v. Trump*, 782 F. Supp. 3d 830, 836 (N.D. Cal. 2025) (funding categories like "healthcare, transportation, emergency relief and so forth" have "little or nothing to do with sanctuary policies").

**c.) The Conditions are arbitrary and capricious.**

Agency action must be "reasonable and reasonably explained." *Ohio v. EPA*, 603 U.S. 279, 292 (2024) (citation omitted). An agency must offer "a satisfactory explanation for its action," rather than rely on "factors which Congress has not intended it to consider." *Motor Vehicle Mfrs.*



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). An agency changing its policy must acknowledge the change, give "good reasons," and account for reliance interests. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009).

HUD offered no reasoned explanation for imposing conditions unrelated to the funded programs, departing from existing statutory and regulatory requirements, or upsetting settled reliance interests. Dkt. #397-1 ¶¶ 47, 57, 65, 75. Each of the conditions is entirely new and substantially departs from prior years' awards. *Compare* Dkt. #400-2 (FY 2026-2027 CDBG grant agreement) *with* Dkt. #400-4 (FY 2025-2026 CDBG grant agreements). For instance, HUD did not acknowledge that the Fiduciary, Fraud, and Recordkeeping Conditions depart from governing statutory and regulatory requirements, as well as the Uniform Guidance HUD has adopted, much less offer "good reasons" for those departures. *Fox*, 556 U.S. at 515 ("An agency may not . . . depart from a prior policy *sub silentio* or simply disregard rules that are still on the books.").

The Anti-Harm Reduction Condition is especially unreasoned: it purports to bar recipients from funding any organization that operates safe consumption sites, distributes sterile syringes, or fails to evict known drug users, even if those activities are conducted entirely with non-federal funds, and reaches well beyond what federal law actually prohibits. *See* Dkt. #397-1 ¶¶ 68–75.

As to the Fiduciary Condition, HUD fails to consider "an important aspect of the problem," *State Farm*, 463 U.S. at 43: the Condition contravenes basic principles of federalism. Local officials' duties are defined by state and local law, and they answer to the residents who elect them. Requiring local governments to "act solely for the benefit of HUD" and owe it a "duty of absolute loyalty" subordinates those duties to a federal agency's priorities and blurs the political accountability that limited federal power protects.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Moreover, HUD failed to consider the reliance interests of grant recipients and those they serve. For communities, those interests include programs for at-risk youth, services for seniors, crisis intervention and shelter for domestic violence survivors, and more accessible public facilities. *See, e.g.*, Dkt. #399 ¶¶ 6–9 (San Francisco); Dkt. #400 ¶¶ 10–11 (Santa Clara); Dkt. #401 ¶¶ 3, 11, 13–14 (Hennepin County); Dkt. #402 ¶ 4 (Bothell). For recipients, these interests include longstanding investments in housing sites and service programs using CDBG and HOME funds, subrecipient agreements entered in expectation of these funds, substantial resources committed to action plans required for eligibility, and protocols built around the Uniform Guidance and applicable statutes and regulations. *See, e.g.*, Dkt. #399 ¶¶ 15–17 (San Francisco); Dkt. #400 ¶¶ 7–9, 12, 16, 22 (Santa Clara); Dkt. #401 ¶¶ 11, 14 (Hennepin County). Such "serious reliance interests" require "a more detailed justification." *Fox*, 556 U.S. at 515.

**2. The New HUD Conditions Independently Violate Separation of Powers and the Spending Clause.**

The separation of powers and Spending Clause violations also stand as independent claims, *see San Francisco*, 897 F.3d at 1231–35; *Los Angeles*, 929 F.3d at 1175 n.6, and succeed for the reasons set forth in Sections III.B.1.a and III.B.1.b.

**C. The HUD Plaintiffs Will Suffer Irreparable Harm If the New HUD Conditions Are Not Enjoined.**

Without preliminary relief, HUD Plaintiffs "confront a classic Hobson's choice: sustain unrecoverable losses to comply with the government's conditions, or refuse to submit, and risk losing the grant funds in their entirety." *Turner*, 189 F.4th at 839. If they accede, they "will be forced to incur large costs that will disrupt and change their services." *Id.* (cleaned up). If they refuse, they "lose the entirety of the grant funds, including funds that they have already budgeted and are committed to spending." *Id.*; *see also Cnty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497,



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

537–38 (N.D. Cal. 2017). Either way, the harms "are quintessentially irreparable in nature and can be avoided only by entry of [a preliminary] injunction." *Martin Luther King, Jr. Cnty. v. Turner*, 798 F. Supp. 3d 1224, 1254 (W.D. Wash. 2025); *see Turner*, 189 F.4th at 839 (citing cases).

