THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, et al.,<br><br>Plaintiffs,<br>vs.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, et al.,<br><br>Defendants. | No. 2:25-cv-00814-BJR<br><br>ORDER GRANTING PLAINTIFFS' FIFTH MOTION FOR PRELIMINARY INJUNCTION<br><br>[PROPOSED] |

This matter came before the Court on Plaintiffs' Fifth Motion for Preliminary Injunction (the "Motion"). Having considered the briefs and declarations submitted in support of and in opposition to the Motion, the other pleadings and papers filed in this action, and the arguments of counsel (if any), the Court makes the following Findings of Fact and Conclusions of Law.

## I. FINDINGS OF FACT

1. The "HUD Plaintiffs"[1] have received, currently receive, or are otherwise eligible to receive federal grants administered by Defendant U.S. Department of Housing and Urban Development ("HUD"), including but not limited to grants administered by HUD through its

[1] For purposes of this Order, the HUD Plaintiffs are the Plaintiffs defined as "Supplemental HUD Plaintiffs" in paragraph 6 of the proposed Supplement to the Third Amended Complaint, Dkt. #397-1, and the Appendix to this Order.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

program offices. Collectively, HUD Plaintiffs rely on billions in appropriated federal funds from HUD's competitive and formula grant programs Congressionally established to fund critical homelessness assistance, permanent and transitional housing, affordable housing, community development, and other services and programs that benefit their communities.

2. Several HUD Plaintiffs rely on federal funding from the Congressionally established Continuum of Care ("CoC") program to provide critical services to individuals and families experiencing homelessness, including but not limited to rapid rehousing, permanent supportive housing, and other services.

3. Many HUD Plaintiffs also rely on a range of other HUD-administered competitive and formula grant programs, including but not limited to the Community Development Block Grant ("CDBG") program, which provides flexible funding for development projects tailored to local needs; the Emergency Solutions Grant ("ESG") program, which funds emergency shelters and homelessness services; the Home Investment Partnerships ("HOME") program, which supports development of affordable housing; and the Housing Opportunities for Persons with AIDS ("HOPWA") program, which funds housing for low-income individuals with HIV/AIDS.

4. Some HUD Plaintiffs also receive HUD Community Project Funding ("CPF") for projects identified by congressmembers and included in HUD annual appropriations. HUD CPF grants provide investment in a wide variety of projects such as housing, homelessness prevention, workforce training, public facilities, parks, resilience planning, and other critical infrastructure and services.

5. In September 2026, HUD presented several HUD Plaintiffs with grant agreements for FY 2026 awards for several HUD grant programs, including the CDBG, HOME, and CPF programs. These agreements (collectively, the "FY 2026 HUD Grant Agreements") contain new



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

grant conditions (collectively, the "New HUD Conditions") that had not previously been imposed on HUD grants, specifically:

a. First, HUD has imposed a condition (the "HUD Fiduciary Condition") requiring the recipient to "acknowledge[] and agree[] that it stands in a fiduciary relationship to HUD and the American people with respect to the Federal Award." This Condition further requires that the recipient "shall act solely for the benefit of HUD and the American people with respect to the Federal Award, and undertakes a duty of absolute loyalty, trust, and confidence" and "shall act in good faith, avoid all conflicts of interest, exercise the due care required of a fiduciary, and make full and complete disclosure of all material facts and business opportunities and other matters required to be disclosed by this Agreement and applicable law relating to this Agreement, the Federal Award and all funds derived therefrom."

b. Second, HUD has imposed a condition (the "HUD Anti-Harm Reduction Condition") providing that "[a]wards made under, relating to, or arising out of the Federal Award will not be used to fund any project, service provider, or organization that operates illegal drug injection sites or 'safe consumption sites' in violation of 21 U.S.C. § 856, knowingly permits the use or distribution of illicit drugs on property under their control in violation of 21 U.S.C. 856(a)(2), or knowingly distributes drug paraphernalia in violation of 21 USC 863."

c. Third, HUD has imposed a condition (the "HUD Fraud Condition") requiring the recipient to "acknowledge[] and agree[] that the prevention, discovery, exposure, and prosecution of waste, fraud, and abuse in Federal grant programs



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

and procurement and the activities which Federal funding supports, and recoveries therefrom, are in the best interests of Recipient and the American people" and to "cooperate fully with HUD and the Task Force to Eliminate Fraud established in Executive Order 14395 of March 16, 2026, *Establishing the Task Force To Eliminate Fraud*, in all manners and respects as required by HUD."

d. Finally, HUD has imposed new recordkeeping and access obligations (the "HUD Recordkeeping Condition"). Among other things, this Condition requires recipients to maintain "data on any individual or entity that receives money, in-kind assistance or services, or any benefit of any kind from or as a direct or indirect result of the Federal Award," including "any beneficiaries, participants, and other end-users of the funds." Recipients must also agree to provide access to "any and all records" of "any other entities doing business with Recipient or otherwise receiving funds or benefits from Recipient," defined to include the same third-party entities as to which records must be maintained. Recipients must also "agree[] that the creation, maintenance, preservation, and disclosure" of required records "is fundamental to the prevention of fraud, waste, and abuse and to the satisfaction of [their] obligations to prevent fraud, waste, and abuse," and "make certifications" that all documentation they provide to HUD "is true, accurate, and complete in all aspects and regards."

