THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN LUTHER KING, JR. COUNTY, et al.

Plaintiffs,

v.

SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, et al.

Defendants.

No. 2:25-cv-00814-BJR

PLAINTIFFS' BRIEF RE: JURISDICTION



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. BACKGROUND ........ 1
III. ARGUMENT AND AUTHORITY ........ 2
A. The Appeals Do Not Divest This Court of Jurisdiction to Add the New Conditions to This Case. ........ 2
B. Rule 62(d) Authorizes This Court to Enjoin the New HUD Conditions and Extend the August 12, 2025 Injunction to Bothell. ........ 3
C. This Case Is the Right Place to Decide These Claims. ........ 4
IV. CONCLUSION ........ 5



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

Defendants (the "Federal Agencies") continue to impose new, unlawful conditions on the grants of Plaintiffs (the "Local Governments"). This Court has asked whether the Local Governments may challenge the latest round—same plaintiffs, same agencies, same grant programs, different grant conditions—"in this case as distinct from in a new filing" while the case awaits the Ninth Circuit's mandate. Dkt. #405. The answer is yes. An interlocutory appeal divests a district court only of "those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), and no appealed order addresses the new conditions. Further, Federal Rule of Civil Procedure 62(d) authorizes this Court to grant or extend injunctive relief that does not materially alter the case on appeal, and the requested relief meets that test. And Rule 15(d) permits supplementation with claims arising from later events. A new filing would only delay resolution and waste judicial and party resources.

## II. BACKGROUND

The Federal Agencies have appealed this Court's three preliminary injunctions, issued June 3, 2025, August 12, 2025, and January 21, 2026, which bar HUD, DOT, and HHS from imposing specified conditions on the Local Governments.[1] The Ninth Circuit stayed the second and third appeals pending the first; largely affirmed the first on August 25, 2026, *County of King v. Turner*, 189 F.4th 819 (9th Cir. 2026); and then called for briefs on whether to rehear the case en banc.

Since the Local Governments filed the Third Amended Complaint ("TAC") in November 2025, the Department of Housing and Urban Development ("HUD") added four new conditions to its FY 2026 agreements: fiduciary duty, anti-harm reduction, fraud task force cooperation, and records access. Dkt. #400 ¶¶ 14–15 (issued September 2026). Also this year, the Department of

[1] No. 25-3664 (Dkt. #169); No. 25-6428 (Dkt. #338); No. 26-1689 (Dkt. #381).



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Health and Human Services ("HHS") began attaching a termination condition to certain grants. *See* Dkt. #397-1 ¶¶ 37–39.[2] And the City of Bothell recently became eligible to receive HUD block grants directly. Dkt. #402 ¶¶ 5–8.

On November 10, 2026, the Local Governments moved to supplement the TAC to challenge the new conditions and add Bothell's claims against the HUD conditions already at issue ("Supplement"). Dkt. #397. The HUD Plaintiffs also moved to enjoin the new HUD conditions and to extend the August 12, 2025 injunction to Bothell (together with the Supplement, the "Motions"). Dkt. #398.

## III. ARGUMENT AND AUTHORITY

### A. The Appeals Do Not Divest This Court of Jurisdiction to Add the New Conditions to This Case.

A notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The district court retains "jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *see also Does 1-10 v. Univ. of Wash.*, No. C16-1212JLR, 2018 WL 453451, at *1 (W.D. Wash. Jan. 17, 2018) (appellate jurisdiction "extends only to matters inextricably bound up with the injunctive order" (quoting *Paige v. California*, 102 F.3d 1035, 1039 (9th Cir. 1996))). The rule is "a creature of judicial prudence," meant only "to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983). This Court has applied that rule here, exercising its retained jurisdiction "over

[2] The Department of Transportation ("DOT") imposed a similar termination condition that predates the TAC, but the TAC challenges it only as to Federal Aviation Administration ("FAA") grants. Dkt. #369 ¶ 646. The proposed Supplement adds the other DOT grants. Dkt. #397-1 ¶¶ 28–30. None of this Court's prior injunctions covers these termination conditions. And the Local Governments do not seek preliminary relief from them now.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

matters that would not change the issues before the appellate court," including new conditions and new parties. *Martin Luther King, Jr. Cnty. v. Turner*, 798 F. Supp. 3d 1224, 1237 n.3 (W.D. Wash. 2025). The Ninth Circuit's call for en banc briefing does not alter this analysis.

