The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-00814-BJR<br><br>**DEFENDANTS' RESPONSE RE: JURISDICTIONAL QUESTION** |

## INTRODUCTION

In light of the fact that preliminary injunctions previously issued in this case are presently on appeal, the Court, in a minute order issued on November 13, 2026 (Dkt. # 405), ordered Plaintiffs to "set forth why it is their position that this Court has jurisdiction to review these motions in this case as distinct from in a new filing." *Id.* Plaintiffs have filed a brief supporting their position that the Court possesses jurisdiction to adjudicate fully the relief sought by their latest preliminary injunction motion. As set forth below, Defendants do not entirely agree. While Defendants do not dispute that this Court has jurisdiction to adjudicate Plaintiffs' claims regarding new grant conditions which were not the subject of any of the preliminary injunction orders on



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

appeal, Defendants disagree that the Court has jurisdiction to adjudicate the separate claim of the City of Bothell that it is entitled to an order: (1) amending the definition of "Non-CoC HUD Plaintiffs" in the August 12, 2025 preliminary injunction to include the City of Bothell; and (2) extending paragraphs 4-5 of the August 12, 2025 preliminary injunction to the City of Bothell.[1] The August 12, 2025 preliminary injunction (Dkt. # 338) is presently on appeal in the Court of Appeals. Dkt. # 342. At the time the August 12, 2025 preliminary injunction was issued, and at the time the injunction was appealed, the City of Bothell was not a party to the underlying motion upon which the preliminary injunction order was based and consequently it is not a party to whom the rights granted by the Court's August 12, 2025 preliminary injunction run. Dkt # 338, pp. 42-44 (Appendix I). The request that the Court essentially reopen the August 12, 2025 preliminary injunction while the injunction is on appeal in order to extend the relief of the injunction to the City of Bothell post-appeal is a material alteration that this Court lacks jurisdiction to grant.[2]

//

//

//

---

[1] *See* Dkt. # 398-1 (Proposed Order), ¶ 4 ("The August 12, 2025 PI (Dkt. #338) is EXTENDED, as follows: The definition of 'Non-CoC HUD Plaintiffs' is amended to include the City of Bothell, and paragraphs 4–5 of the injunction are extended to apply to the City of Bothell.")

[2] While Defendants agree that the Court is not foreclosed jurisdictionally from adjudicating Plaintiffs' claims, subject to the limitations set forth in this memorandum, by the preliminary injunction appeals, Defendants also believe that it was improper for Plaintiffs to file their motion for a preliminary injunction before the Court acts on, *and grants*, their motion to supplement. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *Integrative Health Inst. PLLC v. Schaffner*, 2021 WL 4953061 (W.D. Wash. June 21, 2021), *report and recommendation adopted*, 2021 WL 4948164 (W.D. Wash. Oct. 25, 2021) (denying preliminary injunction motion because "Plaintiffs' second amended complaint was not the operative complaint when Plaintiffs' Motion was filed."). *Id.* at *3.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO MATERIALLY ALTER A PRELIMINARY INJUNCTION ON APPEAL BY EXTENDING THE RELIEF AFFORDED BY THAT INJUNCTION TO A NEW PARTY

The appeal of the August 12, 2025 preliminary injunction deprives the Court of jurisdiction to modify its injunction except for the narrow purpose of preserving the status quo. A post-appeal modification of an injunction may not "move the target." *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988). Thus, while a district court may act post-judgment to preserve the status quo during an appeal when the status quo is threatened, it "may not materially alter the status of the case on appeal." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc*., 242 F.3d 1163, 1166 (9th Cir. 2001); (internal quotation omitted); see also *McClatchy Newspapers v. Cent. Valley Transp. Union No. 46, Int'l Typographical Union*, 688 F.2d 731, 734 (9th Cir. 1982).

Plaintiffs' memorandum asserts in conclusory terms that the reopening of the preliminary injunction on appeal to add a new party and extend the benefits of that injunction to the new party "preserves the status quo." Dkt. # 406, p. 6, ll. 8-16. Plaintiffs do not describe how they arrived at that conclusion in the case of the City of Bothell when precisely the opposite appears to be true. The *status quo ante* is that Bothell is not a party to injunction. The *post hoc* reopening of the August 12, 2025 preliminary injunction and the extension of that injunction to the City of Bothell is decidedly a change in the status quo . . . not a "preservation" of the status quo.

The jurisdiction of a district court to act to preserve the status quo while a preliminary injunction is on appeal is a "narrowly limited right." *McClatchy Newspapers,* 686 F.2d at 734. Where it is exercised, the status quo must be in need of "preserving." *See Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976) (district court authorized to issue further contempt orders based on subsequent violations of a basic injunctive order, even though later orders may effectively modify the original contempt order).


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plaintiffs have not demonstrated that any circumstances are present here that threaten the status quo and thus justify the reopening of the preliminary injunction while it is on appeal to add a new party and extend the relief afforded by that injunction to the new party.[3]

## II. THE REQUESTED SUPPLEMENTATION IN NOT APPROPRIATE IN THIS CASE

The question of jurisdiction aside, Defendants disagree with Plaintiffs' assertion that the Court should grant them leave to file a supplemental complaint in this action. *See* dkt. # 406, pp. 6-10. The basis of Defendants' opposition will be fully set forth in their opposition to Plaintiffs' pending motion to supplement, which is not yet due.

## CONCLUSION

The Court should decline to exercise jurisdiction over the City of Bothell's request that it be added as a party to the to August 12, 2025, preliminary injunction and have the relief granted by that preliminary injunction extended to the City post-appeal. Otherwise, Defendants concur that the Court has jurisdiction to adjudicate Plaintiffs' motion to supplement their complaint and, should that motion be granted, adjudicate Plaintiffs' motion for a preliminary injunction.

///

---

[3] Plaintiffs assert that if the Court has "any doubt" about its jurisdiction it may issue an indicative ruling under Fed. R. Civ. P. 62.1. Dkt. # 406, p. 6, n.3. This appears to be a request by Plaintiffs that the Court exercise "hypothetical jurisdiction" by assuming jurisdiction in order to grant the City of Bothell the relief it is seeking. This is not permitted. *See Mendoza v. Strickler*, 51 F.4th 346, 352 (9th Cir. 2022). Rule 62.1 is for a different purpose altogether. Usually applied in circumstances in which a party has filed a post-appeal motion for reconsideration under Rule 60(b), Fed. R. Civ. P., that a District Court "lacks authority to grant," the district court may among other things "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Rule 62.1(a)(3); *and see In re Interior Molded Doors Antitrust Litig.,* 2020 WL 7259153, at *3 (E.D. Va. Dec. 10, 2020). Rule 62.1 does not permit a district court authority to grant a party relief that it does not have jurisdiction to grant, or where jurisdiction is "doubtful," because a matter is on appeal. In any event, a mention of this rule in a footnote is not the equivalent of a motion for the relief that the rule authorizes. *See Washington v. U.S. Dep't of Homeland Sec.*, 614 F. Supp. 3d 863, 869, n.7 (W.D. Wash. 2020).



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated this 20th day of November, 2026.

Respectfully submitted,

*s/ Brian C. Kipnis*
BRIAN C. KIPNIS

*s/ Sarah Louise Bishop*
SARAH LOUISE BISHOP
Assistant United States Attorneys
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-7970
Email: brian.kipnis@usdoj.gov
Email: sarah.bishop@usdoj.gov

*Counsel for Defendants*