Funding uncertainty caused by the New HUD Conditions also harms HUD Plaintiffs now, impeding budgeting and planning for essential services and diverting resources from other priorities. Dkt. #399 ¶¶ 14–15, 19–20 (San Francisco); Dkt. #400 ¶¶ 20–22, 25 (Santa Clara). These harms are acute because HUD Plaintiffs face structural budget deficits and depend heavily on federal funds, Dkt. #399 ¶¶ 16–17 (San Francisco), and HUD Plaintiffs facilitate smaller communities' access to HUD funds for essential programs and services and have already entered subrecipient agreements and expended administrative resources in reliance on expected entitlement grants. Dkt. #400 ¶¶ 5, 7–9, 23–24 (Santa Clara). Loss or further delay of HUD grants will force HUD Plaintiffs to divert funds or suspend or cancel subrecipient agreements, harming relationships with local jurisdictions and service providers. *Id.* ¶ 23; Dkt. 401¶¶ 13–14 (Hennepin County).

HUD Plaintiffs may also need to reduce programs that support their residents' health, safety, and well-being. Dkt. #399 ¶¶ 17–19 (San Francisco); Dkt. #400 ¶¶ 21–23 (Santa Clara); Dkt. #401 ¶¶ 11–14 (Hennepin County); Dkt. #402 ¶ 13 (Bothell). HUD Plaintiffs are thus irreparably harmed not just by the looming Hobson's choice, but by the present budget uncertainty and operational disruption.

**D. The Balance of Equities and Public Interest Favor HUD Plaintiffs.**

The balance of equities tips sharply in the HUD Plaintiffs' favor. *See Turner*, 189 F.4th at 840. The threatened harm to them far outweighs any federal interest in imposing the conditions immediately. *Id.* And "agency action taken in excess of statutory authority runs counter to the



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

public interest, which is served by compliance with the APA." *Id.* (cleaned up); *see also Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

### E. The Third Preliminary Injunction of HUD Conditions Should Be Extended to Bothell.

The City of Bothell, which previously obtained relief only as to DOT grant conditions, now seeks the same relief granted in the August 12, 2025 PI order as to the Non-CoC HUD Grant Conditions. Dkt. #338. HUD has declined to so stipulate. Dkt. #347 ¶ 3. Bothell previously received CDBG funds through consortia with King and Snohomish Counties, which the existing injunction protects. Dkt. #402 ¶ 4. Having surpassed the 50,000-population threshold, Bothell will receive CDBG funds directly beginning in 2027—funds unprotected absent extension. *Id.* ¶¶ 5–6, 8. Bothell must budget for CDBG-funded programs in a process concluding at the end of 2026. *Id.* ¶ 14. The uncertainty created by the challenged conditions will irreparably impair that process. *Id.* ¶¶ 13–14. The Court should extend the PI accordingly.

## IV. CONCLUSION

The Court should grant this Motion and preliminarily enjoin HUD and its program offices, during the pendency of this action, from imposing on any of the HUD Plaintiffs, their subrecipients, or members of their Continuums or Consortiums, the New HUD Conditions identified in the Appendix to the Proposed Order. The Court should also extend the August 12, 2025 PI Order to include City of Bothell as a HUD Plaintiff. Plaintiffs' counsel certify the parties have conferred but have not been able to reach agreement.

DATED this 10th day of November, 2026.

PACIFICA LAW GROUP LLP

/s/ Paul J. Lawrence
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Luther Reed-Caulkins, WSBA #62513
*Special Deputy Prosecutors*

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
Tel: (206) 245-1700
Fax: (206) 245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Luther.Reed-Caulkins@PacificaLawGroup.com

*Attorneys for All Plaintiffs*

LEESA MANION
King County Prosecuting Attorney

*/s/ Cristy Craig*
Cristy Craig, WSBA #27451
*Senior Deputy Prosecuting Attorney*
Christopher M. Sanders WSBA#47518
*General Counsel to the King County Executive*
Mika Rothman, WSBA #55870
*Deputy General Counsel to the King County Executive*

701 6th Ave, Suite 600
Seattle, WA 98104
(206) 477-1163
cristy.craig@kingcounty.gov
mika.rothman@kingcounty.gov
chsanders@kingcounty.gov