6. The New HUD Conditions are contrary to HUD's own regulations. For example, the Office of Management and Budget ("OMB")'s Uniform Guidance, which HUD has adopted,



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

limits record retention obligations to "Federal award records" of recipients and subrecipients; beyond that requirement and a short, closed list of exceptions, agencies "may not impose any other record retention requirements." 2 C.F.R. § 200.334; *see id.* § 2400.101. It limits access to records "of the recipient or subrecipient pertinent to the Federal award," protects crime victims' identities, and provides that agencies "must not impose any other access requirements upon recipients and subrecipients." 2 C.F.R. § 200.337(a)–(c). HUD's program regulations follow the same model, and none extends recordkeeping or access obligations to contractors, beneficiaries, or other third parties. *See, e.g.*, 24 C.F.R. §§ 92.508, 570.490, 574.530, 576.500, 578.103.

7. The New HUD Conditions also conflict with the comprehensive scheme Congress and OMB have already established to prevent and remedy grant fraud. Under that scheme, recipients must maintain internal controls providing "reasonable assurance" of compliance, 2 C.F.R. § 200.303(a); disclose only upon "credible evidence" of specified violations, *id.* § 200.113; and receive notice and an opportunity to object before remedies are imposed, *id.* §§ 200.341–.342. HUD's Inspector General investigates fraud and refers matters only on "reasonable grounds to believe" a federal crime occurred, 5 U.S.C. § 404(a), (d), and the False Claims Act and Administrative False Claims Act guarantee accused parties a hearing and require the government to prove its case, 31 U.S.C. §§ 3731(d), 3803. The HUD Fraud Condition displaces that scheme in imposing an obligation—derived from an executive order—to "cooperate fully" with a White House task force "in all manners and respects as required by HUD."

8. This Court previously has enjoined other grant conditions imposed by HUD on HUD Plaintiffs' grants. *See* Dkt. ## 51, 52, 73, 152, 169, 338, 381. The New HUD Conditions differ from those already enjoined in this case, necessitating additional relief.

9. In addition, one Plaintiff—the City of Bothell—that did not previously move for



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

injunctive relief as to the Non-CoC HUD Grant Conditions now needs the same preliminary relief the Court granted in its August 12, 2025 preliminary injunction ("PI") order as to those Conditions. Dkt. #338.

10. For similar reasons to those stated in this Court's prior PI orders, the HUD Plaintiffs face immediate and irreparable harms during the pendency of this litigation absent a PI. The HUD Plaintiffs have an immediate need to receive HUD funds to sustain ongoing programs and services and are faced with the choice of losing these funds or accepting conditions that are likely unlawful. The HUD Plaintiffs have begun budgeting and planning for upcoming expenditures, and any delay or loss of funding would destabilize budgets, undermine efforts to provide affordable housing and emergency shelter, threaten planned community and economic development projects, and reduce or eliminate housing-related human services. Many HUD Plaintiffs need relief as early as December 31, 2026, to avoid funding shortfalls for critical ongoing programs. Ultimately, delay or loss of funding would disrupt the lives of HUD Plaintiffs' most vulnerable residents, likely leading to evictions and increased homelessness and further straining local resources. Even a temporary loss of funding would set back efforts to create and preserve affordable housing; prevent displacement and homelessness; provide shelter, crisis intervention, and safe housing for homeless individuals and families and domestic violence survivors; provide public and fair housing services for low-income residents, seniors, people with disabilities, and other vulnerable populations; and house low-income individuals living with HIV/AIDS. For example:

a. Loss of HUD entitlement funding would severely impair the City of San Francisco Mayor's Office of Housing and Community Development ("MOHCD")'s ability to deliver timely and effective services and to create and preserve affordable housing and ameliorate the risk of San Franciscans falling



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

into homelessness.

b. Delays receiving HUD CPF grants undermine the City of San Francisco's ability to ensure affordable housing projects are completed. For example, with respect to the CPF-funded rehabilitation of transitional housing in the Hayes Valley neighborhood, financing must be completed by December 23, 2026 to meet a refinancing deadline by the existing lender and avoid increased costs. Past this date, MOHCD will incur additional financing costs for failing to pay off existing debt, and previously agreed-upon construction costs will expire and reset to higher levels. Due to MOHCD's extreme budget constraints, the HUD CPF grant is needed to complete the Hayes Valley transitional housing project.

c. Delay or loss of HOME or CDBG grant funding will force the County of Santa Clara to either divert funds from other planned projects or budget items to cover administrative and program-related costs for funded programs—including public facility improvements, community and economic development projects, housing rehabilitation, and public services and fair housing services—or else cancel its subrecipient agreements. That will likely cause funded programs to shut down or substantially reduce their capacity. If the County of Santa Clara is forced to cancel its subrecipient agreements, it will likely damage its relationship with its partners.

d. Loss of CDBG funds would also compromise the County of Santa Clara's ability to acquire a year-round emergency shelter site currently located on property owned by the State of California that the State intends to sell. If the County of Santa Clara is unable to acquire the site and another buyer purchases



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

the property but refuses to allow the shelter to remain there, there will be no other year-round shelters available to serve households in the community where the site is located.

e. The County of Santa Clara also administers CDBG on behalf of seven local communities that would not otherwise qualify for CDBG funding themselves. Loss of CDBG funding would mean these cities would not be able to utilize CDBG funds for community development and services for low-income families in their respective jurisdictions. Without these funds, such programs would likely be substantially reduced or not exist within those cities, creating greater pressures and burdens on the County of Santa Clara's other safety net and supportive programs.

f. Loss of CDBG funding would compromise the City of Bothell's ability to preserve decent housing and suitable living environments for extremely low-, very low-, low-, and moderate-income households as well as its ability to provide housing-related human services, including services that enable residents to remain in their homes.

g. Delayed execution of grant agreements for Hennepin County's Program Year 2026 HUD funds has already caused discontinuation of resident services upon exhaustion of prior year funds, delays in public facility improvements, and delays in health and safety improvements to a 128-unit affordable housing development, putting residents at physical risk; delaying grant execution past December 2026 will return 20 families to homelessness unless other, non-federal funds are found to support services.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

h. Loss of Hennepin County's Program Year 2026 HUD funding would force the County to divert local funding from other core County services to cover at least $3 million in emergency assistance, rapid rehousing and services for permanent housing, and home health and safety repair expenses incurred under the promise of federal reimbursement through entitlement funds, and cancel or discontinue projects and services beyond the County's capacity to fund locally.