The conditions in the Supplement fall outside the appeals. HUD first attached its four new conditions in September 2026, well after the appeals were filed, and they differ in subject matter from the conditions on appeal. *See* Dkt. #400 ¶¶ 14–15; Dkt. #397-1 ¶¶ 17–22. The Supplement also adds HHS's new termination condition and extends the TAC's challenge to DOT's condition from FAA grants to all DOT grants. *See* Dkt. #397-1 ¶¶ 28–30, 37–39. No appealed order addresses any of these conditions, so adding them to the pleadings cannot alter the case on appeal.

That the new conditions may raise similar APA and constitutional questions is immaterial. A shared legal theory does not make a new condition part of an appeal about different ones; courts stay their hand only when they would decide the very issue on appeal. *See United Farm Workers v. Noem*, 823 F. Supp. 3d 1112, 1128 (E.D. Cal. 2026); *Does 1-10*, 2018 WL 453451, at *2. Whatever the Ninth Circuit decides about the enjoined conditions will not resolve these claims, and whatever this Court decides about these claims will not change what is on appeal.

**B. Rule 62(d) Authorizes This Court to Enjoin the New HUD Conditions and Extend the August 12, 2025 Injunction to Bothell.**

While an appeal from an injunction is pending, a district court may "suspend, modify, restore, or grant an injunction." Fed. R. Civ. P. 62(d). The rule codifies one aspect of the district court's power to preserve the status quo during an appeal. *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). That power has a limit: the court may not materially alter the status of the case on appeal. *Id.*; *see Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010).



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Rule 62(d) permits the Court to enjoin the new HUD conditions. The Ninth Circuit has upheld a second preliminary injunction entered during an appeal of the first because the second did not "materially alter[] the status of the appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *see also E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1105 n.3 (N.D. Cal. 2018). Because no appealed order addresses the new HUD conditions, enjoining them cannot alter the appeal either.

Extending the August 12, 2025 injunction to Bothell likewise preserves the status quo. Bothell has received HUD block grants through consortia with King and Snohomish Counties, which existing injunctions protect, and now seeks the same protection as a direct grant recipient. Dkt. #398 at 15. The extension would bar the same conditions on the same terms as the injunction on appeal, so it leaves the issues on appeal untouched. *See Mayweathers*, 258 F.3d at 935–36 (upholding renewed injunction "identical to the original one"); *Martin Luther King, Jr. Cnty.*, 798 F. Supp. 3d at 1237 n.3. And because the Ninth Circuit has stayed the appeal from the August 12, 2025 injunction, there is no risk of two courts deciding the same issue at once.[3]

### C. This Case Is the Right Place to Decide These Claims.

The Federal Agencies keep attaching additional conditions to the same grant programs, and each round forces the Local Governments back to court. Rule 15(d) exists for exactly this situation, and it makes this case the right place for the Local Governments' new claims. The rule lets a party plead "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Courts favor its use because it allows "complete relief . . .

[3] If the Court has any doubt about its jurisdiction, it may, as a safeguard, issue an indicative ruling under Rule 62.1, as it did previously in this case. *See Martin Luther King, Jr. Cnty.*, 798 F. Supp. 3d at 1237 n.3; Fed. R. Civ. P. 62.1(a)(3).



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

in one action"; it requires only "some relationship" between the new matters and the original action. *Keith v. Volpe*, 858 F.2d 467, 473–74 (9th Cir. 1988) (citation omitted). Supplementation is proper where new events are "part of continued, persistent efforts" by the defendants. *Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 226–27 (1964). The new conditions are the latest round of those efforts. Bothell's claims also arise from a later event—its new eligibility as a direct grant recipient—and challenge conditions already at issue. And because the case has not reached the merits, supplementation will not delay it. Dkt. #397 at 4–6.