*Attorneys for Plaintiffs Martin Luther King Jr. County*

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #39718
Rebecca E. Wendling, WSBA #35887

Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4046
(425) 388-6392
Bridget.Casey@co.snohomish.wa.us
Rebecca.Guadamud@co.snohomish.wa.us
Rebecca.Wendling@co.snohomish.wa.us

*Attorneys for Plaintiff Snohomish County*

DAVID CHIU
San Francisco City Attorney

*/s/ David Chiu*
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
*Chief of Complex & Affirmative Litigation*
Ronald H. Lee (CA Bar No. 238720)
*Assistant Chief, Complex & Affirmative Litigation*
Alexander J. Holtzman (CA Bar No. 311813)
*Deputy City Attorney*

1390 Market Street, 7th Floor
San Francisco, CA 94102
(415) 554-4700
Cityattorney@sfcityatty.org
Yvonne.Mere@sfcityatty.org
Mollie.Lee@sfcityatty.org
Sara.Eisenberg@sfcityatty.org
Ronald.Lee@sfcityatty.org
Alexander.Holtzman@sfcityatty.org

*Attorneys for Plaintiff City and County of San Francisco*

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF SANTA CLARA

/s/ Tony LoPresti
Tony LoPresti (CA Bar No. 289269)
*County Counsel*
Kavita Narayan (CA Bar No. 264191)
*Chief Assistant County Counsel*
Meredith A. Johnson (CA Bar No. 291018)
*Lead Deputy County Counsel*
Stefanie L. Wilson (CA Bar No. 314899)
*Deputy County Counsels*
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
(408) 299-9021
tony.lopresti@cco.sccgov.org
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org

*Attorneys for Plaintiff County of Santa Clara*

ADAM CEDERBAUM
Corporation Counsel, City of Boston

/s/ Samantha H. Fuchs
Samantha H. Fuchs (MA BBO No. 708216)
*Senior Assistant Corporation Counsel*
Samuel B. Dinning (MA BBO No. 704304)
*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

*/s/ Richard N. Coglianese*
Richard N. Coglianese (OH Bar No. 0066830)
Assistant City Attorney
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
Tel: (614) 645-0818
Fax: (614) 645-6949
rncoglianese@columbus.gov

*Attorney for Plaintiff City of Columbus*

PUBLIC RIGHTS PROJECT

*/s/ Naomi Tsu*
Naomi Tsu (OR Bar No. 242511)
Sharanya (Sai) Mohan (CA Bar No. 350675)
Toby Merrill (MA Bar No. 601071)*
Graham Provost (D.C. Bar No. 1780222)**
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai.mohan@publicrightsproject.org
naomi.tsu@publicrightsproject.org
toby.merrill@publicrightsproject.org
graham.provost@publicrightsproject.org

* Licensed in Illinois, Massachusetts, New York, and Washington, D.C. Not licensed to practice law in California.
** Licensed in Washington, D.C. Not licensed to practice law in California.

*Counsel for Plaintiffs City of Columbus, City & County of Denver, Metro Government of Nashville & Davidson County, Pima County, County of Sonoma, City of Bend, City of Cambridge, City of Chicago, City of Culver City, City of Minneapolis, City of Pasadena, City of Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of*

*Tucson, Santa Monica Housing Authority, County of Alameda, City of Albuquerque, Mayor and City Council of Baltimore, City of Bellevue, City of Bellingham, City of Bremerton, County of Dane, City of Eugene, County of Hennepin, Kitsap County, City of Milwaukee, Multnomah County, City of Oakland, City of Petaluma, Ramsey County, City of Rochester, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Sonoma County Community Development Commission, Allegheny County, City of Cincinnati, Delaware County, City of New Haven, City of Palo Alto, and City of Santa Fe*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

*/s/ Doris Bernhardt*
Doris Bernhardt (NY Bar No. 4449385)
Joshua P. Rubin (NY Bar No. 2734051)
Aatif Iqbal (NY Bar No. 5068515)
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

ASHLEY M. KELLIHER
Assistant City Attorney

*/s/ Ashley M. Kelliher*
Ashley M. Kelliher (CO Bar No. 40220)
*Assistant City Attorney*
Denver City Attorney's Office
201 West Colfax Avenue
Denver, Colorado 80202
Tel: (720) 913-3137
Fax: (720) 913-3190

ashley.kelliher@denvergov.org

DAVID P. STEINBERGER
Assistant City Attorney

*/s/ David P. Steinberger*
David P. Steinberger (CO Bar No. 48530)
*Assistant City Attorney*
Denver City Attorney's Office
Denver International Airport
8500 Pena Boulevard
Airport Office Building, 9th Floor
Denver, Colorado 80249-6340
Tel: (303) 342-2562
david.steinberger@flydenver.com