## II. CONCLUSIONS OF LAW

1. The Court has jurisdiction over HUD and the subject matter of this action. HUD Plaintiffs' claims are not subject to the Tucker Act because the sources of their asserted rights are the U.S. Constitution and statutes, including the separation of powers doctrine, the Spending Clause, the Fifth Amendment's void-for-vagueness doctrine, the Tenth Amendment, and the Administrative Procedure Act ("APA"). Moreover, the type of relief HUD Plaintiffs seek is declaratory and injunctive, precisely the kind of relief that is generally not available in the Court of Federal Claims. *See United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1026 (9th Cir. 2023).

2. HUD Plaintiffs have standing to bring this suit. "A loss of funds promised under federal law satisfies Article III's standing requirement." *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1235 (9th Cir. 2018) (cleaned up); *see also Dep't of Commerce v. New York*, 588 U.S. 752, 767 (2019). Here, HUD Plaintiffs have been awarded, conditionally awarded, reasonably expect to be awarded, or otherwise rely on federal grant funds that they could lose unless they accept unlawful conditions that would dictate how they govern on matters of public concern. This imminent loss of funds or infringement of rights is traceable to the conditions at issue and redressable by an order barring their enforcement. *See Clapper v. Amnesty Int'l USA*, 568 U.S.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

398, 409 (2013).

3. To obtain a preliminary injunction, HUD Plaintiffs must establish (1) they are likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(a).

4. There is a strong likelihood that HUD Plaintiffs will succeed on the merits of their claims that the New HUD Conditions violate the APA on three independent grounds: they exceed statutory authority and violate the separation of powers, 5 U.S.C. § 706(2)(B)–(C); violate the Spending Clause, *id.* § 706(2)(B); and are arbitrary and capricious, *id.* § 706(2)(A). There is also a strong likelihood that HUD Plaintiffs will succeed on the merits of their claims that the New HUD Conditions independently violate separation of powers and the spending clause as stand-alone constitutional claims. *See San Francisco*, 897 F.3d at 1234; *South Dakota v. Dole*, 483 U.S. 203, 207–08 (1987); *City of Los Angeles v. Barr*, 941 F.3d 931, 945 (9th Cir. 2019); *Cnty. of Santa Clara v. Noem*, 815 F. Supp. 3d 979, 1030 (N.D. Cal. 2025), *appeal docketed,* No. 26-402 (9th Cir. Jan. 20, 2026).

5. HUD Plaintiffs have also shown that they are likely to suffer irreparable harm during the pendency of litigation without a preliminary injunction.

6. The balance of equities tips sharply in HUD Plaintiffs' favor and the public interest weighs strongly in favor of entering a preliminary injunction given the findings of irreparable harm, and because agency action that exceeds statutory authority runs counter to the public interest, which is served by APA compliance. *County of King v. Turner*, 189 F.4th 819, 840 (9th Cir. 2026).

7. HUD has not posited any non-monetary harm it will experience if an injunction were to issue, and it has no legitimate interest in ensuring that funds are spent pursuant to



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

conditions that were likely imposed in violation of the APA and the Constitution. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (there is no legitimate government interest in violating federal law).

8. The Court deems no security bond is required under Rule 65(c).

## III. ORDER

It is now, therefore, ORDERED as follows:

1. Plaintiffs' Fifth Motion for Preliminary Injunction is GRANTED;

2. HUD, all of the HUD program offices, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined HUD Parties"), are enjoined from (1) imposing, enforcing, or implementing the New HUD Conditions, as defined in the Appendix to this Order, or any materially similar terms or conditions, with respect to any HUD funds received by or awarded to the HUD Plaintiffs, their subrecipients, or members of their consortia or Continuums, directly or indirectly; (2) rescinding, withholding, cancelling, or otherwise not processing any HUD grant awards, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning HUD funds, based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to conditions enjoined by this preliminary injunction as to the HUD Plaintiffs, their subrecipients, or members of their consortia or Continuums; (3) requiring the HUD Plaintiffs, their subrecipients, or members of their consortia or Continuums to make any "certification" or other representation related to compliance with such terms or conditions; or (4) retaliating against the HUD Plaintiffs for participating in this lawsuit or taking any adverse action based on the HUD Plaintiffs' participation in this lawsuit, including but not limited to refusing to issue, process, or sign grant



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

agreements based on the HUD Plaintiffs' participation in this lawsuit.