Many of the Local Governments have filed separate suits to challenge conditions that different agencies attached to their grants, because each requires close review of a different agency's grant statutes. *E.g.*, *Cnty. of Santa Clara v. Noem*, No. 3:25-cv-08330-WHO (N.D. Cal.) (DHS, FEMA); *City of Chicago v. Noem*, No. 1:25-cv-12765 (N.D. Ill.) (same); *City & Cnty. of San Francisco v. U.S. Dep't of Justice*, No. 3:25-cv-09277-JD (N.D. Cal.) (DOJ); *Port of Seattle v. Blanche*, No. 2:26-cv-03301-BJR (W.D. Wash.) (DHS, FEMA, DOJ, and others). The Supplement, by contrast, involves the same agencies and programs already before this Court; demanding a separate suit would "insist upon an empty formalism." *United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963).

## IV. CONCLUSION

This Court is free to supplement the TAC now, adding additional conditions to this case. Rule 62(d) allows this Court to enjoin the new HUD conditions and extend the August 12, 2025 injunction to Bothell. Rule 15(d) makes this case the right place to decide these claims. The Local Governments respectfully ask the Court to decide the Motions on the parties' forthcoming expedited proposed schedule.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

DATED this 17th day of November, 2026.

PACIFICA LAW GROUP LLP

/s/Paul J. Lawrence
Paul J. Lawrence, WSBA #13557
Jamie L.Lisagor, WSBA #39946
Sarah S. Washburn, WSBA #44418
Meha Goyal, WSBA #56058
Luther Reed-Caulkins, WSBA #62513
*Special Deputy Prosecutors*

PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101
Tel: (206) 245-1700
Fax: (206) 245-1750
Paul.Lawrence@PacificaLawGroup.com
Jamie.Lisagor@PacificaLawGroup.com
Sarah.Washburn@PacificaLawGroup.com
Meha.Goyal@PacificaLawGroup.com
Luther.Reed-Caulkins@PacificaLawGroup.com

*Attorneys for All Plaintiffs*

PUBLIC RIGHTS PROJECT

/s/Sharanya (Sai) Mohan
Sharanya (Sai) Mohan (CA Bar No. 350675)
Naomi Tsu (OR Bar No. 242511)
Toby Merrill (MA Bar No. 601071)*
Graham Provost (D.C. Bar No. 1780222)**
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
sai@publicrightsproject.org
naomi@publicrightsproject.org
toby@publicrightsproject.org
graham@publicrightsproject.org

* Licensed in Illinois, Massachusetts, New York, and Washington, D.C. Not licensed to

practice law in California.
** Licensed in Washington, D.C. Not licensed to practice law in California.

*Counsel for Plaintiffs City of Columbus, City & County of Denver, Metro Government of Nashville & Davidson County, Pima County, County of Sonoma, City of Bend, City of Cambridge, City of Chicago, City of Culver City, City of Minneapolis, City of Pasadena, City of Pittsburgh, City of Portland, City of San José, City of Santa Monica, City of Tucson, City of Wilsonville, Santa Monica Housing Authority, County of Alameda, City of Albuquerque, Mayor and City Council of Baltimore, City of Bellevue, City of Bellingham, City of Bremerton, County of Dane, City of Eugene, City of Healdsburg, County of Hennepin, Kitsap County, City of Los Angeles, City of Milwaukee, Milwaukee County, Multnomah County, City of Oakland, City of Pacifica, City of Petaluma, Ramsey County, City of Rochester, City of Rohnert Park, San Mateo County, City of Santa Rosa, City of Watsonville, Culver City Housing Authority, Puget Sound Regional Council, Sonoma County Transportation Authority, Sonoma County Community Development Commission, Allegheny County, City of Cincinnati, Delaware County, City of New Haven, City of Palo Alto, and City of Santa Fe*



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, I served a true and correct copy of Plaintiffs' Brief re: Jurisdiction on the existing parties by the method(s) indicated below:

| | |
|---|---|
| Brian C. Kipnis<br>Sarah L. Bishop<br>*Assistant United States Attorneys*<br><br>Office of the United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>brian.kipnis@usdoj.gov<br>sarah.bishop@usdoj.gov<br><br>*Attorneys for all Defendants* | ☒ CM/ECF E-service<br>☐ Email<br>☐ U.S. Mail<br>☐ Certified Mail / Return Receipt Requested<br>☐ Hand delivery / Personal service |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 17th day of November, 2026.

*/s/ Mendy Graves*
Mendy Graves
Litigation Assistant
Pacifica Law Group LLP



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750