*Attorneys for Plaintiff City and County of Denver*

LAURA CONOVER
Pima County Attorney

*/s/ Bobby Yu*
Samuel E. Brown (AZ Bar No. 027474)
Bobby Yu (AZ Bar No. 031237)
Kyle Johnson (AZ Bar No. 032908)
Pima County Attorney's Office, Civil Division
32 N. Stone, Suite 2100
Tucson, Arizona 85701
(520) 724-5700
sam.brown@pcao.pima.gov
bobby.yu@pcao.pima.gov
kyle.johnson@pcao.pima.gov

*Attorneys for Plaintiff Pima County*

ROBERT H. PITTMAN, County Counsel

*/s/ Joshua A. Myers*
Joshua A. Myers (CA Bar No. 250988)
*Chief Deputy County Counsel*
Sonoma County Counsel's Office
575 Administration Drive, Rm. 105A
Santa Rosa, CA 95403
Tel: (707) 565-2421

Fax: (707) 565-2624
Joshua.Myers@sonoma-county.org

*Attorneys for Plaintiffs County of Sonoma and Sonoma County Community Development Commission*

OFFICE OF THE CITY ATTORNEY FOR THE CITY OF BEND

*/s/ Ian M. Leitheiser*
Ian M. Leitheiser (OSB #993106)
*City Attorney*
Elizabeth Oshel (OSB #104705)
*Senior Assistant City Attorney*
City of Bend
PO Box 431
Bend, OR 97709
(541) 693-2128
ileitheiser@bendoregon.gov
eoshel@bendoregon.gov

*Attorneys for Plaintiff City of Bend*

CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

*/s/ Megan B. Bayer*
Megan B. Bayer (MA BBO No. 669494)
*City Solicitor*
Elliott J. Veloso (MA BBO No. 677292)
*Deputy City Solicitor*
Diane Pires (MA BBO No. 681713)
*Assistant City Solicitor*
Cambridge City Hall, 3rd Floor
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
mbayer@cambridgema.gov
eveloso@cambridgema.gov
dpires@cambridgema.gov

*Attorneys for Plaintiff City of Cambridge*

RENEE CAMILLE HATCHER
Acting Corporation Counsel of the City of Chicago

/s/ Rebecca Hirsch
Rebecca Hirsch (IL Bar No. 6279592)
Chelsey Metcalf (IL Bar No. 6337233)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(313) 744-9484
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*

KRISTYN ANDERSON
City Attorney

/s/ Kristyn Anderson
Kristyn Anderson (MN Lic. 0267752)
*City Attorney*
Sara J. Lathrop (MN Lic. 0310232)
Munazza Humayun (MN Lic. 0390788)
*Assistant City Attorneys*
350 South Fifth Street
Minneapolis, MN 55415
(612) 673-3000
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Plaintiff City of Minneapolis*

KRYSIA KUBIAK, Esq.
City Solicitor

/s/ Julie E. Koren
Julie E. Koren (PA Bar No. 309642)
*Associate City Solicitor*
City of Pittsburgh, Dept. of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219

(412) 255-2025
Julie.Koren@pittsburghpa.gov
Krysia.Kubiak@Pittsburghpa.gov

*Counsel for Plaintiff City of Pittsburgh*

ROBERT TAYLOR
Portland City Attorney

*/s/ Caroline Turco*
Caroline Turco (OR Bar No. 083813)
*Senior Deputy City Attorney*
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov

*Attorney for Plaintiff City of Portland*

NORA FRIMANN
City Attorney

*/s/ Nora Frimann*
Nora Frimann (CA Bar No. 93249)
*City Attorney*
200 E Santa Clara St
San José, CA 95113-1905
Tel: (408) 535-1900
Fax: (408) 998-3131
cao.main@sanjoseca.gov

*Attorneys for Plaintiff City of San José*

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF ALAMEDA

*/s/ Jason M. Allen*
K. Scott Dickey (CA Bar No. 184251)
Assistant County Counsel
Jason M. Allen (CA Bar No. 284432)
Assistant County Counsel

Office of the County Counsel, County of

Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
(510) 272-6700
scott.dickey@acgov.org
jason.allen@acgov.org