3. The Enjoined HUD Parties shall immediately treat any actions taken to implement or enforce the New HUD Conditions or any materially similar terms or conditions as to HUD funds awarded, directly or indirectly, to the HUD Plaintiffs, their subrecipients, or their consortia or Continuums, including but not limited to any delays or withholding of funds based on such conditions, as null, void, and rescinded; while this PI is in effect, shall treat as null and void any such conditions included in any grant agreement executed by any of the HUD Plaintiffs, any HUD Plaintiff's subrecipient, or any member of a HUD Plaintiff's consortia or Continuum; and may not retroactively apply such conditions to grant agreements during the effective period of this PI. The Enjoined HUD Parties shall immediately take every step necessary to effectuate this order, including without limitation clearing any administrative, operational, or technical hurdles to implementation;

4. The August 12, 2025 PI (Dkt. #338) is EXTENDED, as follows: The definition of "Non-CoC HUD Plaintiffs" is amended to include the City of Bothell, and paragraphs 4–5 of the injunction are extended to apply to the City of Bothell.

5. Counsel for HUD shall provide written notice of this Order to the Enjoined HUD Parties and their employees by the end of the second day after issuance of this Order;

6. By the end of the fourth Court day after issuance of this Order, HUD SHALL FILE on the Court's electronic docket and serve upon Plaintiffs a Status Report documenting the actions that they have taken to comply with this Order, including a copy of the notice and an explanation as to whom the notice was sent;

7. This order remains in effect pending further orders from this Court.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Dated this ___ day of _______________, 2026.

_______________________________________
HONORABLE BARBARA J. ROTHSTEIN

Presented by:

PACIFICA LAW GROUP LLP

*/s/ Paul J. Lawrence*
Paul J. Lawrence, WSBA #13557
Jamie Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Luther Reed-Caulkins, WSBA #62513
*Special Deputy Prosecutors*

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
Tel: (206) 245-1700
Fax: (206) 245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Luther.Reed-Caulkins@PacificaLawGroup.com

*Attorneys for All Plaintiffs*

LEESA MANION
King County Prosecuting Attorney

*/s/ Cristy Craig*
Cristy Craig, WSBA #27451
*Senior Deputy Prosecuting Attorney*
Christopher M. Sanders WSBA#47518
*General Counsel to the King County Executive*
Mika Rothman, WSBA #55870
*Deputy General Counsel to the King County Executive*

701 6th Ave, Suite 600

Seattle, WA 98104
(206) 477-1163
cristy.craig@kingcounty.gov
mika.rothman@kingcounty.gov
chsanders@kingcounty.gov

*Attorneys for Plaintiffs Martin Luther King Jr. County*

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

*/s/ Bridget E. Casey*
Bridget E. Casey, WSBA #30459
Rebecca J. Guadamud, WSBA #39718
Rebecca E. Wendling, WSBA #35887

Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4046
(425) 388-6392
Bridget.Casey@co.snohomish.wa.us
Rebecca.Guadamud@co.snohomish.wa.us
Rebecca.Wendling@co.snohomish.wa.us

*Attorneys for Plaintiff Snohomish County*

DAVID CHIU
San Francisco City Attorney

*/s/ David Chiu*
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
*Chief of Complex & Affirmative Litigation*
Ronald H. Lee (CA Bar No. 238720)
*Assistant Chief, Complex & Affirmative Litigation*
Alexander J. Holtzman (CA Bar No. 311813)
*Deputy City Attorney*
1390 Market Street, 7th Floor

San Francisco, CA 94102
(415) 554-4700
Cityattorney@sfcityatty.org
Yvonne.Mere@sfcityatty.org
Mollie.Lee@sfcityatty.org
Sara.Eisenberg@sfcityatty.org
Ronald.Lee@sfcityatty.org
Alexander.Holtzman@sfcityatty.org

*Attorneys for Plaintiff City and County of San Francisco*

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF SANTA CLARA

*/s/ Tony LoPresti*
Tony LoPresti (CA Bar No. 289269)
*County Counsel*
Kavita Narayan (CA Bar No. 264191)
*Chief Assistant County Counsel*
Meredith A. Johnson (CA Bar No. 291018)
*Lead Deputy County Counsel*
Stefanie L. Wilson (CA Bar No. 314899)
*Deputy County Counsels*
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
(408) 299-9021
tony.lopresti@cco.sccgov.org
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org

*Attorneys for Plaintiff County of Santa Clara*

ADAM CEDERBAUM
Corporation Counsel, City of Boston

*/s/ Samantha H. Fuchs*
Samantha H. Fuchs (MA BBO No. 708216)
*Senior Assistant Corporation Counsel*
Samuel B. Dinning (MA BBO No. 704304)
*Senior Assistant Corporation Counsel*
One City Hall Square, Room 615

Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
samuel.dinning@boston.gov

*Attorneys for Plaintiff City of Boston*

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

*/s/ Richard N. Coglianese*
Richard N. Coglianese (OH Bar No. 0066830)
Assistant City Attorney
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
Tel: (614) 645-0818
Fax: (614) 645-6949
rncoglianese@columbus.gov

*Attorney for Plaintiff City of Columbus*

PUBLIC RIGHTS PROJECT

*/s/ Naomi Tsu*
Naomi Tsu (OR Bar No. 242511)
Sharanya (Sai) Mohan (CA Bar No. 350675)
Toby Merrill (MA Bar No. 601071)*
Graham Provost (D.C. Bar No. 1780222)**
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai.mohan@publicrightsproject.org
naomi.tsu@publicrightsproject.org
toby.merrill@publicrightsproject.org
graham.provost@publicrightsproject.org

* Licensed in Illinois, Massachusetts, New York, and Washington, D.C. Not licensed to practice law in California.
** Licensed in Washington, D.C. Not licensed to practice law in California.