*Attorneys for Plaintiff County of Alameda*

CITY OF ALBUQUERQUE

*/s/ Lauren Keefe*
Lauren Keefe (NM Lic. 14664)
*City Attorney*
Devon P. King (NM Lic. 148108)
*Deputy City Attorney*
One Civic Plaza NW
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
lkeefe@cabq.gov
dking@cabq.gov

*Attorneys for Plaintiff City of Albuquerque*

CITY OF BELLEVUE
OFFICE OF THE CITY ATTORNEY
Trisna Tanus, City Attorney

*/s/ Trisna Tanus*
Trisna Tanus, WSBA #46568
Chad R. Barnes, WSBA #30480
Katherine B. White, WSBA #46649

City of Bellevue
450 110th Avenue N.E.
P.O. Box 90012
Bellevue, WA 98009
Tel: (425) 452-2061
Fax: (425) 452-7256
ttanus@bellevuewa.gov
cbarnes@bellevuewa.gov
kbwhite@bellevuewa.gov

*Attorneys for Plaintiff City of Bellevue*

CITY OF BELLINGHAM

*/s/ Sarah W. Chaplin*
Sarah W. Chaplin, WSBA #51642
Senior Assistant City Attorney
City of Bellingham
210 Lottie Street
Bellingham, WA 98225
Tel: (360) 778-8270
Fax: (360) 778-8271
swchaplin@cob.org

*Attorneys for Plaintiff City of Bellingham*

BREMERTON CITY ATTORNEY

*/s/ Kylie J. Finnell*
Kylie J. Finnell, WSBA #34997
*Bremerton City Attorney*
Brett Jette, WSBA #47903
*Bremerton Assistant City Attorney*

345 6th Street, Suite 100
Bremerton, WA 98337
Tel: (360) 473-2345
Fax: (360) 473-5161
legal@ci.bremerton.wa.us

*Attorneys for Plaintiff City of Bremerton*

OFFICE OF THE CORPORATION COUNSEL
FOR DANE COUNTY

*/s/ Carlos A. Pabellon*
Carlos A. Pabellon (WI State Bar No. 1046945)
*Corporation Counsel*
David R. Gault (WI State Bar No. 1016374)
*Deputy Corporation Counsel*
County of Dane
City-County Building, Room 419
210 Martin Luther King, Jr. Blvd.

Madison, WI 53703
(608) 266-4355
pabellon.carlos@danecounty.gov
gault@danecounty.gov

*Attorneys for Plaintiff County of Dane*

CITY OF EUGENE

*/s/ Mark Kannen*
Mark Kannen (OSB No. 120999)
*Assistant City Attorney*
Kathryn P. Brotherton (OSB No. 981530)
*City Attorney*
City of Eugene
Eugene City Attorney's Office
500 E 4th Ave., Ste 301
Eugene, OR 97401
(541) 682-8447
mark.r.kannen@ci.eugene.or.us
kathryn.brotherton@ci.eugene.or.us

*Attorneys for Plaintiff City of Eugene*

BURKE, WILLIAMS & SORENSEN, LLP

*/s/ Samantha W. Zutler*
Samantha W. Zutler (CA Bar No. 238514)
Eileen L. Ollivier (CA Bar No. 345880)
BURKE, WILLIAMS & SORENSEN, LLP
1 California Street, Suite 3050
San Francisco, CA 94111-5432
Tel: (415) 655-8100
Fax: (415) 655-8099
szutler@bwslaw.com
eollivier@bwslaw.com

*Attorney for Plaintiff City of Watsonville*

MARY F. MORIARTY
Hennepin County Attorney

*/s/ Rebecca Holschuh*

Rebecca L.S. Holschuh (MN Bar No. 0392251)
Brittany K. McCormick (MN Bar No. 0395175)
Assistant County Attorneys
300 South Sixth Street
Minneapolis, MN 55487
(612) 348-4797
Rebecca.Holschuh@hennepin.us
Brittany.McCormick@hennepin.us

*Attorneys for Plaintiff County of Hennepin*

KITSAP COUNTY

*/s/ Kyla S. Bond*
Kyla S. Bond, WSBA #48309
Senior Deputy Prosecuting Attorney, Civil Division
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA 98366
(360) 337-4512
kbond@kitsap.gov