*Counsel for Plaintiffs City of Columbus, City*

*& County of Denver, Metro Government of Nashville & Davidson County, Pima County, County of Sonoma, City of Bend, City of Cambridge, City of Chicago, City of Culver City, City of Minneapolis, City of Pasadena, City of Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of Tucson, Santa Monica Housing Authority, County of Alameda, City of Albuquerque, Mayor and City Council of Baltimore, City of Bellevue, City of Bellingham, City of Bremerton, County of Dane, City of Eugene, County of Hennepin, Kitsap County, City of Milwaukee, Multnomah County, City of Oakland, City of Petaluma, Ramsey County, City of Rochester, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Sonoma County Community Development Commission, Allegheny County, City of Cincinnati, Delaware County, City of New Haven, City of Palo Alto, and City of Santa Fe*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

*<u>/s/ Doris Bernhardt</u>*
Doris Bernhardt (NY Bar No. 4449385)
Joshua P. Rubin (NY Bar No. 2734051)
Aatif Iqbal (NY Bar No. 5068515)
*Assistant Corporation Counsels*
100 Church Street
New York, NY 10007
(212) 356-1000
dbernhar@law.nyc.gov
jrubin@law.nyc.gov
aiqbal@law.nyc.gov

*Attorneys for Plaintiff City of New York*

ASHLEY M. KELLIHER
Assistant City Attorney

*<u>/s/ Ashley M. Kelliher</u>*
Ashley M. Kelliher (CO Bar No. 40220)

*Assistant City Attorney*
Denver City Attorney's Office
201 West Colfax Avenue
Denver, Colorado 80202
Tel: (720) 913-3137
Fax: (720) 913-3190
ashley.kelliher@denvergov.org

DAVID P. STEINBERGER
Assistant City Attorney

*/s/ David P. Steinberger*
David P. Steinberger (CO Bar No. 48530)
*Assistant City Attorney*
Denver City Attorney's Office
Denver International Airport
8500 Pena Boulevard
Airport Office Building, 9th Floor
Denver, Colorado 80249-6340
Tel: (303) 342-2562
david.steinberger@flydenver.com

*Attorneys for Plaintiff City and County of Denver*

LAURA CONOVER
Pima County Attorney

*/s/ Bobby Yu*
Samuel E. Brown (AZ Bar No. 027474)
Bobby Yu (AZ Bar No. 031237)
Kyle Johnson (AZ Bar No. 032908)
Pima County Attorney's Office, Civil Division
32 N. Stone, Suite 2100
Tucson, Arizona 85701
(520) 724-5700
sam.brown@pcao.pima.gov
bobby.yu@pcao.pima.gov
kyle.johnson@pcao.pima.gov

*Attorneys for Plaintiff Pima County*

ROBERT H. PITTMAN, County Counsel

*/s/ Joshua A. Myers*
Joshua A. Myers (CA Bar No. 250988)

*Chief Deputy County Counsel*
Sonoma County Counsel's Office
575 Administration Drive, Rm. 105A
Santa Rosa, CA 95403
Tel: (707) 565-2421
Fax: (707) 565-2624
Joshua.Myers@sonoma-county.org

*Attorneys for Plaintiffs County of Sonoma and Sonoma County Community Development Commission*

OFFICE OF THE CITY ATTORNEY FOR THE CITY OF BEND

*/s/ Ian M. Leitheiser*
Ian M. Leitheiser (OSB #993106)
*City Attorney*
Elizabeth Oshel (OSB #104705)
*Senior Assistant City Attorney*
City of Bend
PO Box 431
Bend, OR 97709
(541) 693-2128
ileitheiser@bendoregon.gov
eoshel@bendoregon.gov

*Attorneys for Plaintiff City of Bend*

CITY OF CAMBRIDGE, LAW DEPARTMENT
MEGAN B. BAYER, CITY SOLICITOR

*/s/ Megan B. Bayer*
Megan B. Bayer (MA BBO No. 669494)
*City Solicitor*
Elliott J. Veloso (MA BBO No. 677292)
*Deputy City Solicitor*
Diane Pires (MA BBO No. 681713)
*Assistant City Solicitor*
Cambridge City Hall, 3rd Floor
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
mbayer@cambridgema.gov
eveloso@cambridgema.gov
dpires@cambridgema.gov

*Attorneys for Plaintiff City of Cambridge*

RENEE CAMILLE HATCHER
Acting Corporation Counsel of the City of Chicago

/s/ Rebecca Hirsch
Rebecca Hirsch (IL Bar No. 6279592)
Chelsey Metcalf (IL Bar No. 6337233)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(313) 744-9484
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*

KRISTYN ANDERSON
City Attorney

/s/ Kristyn Anderson
Kristyn Anderson (MN Lic. 0267752)
*City Attorney*
Sara J. Lathrop (MN Lic. 0310232)
Munazza Humayun (MN Lic. 0390788)
*Assistant City Attorneys*
350 South Fifth Street
Minneapolis, MN 55415
(612) 673-3000
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Plaintiff City of Minneapolis*

KRYSIA KUBIAK, Esq.
City Solicitor

/s/ Julie E. Koren
Julie E. Koren (PA Bar No. 309642)
*Associate City Solicitor*
City of Pittsburgh, Dept. of Law

313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2025
Julie.Koren@pittsburghpa.gov
Krysia.Kubiak@Pittsburghpa.gov

*Counsel for Plaintiff City of Pittsburgh*

ROBERT TAYLOR
Portland City Attorney

*/s/ Caroline Turco*
Caroline Turco (OR Bar No. 083813)
*Senior Deputy City Attorney*
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov

*Attorney for Plaintiff City of Portland*

NORA FRIMANN
City Attorney

*/s/ Nora Frimann*
Nora Frimann (CA Bar No. 93249)
*City Attorney*
200 E Santa Clara St
San José, CA 95113-1905
Tel: (408) 535-1900
Fax: (408) 998-3131
cao.main@sanjoseca.gov

*Attorneys for Plaintiff City of San José*

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF ALAMEDA

*/s/ Jason M. Allen*
K. Scott Dickey (CA Bar No. 184251)
Assistant County Counsel
Jason M. Allen (CA Bar No. 284432)
Assistant County Counsel

Office of the County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
(510) 272-6700
scott.dickey@acgov.org
jason.allen@acgov.org

*Attorneys for Plaintiff County of Alameda*

CITY OF ALBUQUERQUE

*/s/ Lauren Keefe*

Lauren Keefe (NM Lic. 14664)
*City Attorney*
Devon P. King (NM Lic. 148108)
*Deputy City Attorney*
One Civic Plaza NW
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
lkeefe@cabq.gov
dking@cabq.gov

*Attorneys for Plaintiff City of Albuquerque*

CITY OF BELLEVUE
OFFICE OF THE CITY ATTORNEY
Trisna Tanus, City Attorney

*/s/ Trisna Tanus*

Trisna Tanus, WSBA #46568
Chad R. Barnes, WSBA #30480
Katherine B. White, WSBA #46649

City of Bellevue
450 110th Avenue N.E.
P.O. Box 90012
Bellevue, WA 98009
Tel: (425) 452-2061
Fax: (425) 452-7256
ttanus@bellevuewa.gov
cbarnes@bellevuewa.gov
kbwhite@bellevuewa.gov

*Attorneys for Plaintiff City of Bellevue*

CITY OF BELLINGHAM

/s/ Sarah W. Chaplin
Sarah W. Chaplin, WSBA #51642
Senior Assistant City Attorney
City of Bellingham
210 Lottie Street
Bellingham, WA 98225
Tel: (360) 778-8270
Fax: (360) 778-8271
swchaplin@cob.org

*Attorneys for Plaintiff City of Bellingham*

BREMERTON CITY ATTORNEY

/s/ Kylie J. Finnell
Kylie J. Finnell, WSBA #34997
*Bremerton City Attorney*
Brett Jette, WSBA #47903
*Bremerton Assistant City Attorney*

345 6th Street, Suite 100
Bremerton, WA 98337
Tel: (360) 473-2345
Fax: (360) 473-5161
legal@ci.bremerton.wa.us

*Attorneys for Plaintiff City of Bremerton*

OFFICE OF THE CORPORATION COUNSEL
FOR DANE COUNTY

/s/ Carlos A. Pabellon
Carlos A. Pabellon (WI State Bar No. 1046945)
*Corporation Counsel*
David R. Gault (WI State Bar No. 1016374)
*Deputy Corporation Counsel*
County of Dane
City-County Building, Room 419
210 Martin Luther King, Jr. Blvd.

Madison, WI 53703
(608) 266-4355
pabellon.carlos@danecounty.gov
gault@danecounty.gov

*Attorneys for Plaintiff County of Dane*

CITY OF EUGENE

*/s/ Mark Kannen*
Mark Kannen (OSB No. 120999)
*Assistant City Attorney*
Kathryn P. Brotherton (OSB No. 981530)
*City Attorney*
City of Eugene
Eugene City Attorney's Office
500 E 4th Ave., Ste 301
Eugene, OR 97401
(541) 682-8447
mark.r.kannen@ci.eugene.or.us
kathryn.brotherton@ci.eugene.or.us

*Attorneys for Plaintiff City of Eugene*

BURKE, WILLIAMS & SORENSEN, LLP

*/s/ Samantha W. Zutler*
Samantha W. Zutler (CA Bar No. 238514)
Eileen L. Ollivier (CA Bar No. 345880)
BURKE, WILLIAMS & SORENSEN, LLP
1 California Street, Suite 3050
San Francisco, CA 94111-5432
Tel: (415) 655-8100
Fax: (415) 655-8099
szutler@bwslaw.com
eollivier@bwslaw.com

*Attorney for Plaintiff City of Watsonville*

MARY F. MORIARTY
Hennepin County Attorney

*/s/ Rebecca Holschuh*
Rebecca L.S. Holschuh (MN Bar No. 0392251)

Brittany K. McCormick (MN Bar No. 0395175)
Assistant County Attorneys
300 South Sixth Street
Minneapolis, MN 55487
(612) 348-4797
Rebecca.Holschuh@hennepin.us
Brittany.McCormick@hennepin.us

*Attorneys for Plaintiff County of Hennepin*

KITSAP COUNTY

*/s/ Kyla S. Bond*
Kyla S. Bond, WSBA #48309
Senior Deputy Prosecuting Attorney, Civil Division
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA 98366
(360) 337-4512
kbond@kitsap.gov

*Attorney for Plaintiff Kitsap County*

HYDEE FELDSTEIN SOTO
City Attorney of the City of Los Angeles

*/s/ Michael J. Dundas*
Michael J. Dundas (CA Bar No. 226930)
Adrienne S. Khorasanee (CA Bar No. 227704)
Joshua M. Templet (CA Bar No. 267098)
Office of the Los Angeles City Attorney
200 North Main Street, Room 800
Los Angeles, California 90012
(213) 978-8100
mike.dundas@lacity.org
adrienne.khorasanee@lacity.org
joshua.templet@lacity.org

*Attorneys for Plaintiff City of Los Angeles*

MULTNOMAH COUNTY

*/s/ B. Andrew Jones*
B. Andrew Jones (OSB No. 091786)