*Attorney for Plaintiff Kitsap County*

HYDEE FELDSTEIN SOTO
City Attorney of the City of Los Angeles

*/s/ Michael J. Dundas*
Michael J. Dundas (CA Bar No. 226930)
Adrienne S. Khorasanee (CA Bar No. 227704)
Joshua M. Templet (CA Bar No. 267098)
Office of the Los Angeles City Attorney
200 North Main Street, Room 800
Los Angeles, California 90012
(213) 978-8100
mike.dundas@lacity.org
adrienne.khorasanee@lacity.org
joshua.templet@lacity.org

*Attorneys for Plaintiff City of Los Angeles*

MULTNOMAH COUNTY

*/s/ B. Andrew Jones*
B. Andrew Jones (OSB No. 091786)
Deputy County Attorney
Multnomah County Attorney's Office
501 SE Hawthorne Blvd, Suite 500
Portland, OR, 97214
Tel: (503) 988-3138
Fax: (503) 988-3377
andy.jones@multco.us

*Attorneys for Plaintiff Multnomah County*

CITY OF OAKLAND

*/s/ Ryan Richardson*
Ryan Richardson (CA Bar No. 223548)
City Attorney
Maria Bee (CA Bar No. 167716)
Chief Assistant City Attorney
Jaime Huling Delaye (CA Bar No. 270784)
Supervising City Attorney
H. Luke Edwards (CA Bar No. 313756)
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Tel: (510) 238-3836
Fax: (510) 238-6500
ledwards@oaklandcityattorney.org

*Attorneys for Plaintiff City of Oakland*

CITY OF PETALUMA

*/s/ Eric Danly*
Eric Danly (CA Bar No. 201621)
City Attorney
City of Petaluma
Petaluma City Hall
11 English Street
Petaluma, CA 94952
(707) 778-4402
EDanly@cityofpetaluma.org

*Attorney for Plaintiff City of Petaluma*

JOHN J. CHOI
Ramsey County Attorney

*/s/ Bradley Cousins*
Bradley Cousins (MN Bar No. 0400463)
Stacey D'Andrea (MN Bar No. 0388320)
Jada Lewis (MN Bar No. 0391287)
Assistant Ramsey County Attorneys
360 Wabasha St. N., Suite 100
Saint Paul, MN 55102
(651) 266-3081 (Cousins)
(651) 266-3051 (D'Andrea)
(651) 266-3149 (Lewis)
Bradley.cousins@co.ramsey.mn.us
Stacey.dandrea@co.ramsey.mn.us
Jada.lewis@co.ramsey.mn.us

*Attorneys for Plaintiff Ramsey County*

CITY OF ROCHESTER

*/s/ Patrick Beath*
Patrick Beath (NY Lic. 4999751)
*Corporation Counsel*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-6812
patrick.beath@cityofrochester.gov

*Attorney for Plaintiff City of Rochester*

HEATHER FERBERT
City Attorney for City of San Diego

*/s/ Julie Rau*
Julie Rau (CA Bar No. 317658)
Lead Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800

JRau@sandiego.gov

*Attorneys for Plaintiff City of San Diego*

SAN MATEO COUNTY

*/s/ John D. Nibbelin*
John D. Nibbelin (CA Bar No. 184603)
County Counsel
Rebecca M. Archer (CA Bar No. 202743)
Chief Deputy Counsel
Savannah R. Eldridge (CA Bar No. 357723)
Deputy County Counsel
500 County Center, 4th Floor
Redwood City, CA 94063
(650) 363-4757
jnibbelin@smcgov.org
rmarcher@smcgov.org
seldridge@smcgov.org

*Attorneys for Plaintiff San Mateo County*

ASHLE T. CROCKER
City of Santa Rosa City Attorney

*/s/ Autumn Luna*
Autumn Luna (CA Bar No. 288506)
Chief Assistant City Attorney
Adam S. Abel (CA Bar No. 148210)
Assistant City Attorney
Hannah E. Ford-Stille (CA Bar No. 335113)
Deputy City Attorney
100 Santa Rosa Ave, Room 8
Santa Rosa, CA 95404
(707) 543-3040
aluna@srcity.org
aabel@srcity.org
hfordstille@srcity.org

*Attorneys for Plaintiff City of Santa Rosa*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, I served a true and correct copy of Plaintiffs' Fifth Motion for Preliminary Injunction on the existing parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Sarah L. Bishop<br>Rebecca S. Cohen<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>sarah.bishop@usdoj.gov<br>rebecca.cohen@usdoj.gov<br><br>*Attorneys for Defendants* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 10th day of November, 2026.

*/s/ Mendy Graves*
Litigation Assistant
Pacifica Law Group LLP



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750