Deputy County Attorney
Multnomah County Attorney's Office
501 SE Hawthorne Blvd, Suite 500
Portland, OR, 97214
Tel: (503) 988-3138
Fax: (503) 988-3377
andy.jones@multco.us

*Attorneys for Plaintiff Multnomah County*

CITY OF OAKLAND

/s/ Ryan Richardson
Ryan Richardson (CA Bar No. 223548)
City Attorney
Maria Bee (CA Bar No. 167716)
Chief Assistant City Attorney
Jaime Huling Delaye (CA Bar No. 270784)
Supervising City Attorney
H. Luke Edwards (CA Bar No. 313756)
Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Tel: (510) 238-3836
Fax: (510) 238-6500
ledwards@oaklandcityattorney.org

*Attorneys for Plaintiff City of Oakland*

CITY OF PETALUMA

/s/ Eric Danly
Eric Danly (CA Bar No. 201621)
City Attorney
City of Petaluma
Petaluma City Hall
11 English Street
Petaluma, CA 94952
(707) 778-4402
EDanly@cityofpetaluma.org

*Attorney for Plaintiff City of Petaluma*

JOHN J. CHOI

Ramsey County Attorney

/s/ Bradley Cousins
Bradley Cousins (MN Bar No. 0400463)
Stacey D'Andrea (MN Bar No. 0388320)
Jada Lewis (MN Bar No. 0391287)
Assistant Ramsey County Attorneys
360 Wabasha St. N., Suite 100
Saint Paul, MN 55102
(651) 266-3081 (Cousins)
(651) 266-3051 (D'Andrea)
(651) 266-3149 (Lewis)
Bradley.cousins@co.ramsey.mn.us
Stacey.dandrea@co.ramsey.mn.us
Jada.lewis@co.ramsey.mn.us

*Attorneys for Plaintiff Ramsey County*

CITY OF ROCHESTER

/s/ Patrick Beath
Patrick Beath (NY Lic. 4999751)
*Corporation Counsel*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-6812
patrick.beath@cityofrochester.gov

*Attorney for Plaintiff City of Rochester*

HEATHER FERBERT
City Attorney for City of San Diego

/s/ Julie Rau
Julie Rau (CA Bar No. 317658)
Lead Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
JRau@sandiego.gov

*Attorneys for Plaintiff City of San Diego*

SAN MATEO COUNTY

*/s/ John D. Nibbelin*
John D. Nibbelin (CA Bar No. 184603)
County Counsel
Rebecca M. Archer (CA Bar No. 202743)
Chief Deputy Counsel
Savannah R. Eldridge (CA Bar No. 357723)
Deputy County Counsel
500 County Center, 4th Floor
Redwood City, CA 94063
(650) 363-4757
jnibbelin@smcgov.org
rmarcher@smcgov.org
seldridge@smcgov.org

*Attorneys for Plaintiff San Mateo County*

ASHLE T. CROCKER
City of Santa Rosa City Attorney

*/s/ Autumn Luna*
Autumn Luna (CA Bar No. 288506)
Chief Assistant City Attorney
Adam S. Abel (CA Bar No. 148210)
Assistant City Attorney
Hannah E. Ford-Stille (CA Bar No. 335113)
Deputy City Attorney
100 Santa Rosa Ave, Room 8
Santa Rosa, CA 95404
(707) 543-3040
aluna@srcity.org
aabel@srcity.org
hfordstille@srcity.org

*Attorneys for Plaintiff City of Santa Rosa*

FARIMAH F. BROWN, CITY ATTORNEY
BERKELEY CITY ATTORNEY'S OFFICE

*/s/ Farimah F. Brown*
Farimah F. Brown (CA Bar No. 201227)
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6998
Facsimile: (510) 981-6960

fbrown@berkeleyca.gov

*Attorney for Plaintiff City of Berkeley*

## APPENDIX

The **"New HUD Conditions"** enjoined by this Order are the following terms and conditions:

- *Fiduciary Relationship Condition*. Recipient acknowledges and agrees that it stands in a fiduciary relationship to HUD and the American people with respect to the Federal Award. Recipient shall act solely for the benefit of HUD and the American people with respect to the Federal Award, and undertakes a duty of absolute loyalty, trust, and confidence. In performing its obligations under this Agreement, Recipient shall act in good faith, avoid all conflicts of interest, exercise the due care required of a fiduciary, and make full and complete disclosure of all material facts and business opportunities and other matters required to be disclosed by this Agreement and applicable law relating to this Agreement, the Federal Award and all funds derived therefrom.

- *HUD Anti-Harm Reduction Condition.* Awards made under, relating to, or arising out of the Federal Award will not be used to fund any project, service provider, or organization that operates illegal drug injection sites or "safe consumption sites" in violation of 21 U.S.C. § 856, knowingly permits the use or distribution of illicit drugs on property under their control in violation of 21 U.S.C. 856(a)(2), or knowingly distributes drug paraphernalia in violation of 21 USC 863. This is not a requirement that program participants must be sober in order to receive assistance, participate in treatment in order to receive assistance, or be evicted or exited from assistance for a first-time violation of a drug-related program policy or lease requirement.

- *Waste, Fraud, and Abuse Condition*. Recipient acknowledges and agrees that the prevention, discovery, exposure, and prosecution of waste, fraud, and abuse in Federal grant programs and procurement and the activities which Federal funding supports, and recoveries therefrom, are in the best interests of Recipient and the American people. Accordingly, Recipient agrees to cooperate fully with HUD and the Task Force to Eliminate Fraud established in Executive Order 14395 of March 16, 2026, *Establishing the Task Force To Eliminate Fraud*, in all manners and respects as required by HUD.

- *Recordkeeping and Access to Records Condition*:
    a. *Generally*: The Recipient hereby agrees to maintain complete and accurate documentation for this Federal Award and related activities to include, without limitation, financial records, supporting documentation, statistical



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

records, books of account, ledgers, financial and project reports, records, statements, data, the originals of all agreements between the Recipient and any and all individuals or entities which receive funding pursuant to or arising out of this Agreement, whether directly from Recipient or from individuals or entities to whom Recipient has provided funding, any and all data on any individual or entity that receives money, in-kind assistance or services, or any benefit of any kind from or as a direct or indirect result of the Federal Award, including, without limitation, a Subrecipient or other entity that receives a subaward from a pass-through entity to carry out part of the Federal Award; contractor, vendor, consultant, any other entity performing activities funded in whole or in part under this Federal award; and any beneficiaries, participants, and other end-users of the funds, to the fullest extent permitted by law, and all such other documentation in such a manner as to permit the Recipient to prepare statements and reports in compliance with applicable HUD requirements and OMB requirements in 2 CFR part 200 for recordkeeping and reporting, which may be amended from time to time, (Grant Documentation). Recipient further agrees that the term "Grant Documentation" includes all Subrecipient data consistent with the above and 2 CFR 200.332 and to ensure that it obtains and maintains access to such Subrecipient data. Recipient agrees that the creation, maintenance, preservation, and disclosure by Recipient of Grant Documentation is fundamental to the prevention of fraud, waste, and abuse and to the satisfaction of its obligations to prevent fraud, waste, and abuse and the performance of its obligations under this Agreement and applicable HUD rules and regulations.

b. *Access to Records and Personnel*: In addition to the foregoing, and in no way a limitation of anything contained in the foregoing or in this Agreement, or of HUD's rights and remedies available to it under the terms of this Agreement, applicable statutes, laws and regulations, and otherwise at law or equity, HUD, Inspectors General, the Comptroller General of the United States, or any of their authorized representatives shall have the right of prompt, full, and complete access to any and all records of the Recipient and any other entities doing business with Recipient or otherwise receiving funds or benefits from Recipient, as specified in subsection a, and that are pertinent to the Federal Award to the fullest extent permitted by law, including records relevant to the administration, receipt, and



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

> use of this award and award activities, in order to perform audits, reviews and investigations, execute site visits, make or obtain copies thereof, or for any other official use. Such records include those that identify the source and application of funds, including relevant Grant Documentation data to the extent disclosure is not prohibited by law, in such a manner as to allow HUD to determine that all funds are and have been expended in accordance with program requirements and in a manner consistent with applicable law. The right of access includes prompt, full, and complete access as HUD may require to the Recipient and other entities and persons identified in subsection and their personnel, for the purpose of interview and discussion at such dates, times, and locations as HUD may require related to such documents or the Federal Award in general, to the fullest extent permitted by law. In lieu of or in addition to an on-site inspection, Recipient also agrees to furnish HUD such financial and project reports, records, statements, data, and documents in such form, from Recipient or other entity or person identified above, and accompanied by such reporting data as required by HUD. Recipient shall supply to HUD any and all Grant Documentation in legible and usable form as HUD may specify and within the time specified by HUD and at Recipient's expense. Recipient shall also make certifications, as HUD may request at such times and in such manner and format as required by HUD, that all Documentation which Recipient supplies to HUD is true, accurate, and complete in all aspects and regards.

For purposes of this Order, the **"HUD Plaintiffs"** are:

- Alameda County, California
- City of Albuquerque, New Mexico
- Allegheny County, Pennsylvania
- Mayor and City Council of Baltimore, Maryland
- City of Bellevue, Washington
- City of Bellingham, Washington
- City of Bend, Oregon



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

- City of Berkeley, California
- City of Boston, Massachusetts
- City of Bothell, Washington
- City of Bremerton, Washington
- City of Cambridge, Massachusetts
- City of Chicago, Illinois
- City of Cincinnati, Ohio
- City of Columbus, Ohio
- City of Culver City, California
- Culver City Housing Authority
- County of Dane, Wisconsin
- Delaware County, Pennsylvania
- City & County of Denver, Colorado
- City of Eugene, Oregon
- County of Hennepin, Minnesota
- King County Regional Homelessness Authority
- Martin Luther King, Jr. County, Washington
- Kitsap County, Washington
- City of Los Angeles, California
- City of Milwaukee, Wisconsin
- City of Minneapolis, Minnesota
- Multnomah County, Oregon
- Metropolitan Government of Nashville & Davidson County, Tennessee



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

- City of New Haven, Connecticut
- City of New York, New York
- City of Oakland, California
- City of Olympia, Washington
- City of Palo Alto, California
- City of Pasadena, California
- City of Petaluma, California
- Pierce County, Washington
- Pima County, Arizona
- City of Pittsburgh, Pennsylvania
- City of Portland, Oregon
- Ramsey County, Minnesota
- City of Rochester, New York
- City of San Diego, California
- City and County of San Francisco, California
- City of San José, California
- County of San Mateo, California
- County of Santa Clara, California
- City of Santa Fe, New Mexico
- City of Santa Monica, California
- Santa Monica Housing Authority
- City of Santa Rosa, California
- Snohomish County, Washington



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

- County of Sonoma, California
- Sonoma County Community Development Commission
- City of Spokane, Washington
- City of Tacoma, Washington
- Thurston County, Washington
- City of Tucson, Arizona
- City of Watsonville, California



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750